1  Donald E. J. Kilmer, Jr. [SBN: 179986]
   Email: don@dklawoffice.com
2  Jessica L. Danielski [SBN: 308940]
   Email: jessica@dklawoffice.com
3  LAW OFFICES OF DONALD KILMER, APC
   1645 Willow Street, Suite 150
4  San Jose, California 95125
   Voice:  (408) 264-8489
5  Fax:     (408) 264-8487

6  Jason Davis [SBN: 224250]
   Email: jason@calgunlawyers.com
7  THE DAVIS LAW FIRM
   42690 Rio Nedo, Suite F
8  Temecula, California 92590
   Voice: (949) 436-4867
9  Fax:     (888) 624-4867

10 Attorneys for Plaintiffs
   JANE ROE #1, *et al.*

11

12            **UNITED STATES DISTRICT COURT**
13            **EASTERN DISTRICT OF CALIFORNIA**

14

15 Jane Roe #1, Jane Roe #2, John Doe          Case No.:
16 #1, John Doe #2, John Doe #3, John          **COMPLAINT FOR INJUNCTIVE**
   Doe #4, John Doe #5, John Doe #6,           **RELIEF, DECLARATORY**
17 Second Amendment Foundation, Inc.,          **RELIEF, AND DAMAGES**

18              Plaintiff(s),                  SECOND AMENDMENT (Keep and Bear
                                               Arms);
19      vs.                                    FIFTH AMENDMENT (Due Process and
                                               Equal Protection);
20                                             FOURTEENTH AMENDMENT (Due
21 United States of America, United            Process and Equal Protection);
   States Department of Justice, Federal       18 U.S.C. § 925A;
22 Bureau of Investigation, Bureau of          28 U.S.C. § 2412;
   Alcohol, Tobacco, Firearms and              42 U.S.C. §§ 1983, 1988
23 Explosives, William P. Barr (U.S.
   Attorney General), Christopher Wray         **JURY TRIAL DEMANDED**
24 (Director, FBI), Thomas E. Brandon
   (Deputy Director, BATFE), Xavier            **NOTICE OF CLAIM OF**
25 Becerra (California Attorney General),      **UNCONSTITUTIONALITY OF**
   and Does 1 to 100.                          **FEDERAL LAW**
26                                             [Fed. R. Civ. P. 5.1]
27
                                               **NOTICE OF CLAIM OF**
28              Defendant(s).                  **UNCONSTITUTIONALITY OF**
                                               **STATE LAW**
                                               [Fed. R. Civ. P. 5.1]

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

## INTRODUCTION

1.    This is an action to challenge the policies, practices, customs, and procedures of either (or both) the United States Government and the State of California in their interpretation and implementation of statutory law and various regulations relating to exercising Second Amendment rights by persons; who at one time in their life, were subject to some version of a mental health hold, and for whom there is no current, constitutionally valid finding that they are a danger to themselves or others.

2.    To the extent that these government entities are correctly interpreting federal and/or state law, this suit seeks a judgment from this Court declaring those statutes and/or regulations violate the United States Constitution to the extent those laws and regulations impose a lifetime ban on exercising a fundamental right, with no mechanism for restoration of that right.

## PARTIES

3.    Plaintiff JANE ROE #1 is a natural person and citizen of the United States and of the State of California. Her individual facts relevant for this case are:

a.    The exact date of JANE ROE #1's alleged mental health hold is unknown, but probably occurred in 1988/1989.

b.    JANE ROE #1 was living with her parents in New Jersey at the time. She was 15 or 16 years old.  She believes the hospital where she was treated was Summit Oaks Hospital in Summit, New Jersey.

c.    Upon inquiry by JANE ROE #1 the hospital in question could provide no record of her being a patient there at any time. Nor does the hospital have any records of any adjudication, or due process hearing, relating to any commitment or mental health pathology.

d.    JANE ROE #1 was a minor at the time of the treatment. She does not recall being appointed an attorney or guardian ad litem.  She does not recall being given notice of a hearing, its consequences, nor being advised of appellate rights.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    e.  JANE ROE #1 attempted to purchase a firearm in January of 2015. She

2    was denied a purchase based on the California Background Check System for

3    firearm purchases which utilizes federal resources and applies federal law in

4    addition to state law in determining firearm purchase eligibility.

5    f.  A February 10, 2015 letter from the California Department of Justice -

6    Bureau of Firearms (CA-DOJ-BOF) indicates that JANE ROE #1 has no criminal

7    history that would disqualify her from exercising her Second Amendment rights.

8    g.  A February 14, 2015 letter from the CA-DOJ-BOF indicates that the

9    Federal Bureau of Investigations - National Instant Check System (FBI-NICS)

10    database is the cause of the denial.

11    h.  JANE ROE #1 was honorably discharged  from the United States Army

12    on or about January 14, 1998.  During her service she was awarded: Army

13    Achievement Medal, Joint Meritorious Unit Award, Army Good Conduct Medal,

14    National Defense Service Medal, and Army Service Ribbon.  She received firearm

15    training in the United States Army and used various small arms while on active

16    duty.

17    i.  JANE ROE #1 desires to exercise her Second Amendments rights to

18    acquire, keep and bear firearms, but is being prevented from doing so by the

19    actions of the Defendants.

20    4.    Plaintiff JANE ROE #2 is a natural person and citizen of the United States

21    and of the State of California. Her individual facts relevant for this case are:

22    a.  On or about July 5, 2008 JANE ROE #2 was admitted to St. Helena

23    Hospital in Vallejo, California.  She was discharged on or about July 11, 2008.

24    The exact nature of her treatment and the statutory authority for her detention are

25    disputed.

26    b.  JANE ROE #2 was a minor at the time of the incident.  She does not

27    recall there being a hearing.  She does not recall being appointed an attorney or

28    guardian ad litem at any time during her stay at the hospital. She does not recall

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1  being given notice of any hearing, the consequences of any hearing or her

2  appellate rights relating to any hearing.

3      c.  In March of 2017, JANE ROE #2 attempted to purchase a firearm. She

4  was denied a purchase based on the California Background Check System, which

5  utilizes federal resources and applies federal law in addition to state law in

6  determining firearm purchase eligibility.

7      d.  Under California Law her right to acquire, keep and bear firearms under

8  the Second Amendment would have been restored by operation of law (5-year

9  suspension) if she had been detained under Welfare and Institutions Code (WIC) §

10  5150 (unadjudicated hold).  See WIC § 8103 et seq.

11      e.  Upon inquiry with the CA-DOJ-BOF, JANE ROE #2 found out that her

12  treatment at St. Helena Hospital in Vallejo, California in 2008 had been classified

13  as a detention under WIC § 5250 (adjudicated hold) and that her rights were

14  suspended for 10 years by California Law under WIC § 8103 et seq., but somehow

15  is now classified as a life-time prohibition under federal law by the Defendants.

16  See 18 U.S.C. § 922(g)(4).

17      f.  In May of 2018, JANE ROE #2 successfully petitioned a court in

18  Mendocino County to restore her right to acquire, keep and bear firearms under

19  WIC § 8103 et seq., notwithstanding this successful petition, both the California

20  background check system and the FBI-NICS system still classifies JANE ROE #2

21  as ineligible to exercise her Second Amendment rights.

22      g.  By August 1, 2018, the suspension of JANE ROE #2's Second

23  Amendment rights would have been set aside by operation of law (lapse of 10

24  years) under California's statutory scheme, even if she was properly detained

25  under WIC § 5250 in July of 2008. See WIC § 8103 et seq.

26      h.  Therefore, JANE ROE #2's rights have been restored (if indeed they

27  were constitutionally suspended) by BOTH operation of law and an evidentiary

28  hearing in a California superior court.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1     i.  JANE ROE #2 currently works for a local law enforcement agency in a

2  non-peace officer position.  She has been encouraged to, and very much desires to,

3  apply for work as a peace officer and has been offered a position contingent on

4  obtaining a firearms clearance. Defendants' wrongful conduct is preventing that

5  and may be causing her monetary damages in addition to the various

6  Constitutional violations.

7     j.  Furthermore, JANE ROE #2 still wants to exercise her right to acquire,

8  keep and bear firearms for self-defense, in addition to pursuit of employment

9  opportunities that require a firearm clearance.

10  5.   Plaintiff JOHN DOE #1 is a natural person and citizen of the United States

11  and of the State of California. His individual facts relevant for this case are:

12     a.  JOHN DOE #1 was placed on a mental health hold pursuant to WIC §

13  5250 (adjudicated hold) in August of 2011.

14     b.  Under California law, an adjudicated hold under WIC § 5250 suspends

15  the right to acquire, keep and bear firearms for a period of 10 years, unless relief is

16  sought under WIC § 8103 et seq.

17     c.  Defendants interpret 18 U.S.C. § 922(g)(4) as imposing a life-time ban

18  on exercising Second Amendment rights.

19     d.  In January of 2013, in Sacramento County Superior Court, a hearing

20  under WIC § 8103 was conducted in which JOHN DOE #1 petitioned to have his

21  rights to acquire, keep and bear firearms restored. The People of the State of

22  California were represented by the District Attorney's Office. The Court granted

23  JOHN DOE #1's petition and relieved him of firearm disabilities.  [Note: The

24  evidentiary burden, burden of proof, and elements of proof are the same whether a

25  court is hearing a petition for restoration of rights after an adjudicated (WIC §

26  5250) or an unadjudicated (WIC § 5150) hold.]  See WIC §§ 8103(f) and 8103(g).

27     e.  Plaintiff JOHN DOE #1 is being denied the right to acquire, keep and

28  bear firearms because he cannot pass the background check.  This denial is being

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1  caused by the wrongful conduct of Defendants.

2      f. Plaintiff JOHN DOE #1 still wants to exercise his right to acquire, keep

3  and bear firearms for self-defense and other lawful purposes.

4  6.    Plaintiff JOHN DOE #2 is a natural person and citizen of the United States

5  and of the State of California. His individual facts relevant for this case are:

6      a. JOHN DOE #2  was admitted to Sharp Mesa Vista Hospital in San

7  Diego, California for a mental health evaluation on or about April 10, 2015.

8      b. On December 19, 2016, in San Diego County Superior Court, with the

9  People of California represented by the District Attorney of San Diego County

10  JOHN DOE #2's WIC § 8103 petition was granted and his right to acquire, keep

11  and bear firearms was restored.

12      c. Plaintiff JOHN DOE #2 is being denied the right to acquire, keep and

13  bear firearms because he cannot pass the background check.  This denial is being

14  caused by the wrongful conduct of Defendants.

15      d. Plaintiff JOHN DOE #2 still wants to exercise his right to acquire, keep

16  and bear firearms for self-defense and other lawful purposes.

17  7.    Plaintiff JOHN DOE #3 is a natural person and citizen of the United States

18  and of the State of California. His individual facts relevant for this case are:

19      a. On or about June 12, 2012, JOHN DOE #3 was placed on a mental health

20  hold after a "Certification Review Hearing" that purported to place him on a hold

21  pursuant to WIC § 5150. The ambiguity being that hearings are usually only

22  required for holds under WIC § 5250.

23      b. Regardless of the statutory authority for the hearing, JOHN DOE #3 was

24  never offered an attorney, he was never appointed an attorney, he was never

25  appointed a conservator, he was never advised of the full consequences of the

26  hearing (i.e., loss of Second Amendment rights), nor was he advised of his

27  appellate rights.

28      c. If JOHN DOE #3 was subjected to only a WIC § 5150 hold, his rights

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1  would have been restored by operation of law, after a five-year suspension in late

2  June of 2017.

3      d.  In a letter dated July 1, 2017, JOHN DOE #3 received a letter from the

4  CA-DOJ-BOF informing him that he is ineligible to acquire, keep and bear

5  firearms.

6      e.  In a letter dated July 26, 2017, JOHN DOE #3 received a letter from the

7  CA-DOJ-BOF indicating that he has no criminal history that would prevent him

8  from acquiring, keeping and bearing firearms.

9      f.  Plaintiff JOHN DOE #3 still wants to exercise his right to acquire, keep

10  and bear firearms for self-defense and other lawful purposes.

11  8.  Plaintiff JOHN DOE #4 is a natural person and citizen of the United States

12  and of the State of Oregon. His individual facts relevant for this case are:

13      a.  On January 3, 1996, JOHN DOE #4 was admitted to Cedar Vista

14  Hospital in Fresno, California, for a mental health evaluation and discharged on

15  January 11, 1996.  There is no indication this evaluation involved any hearing or

16  adjudication of any kind.  Therefore, it is alleged on information and belief that

17  this hold was conducted pursuant to WIC § 5150.

18      b.  On or about October 5, 1996, JOHN DOE #4 was admitted for a second

19  time to Cedar Vista Hospital in Fresno, California, for a mental health evaluation

20  and was discharged on October 15, 1996.  He was then admitted to a voluntary

21  program and discharged on November 22, 1996. There is prima facie evidence that

22  this second evaluation may have involved a hearing as JOHN DOE #4 was advised

23  of the consequences of the hearing and his right to petition a court later for relief

24  from firearm disabilities and/or that his right to possess firearms would only be

25  suspended for five (5) years under California and restored by operation of law if

26  he did not seek a court hearing.  He was not appointed a lawyer, nor a conservator,

27  nor was he advised of his appellate rights.

28      c.  On or about February 13, 2008, JOHN DOE #4 received a letter from

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                    -7-         *Jane Roe #1, et al., v. United States, et al.*

1  FBI-NICS indicating that he was disqualified from owning, acquiring or

2  possessing firearms based on his adjudicated mental health status.

3      d.  On or about July 9, 2008, JOHN DOE #4 received a letter from

4  CA-DOJ-BOF indicating that he has no criminal history maintained by that

5  agency.

6      e.  On or about June 2, 2010, JOHN DOE #4 received a letter from

7  CA-DOJ-BOF indicating that he is ineligible to acquire, own or possess firearms.

8      f.  On or about July 27, 2010, JOHN DOE #4 Filed a Petition for Relief

9  from Firearms Prohibition under WIC § 8103, despite more than ten years having

10  lapsed from his hospitalization. (i.e., The disqualification should have expired by

11  operation of law.)

12      g.  On September 24, 2010, in Fresno County, with the People represented

13  by the District Attorney, the Superior Court, denied the petition, stating: "[...]

14  Motion for Relief of Firearm Prohibition is DENIED. The Court cannot grant the

15  requested relief the petition is seeking. Prohibition period lapsed, 10/4/2001."  In

16  other words, the case was not resolved on the merits because the Judge considered

17  the matter mooted by operation of law. (i.e., the passage of time.)

18      h.  JOHN DOE #4 still wants to exercise his right to acquire a firearm for

19  self-defense and other lawful purposes.  He currently lives in Oregon and still

20  cannot pass the background check based on his mental health records that are

21  maintained by Defendant CA-DOJ-BOF and/or the FBI-NICS.

22  9.   JOHN DOE #5 is a natural person and citizen of the United States and of the

23  State of Nevada. His individual facts relevant for this case are:

24      a.  On or about April 30, 2007, JOHN DOE #5 was admitted to Del Amo

25  Hospital in Torrance, California, for a mental health evaluation. He was 15 years

26  old at the time.  He was discharged on or about May 8, 2007.

27      b.  No records exist at this time to indicate whether the evaluation of JOHN

28  DOE #5 was voluntary or involuntary or conducted under the non-adjudicated

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                    -8-                    *Jane Roe #1, et al., v. United States, et al.*

1    hold (WIC § 5150) or an adjudicated hold (WIC § 5250).

2        c.  JOHN DOE #5 does not recall ever having been advised of any hearings,

3    the consequences of any hearing, his appellate rights, nor was he appointed an

4    attorney or guardian ad litem.

5        d.  Despite more than 10 years since the termination of any evaluation or

6    treatment, JOHN DOE #5 is being denied the right to acquire, keep and bear

7    firearms, despite his desire to exercise those rights.

8    10.   JOHN DOE #6 is a natural person and citizen of the United States and of the

9    State of California. His individual facts relevant for this case are:

10        a.  On or about February 22, 2016, JOHN DOE #6 was discharged from

11   Newport Bay Hospital in Newport, California.  The nature of the mental health

12   evaluation (whether it was lawfully conducted under WIC § 5150 or § 5250) is in

13   dispute.  JOHN DOE #6 does not recall being advised of his rights or being

14   offered the right to hire an attorney.  JOHN DOE #6 is a man of means and could

15   have afforded to and would have hired counsel given the opportunity.  Nor was

16   JOHN DOE #6 advised that he would potentially be subject to a life-time

17   prohibition on exercising his Second Amendment rights.

18        b.  On or about January 15, 2018, JOHN DOE #6 caused a "Notice of

19   Hearing Re: Relief from Firearms Prohibition" to be filed in Mendocino Superior

20   Court.  This was a petition under WIC § 8103 to restore JOHN DOE #6's right to

21   acquire, keep and bear firearms. The People of California were represented by the

22   District Attorney's office.

23        c.  The California Department of Justice, Firearms Division, Mental Health

24   Unit was given notice of the proceedings and the hearing, that agency did not

25   appear at any hearings nor file any pleadings in the matter.

26        d.  On November 15, 2018, the Superior Court of Mendocino County issued

27   an order, based in part on an expert report submitted by JOHN DOE #6 during

28   discovery, granting the petition under WIC § 8103, specifically ordering that:

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                        -9-          *Jane Roe #1, et al., v. United States, et al.*

1   -   JOHN DOE #6 was relieved from all disabilities arising out his

2   treatment, whether he was detained under WIC § 5150 or § 5250.

3   -   Notice of this relief be sent to the California Department of

4   Justice, Firearms Bureau - Mental Health Unit.

5   -   That the California Department of Justice notify all other

6   relevant government agencies, the Federal Bureau of Investigations,

7   the National Instant Check System, and the Bureau of Alcohol,

8   Tobacco, Firearms, and Explosives that JOHN DOE #6 is no longer

9   prohibited from acquiring, keeping and bearing firearms.

10   e.   On or about December 17, 2018, JOHN DOE #6 was notified by the

11   CA-DOJ-BOF that he remains ineligible to possess or purchase firearms.

12   f.   JOHN DOE #6 still wants to exercise his right to acquire a firearm for

13   self-defense.  He cannot pass the background check based on his mental health

14   records that are maintained by Defendant CA-DOJ-BOF and/or the FBI-NICS.

15   11.   Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a

16   non-profit membership organization incorporated under the laws of Washington

17   with its principal place of business in Bellevue, Washington.  SAF has over

18   650,000 members and supporters nationwide, including California.  The purposes

19   of SAF include education, research, publishing and legal action focusing on the

20   Constitutional right to privately owned and possess firearms, and the

21   consequences of gun control.  SAF brings this action on behalf of itself and its

22   members.  SAF brings lawsuits like this because the fees and costs of prosecuting

23   such actions often exceeds the personal resources of individual gun owners and

24   value of their gun collections.

25   12.   Defendant United States of America is a proper defendant in this action

26   pursuant to 5 U.S.C. § 702 and 18 U.S.C. § 925A.

27   13.   Defendant U.S. Department of Justice is the principal agency charged with

28   enforcing the unconstitutionally broad prohibition under 18 U.S.C. § 922(g)(4),

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    thus preventing Plaintiffs from obtaining firearms based on alleged or actual

2    mental health commitments.

3    14.   Defendant Federal Bureau of Investigation is charged with implementing and

4    interpreting statutory law and regulations related to the National Instant Check

5    System (NICS).

6    15.   Defendant Bureau of Alcohol, Tobacco, Firearms and Explosive, (BATFE) is

7    the arm of the Department of Justice responsible for prevention of federal offenses

8    involving the use, manufacture, and possession of firearms, including the

9    unconstitutionally broad ban challenged in this case. Defendant ATF also

10   regulates, via licensing, the sale, possession, and transportation of firearms and

11   ammunition in interstate commerce. ATF is currently enforcing the laws, customs,

12   practices and policies complained of in this action.

13   16.   WILLIAM P. BARR is the United States Attorney General and is charged

14   with interpretation and enforcement of federal firearms laws, including the Federal

15   Bureau of Investigation, the National Instant Check System, and has supervisory

16   control over the Bureau of Alcohol, Tobacco, Firearms and Explosives.

17   17.   Defendant CHISTOPHER A. WRAY is the Director of the Federal Bureau of

18   Investigations and is charged with interpretation and enforcement of federal

19   firearm laws, including the National Instant Check System.

20   18.   Defendant THOMAS E. BRANDON is the Deputy Director, Head of the

21   Bureau of Alcohol, Tobacco, Firearms and Explosives and is charged with

22   enforcing federal firearms laws and regulations at issue in this matter.

23   19.   Defendant XAVIER BECERRA is the Attorney General of the State of

24   California and is charged with the interpretation and enforcement of California

25   (and Federal) firearms laws and has supervisory control over the California

26   Department of Justice and its subordinate agencies and bureaus, including but not

27   limited to the Bureau of Firearms.

28   20.   At this time, Plaintiffs are ignorant of the names any additional individuals

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   or government agencies giving rise to Plaintiffs' claims.  Plaintiffs therefore name

2   these individuals as DOE Defendants and reserves the right to amend this

3   complaint when their true names are ascertained. Furthermore, if/when additional

4   persons and entities are discovered to have assisted and/or lent support to the

5   wrongful conduct of the Defendants named herein, Plaintiff reserves the right to

6   amend this complaint to add those persons and/or entities as Defendants.

7                              **JURISDICTION AND VENUE**

8   21.   This Court has subject matter jurisdiction over this action pursuant to 18

9   U.S.C. § 925A, 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983,

10  1988.

11  22.   This Court has supplemental jurisdiction over any state law causes of action

12  that may arise under 28 U.S.C. § 1367.

13  23.   Venue for this action is proper under 28 U.S.C. §§ 1391 and/or the Civil

14  Local Rules for bringing an action in this district.

15                                 **RELATED CASE**

16  24.   This case involves similar questions of fact and law to *Silvester v. Harris*, 41

17  F. Supp. 3d 927 (E.D. Cal., 2014), and *Silvester v. Harris*, 843 F.3d 816 (9th Cir.

18  2016).  E.g., Standards of review for Second Amendment rights and appropriate

19  constitutional tests for adjudicating Second Amendment claims.  Additionally, that

20  case required the presiding trial judge to review evidence on the unique aspects of

21  California's comprehensive background check system. Assignment of this matter

22  to the same Judge would prevent duplication of labor and conservation of judicial

23  resources.

24                            **CONDITIONS PRECEDENT**

25  25.   All conditions precedent have been performed, and/or have occurred, and/or

26  have been excused, and/or would be futile.  FURTHERMORE, During March and

27  May of 2018, Plaintiffs caused multiple letters, emails, and releases (permitting

28  the Defendants to communicate directly with Plaintiffs' counsel) to the Defendants

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                              -12-                    *Jane Roe #1, et al., v. United States, et al.*

trying to resolve the violations set forth herein.  Therefore, Defendants (or their agents) are readily familiar with the facts and circumstances (and identity) of JANE ROE #1 and #2, and JOHN DOES #1 through #5 and they were advised that JOHN DOE #6 would be added if litigation ensued.

## BACKGROUND FACTS

26.   The National Instant Criminal Background Check System (NICS) is used by Federal Firearms Licensees, importers, and manufacturers (collectively, "dealers") to determine whether a prospective purchaser is legally authorized to purchase (and possess) firearms, which are necessary for exercising Second Amendment rights. The process begins when the person provides a dealer with photo identification and a completed Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473. The form asks questions corresponding to the categories of persons prohibited by federal law from possessing firearms. Providing false information is a federal crime.

27.   The FBI is responsible for maintaining data integrity during all NICS operations that are managed and carried out by the FBI. This responsibility includes:

a.   Ensuring the accurate adding, canceling, or modifying of NICS Index records supplied by Federal agencies;

b.   Automatically rejecting any attempted entry of records into the NICS Index that contains detectable invalid data elements;

c.   Automatic purging of records in the NICS Index after they are on file for a prescribed period of time; and

d.   Quality control checks in the form of periodic internal audits by FBI personnel to verify that the information provided to the NICS Index remains valid and correct.

28.   During a firearm purchase, if a prospective purchaser answers "yes" to any questions (including questions regarding mental health evaluations), the sale must

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    be denied. Otherwise, the dealer generally must request a NICS check from the

2    Federal Bureau of Investigation (FBI) or their state point of contact. The transfer

3    can occur only if the check does not identify prohibitive criteria, or if it takes more

4    than 3 business days. If 3 business days pass without a determination that the

5    transaction can be approved or must be denied, the dealer can either complete the

6    sale (unless prohibited by local law) or wait for the check to be performed.

7    29.    The NICS served 49,547 Federally Licensed Firearms Dealers (FFLs)

8    conducting business in 36 states, 5 U.S. territories, and the District of Columbia as

9    late as 2015. The FFLs contacted the NICS Section either via telephone or the

10   NICS E-Check via the Internet to initiate the required background checks. In

11   2015, 68 percent of all transactions were initiated via the NICS E-Check. For 7 of

12   the 36 states, the NICS Section processes all long gun transactions, while the

13   states conduct their own background checks on handguns and handgun permits. In

14   addition, 13 states participate with the NICS in a Full Point of Contact (Full-POC)

15   capacity by performing all background checks for their states' FFLs.

16   30.    California is one of those Full-POC States charged with overall

17   responsibility for the administration and usage of the FBI-NICS within a state.

18   This designation as a Full-POC, means California must ensure that a certain

19   minimum service baseline is provided. Those requirements include:

20        a.   The POCs must access the NICS as part of their background check

21   process. The POCs are not required, but are encouraged, to search available state

22   data sources as part of the background checks they perform.

23        b.   The POCs shall ensure that all FFLs within their state are provided

24   access to the NICS through a designated state POC or network of state or local

25   agencies. It is recommended that a single state POC be established.

26        c.   The POCs, with the assistance of the ATF and the FBI, shall notify the

27   FFLs in its state regarding the procedures for contacting the POC and all other

28   procedures related to firearm background checks.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                          -14-            *Jane Roe #1, et al., v. United States, et al.*

d.  The POCs will have automated access to the NICS via the NCIC telecommunications network.

e.  The POCs will offer telephone access to the FFLs, at a minimum, between 10 am and 9 pm, Monday through Saturday, and during normal retail business hours within their state on Sundays.

f.  The POCs shall have procedures in place that provide assurance that NICS background checks are initiated only by authorized personnel and only for purposes authorized under the Brady Act.

g.  The POCs shall provide supporting processes and personnel to review record data, make disqualification decisions, respond to the FFLs, and manage an appeal process.

h.  The POCs shall not deny the purchase of a firearm based on an arrest without a disposition. If such a practice is occurring, a state law must be in place authorizing the practice.

i.  The POCs shall deny firearm sales based on criteria equal to or more stringent than imposed by the GCA of 1968 (18 U.S.C.§922), as amended.

j.  The POCs shall ensure that they adhere to all applicable federal laws regarding the NICS.

k.  The POCs shall adhere to federal guidelines which dictate the purging of proceed transaction data according to the current retention period. If this time limit is exceeded, there must be an independent state law regarding firearm transactions authorizing this practice.

l.  The POCs shall ensure that a state-generated State Transaction Number (STN) for a NICS inquiry can be cross-referenced with unique identifying numbers generated by the NICS.

m.  The POCs shall ensure that all appropriate inquiries are made and transmitted through the United States Department of Immigration and Customs Enforcement (ICE) on all non-U.S. Citizen transactions.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                               -15-                  *Jane Roe #1, et al., v. United States, et al.*

1   n.  If utilized within their state, the POCs shall ensure that all Identification

2   for Firearm Sales (IFFS) flags are being properly set for Interstate Identification

3   Index (III) records.

4   o.  The POCs shall not deny a transaction based solely upon the existence of

5   a protective order without consideration being given to the Brady indicator.

6   p.  The POCs in decentralized states shall ensure that information from the

7   ATF and the FBI is disseminated to all agencies performing NICS background

8   checks. The POCs should provide guidance and training regarding this

9   information in order to ensure consistency throughout the state.

10   q.  The POCs must ensure the transmittal of final transaction status to the

11   NICS in accordance with federal rule 28 C.F.R. 25.

12   31.   In addition to its status as a Full-POC State for federal background checks to

13   ensure compliance with federal laws at the point-of-sale for firearms, California

14   maintains its own sophisticated, though parallel, system for ensuring compliance

15   with California's notoriously more strict firearm laws. *See generally, Silvester v.*

16   *Harris*, 41 F. Supp. 3d 927 (E.D. Cal., 2014), and *Silvester v. Harris*, 843 F.3d 816

17   (9th Cir. 2016). [E.g., Although un-adjudicated mental health holds (WIC § 5150)

18   have no federal consequences, firearm dealers in California must deny the sale of a

19   firearms if the gun purchaser has been subjected to such a hold under California

20   law and that gun-buyer has not applied for relief under WIC § 8103 et seq., or

21   waited the statutory five years.]

22   32.   The "NICS Improvement Amendments Act of 2007" (110 P.L. 180, 121 Stat.

23   2559) (hereafter "the Act") contains amendments to federal law setting forth

24   updated standards for adjudicated commitments related to mental health

25   determinations. Furthermore, the Act requires a process for relief from disabilities

26   attributable to mental health determinations. The Act also provides funding for

27   participating states to modernize and update their systems for the reporting of

28   disqualifying characteristics that come to the attention of those participating states.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

33.   California does not currently participate in the funding program set up through the Act, however California has its own modern, comprehensive, background check system that is equal to or superior to the minimum qualifications set forth in the Act. Furthermore, California statutory law already has two processes (hearings and passage of time) for restoration of Second Amendment rights after a mental health disqualification. Those processes meet or exceed the requirements set forth in the Act. (i.e., Plaintiffs should not be denied the exercise of fundamental rights based on the intricacies of federal revenue sharing, when the underlying public safety interests are adequately addressed by existing, overlapping federal and state law.)

34.   Finally, the lack of a process for relief from disabilities based on mental health determinations, that are sometimes decades old, was found to violate the Constitutional rights of a prospective gun-buyer in *Tyler v. Hillsdale County Sheriff's Department*, 837 F.3d 678 (6th Cir. 2016). This case seeks similar relief in this Circuit.

## CASE SPECIFIC FACTS

35.   Plaintiff JANE ROE #1 is the only Plaintiff who has not had contact with a mental health provider located in California, even though California apparently transmitted disqualifying criteria to FBI-NICS when she attempted to purchase a firearm.  Therefore, it is assumed that California's Full-POC background check, which is denying her the right to purchase a firearm here in California, is based solely on New Jersey's report of a mental health hold to FBI-NICS.  JANE ROE #1 should not be required to hire a lawyer in New Jersey to restore her right to buy a firearm in that state, which would apparently be a futile act anyway, because JANE ROE #1 has no intention of returning to New Jersey or living there. Furthermore, she is prohibited by federal law from being a resident of this state and seeking to buy a firearm in another state. 18 U.S.C. § 922(a)(3) and (b)(3). The restoration of JANE ROE #1's rights can be obtained in one of three ways:

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

a.  This Court can find that the original alleged commitment, failed to provide adequate due process safe guards for a "hearing" that deprives an otherwise law-abiding citizen of a fundamental right for the rest of her life.  The Court can set-aside the alleged commitment and order these Defendants to purge their records of this disability against Plaintiff JANE ROE #1.

b.  This Court can find that the federal government should be estopped from asserting a firearm disability against Plaintiff JANE ROE #1, because that same government relied on her as an adult to bear arms in defense of this nation, after the alleged commitment, which occurred when she was a minor.

c.  This Court can find that Plaintiff JANE ROE #1, is subject to California statutory law, and as the alleged commitment took place more than 10 years ago, and her rights are restored by the passage of time, by operation of law.  See WIC § 8100 *et seq*.

36.  Every other Plaintiff (excepting JANE ROE #1) in this matter has had contact with a mental health provider in California and therefore have mental health records maintained by the CA-DOJ-BOF.

37.  Plaintiffs JANE ROE #2, JOHN DOE #3, JOHN DOE #5, and JOHN DOE #6 suffered due process violations from woefully inadequate, constitutionally defective alleged mental health adjudications. They were not advised of the consequence of the hearing, they were not given an opportunity to have counsel, they were not advised of their appellate rights.

38.  Furthermore, JANE ROE #2 and JOHN DOE #5 were both minors at the time of the alleged adjudications and neither were appointed a guardian ad litem nor were they appointed counsel.

39.  Plaintiffs JANE ROE #2, JOHN DOE #1, JOHN DOE #2, and JOHN DOE #6, have all had hearings under California's WIC § 8103 to restore their rights and the Superior Court Judges granted their petitions and restored their rights after full adversarial hearings.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                      -18-          *Jane Roe #1, et al., v. United States, et al.*

40.   Plaintiff JOHN DOE #4 also participated in a hearing under California's WIC § 8103, but the Superior Court Judge's sole reason for denying relief was that the issue was moot based on the passage of time and operation of law. (i.e., There was no hearing on the merits.)

41.   Plaintiffs JANE ROE #1, JANE ROE #2, JOHN DOE #3 (if disqualification is based on WIC § 5150 and not § 5250), JOHN DOE #4, and JOHN DOE #5 all qualify for restoration of their rights (assuming they were legitimately suspended) by the passage of time through operation of law. See WIC § 8100 *et seq.*

42.   A table showing why Plaintiffs should not be classified among the mental-health prohibited class for exercising Second Amendment rights:

| | Roe #1 | Roe #2 | Doe #1 | Doe #2 | Doe #3 | Doe #4 | Doe #5 | Doe #6 |
|---|---|---|---|---|---|---|---|---|
| Estoppel | x | | | | | | | |
| Due Process Violation | x | x | | | x | x | x | x |
| Equal Protection Violation | x | x | x | x | x | x | x | x |
| Minor When Held | x | x | | | | | x | |
| Lapse of Time | x? | x | | | x? | x | x | |
| Won Hearing to Restore | | x | x | x | | x? | | x |

43.   There are several theories for WHY constitutional violations are keeping Plaintiffs from exercising a fundamental right, with the most benign explanation being bureaucratic inertia, and the most sinister being a hostility to Second Amendment rights by government actors and policy makers.

a.   Every Plaintiff is eligible to buy guns under California law based on any number of theories.

b.   California may be interpreting 18 U.S.C. § 922(g)(4) as a lifetime ban, and therefore denying the Plaintiffs the right to purchase a gun because California is a Full-POC state charged with interpreting federal and state law. If that is the case, then California's interpretation of federal law must be corrected and brought

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                    -19-                    *Jane Roe #1, et al., v. United States, et al.*

1    into line with the modification set forth under the "NICS Improvement

2    Amendments Act of 2007."

3        c. If FBI-NICS is showing incorrect (or defective) records from New Jersey

4    (for JANE ROE #1) and California (for the remaining Plaintiffs), and thus issuing

5    a disqualification from their database, then CA-DOJ-BOF and FBI-NICS are

6    jointly and severally at fault for maintaining erroneous records and/or for not

7    updating their records with new and correct information.

8        d. If this Court finds that California is exempt from the "NICS

9    Improvement Act of 2007" and residents of this state are ineligible for the

10   restoration of rights procedures set forth in that law, then Plaintiffs are being

11   denied Equal Protection of the law under either (or both) the Fifth Amendment

12   and Fourteenth Amendments to the United States Constitution.

13       e. Finally, if this Court ultimately finds that the relevant agencies are

14   correctly interpreting 18 U.S.C. § 922(g)(4) as a lifetime ban, with no provision

15   for restoration of rights for these plaintiffs, then this Court will have to subject that

16   federal statute to constitutional analysis as a violation of the Second Amendment

17   to the United States Constitution. See, *Tyler v. Hillsdale County Sheriff's*

18   *Department*, 837 F.3d 678 (6th Cir. 2016).

19                        **FIRST CAUSE OF ACTION**

20            [Violation of Second Amendment – As Applied Challenge]

21   44.   Paragraphs 1 through 43 are incorporated by reference.

22   45.   The Second Amendment provides that the People's "right to keep and bear

23   arms, shall not be infringed."

24   46.   Defendants, either jointly or severally, have misapplied state and/or federal

25   law in a way that denies Plaintiffs the ability to lawfully acquire the means of

26   exercising their Second Amendment rights, after a mandated background check,

27   through the purchase of a firearm at a licensed firearms dealer in the community

28   where they reside.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                          -20-              *Jane Roe #1, et al., v. United States, et al.*

1

**SECOND CAUSE OF ACTION**

2

[Violation of Second Amendment – Facial Challenge]

3

47.   Paragraphs 1 through 46 are incorporated by reference.

4

48.   The Second Amendment provides that the People's "right to keep and bear

5

arms, shall not be infringed."

6

49.   If 18 U.S.C. § 922(g)(4) imposes a lifetime ban, with no means for

7

restoration, on the right to acquire, keep and bear arms, for any person who has

8

been placed on an adjudicated hold for a mental health observation, it is an

9

unconstitutional violation of the Second Amendment and must give way to the

10

higher law of the U.S. Constitution.

11

**THIRD CAUSE OF ACTION**

12

[Violation of Fifth Amendment – Due Process of Law and Equal Protection]

13

[Against Federal Defendants]

14

50.   Paragraphs 1 through 49 are incorporated by reference.

15

51.   The Fifth Amendment to the United States Constitution provides that no

16

person shall be deprived of "life, liberty or property" without due process of law.

17

This amendment also extends "equal protection" guarantees to all persons in the

18

United States, thus ensuring that federal law is uniformly applied without regard to

19

state citizenship.

20

52.   To the extent that any of the individual Plaintiffs are subject to 18 U.S.C. §

21

922(g)(4), their "commitment hearings" were constitutionally deficient as they

22

lacked fundamental indicia of fairness, such as: Adequate Notice, Right to

23

Counsel, Right to Guardian ad Litem or Conservator, Effective Appellate Notice

24

and Remedies, thus violating due process of law.

25

53.   To the extent that any of the individual Plaintiffs are subject to 18 U.S.C. §

26

922(g)(4), any remedies for restoration of fundamental rights under federal law

27

must be uniform throughout the United States, and/or all states must meet

28

minimum standards for restoration of rights after mental health holds, without

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1    regard to any particular state's participation in federal programs or receipt of

2    federal monies. To the extent that federal law does not require such uniform

3    standards, Plaintiffs are being denied equal protection of the law.

4    **FOURTH CAUSE OF ACTION**

5    [Violation of Fourteenth Amendment – Due Process of Law and Equal Protection]

6    [Against State Defendants]

7    54.   Paragraphs 1 through 53 are incorporated by reference.

8    55.   The Fourteenth Amendment to the United States Constitution provides that

9    no person shall be deprived of "life, liberty or property" without due process of

10   law. The Fourteenth Amendment also mandates "equal protection the law" for all

11   persons by state actors implementing state policies.

12   56.   To the extent that any of the individual Plaintiffs are subject to 18 U.S.C. §

13   922(g)(4), their "commitment hearings" were constitutionally deficient as they

14   lacked fundamental indicia of fairness, such as: Adequate Notice, Right to

15   Counsel, Right to Guardian ad Litem or Conservator, Effective Appellate Notice

16   and Remedies, thus violating due process of law.

17   57.   To the extent that any of the individual Plaintiffs are subject to 18 U.S.C. §

18   922(g)(4), as interpreted by California and their agencies, the remedy for

19   restoration of fundamental rights under federal law must be uniform throughout

20   California without regard to California's participation in federal programs or

21   receipt of federal monies. To the extent that state law does not require such

22   uniform standards, Plaintiffs are being denied equal protection of the law.

23   **FIFTH CAUSE OF ACTION**

24   [Statutory Remedy Under 18 U.S.C. § 925A]

25   [Against All Defendants]

26   58.   Paragraphs 1 through 57 are incorporated by reference.

27   59.   The Constitutional violations of Plaintiffs' rights arise from misapplication of

28   the federal and/or state background check system, or erroneous data contained in

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                                    -22-              *Jane Roe #1, et al., v. United States, et al.*

1  that system, thus Plaintiffs are afforded the right to bring an action against any

2  state or political subdivision, or against the United States to correct the erroneous

3  denial of a firearm purchase. 18 U.S.C. § 925A (Remedy for erroneous denial of

4  firearm).

5  60.    Plaintiffs are being denied a firearm purchase by either or both sets of

6  Defendants and are entitled to relief under 18 U.S.C. § 925A.

7

8                          **PRAYER FOR RELIEF**

9        WHEREFORE, Plaintiffs respectfully request that this Honorable Court

10  enter judgment in their favor and against Defendants as follows:

11        A.    Declare[1] that 18 U.S.C. § 922(g)(4), its derivative regulations, and all

12  related laws, policies, and procedures violate Plaintiffs' right to keep and bear

13  arms as secured by the Second Amendment to the United States Constitution.

14        B.    Declare[2] that 18 U.S.C. § 922(g)(4), its derivative regulations, and all

15  related laws, policies, and procedures violate Plaintiffs' rights to equal protection

16  and due process under the Due Process Clause of the Fifth and/or Fourteenth

17  Amendment to the United States Constitution.

18        C.    Permanently enjoin the Defendants, their officers, agents, servants,

19  employees, and all persons in active concert or in participation with each other

20  from enforcing against Plaintiffs 18 U.S.C. § 922(g)(4) and all its derivative

21  regulations, and all related laws, policies, and procedures that would impede or

22  criminalize Plaintiffs' exercise of their right to keep and bear arms.

23        D.    Award general and special damages to any Plaintiffs who have incurred

24

25        [1] This necessarily includes relief from this Court authorizing Plaintiffs to
26  truthfully state the they have NOT been adjudicated with mental-health
    disqualifiers, as of the date of judgment, on any state or federal form when
27  purchasing a firearm.

28        [2] See footnote #1.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   compensable losses caused by Defendants' wrongful conduct, in an amount

2   according to proof.

3       E.    Award Plaintiffs their costs and attorney's fees and expenses to the

4   extent permitted under all relevant statutes, including but not limited to 18 U.S.C.

5   § 925A, 28 U.S.C. § 2412, 42 U.S.C. §§ 1983, 1988.

6       F.    Grant such other and further relief as the Court deems just and proper.

7

8                          Dated February 25, 2019.

9                          Respectfully Submitted by:

10                         /s/ *Donald Kilmer*

11                         Attorney for Plaintiffs (Lead Counsel)

12                         Donald E. J. Kilmer, Jr. [SBN: 179986]
                           Email: don@dklawoffice.com
13                         LAW OFFICES OF DONALD KILMER, APC
                           1645 Willow Street, Suite 150
14                         San Jose, California 95125
                           Voice:  (408) 264-8489
15                         Fax:    (408) 264-8487

16

17

18

19

20

21

22

23

24

25

26

27

28

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487