Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Jessica L. Danielski [SBN: 308940]
Email: jessica@dklawoffice.com
LAW OFFICES OF DONALD KILMER, APC
3455 Jarvis Avenue
San Jose, California 95118
Voice:  (408) 264-8489

Jason Davis [SBN: 123456]
Email: jason@calgunlawyers.com
THE DAVIS LAW FIRM
27201 Pureta Real, Suite 300
Mission Viejo, California  92691
Voice: (949) 436-4867
Fax:    (888) 624-4867

Attorneys for Plaintiffs
JANE ROE #1, et al.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1; JANE ROE #2; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; JOHN DOE #6; SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; BUREAU OF ALCOHOL, TOBACCO, FIREARMS | Case No.: 1:19-CV-002270-DAD-BAM<br><br>JOINT SCHEDULING REPORT<br>Date:      August 1, 2019<br>Time:     9:30 a.m.<br>Before:  Magistrate Judge<br>             Barbara A. McAuliffe<br><br>All parties intend to appear telephonically through counsel. |

Donald Kilmer
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

1

Joint Scheduling Conf Stmt.                                        Jane Roe #1, et al., v. United States, et al.

Donald Kilmer
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

| | |
|---|---|
| AND EXPLOSIVES; WILLIAM P. BARR (U.S. Attorney General), CHRISTOPHER A. WRAY (Director, Federal Bureau of Investigation); REGINA LOMBARDO (Acting Deputy Director, Bureau of Alcohol, Tobacco, Firearms and Explosives); XAVIER BECERRA (California Attorney General), | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

1.) <u>Summary of factual and legal contentions:</u> Plaintiffs are individuals and one institutional organization challenging the policies of the United States government and/or the state of California, that imposes a life-time ban on exercising Second Amendment rights after an adjudicated mental health hold.

    a. <u>Plaintiffs Contend</u>: Under California law, when a person is involuntarily detained for a limited 72 hour period, for a mental health observation under Welfare and Institutions Code (WIC) § 5150, California law [WIC § 8100 *et seq.*] prohibits them from exercising Second Amendment rights for a period of five years, subject to a right seek a court hearing to restore those rights. A hold under WIC § 5150 has no federal law consequences as it is not an "adjudicated" involuntary detention.

    b. <u>Plaintiffs Contend</u>: Under California law, when a person is involuntarily detained for longer than 72 hours under WIC § 5250 (pursuant to some kind of hearing, the constitutional adequacy of which is also challenged) the same code section [WIC § 8100 *et seq.*] provides a means for restoration of Second Amendment rights. However the default restoration by

operation of law (passage of time) is 10 years instead of five. Because this is an "adjudicated" hold, it has federal consequences that are functionally equivalent to a life-time disqualification for exercising a fundamental right. The federal statutory scheme does not offer any kind of hearing process or means for restoration of rights for these individuals.

c. All plaintiffs (except Jane Doe #1) allege they were subject to a California WIC § 5250 "adjudicated" hold.

d. Plaintiff Jane Doe #1 alleges she was subject to the New Jersey equivalent of a WIC § 5250 hold 30 years ago, but now resides permanently in California and has no plans to move back to New Jersey. Thus, she alleges she is ineligible to purchase a firearm in New Jersey and is therefore subject solely to California law and federal law with respect to exercising her rights. She alleges she is without a California or federal remedy to restore her rights.

e. Plaintiffs' challenge is both an <u>as applied</u> and <u>facial</u> challenge to federal policy. Plaintiffs' challenge is primarily an <u>as applied</u> challenge to any California policy that is causing the constitutional harm (i.e., California has a statutory remedy for restoration).

f. It is unclear at this time if the entity allegedly denying Plaintiffs' rights is solely the federal government, solely the California government, or a combination of the two.

g. Defendants have filed answers denying liability and/or any constitutional violations.

h. Plaintiffs seek a judgment in their favor for injunctive and declaratory relief, and unspecified damages.

3

Joint Scheduling Conf Stmt.                    Jane Roe #1, et al., v. United States, et al.

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

      i. Defendants seek dismissal and/or judgment in favor of the defendants.

2.) <u>Pleading Amendments</u>:  There are two possible pleading amendments proposed by the Plaintiffs.

    a. Deletion of John Doe #6.  At the time the complaint was filed, JD #6 was unable to pass a background check under California's Personal Firearms Eligibility Check (PFEC)[1] [CA Penal Code § 30105] after being granted relief from WIC § 8100 *et seq.*, in a Mendocino Superior Court proceeding in November 2018.  Subsequent to that denial dated December 17, 2018, JD #6 was approved under a resubmitted PFEC check in March of 2019.  A draft Amended Complaint[2] is being circulated.

    b. Addition of a 10th Amendment Cause of action.

3.) <u>Summary of Uncontested and Contested Facts</u>:

    a. Plaintiffs contend there are no contested facts and that supporting documentation currently in their possession (to be disclosed after entry of a protective order) will support the facts set forth in the operative complaint.

    b. The California Attorney General contends that it needs more information from the Plaintiffs before fully developing its legal position.  At this time, it appears that the Roe Plaintiffs #1 and #2

---

[1] A procedure whereby a person does not have to have an actual gun sale pending to determine eligibility to own/possess/acquire firearms.

[2] However, it is possible that JD #6 was erroneously approved under the PFEC procedure and once we have protective orders in place, JD #6 identifying information will be forwarded to both sets of defendants to verify his eligibility.  If JD #6 remains eligible, he will be dismissed from the action.

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

and Doe Plaintiffs #1 through #6 were all subject to a WIC § 5250 hold or its equivalent.

c. The Federal Defendants have no knowledge of the facts as they do not know the identities of the pseudonymous plaintiffs.

4.) Summary of Legal Issues in Dispute:

a. Whether 18 U.S.C. § 922(g)(4) violates the Second Amendment to the United States Constitution, either facially or as applied to plaintiffs.

b. Whether 18 U.S.C. § 922(g)(4) violates the due process or equal protection components of the Fifth and Fourteenth Amendments to the United States Constitution.

c. Whether defendants have violated 18 U.S.C. § 925A.

d. Plaintiffs contend that the substantive Second Amendment law on this case should follow closely the decision *Tyler v. Hillsdale County Sheriff's Department*, 837 F.3d 678 (6th Cir. 2016) (en banc).

e. Plaintiffs contend that additional issues in dispute relate to the constitutional adequacy of any "hearing" that was provided to declare any plaintiffs subject to an involuntary hold that would result in a lifetime disqualification to exercise a fundamental right. These issues should be resolved based on well-established constitutional case law relating to adequate notice, opportunity to be heard, representation by counsel, notice of appellate rights, and other substantive and procedural due process rights when a person to deprived of their liberties.

f. Plaintiffs also contend that issues of federalism may arise with regard to how federal and state agencies interact to implement public policy that regulates fundamental rights.

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

5

Joint Scheduling Conf Stmt.                                   *Jane Roe #1, et al., v. United States, et al.*

g. The California Attorney General contends that it is not clear whether the complaint challenges California or federal law. To the extent the complaint challenges California laws relating to mental health and firearms possession, it intends to defend those laws against constitutional challenge.

h. The Federal Defendants contend that 18 U.S.C. § 922(g)(4) is constitutional in all respects, and that they have not violated 18 U.S.C. § 925A. The Federal Defendants further contend that it is not clear whether the complaint challenges California or federal law.

5.) <u>Status of Matters Presently before the Court</u>:

a. There are no matters presently before the Court. The parties anticipate presentation of a joint motion or stipulation for a protective order relating to the discovery, disclosure, and use in Court filings of materials that are medically confidential.

6.) <u>Discovery Plan</u>:

a. After entry (or litigation if necessary) of any protective orders, the parties agree to exchange initial disclosures under Fed.R.Civ.P. 26(a)(1) within 10 business days of the filing of said order(s).

b. The parties propose a stay on all other (non-expert and expert) discovery, so that they can discuss the case and plan for discovery as needed after initial disclosures are made.

c. At this time, the parties do not anticipate the need to depart from the discovery limits imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a).

d. As noted above, the parties anticipate addressing confidentiality issues in a joint motion/stipulation to be submitted to the Court.

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

6

Joint Scheduling Conf Stmt.                                    *Jane Roe #1, et al., v. United States, et al.*

e. Timing, sequencing, phasing or scheduling of discovery is to be determined by the parties after initial disclosures are made.

f. At this time, no party anticipates the necessity of taking discovery outside the United States.

g. At this time, no party anticipates taking video or sound recordings of depositions.

h. The parties will need a Discovery Status Report and Scheduling order after making initial disclosures and discussing this case further.

7.) <u>Electronic Discovery</u>: The parties (through counsel) acknowledge their duties to offer and maintain Electronic, Digital and/or Magnetic Data in relation to their discovery obligations.

8.) <u>Duty to Meet and Confer</u>: The parties have met and conferred regarding discovery and exchange of information relevant to this case.

9.) <u>Dates</u>:  The parties request a return status conference date 90-120 days from the current Scheduling/Status Conference date of August 1, 2019.

10.) <u>Settlement Discussions</u>: The parties are amenable to meeting and conferring in the future to discuss settlement and/or narrowing of issues, once Defendants have all the information necessary to establish the source of/reason for Plaintiffs' ineligibility to purchase firearms.

11.) <u>Jury Trial</u>:

a. Plaintiffs contend that some issues (lost wages and lost employment opportunities) are subject to a jury trial and on that basis demand a jury trial.  Plaintiffs concede that the overriding issues in this matter are questions of law, or mixed questions of fact and law.

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

7

Joint Scheduling Conf Stmt.                                         *Jane Roe #1, et al., v. United States, et al.*

b. The California Attorney General contends that this case can be resolved by motion practice. In the event there is a trial, a bench trial, and not a jury trial, would be appropriate. Any claims for money damages are barred by sovereign immunity.

c. The Federal Defendants contend that this case can be resolved by motion practice, that any claim for damages is barred by sovereign immunity, and that plaintiffs have no right to a jury trial.

12.) <u>Jury Trial Estimate</u>:  If a trial, devoted solely to economic damages is necessary,

a. Plaintiffs anticipate 3 days or less, excluding selection of the jury.

b. The California Attorney General contends a bench trial of 3 days or less.

c. The Federal Defendants contend that such a trial will not be necessary, because any claim for damages is barred by sovereign immunity and plaintiffs have no right to a jury trial.

13.) <u>Consent to Magistrate</u>:

a. Plaintiffs do not consent to trial before a magistrate judge.

b. The California Attorney General does not consent to trial before a magistrate.

c. The Federal Defendants do not consent to having this case decided by a United States Magistrate Judge.

14.) <u>Bifurcation or Phasing of Trial</u>:

a. As noted above, only economic damages are subject to trial by jury.

b. Therefore, Plaintiffs contend that bifurcation is necessary.

c. The State of California contends that no jury trial is necessary.

d. The Federal Defendants contend that such a trial will not be necessary, because any claim for damages is barred by sovereign immunity.

8

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

15.) <u>Related Case</u>:

    a. Plaintiffs have already filed a notice of related case and set forth a related case statement in the complaint.

    b. The California Attorney General is not aware of any related cases.

    c. The Federal Defendants contend that a case decided by the Ninth Circuit in 2016 cannot be a related case within the meaning of the local rules.  *See* Compl. ¶ 24.

Respectfully Submitted,

Date: July 24, 2019

*/s/ Donald Kilmer*       */s/ Nelson Richards*

Attorney for Plaintiffs      Attorney for Defendant Becerra

                                        (Approved July 24, 2019 | LR 131(e))

*/s/ James Bickford*

Attorney for Defendant United States, et al.

(Approved July 24, 2019 | LR 131(e))

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

9

Joint Scheduling Conf Stmt.      *Jane Roe #1, et al., v. United States, et al.*