Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Jessica L. Danielski [SBN: 308940]
Email: jessica@dklawoffice.com
LAW OFFICES OF DONALD KILMER, APC
3455 Jarvis Avenue
San Jose, California 95118
Voice:  (408) 264-8489

Jason Davis [SBN: 224250]
Email: jason@calgunlawyers.com
THE DAVIS LAW FIRM
27201 Pureta Real, Suite 300
Mission Viejo, California  92691
Voice: (949) 436-4867
Fax:    (888) 624-4867

Attorneys for Plaintiffs
JANE ROE #1, et al.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1; JANE ROE #2; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; JOHN DOE #6; SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; BUREAU OF ALCOHOL, TOBACCO, FIREARMS | Case No.: 1:19-CV-00270-DAD-BAM <br><br> PLAINTIFFS' UNOPPOSED MOTION TO ALLOW PLAINTIFFS TO PROCEED PSEUDONYMOUSLY and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAID MOTION <br><br> Date:    November 5, 2019 <br> Time:   9:30 a.m. <br> Judge:  Hon. Dale A. Drozd |

Donald Kilmer
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

1

Unopposed Motion for Plaintiffs to
Proceed Pseudonymously

*Jane Roe #1, et al., v. United States, et al.*

AND EXPLOSIVES; WILLIAM P.            )
BARR (U.S. Attorney General),         )
CHRISTOPHER A. WRAY (Director,        )
Federal Bureau of Investigation);     )
REGINA LOMBARDO (Acting Deputy        )
Director, Bureau of Alcohol, Tobacco, )
Firearms and Explosives); XAVIER      )
BECERRA (California Attorney          )
General),                             )
                                      )
            Defendants.               )
                                      )
                                      )

---

## INTRODUCTION[1]

This is an unopposed motion to permit Plaintiffs to continue prosecuting this case anonymously.  Indeed, both sets of Defendants (federal and state actors) have filed answers in this action without availing themselves of their right to move the court to dismiss the case based on any allegation of prejudice as to the identity of the Plaintiffs.  Nor could they allege any prejudice as Plaintiffs have provided their identity to the Defendants in confidential pre-litigation correspondence.  (See Declaration of Counsel.)

The sole purpose of this motion is to seek the Court's approval to allow the Plaintiffs to proceed pseudonymously in this matter, when the default rule is that court actions are public records.  Indeed, this case is of particular public interest due to the issues involved -- namely the boundaries of any Constitutionally valid restrictions on the "right to keep and bear arms" when an otherwise law-abiding person has some history of mental health treatment.

---

[1] Although both sets of Defendants (federal and state actors) do not oppose this motion, the recitation of facts throughout this motion are Plaintiffs' contentions and are made without prejudice to any party, nor shall they be construed as an admission by any party.

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

Unopposed Motion for Plaintiffs to
Proceed Pseudonymously

*Jane Roe #1, et al., v. United States, et al.*

## STATEMENT OF FACTS

Plaintiffs filed this action on February 25, 2019 with various claims alleging violations of the Second Amendment, Fifth Amendment, Fourteenth Amendment and various statutory violations. Plaintiffs' claims arise out of their desire to exercise their right to "keep and bear" arms, specifically they desire to acquire, possess, and train with common and ordinary firearms for all lawful purposes, including self-defense.

All Plaintiffs have alleged that at some time in their past, they were subject to an involuntary detention or "adjudicated mental-health hold" in which their mental health was evaluated under some form of alleged governmental authority. Such involuntary detention results in various disabilities to exercise the right to keep and bear arms under both federal and state law.

Under California law the disability arising from an <u>unadjudicated</u> mental health hold pursuant to Welfare and Institutions Code (WIC) § 5150 is five years unless restored through a hearing under WIC § 8103 *et seq.* [WIC §§ 8100, 8101]

There are no federal consequences for an <u>unadjudicated</u> hold under California's WIC § 5150.

Under California law the disability arising from an <u>adjudicated</u> mental health hold pursuant to Welfare and Institutions Code (WIC) § 5250 is ten years unless restored through a hearing under WIC § 8103 *et seq.* [WIC §§ 8100, 8101]

The federal consequence for an <u>adjudicated</u> hold under California's WIC § 5250 is apparently[2] the imposition of a lifetime disability against exercising Second Amendment rights, as the Federal government does not recognize California's restoration by operation of law and/or California's hearing processes. [18 USC § 922(g)(4)]

---

[2] It is possible that the <u>NICS Improvement Act of 2007</u> altered this lifetime disqualification and is not being properly implemented by the federal and/or state defendants in this matter, hence the cause of action for Declaratory Relief.

3

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

Unopposed Motion for Plaintiffs to
Proceed Pseudonymously

*Jane Roe #1, et al., v. United States, et al.*

1    In addition to the claims by all Plaintiffs for violations of rights under the

2    Second Amendment, there are additional theories of Constitutional violation.

3    Some Plaintiffs have alleged that the "hearings" that adjudicated their

4    involuntary detention were constitutionally deficient, in that they lacked indicia of

5    fundamental fairness where fundamental rights are at stake. (e.g., right to counsel,

6    right to appeal, notice and opportunity to be heard, lack of accurate records for

7    review, etc.…) [Roe #1, Roe #2, Doe #3, Doe #4, Doe #5, Doe #6]

8    Some Plaintiffs have alleged that they were minors at the time of the alleged

9    adjudicated mental-health hold, and they were not provided with appropriate

10   safeguards to ensure that their rights as adults would not be infringed. [Roe #1,

11   Roe #2, Doe #5]

12   Some Plaintiffs have alleged that even if their detention hearing was

13   constitutionally valid, that their rights were restored under California law (by

14   operation of law, time lapse, or by prevailing in a hearing), which are the only

15   restoration procedures available to them in the jurisdiction where they reside, and

16   for some of them, in the only jurisdiction where they may lawfully purchase

17   firearms, and/or where the disability arose. [Roe #2, Doe #1, Doe #2, Doe #4, Doe

18   #5, Doe #6. Arguably, Roe #1 and Doe #3 also have these claims based on their

19   change of residence.]

20   All the Plaintiffs have also alleged that even if their initial disqualifications

21   are statutorily valid under federal law, that the continuing disqualification is

22   constitutionally invalid, as they no longer suffer from any mental disease or defect

23   that should disqualify them from exercising a fundamental right; and/or that the

24   federal policies and federal defendants have refused to provide their own adequate

25   restoration procedure.

26   Hearings to restore the right to keep and bear arms after a mental health

27   detention are confidential under California law.  The files are routinely sealed as a

28   matter of law and the hearings themselves are closed to the public.  WIC §§ 8103,

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.
com

4

8104 *et seq.* See also California Rule of Court 2.500, 2.550 *et seq.* See also <u>The Lanterman-Petris-Short Act</u>, WIC §§ 5000 *et seq.*

Arguably, the <u>Health Insurance Portability and Accountability Act (HIPPA)</u>, [Pub.L. 104-191, 110 Stat. 1936] also requires that the identity and medical records of people who have sought or been subject to medical and/or psychiatric treatment be kept private.[3]

## STATEMENT OF LAW

Under normal circumstances "[p]laintiffs' use of fictious names runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

Never-the-less, "In this circuit, we allow parties to use pseudonyms in the "unusual case" when nondisclosure of the party's identity "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Id,* at 1068. Furthermore, the United States Supreme Court has implicitly endorsed the use of pseudonyms to protect plaintiff's medical privacy.  *See Roe v. Wade,* 410 U.S. 113, (1973) (abortion); *Doe v. Bolton,* 410 U.S. 179, (1973) (abortion); *Poe v. Ullman,* 367 U.S. 497, (1961) (birth control).

In *Advanced Textile,* this circuit recognized the practice of allowing plaintiffs to proceed pseudonymously from other circuits, by applying various balancing tests of the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. See collected cases. *Id. at* 1068: *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *James [v. Jacobson]*, 6 F.3d at 238 (Fourth Circuit); *Doe v. Frank*, 951 F.2d 320, 323-24 (11th Cir. 1992); *[Doe v.] Stegall*, 653 F.2d at 186 (Fifth Circuit).

---

[3] The parties have filed, or will concurrently file, a protective order that addresses discovery and court filing protocols.

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

Unopposed Motion for Plaintiffs to
Proceed Pseudonymously                                    *Jane Roe #1, et al., v. United States, et al.*

The *Advanced Textile* Court noted the situations other circuits considered when permitting plaintiffs to use pseudonyms at 1068:

• When identification creates a risk of retaliatory physical or mental harm, see *Stegall*, 653 F.2d at 186; *Gomez v. Buckeye Sugars*, 60 F.R.D. 106, 107 (N.D. Ohio 1973) (permitting FLSA plaintiffs to use pseudonyms to protect them from employer reprisals);

• When anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature," *James*, 6 F.3d at 238; see also *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (allowing plaintiff to sue insurance company anonymously to protect against identification as a homosexual); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (permitting plaintiff in abortion suit to use pseudonym due to the personal nature of pregnancy); and

• When the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution," *Stegall*, 653 F.2d at 185; see also *Doe v. Commonwealth's Attorney for City of Richmond*, 403 F. Supp. 1199 (E.D. Va. 1975), judgment aff'd by 425 U.S. 985 (1976).

The *Advanced Textile* Court outlined the factors[4] that a district court should consider when evaluating a plaintiff's request for anonymity (*Id.*, at 1068-69):

1.) Severity of the harm;

2.) Reasonableness of the anonymous party's fear of harm;

3.) The anonymous party's vulnerability; and

4.) Whether the public's interest in the case can still be preserved if the plaintiffs are permitted to proceed under pseudonyms.

---

[4] The plaintiffs in *Advanced Textile* sought anonymity due to fear of retaliation. The application of the test/factors itself does not depend upon a threat of retaliation, but fear of disclosure.

6

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

## **ARGUMENT**

The strongest evidence that the Plaintiffs in this matter have a protectable privacy interest is California's statutory requirement that its court proceedings to determine fitness to exercise Second Amendment rights after a mental health hold are required to be filed under seal and that the hearings be conducted in closed sessions. WIC §§ 8103, 8104 *et seq.* See also California Rule of Court 2.500, 2.550 *et seq.* See also The Lanterman-Petris-Short Act, WIC §§ 5000 *et seq.*

As noted, neither set of Defendants have lodged objections or sought to have the case dismissed for failure to identify the Plaintiffs.  Indeed, the stipulation for a protective order concurrently filed with this motion will permit the Defendants to know the identification of the Plaintiffs to defend this action, subject only to the limitations outlined in that stipulation.  Furthermore, the Defendants have already been provided with the identifying information about the Plaintiffs in pre-litigation correspondence. (See Declaration of Counsel.)

With no prejudice alleged or tendered by the Defendants, the only task before this Court is to balance the privacy rights of the Plaintiffs against the public's interest in the identity of the Roe/Doe plaintiffs.

Applying the *Advanced Textile* factors:

1.) The harm that would come from a public disclosure of the Plaintiffs' true identities are multiple:

      a.) The stigma of having been treated for alleged mental health pathologies would attach to these Plaintiffs irrespective of the outcome of this case.  That stigma, or reputation for having been held for a mental health evaluation may have unforeseen consequences for employment, social networking, even romantic attachments.

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

7

b.) Being "outed" as a mental health patient who is now seeking restoration of the "right to keep and bear arms" carries its own stigma in a culture where mental health pathologies (and their cures) are misunderstood and the desire to acquire/own/possess firearms is itself controversial.

c.) Plaintiffs' privacy interest in their medical records is *per se* a protectable right with Constitutional (State and Federal) significance. California Constitution, Art. I, Sec. 1. *See also Griswold v. Connecticut*, 381 U.S. 479 (1965).

2.) The reasonableness of the Plaintiffs' fear of harm is perhaps best illustrated by the ascendancy of the recent phenomenon called "Doxing (or Doxxing)." This is an internet-based practice of researching and broadcasting private or identifying information (especially personally identifying information) about an individual or organization. Essentially, doxing is the revealing and publication of records that may have previously been hard to obtain but were private or at least confidential. See https://en.wikipedia.org/wiki/Doxing.

a.) As noted above, the Plaintiffs have already set forth detailed personal information about their medical treatments minus their actual identity in the operative complaint.

b.) They have linked themselves to a controversial institutional plaintiff (The Second Amendment Foundation) to try and secure their rights.  Officers, directors, and staff of the Second Amendment Foundation have been the targets of doxing in the past.  (See Declaration of Counsel.)

c.) Furthermore, this Court can take judicial notice that the Court's own filing system (PACER) now makes access to court filings easily accessible to anyone, anywhere on the planet who might want to dox these Plaintiffs.

8

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

3.) These Plaintiffs are vulnerable on two fronts:

    a.) As noted above, Plaintiffs are vulnerable to the stigma, rightly or wrongly, associated with mental illness, and their vulnerability to being doxed by overzealous gun-control advocates and their partisans is also noted.

    b.) There is also a potentially deadly vulnerability. At least until this matter is resolved (hopefully in their favor), these Plaintiffs are prohibited by federal law from acquiring, owning, or possessing the Constitutionally recognized means of self-defense. A gun in their home. *See District of Columbia v. Heller*, 443 U.S. 570 (2008). Publication of these Plaintiffs names, along with the information that they are legally disarmed, is tantamount to a publication that they easy prey for any criminal elements in our society.

4.) The final factor is the balancing of the public interest in the identity of the Plaintiffs against the potential harm to those plaintiffs.

    a.) First, there is the public policy of encouraging persons with mental health issues, and their family members, to seek treatment early and without fear of stigma and public shame. This policy of encouraging a compassionate community to reach out to individuals and for those individuals to accept help will be diminished if they must "dox" themselves when seeking to restore their rights after treatment. That public policy is the justification of California's confidentiality rules in connection with these issues. WIC §§ 8103, 8104 *et seq.* See also California Rule of Court 2.500, 2.550 *et seq.* See also <u>The Lanterman-Petris-Short Act</u>, WIC §§ 5000 *et seq.*

9

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

b.) The public's interest in this case, namely an answer to the legal/constitutional issues presented, is not materially advanced by outing these Plaintiffs. This point was made by the *Advanced Textile* Court when it turned to the public interest portion of its opinion. That court chided the district for failing to explain "how disguising plaintiffs' identities [would] obstruct the public scrutiny of the important issues in this case." *Id., at* 1072.  And that point was driven home in footnote 15: "For instance, the question whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*."

The same rationale holds true here.  The public also has an interest in seeing this conflict between state law, which permits restoration of rights after an adjudicated mental health hold and federal law, which does not.

And, resolution of that controversy does not depend on the public disclosure of the identities of the Plaintiffs herein who are currently enjoying pseudonym status, and pray that they may continue to do so with an order from this Court.

## CONCLUSION

For the foregoing reasons, based on the pleadings already filed in this case and the attached declaration of counsel, this Court should enter an order permitting the Plaintiffs to proceed to prosecute this matter under the pseudonyms set forth in the operative complaint.

Respectfully Submitted on September 18, 2019,

 /s/  *Donald Kilmer*

Attorney for Plaintiffs

Donald Kilmer
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

10

1

## __Declaration of Counsel__

2     I, Donald Kilmer, declare as follows:

3  1) I am the attorney of record for the plaintiffs in the above entitled case.

4  2) On or about March 2018, I posted prelitigation demand letter to the defendants

5     outlining the controversy of this case and offering to assist in an administrative

6     remedy. The letters were addressed as follows:

7
8         United States Department of Justice
          Attn: Civil Division
9         950 Pennsylvania Ave., NW
          Washington, DC 20530-0001

10
11        Federal Bureau of Investigation
          CJIS Division | NICS Section
12        Post Office Box 4278
          Clarksburg, West Virginia 26302-4278

13
14        California Department of Justice
          Attn: Civil Division
15        Post Office Box 168048
          Sacramento, California 95816-8048

16
17        California Department of Justice
          Bureau of Firearms
18        P.O. Box 820200
          Sacramento, California 94203-0200

19
20        California Department of Justice
          Criminal Investigation and Analysis
21        P.O. Box 903417
          Sacramento, California 94203-4170

22

23     The letters were labeled confidential and disclosed the names and relevant

24     information of most of the plaintiffs herein. (John Doe #5 and #6 had not yet

25     joined the effort.)

26  3) After the Federal Government requested powers of attorney and additional

27     identifying information about the plaintiffs, another letter was posted on or about

28

Unopposed Motion for Plaintiffs to
Proceed Pseudonymously                              *Jane Roe #1, et al., v. United States, et al.*

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.
com

May 29, 2018.  The letters were addressed to the same physical addresses of the Defendants set forth above. By then John Doe #5 had joined the project. John Doe #6 was added as the complaint was filed and has been disclosed to the State Defendants as part of separate procedure that is already confidential.  He will be disclosed to the Federal Defendants once the protective order is operative.

4) Therefore, Plaintiffs allege on information and belief that all the Defendants already have the true names of the Plaintiffs and sufficient identifying information to defend this action.  Additional information will be disclosed in due course under the discovery rules and subject to the protective order the parties have already filed with the Court.

5) I regularly represent the Second Amendment Foundation.  I have personally observed evidence of doxing of its directors and officers.  I have also been advised of the doxing of staff members of that organization.

6) I regularly represent clients in California Superior Court under Welfare and Institutions Code (WIC) §§ 8102 and 8103.  WIC § 8102 is essentially an *in rem* nuisance action relating to the return of confiscated firearms after a WIC § 5150 hold. WIC § 8103 is an *in personam* action to restore personal rights after a mental health hold. Even though WIC § 8103 has specific statutory language regarding the confidentiality of filings, hearings, and the sealing of records in those cases, I have successfully moved the court in § 8102 action to seal records in those property cases for the same reasons set forth in this motion.

7) I have discussed this matter at length with the attorneys representing the Federal Defendants and State Defendants.  Both attorneys declined to stipulate to an order that Plaintiffs could proceed under pseudonyms, but both attorneys for the government indicated that they would not oppose this motion.

/ / / /

**Donald Kilmer**
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.com

Unopposed Motion for Plaintiffs to
Proceed Pseudonymously

*Jane Roe #1, et al., v. United States, et al.*

1   I declare under penalty of perjury under the laws of the United States and the

2   State of California, that the forgoing statements are true and correct, and that this

3   declaration was executed in San Jose on September 19, 2019.

4   /s/  *Donald Kilmer*

5   Attorney for the Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Donald Kilmer
Attorney at Law
3455 Jarvis Ave.
San Jose, CA 95118
Vc: 408/264-8489
don@dklawoffice.
com

13

Unopposed Motion for Plaintiffs to
Proceed Pseudonymously

*Jane Roe #1, et al., v. United States, et al.*