UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 1:19-cv-00270-DAD-BAM<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO PROCEED PSEUDONYMOUSLY<br><br>(Doc. No. 16) |

**INTRODUCTION**

This matter is before the court on the individual plaintiffs' unopposed motion to proceed in this action pseudonymously. (Doc. No. 16.) Each of the individual plaintiffs—Jane Roe #1, Jane Roe #2, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, and John Doe #6 (collectively, the "individual plaintiffs")—has been subjected to a mental health evaluation under some form of alleged governmental authority. (Doc. No. 16 at 3.) As a result of these evaluations, each of the individual plaintiffs has been disqualified from acquiring, keeping, or bearing firearms, which they allege is a violation of their constitutional rights. (*Id.* at 1–5; *see also* Doc. No. 1 at 2–10.) On February 25, 2019, the individual plaintiffs, along with organizational plaintiff Second Amendment Foundation, commenced this action, asserting claims against various state and federal agencies and their employees for violations of their Second, Fifth

1

and Fourteenth Amendment rights, as well as various statutory violations. (Doc. No. 16 at 3; *see also* Doc. No. 1.)

On September 30, 2019, the individual plaintiffs filed a motion to proceed in this action pseudonymously. (Doc. No. 16.) Pursuant to Local Rule 230(g), the court deemed the motion suitable for decision without a hearing. (Doc. No. 22.) The court has considered the individual plaintiffs' brief and, for the reasons set forth below, will grant their motion to proceed in this action pseudonymously.

## LEGAL STANDARD

The "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings. . . and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978); *EEOC v. Erection Co.*, 900 F.2d 168, 169 (9th Cir. 1990); Fed. R. Civ. P. 10(a)). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) ("As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity."). "Nevertheless, many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067.

In this circuit, a party is "allow[ed] . . . to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Thus, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* "Finally, the court

must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* Ultimately, "[t]he question is one of balance." *Jane Roes 1-2 v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015). "Applying this balancing test, courts have permitted plaintiffs to use pseudonyms . . . when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature . . . ." *Advanced Textile Corp.*, 214 F.3d at 1068 (internal quotation marks and citations omitted).

With this guidance in mind, the court now turns to the pending motion.

## DISCUSSION

Here, the individual plaintiffs "express a legitimate concern for their privacy and, more compelling for the anonymity analysis, an understandable fear of social stigmatization." *SFBSC Mgmt.*, LLC, 77 F. Supp. 3d at 993. Specifically, the individual plaintiffs note that their privacy interest in their medical records—which purportedly reflect that each named plaintiff was required by the state to undergo a mental health evaluation—"is per se a protectable right with Constitutional (State and Federal) significance." (Doc. No. 16 at 8.) In this regard, the individual plaintiffs point to Article 1, Section 1 of the California Constitution, various provisions of California's Welfare and Institutions Code, and some federal case law. (*Id.* at 7–13.) With respect to stigmatization, the individual plaintiffs point out that, were they required to disclose their identities in order to proceed with this action, "[t]he stigma of having been treated for alleged mental health pathologies would attach to these plaintiffs irrespective of the outcome of this case." (Doc. No. 16 at 7.) They argue that "[t]hat stigma, or reputation for having been held for a mental health evaluation[,] may have unforeseen consequences for employment, social networking, [and] even romantic attachments." (*Id.*)

Several courts have allowed plaintiffs to proceed pseudonymously where, as here, fictitious names were necessary to preserve privacy in matters of sensitive and highly personal nature. *See, e.g.*, *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) ("Petitioner's truly extreme history and the expert evidence he offered led us to conclude that his particular circumstances represented the 'unusual case' in which the use of a pseudonym is appropriate."); *Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127, 1129 (E.D. Wis. 1999) (permitting the plaintiff to proceed

anonymously because his "HIV-positive status is a compelling reason" given that "in modern society one's HIV-positive status, unlike most other medical conditions, is still considered a stigma" and his "HIV-positive status cannot be viewed as a 'common disorder' such that disclosure can be viewed as inconsequential"); *Doe v. Provident Life & Accident Ins.*, 176 F.R.D. 464, 468–69 (E.D. Pa. 1997) (permitting the plaintiff to proceed anonymously because he was diagnosed with multiple psychiatric disorders and feared that disclosing his identity would result in permanent damage to his professional reputation); *Doe v. United Services Life Ins.*, 123 F.R.D. 437 (S.D.N.Y. 1988). These cases demonstrate that "[t]he most compelling situations [where courts permit plaintiffs to proceed pseudonymously] involve matters which are highly sensitive, such as social stigmatization . . . ." *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981).

Here, each of the individual plaintiffs has been subjected to an involuntary hold or mental health evaluation. Such involuntary holds and evaluations inherently carry a high risk of social stigmatization because the state, by virtue of subjecting a person to such holds and evaluations, is indicating that it does not believe that the person is of sound mind and, instead, perceives that person as a threat to herself or others. Accordingly, the court finds that the individual plaintiffs' fears that proceeding with their true identities in this action would subject them to social stigmatization are reasonable and weighs in favor of the granting of their motion.

Next, the court finds that defendants will not be prejudiced if the individual plaintiffs proceed pseudonymously. First, the individual "[p]laintiffs have provided their identit[ies] to the Defendants in confidential pre-litigation correspondence." (Doc. No. 16 at 2); *see also Advanced Textile Corp.*, 214 F.3d at 1069 n.11 ("[The] knowledge defendants have of plaintiffs' identities . . . lessens their claims to be prejudiced by the use of pseudonyms."). Second, the individual plaintiffs and defendants have stipulated to a protective order which provides defendants an opportunity to conduct meaningful discovery in this action. (*See* Doc. No. 21.) Third, and most importantly, defendants do not contend that they will be prejudiced if the individual plaintiffs proceed pseudonymously. Indeed, no defendant has opposed the pending motion, which further supports the court's conclusion in that regard. Accordingly, the court finds that, at this early stage of litigation, defendants will not be prejudiced by the individual plaintiffs

4

proceeding pseudonymously.

Finally, the court finds that the public's interest will not be served by requiring the individual plaintiffs to reveal their true identities at this stage in the litigation. As the court in *SFBSC Management* noted, "[t]he court does not take lightly keeping information from the public record. Open courts and open judicial records are fundamental to the very idea of the rule of law." 77 F. Supp. 3d at 996. However,

> [t]his root tenet can be invoked too reflexively . . . where the situation at hand does not threaten the principle. The court thinks that this is such a case. There is nothing about the plaintiffs' identities that makes it critical to the working of justice to reveal those identities. Anonymity, in other words, does not in this case threaten the principle of open courts . . . . The great bulk of this case will be on the public record. The basic facts . . ., the court's reasoning, and the resulting interplay of those things—which is to say, in a word, the law that runs through and results from this case—will be open to the public. And that is the crucial thing.

*Id.*; *see also Advanced Textile Corp.*, 214 F.3d at 1072 ("The district court did not explain, and we fail to see, how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case."). The court finds that the individual plaintiffs have established that at this early stage of litigation their need for anonymity outweighs any interest that the public has in knowing their identities.

Accordingly, because the individual plaintiffs' need for anonymity outweighs any possible prejudice to defendants or the public's interest in knowing their true identities at this stage of the proceedings, the court will grant their motion to proceed pseudonymously.[1]

---

[1] As noted, the court "must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Advanced Textile Corp.*, 214 F.3d at 1068. Accordingly, while the court will grant the pending motion, defendants may challenge the plaintiffs' use of pseudonyms later if, as litigation progresses, evidence indicates that revelation of their identities is necessary. *See, e.g.*, *id.* at 1072 ("We recognize that at some later point in the proceedings it may be necessary to reveal plaintiffs' identities to defendants so that defendants may refute individualized accusations of FLSA vioaltions."); *see also John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008) (After permitting plaintiff to proceed pseudonymously, the court noted that it "shall monitor these proceedings *sua sponte* as they go forward, to prevent avoidable impairment of defendants' rights in consequence of John's anonymity" after permitting plaintiff to proceed anonymously).

5

**CONCLUSION**

For the reasons set forth above, the individual plaintiffs' unopposed motion to proceed pseudonymously (Doc. No. 16) at this stage of the litigation is granted.

IT IS SO ORDERED.

Dated: __**February 19, 2020**__

_____
UNITED STATES DISTRICT JUDGE