1  Donald E. J. Kilmer, Jr. [SBN: 179986]
   Email: don@dklawoffice.com
2  Jessica L. Danielski [SBN: 308940]
   Email: jessica@dklawoffice.com
3  LAW OFFICES OF DONALD KILMER, APC
   14085 Silver Ridge Road
4  Caldwell, Idaho 83607
   Voice:  (408) 264-8489
5
   Jason Davis [SBN: 224250]
6  Email: jason@calgunlawyers.com
   THE DAVIS LAW FIRM
7  42690 Rio Nedo, Suite F
   Temecula, California 92590
8  Voice: (949) 436-4867
   Fax:   (888) 624-4867
9
   Attorneys for Plaintiffs
10 JANE ROE #1, *et al.*

11
                  **UNITED STATES DISTRICT COURT**
12
                  **EASTERN DISTRICT OF CALIFORNIA**
13

14 Jane Roe #1, Jane Roe #2, John Doe        Case No.: 1:19-CV-270-DAD-BAM
   #1, John Doe #2, John Doe #3, John
15 Doe #4, John Doe #5, John Doe #6,         **PLAINTIFFS' MOTION FOR
                                             LEAVE TO AMEND OPERATIVE**
16 Second Amendment Foundation, Inc.,        **COMPLAINT and
                                             MEMORANDUM IN SUPPORT**
17            Plaintiff(s),                  **OF MOTION FOR LEAVE TO
                                             AMEND THE COMPLAINT and**
18                                           **DECLARATION OF COUNSEL IN
                                             SUPPORT OF MOTION**
19     vs.
                                             Fed. R. Civ. P. 15, 16
20 United States of America, United
   States Department of Justice, Federal
21 Bureau of Investigation, Bureau of
   Alcohol, Tobacco, Firearms and
22 Explosives, William P. Barr (U.S.
   Attorney General), Christopher Wray
23 (Director, FBI), Regina Lombardo
   (Acting Director, BATFE), Xavier
24 Becerra (California Attorney General),
   and Does 1 to 100.
25
26
27            Defendant(s).
28

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

**Please take notice**: Plaintiffs hereby move this Court for an order for leave to file a First Amended Complaint. [See: Exhibit A.]

## A. Introduction

1.  Plaintiffs are set forth in the caption and the (proposed) First Amended Complaint. There are no proposed changes to the plaintiffs.

2.  Defendants are set forth in the caption and the (proposed) First Amended Complaint.  The only change to the identity of any Defendants is the substitution of Defendant REGINA LOMBARDO (current Acting Director of BATFE) for THOMAS E. BRANDON (former Deputy Director, BATFE).

3.  Plaintiffs have sued under multiple theories for denial of their right to acquire/purchase/possess firearms due to wrongful interpretation, or unconstitutionality, of 18 U.S.C. 922(g)(4) and its implementing regulations and related statutes.

4.  Defendant California and all named California officials filed an answer on or about May 1, 2019. (Doc 08)

5.  Defendant United States and all named federal officials filed their answer on or about July 8, 2019. (Doc. 12)

6.  The parties stipulated to a Protective Order to conduct discovery and the Court entered the order on October 4, 2019. (Doc. 21)

7.  The parties have exchanged Initial Disclosures pursuant to this Court's scheduling orders and Fed. R. Civ. P. 26.

8.  This Court also granted an unopposed motion for the plaintiffs to proceed under pseudonyms on February 20, 2020. (Doc. 30)

9.  The amendments Plaintiffs seek are:

    a.   Substitution of BATFE's current acting director for deputy

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

Motion: Leave to file FAC                    -2-                    *Jane Roe #1, et al., v. United States, et al.*

1   director under Fed. R. Civ. P. 25(d).

2   b.   Clarification of Due Process claim against defendants to

3        include a failure to provide constitutionally adequate

4        review/restoration procedures to restore federal firearm

5        rights after a state procedure that suspends rights and/or

6        defects in California's restoration procedures.

7   c.   Addition of a Tenth Amendment Cause of Action (Claim)

8        after initial disclosures revealed that California has

9        approved all Plaintiffs to purchase firearms under state law

10       (i.e., Plaintiffs have had their rights restored under state

11       law), yet federal law and/or federal defendants have

12       continued to deny a firearm purchase/possession to all

13       plaintiffs.

## B.  Statement of Facts

15   10.  Essential to a determination of which Defendant is primarily

16        responsible for Plaintiffs claims (denial of clearance to purchase a

17        firearm) is which body of law and/or which defendants enforcing

18        which body of law, is the legal and proximate cause of the

19        constitutional wrongs alleged in this suit.

20   11.  The fog on that issue was partly lifted when the California

21        Defendants disclosed (under Fed. R. Civ. P. 26) that Plaintiffs

22        Jane Roe #2, and John Does #1 to #6 were not – in fact –

23        prohibited California state law from acquiring/possessing

24        firearms and that the denial issued by the California Department

25        of Justice, Bureau of Firearms, was based on (both) an

26        interpretation of federal law and the federal government's

27        determinations (through the NICS system) that Plaintiffs were

28        prohibited.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

Motion: Leave to file FAC            -3-            *Jane Roe #1, et al., v. United States, et al.*

12. Through the same initial disclosure process, the Federal Defendants have confirmed orally (still waiting on exchange of written discovery) that all Plaintiffs remain disqualified from purchasing/possessing firearms under federal law.

13. Upon learning this, Plaintiffs gave notice that they would seek amendment to add a 10th Amendment cause of action, especially once it was learned that California would decline to assert this claim on behalf of themselves and the Plaintiffs.

14. Addition of this 10th Amendment Claim/Cause of Action is the only substantive amendment sought by the Plaintiffs.

## C. Statement of the Law

15. Unless the opposing party can show prejudice, bad faith, or undue delay, a court should freely grant leave to file an amended pleading. Fed. R. Civ. P. 15(a)(2), *Foman v. Davis*, 371 U.S. 178, 182 (1962).

   a. Federal policy strongly favors determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. *Foman v. Davis* (1962) at 182; *Sonoma County Ass'n of Retired Employees v. Sonoma County* (9th Cir. 2013) 708 F.3d 1109, 1117.

   b. The liberal standard for permitting amendment "is especially important where the law is uncertain." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana* (7th Cir. 2015) 786 F.3d 510, 520-523.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

# D.  Argument

16. Plaintiffs have not engaged in undue delay.

   a.   The parties began exchanging Initial Disclosures under Fed. R. Civ. P. 26 in late 2019 and early 2020.  Plaintiffs were only able to confirm in late February (after service of the federal defendants' disclosures) that Federal Law (whether administered by federal defendant officials or state defendant officials) was the block on their right to purchase/acquire firearms under the various federal and state law gauntlets for exercising this right.

   b.   Upon learning this, Plaintiffs inquired whether the California Defendants intended to assert their 10th Amendment reserved powers as a defense to this action. Without a clear confirmation whether California would assert its powers, under this bulwark of federalism, Plaintiffs gave notice that they would seek to  amend the operative complaint to add a 10th Amendment Cause of Action.[1]

   c.   Therefore Plaintiffs have not been dilatory in seeking amendment.

17. There is no prejudice to the Defendants.

   a.   No new facts are alleged.

   b.   No formal discovery has been conducted.

   c.   No motions to dismissed have been litigated.

   d.   The Defendants were given verbal notice of the intention to

---

[1]  The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, <u>or to the people</u>. (underline added.) TENTH AMENDMENT, UNITED STATES CONSTITUTION.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

1    amend at the earliest possible moment the issue arose.

2    e.    Furthermore, on March 11, 2020, the Ninth Circuit issued

3          an opinion in *Mai v. United States*, 2020 U.S. App. LEXIS

4          7562. While this case can be distinguished on its facts, the

5          Ninth Circuit panel went out of its way to invite alternative

6          theories of relief other than through a stand-alone Second

7          Amendment challenge.[2]

8    f.    While Plaintiffs have already alleged alternative theories

9          under the doctrines of Equal Protection and Due Process,

10         Plaintiffs also belief in good faith that they have exercised

11         their powers (in conjunction with their home state) under

12         the Tenth Amendment, either though forbearance and

13         operation of law, or by seeking a California Superior Court

14         determination, that their rights under the Second

15         Amendment should be restored.  This gives rise to a Tenth

16         Amendment claim under the plain meaning of that

17         amendment.

18   18.  Plaintiffs are acting in good faith.

19   a.    As noted above (and by reference to the record in this

20         matter) there is no motion pending, plaintiffs have been

21         diligent, and have alleged no new facts in seeking to add a

22         Tenth Amendment claim/cause of action.

23   b.    Plaintiffs are not acting in bad faith and Defendants can

24         produce no evidence contradicting this assertion.

25

26   _____

27   [2] Plaintiff are not seeking to dismiss their Second Amendment claims
     because they believe the Ninth Circuit panel's decision is in error, and they wish
     to preserve this claim and they intend to argue that their particular facts can be
28   distinguished from the facts litigated in *Mai*.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

19.  Furthermore, the court could allow the filing of Plaintiffs'
amended pleading because it is appropriate and necessary. *See
Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d
1244, 1255-56 (8th Cir. 1994). Based on the newly discovered
evidence relating to which party is primarily responsible for the
constitutional wrongs, Plaintiffs will be prejudiced if not allowed
to amend their complaint to address this important issue of
federalism.

## E.   Conclusion

20.  Plaintiffs have been diligent, there is no prejudice to the
Defendants (they may still challenge this, and all causes of action,
in any dispositive motion before trial), and the rules governing
amendment of pleadings at this stage of litigation are to be
liberally interpreted to allow amendment.

21.  For these reasons, Plaintiffs ask the court to grant leave to file
the amended pleading attached as Exhibit A.


Dated March 16, 2020.

Respectfully Submitted by:

/s/ *Donald Kilmer*
Attorney for Plaintiffs (Lead Counsel)
Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Law Offices of Donald Kilmer, P.C.
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice:  (408) 264-8489

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

Motion: Leave to file FAC                    -7-              *Jane Roe #1, et al., v. United States, et al.*

## <u>Declaration of Counsel for Plaintiffs</u>

1. I am lead counsel in the above-entitled matter.

2. On or about February 20, 2020, I received the Federal Defendants' Initial Disclosures.

3. I also received verbal confirmation that the Federal Government considered all Plaintiffs prohibited under federal law from acquiring, possessing, purchasing firearms.

4. During the relevant time periods, I also inquired, verbally, whether the State of California intended to assert a 10th Amendment counter-claim in this matter. Not having received a definite response, Plaintiffs gave notice to, and met/conferred with both sets of Defendants that Plaintiffs would assert a Tenth Amendment claims/cause of action.

I declare under penalty of perjury under the laws of the United States that the forgoing Declaration is true and correct of my own personal knowledge and that this declaration was executed in Caldwell, Idaho on March 16, 2020.

/s/ *Donald Kilmer*

Attorney for Plaintiffs

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com