Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Jessica L. Danielski [SBN: 308940]
Email: jessica@dklawoffice.com
LAW OFFICES OF DONALD KILMER, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice: (408) 264-8489

Jason Davis [SBN: 224250]
Email: jason@calgunlawyers.com
THE DAVIS LAW FIRM
42690 Rio Nedo, Suite F
Temecula, California 92590
Voice: (949) 436-4867
Fax:   (888) 624-4867

Attorneys for Plaintiffs
JANE ROE #1, *et al.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Roe #1, Jane Roe #2, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, Second Amendment Foundation, Inc., <br><br> Plaintiff(s), <br><br> vs. <br><br> United States of America, United States Department of Justice, Federal Bureau of Investigation, Bureau of Alcohol, Tobacco, Firearms and Explosives, William P. Barr (U.S. Attorney General), Christopher Wray (Director, FBI), Regina Lombardo (Acting Director, BATFE), Xavier Becerra (California Attorney General), and Does 1 to 100. <br><br> Defendant(s). | Case No.: 1:19-CV-270-DAD-BAM <br><br> **FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND RECOVERY OF ATTORNEY FEES AND COSTS** <br><br> SECOND AMENDMENT (Keep and Bear Arms); <br> FIFTH AMENDMENT (Due Process and Equal Protection); <br> TENTH AMENDMENT; <br> FOURTEENTH AMENDMENT (Due Process and Equal Protection); <br> 18 U.S.C. § 925A; <br> 28 U.S.C. § 2412; <br> 42 U.S.C. §§ 1983, 1988 <br><br> **JURY TRIAL DEMANDED** <br><br> **NOTICE OF CLAIM OF UNCONSTITUTIONALITY OF FEDERAL LAW** [Fed. R. Civ. P. 5.1] <br><br> **NOTICE OF CLAIM OF UNCONSTITUTIONALITY OF STATE LAW** [Fed. R. Civ. P. 5.1] |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

### INTRODUCTION[1]

1.    This is an action to challenge the policies, practices, customs, and procedures of either (or both) the United States Government and the State of California in their interpretation and implementation of statutory law and various regulations relating to exercising Second Amendment rights by persons; who at one time in their life, were subject to some version of a mental health hold, and for whom there is no current, constitutionally valid finding that they are a danger to themselves or others.

2.    To the extent that these government entities are correctly interpreting federal and/or state law, this suit seeks a judgment from this Court declaring those statutes and/or regulations violate the United States Constitution to the extent those laws and regulations impose a lifetime ban on exercising a fundamental right, with no mechanism for restoration of that right.

### PARTIES

3.    Plaintiff JANE ROE #1 is a natural person and citizen of the United States and of the State of California. Her individual facts relevant for this case are:

    a.  The exact date of JANE ROE #1's alleged mental health hold is unknown, but probably occurred in 1988/1989.

    b.  JANE ROE #1 was living with her parents in New Jersey at the time. She was 15 or 16 years old.  She believes the hospital where she was treated was Summit Oaks Hospital in Summit, New Jersey.

    c.  Upon inquiry by JANE ROE #1 the hospital in question could provide no

---

[1] The Amended Complaint adds a Tenth Amendment Claim after an exchange of Initial Disclosures revealed that California law has cleared some plaintiffs to own/possess firearms, but Federal law still classifies them as prohibited.
    This Amended Complaint also clarifies that the Due Process claims against the federal defendants include a denial of adequate restoration procedures. *See: Mai v. United States*, 2020 U.S. App. LEXIS 7562 (Decided Mar. 11, 2020).

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1   record of her being a patient there at any time. Nor does the hospital have any

2   records of any adjudication, or due process hearing, relating to any commitment or

3   mental health pathology.

4       d.  JANE ROE #1 was a minor at the time of the treatment. She does not

5   recall being appointed an attorney or guardian ad litem.  She does not recall being

6   given notice of a hearing, its consequences, nor being advised of appellate rights.

7       e.  JANE ROE #1 attempted to purchase a firearm in January of 2015. She

8   was denied a purchase based on the California Background Check System for

9   firearm purchases which utilizes federal resources and applies federal law in

10   addition to state law in determining firearm purchase eligibility.

11       f.  A February 10, 2015 letter from the California Department of Justice -

12   Bureau of Firearms (CA-DOJ-BOF) indicates that JANE ROE #1 has no criminal

13   history that would disqualify her from exercising her Second Amendment rights.

14       g.  A February 14, 2015 letter from the CA-DOJ-BOF indicates that the

15   Federal Bureau of Investigations - National Instant Check System (FBI-NICS)

16   database is the cause of the denial.

17       h.  The federal government fails to provide an adequate means of reviewing

18   and correcting erroneous denials of firearms purchases, and/or in the alternative

19   the federal government fails to provide adequate an court remedy to restore the

20   right to keep and bear arms, and/or in the alternative California's restoration

21   procedure fails to meet federal standards to expunge mental health

22   disqualifications from the federal NICS system.

23       i.  JANE ROE #1 was honorably discharged  from the United States Army

24   on or about January 14, 1998.  During her service she was awarded: Army

25   Achievement Medal, Joint Meritorious Unit Award, Army Good Conduct Medal,

26   National Defense Service Medal, and Army Service Ribbon.  She received firearm

27   training in the United States Army and used various small arms while on active

28   duty.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1    j.  JANE ROE #1 desires to exercise her Second Amendments rights to

2  acquire, keep and bear firearms, but is being prevented from doing so by the

3  actions of the Defendants.

4  4.    Plaintiff JANE ROE #2 is a natural person and citizen of the United States

5  and of the State of California. Her individual facts relevant for this case are:

6    a.  On or about July 5, 2008 JANE ROE #2 was admitted to St. Helena

7  Hospital in Vallejo, California.  She was discharged on or about July 11, 2008.

8  The exact nature of her treatment and the statutory authority for her detention are

9  disputed.

10    b.  JANE ROE #2 was a minor at the time of the incident.  She does not

11  recall there being a hearing.  She does not recall being appointed an attorney or

12  guardian ad litem at any time during her stay at the hospital. She does not recall

13  being given notice of any hearing, the consequences of any hearing or her

14  appellate rights relating to any hearing.

15    c.  In March of 2017, JANE ROE #2 attempted to purchase a firearm. She

16  was denied a purchase based on the California Background Check System, which

17  utilizes federal resources and applies federal law in addition to state law in

18  determining firearm purchase eligibility.

19    d.  Under California Law her right to acquire, keep and bear firearms under

20  the Second Amendment would have been restored by operation of law (5-year

21  suspension) if she had been detained under Welfare and Institutions Code (WIC) §

22  5150 (unadjudicated hold).  See WIC § 8103 et seq.

23    e.  Upon inquiry with the CA-DOJ-BOF, JANE ROE #2 found out that her

24  treatment at St. Helena Hospital in Vallejo, California in 2008 had been classified

25  as a detention under WIC § 5250 (adjudicated hold) and that her rights were

26  suspended for 10 years by California Law under WIC § 8103 et seq., but somehow

27  is now classified as a life-time prohibition under federal law by the Defendants.

28  See 18 U.S.C. § 922(g)(4).

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

f.  In May of 2018, JANE ROE #2 successfully petitioned a court in Mendocino County to restore her right to acquire, keep and bear firearms under WIC § 8103 et seq., notwithstanding this successful petition, both the California background check system and the FBI-NICS system still classifies JANE ROE #2 as ineligible to exercise her Second Amendment rights.

g.  By August 1, 2018, the suspension of JANE ROE #2's Second Amendment rights would have been set aside by operation of law (lapse of 10 years) under California's statutory scheme, even if she was properly detained under WIC § 5250 in July of 2008. See WIC § 8103 et seq.

h.  Therefore, JANE ROE #2's rights have been restored (if indeed they were constitutionally suspended) by BOTH operation of law and an evidentiary hearing in a California superior court.

i.  JANE ROE #2 currently works for a local law enforcement agency in a non-peace officer position.  She has been encouraged to, and very much desires to, apply for work as a peace officer and has been offered a position contingent on obtaining a firearms clearance. Defendants' wrongful conduct is preventing that and may be causing her monetary damages in addition to the various Constitutional violations.

j.  Furthermore, JANE ROE #2 still wants to exercise her right to acquire, keep and bear firearms for self-defense, in addition to pursuit of employment opportunities that require a firearm clearance.

k.  Furthermore, as JANE ROE #2's rights have been restored by state law, but she still suffers a disability under federal law, the federal government's failure to provide an adequate means of reviewing and correcting erroneous denials of firearms purchases, and/or in the alternative providing a federal remedy to restore the right to keep and bear arms, and/or California's deficient restoration procedures violate her constitutional rights.

5.  Plaintiff JOHN DOE #1 is a natural person and citizen of the United States

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                    -5-                    *Jane Roe #1, et al., v. United States, et al.*

1   and of the State of California. His individual facts relevant for this case are:

2       a.  JOHN DOE #1 was placed on a mental health hold pursuant to WIC §

3   5250 (adjudicated hold) in August of 2011.

4       b.  Under California law, an adjudicated hold under WIC § 5250 suspends

5   the right to acquire, keep and bear firearms for a period of 10 years, unless relief is

6   sought under WIC § 8103 et seq.

7       c.  Defendants interpret 18 U.S.C. § 922(g)(4) as imposing a life-time ban

8   on exercising Second Amendment rights.

9       d.  In January of 2013, in Sacramento County Superior Court, a hearing

10  under WIC § 8103 was conducted in which JOHN DOE #1 petitioned to have his

11  rights to acquire, keep and bear firearms restored. The People of the State of

12  California were represented by the District Attorney's Office. The Court granted

13  JOHN DOE #1's petition and relieved him of firearm disabilities.  [Note: The

14  evidentiary burden, burden of proof, and elements of proof are the same whether a

15  court is hearing a petition for restoration of rights after an adjudicated (WIC §

16  5250) or an unadjudicated (WIC § 5150) hold.]  See WIC §§ 8103(f) and 8103(g).

17      e.  Plaintiff JOHN DOE #1 is being denied the right to acquire, keep and

18  bear firearms because he cannot pass the background check.  This denial is being

19  caused by the wrongful conduct of Defendants.

20      f.  Furthermore, as JOHN DOE #1's rights have been restored by state law,

21  but he still suffers a disability under federal law, the federal government's failure

22  to provide an adequate means of reviewing and correcting erroneous denials of

23  firearms purchases, and/or in the alternative providing a federal remedy to restore

24  the right to keep and bear arms, and/or California inadequate procedures violate

25  his constitutional rights.

26      g.  Plaintiff JOHN DOE #1 still wants to exercise his right to acquire, keep

27  and bear firearms for self-defense and other lawful purposes.

28  6.   Plaintiff JOHN DOE #2 is a natural person and citizen of the United States

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1    and of the State of California. His individual facts relevant for this case are:

2        a.  JOHN DOE #2  was admitted to Sharp Mesa Vista Hospital in San

3    Diego, California for a mental health evaluation on or about April 10, 2015.

4        b.  On December 19, 2016, in San Diego County Superior Court, with the

5    People of California represented by the District Attorney of San Diego County

6    JOHN DOE #2's WIC § 8103 petition was granted and his right to acquire, keep

7    and bear firearms was restored.

8        c.  Plaintiff JOHN DOE #2 is being denied the right to acquire, keep and

9    bear firearms because he cannot pass the background check.  This denial is being

10    caused by the wrongful conduct of Defendants.

11        d.  Furthermore, as JOHN DOE #2's rights have been restored by state law,

12    but he still suffers a disability under federal law, the federal government's failure

13    to provide an adequate means of reviewing and correcting erroneous denials of

14    firearms purchases, and/or in the alternative providing a federal remedy to restore

15    the right to keep and bear arms, and/or in the alternative California's inadequate

16    restoration procedures violate his constitutional rights.

17        e.  Plaintiff JOHN DOE #2 still wants to exercise his right to acquire, keep

18    and bear firearms for self-defense and other lawful purposes.

19    7.   Plaintiff JOHN DOE #3 is a natural person and citizen of the United States

20    and of the State of California. His individual facts relevant for this case are:

21        a.  On or about June 12, 2012, JOHN DOE #3 was placed on a mental health

22    hold after a "Certification Review Hearing" that purported to place him on a hold

23    pursuant to WIC § 5150. The ambiguity being that hearings are usually only

24    required for holds under WIC § 5250.

25        b.  Regardless of the statutory authority for the hearing, JOHN DOE #3 was

26    never offered an attorney, he was never appointed an attorney, he was never

27    appointed a conservator, he was never advised of the full consequences of the

28    hearing (i.e., loss of Second Amendment rights), nor was he advised of his

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                    -7-                    *Jane Roe #1, et al., v. United States, et al.*

1  appellate rights.

2      c.  If JOHN DOE #3 was subjected to only a WIC § 5150 hold, his rights

3  would have been restored by operation of law, after a five-year suspension in late

4  June of 2017.

5      d.  In a July 1, 2017 letter, JOHN DOE #3 was informed by CA-DOJ-BOF

6  that he is ineligible to acquire, keep and bear firearms.

7      e.  In a letter dated July 26, 2017, JOHN DOE #3 received a letter from the

8  CA-DOJ-BOF indicating that he has no criminal history that would prevent him

9  from acquiring, keeping and bearing firearms.

10     f.  Furthermore, as JOHN DOE #3's rights have been restored by state law,

11 but he still suffers a disability under federal law, the federal government's failure

12 to provide an adequate means of reviewing and correcting erroneous denials of

13 firearms purchases, and/or in the alternative providing a federal remedy to restore

14 the right to keep and bear arms, and/or California's inadequate restoration

15 procedures violate his constitutional rights.

16     g.  Plaintiff JOHN DOE #3 still wants to exercise his right to acquire, keep

17 and bear firearms for self-defense and other lawful purposes.

18 8.  Plaintiff JOHN DOE #4 is a natural person and citizen of the United States

19 and of the State of Oregon. His individual facts relevant for this case are:

20     a.  On January 3, 1996, JOHN DOE #4 was admitted to Cedar Vista

21 Hospital in Fresno, California, for a mental health evaluation and discharged on

22 January 11, 1996.  There is no indication this evaluation involved any hearing or

23 adjudication of any kind.  Therefore, it is alleged on information and belief that

24 this hold was conducted pursuant to WIC § 5150.

25     b.  On or about October 5, 1996, JOHN DOE #4 was admitted for a second

26 time to Cedar Vista Hospital in Fresno, California, for a mental health evaluation

27 and was discharged on October 15, 1996.  He was then admitted to a voluntary

28 program and discharged on November 22, 1996. There is prima facie evidence that

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                    -8-                    *Jane Roe #1, et al., v. United States, et al.*

1   this second evaluation may have involved a hearing as JOHN DOE #4 was advised

2   of the consequences of the hearing and his right to petition a court later for relief

3   from firearm disabilities and/or that his right to possess firearms would only be

4   suspended for five (5) years under California and restored by operation of law if

5   he did not seek a court hearing. He was not appointed a lawyer, nor a conservator,

6   nor was he advised of his appellate rights.

7       c. On or about February 13, 2008, JOHN DOE #4 received a letter from

8   FBI-NICS indicating that he was disqualified from owning, acquiring or

9   possessing firearms based on his adjudicated mental health status.

10      d. On or about July 9, 2008, JOHN DOE #4 received a letter from

11  CA-DOJ-BOF indicating that he has no criminal history maintained by that

12  agency.

13      e. On or about June 2, 2010, JOHN DOE #4 received a letter from

14  CA-DOJ-BOF indicating that he is ineligible to acquire, own or possess firearms.

15      f. On or about July 27, 2010, JOHN DOE #4 Filed a Petition for Relief

16  from Firearms Prohibition under WIC § 8103, despite more than ten years having

17  lapsed from his hospitalization. (i.e., The disqualification should have expired by

18  operation of law.)

19      g. On September 24, 2010, in Fresno County, with the People represented

20  by the District Attorney, the Superior Court, denied the petition, stating: "[...]

21  Motion for Relief of Firearm Prohibition is DENIED. The Court cannot grant the

22  requested relief the petition is seeking. Prohibition period lapsed, 10/4/2001." In

23  other words, the case was not resolved on the merits because the Judge considered

24  the matter mooted by operation of law. (i.e., the passage of time.)

25      h. Furthermore, as JOHN DOE #4's rights have been restored by state law,

26  but he still suffers a disability under federal law, the federal government's failure

27  to provide an adequate means of reviewing and correcting erroneous denials of

28  firearms purchases, and/or in the alternative providing a federal remedy to restore

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                    -9-                    *Jane Roe #1, et al., v. United States, et al.*

1  the right to keep and bear arms, and/or California inadequate restoration

2  procedures violate his constitutional rights.

3      i.  JOHN DOE #4 still wants to exercise his right to acquire a firearm for

4  self-defense and other lawful purposes.  He currently lives in Oregon and still

5  cannot pass the background check based on his mental health records that are

6  maintained by Defendant CA-DOJ-BOF and/or the FBI-NICS.

7  9.  <u>JOHN DOE #5</u> is a natural person and citizen of the United States and of the

8  State of Nevada. His individual facts relevant for this case are:

9      a.  On or about April 30, 2007, JOHN DOE #5 was admitted to Del Amo

10  Hospital in Torrance, California, for a mental health evaluation. He was 15 years

11  old at the time.  He was discharged on or about May 8, 2007.

12      b.  No records exist at this time to indicate whether the evaluation of JOHN

13  DOE #5 was voluntary or involuntary or conducted under the non-adjudicated

14  hold (WIC § 5150) or an adjudicated hold (WIC § 5250).

15      c.  JOHN DOE #5 does not recall ever having been advised of any hearings,

16  the consequences of any hearing, his appellate rights, nor was he appointed an

17  attorney or guardian ad litem.

18      d.  Despite more than 10 years since the termination of any evaluation or

19  treatment, JOHN DOE #5 is being denied the right to acquire, keep and bear

20  firearms, despite his desire to exercise those rights.

21      e.  Furthermore, as JOHN DOE #5's rights have been restored by state law,

22  but he still suffers a disability under federal law, the federal government's failure

23  to provide an adequate means of reviewing and correcting erroneous denials of

24  firearms purchases, and/or in the alternative providing a federal remedy to restore

25  the right to keep and bear arms, and/or California's inadequate restoration

26  procedures violate his constitutional rights.

27  10.  <u>JOHN DOE #6</u> is a natural person and citizen of the United States and of the

28  State of California. His individual facts relevant for this case are:

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

a.  On or about February 22, 2016, JOHN DOE #6 was discharged from Newport Bay Hospital in Newport, California.  The nature of the mental health evaluation (whether it was lawfully conducted under WIC § 5150 or § 5250) is in dispute.  JOHN DOE #6 does not recall being advised of his rights or being offered the right to hire an attorney.  JOHN DOE #6 is a man of means and could have afforded to and would have hired counsel given the opportunity.  Nor was JOHN DOE #6 advised that he would potentially be subject to a life-time prohibition on exercising his Second Amendment rights.

b.  On or about January 15, 2018, JOHN DOE #6 caused a "Notice of Hearing Re: Relief from Firearms Prohibition" to be filed in Mendocino Superior Court.  This was a petition under WIC § 8103 to restore JOHN DOE #6's right to acquire, keep and bear firearms. The People of California were represented by the District Attorney's office.

c.  The California Department of Justice, Firearms Division, Mental Health Unit was given notice of the proceedings and the hearing, that agency did not appear at any hearings nor file any pleadings in the matter.

d.  On November 15, 2018, the Superior Court of Mendocino County issued an order, based in part on an expert report submitted by JOHN DOE #6 during discovery, granting the petition under WIC § 8103, specifically ordering that:

-     JOHN DOE #6 was relieved from all disabilities arising out his treatment, whether he was detained under WIC § 5150 or § 5250.

-     Notice of this relief be sent to the California Department of Justice, Firearms Bureau - Mental Health Unit.

-     That the California Department of Justice notify all other relevant government agencies, the Federal Bureau of Investigations, the National Instant Check System, and the Bureau of Alcohol, Tobacco, Firearms, and Explosives that JOHN DOE #6 is no longer prohibited from acquiring, keeping and bearing firearms.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                                    -11-                      *Jane Roe #1, et al., v. United States, et al.*

1      e.  On or about December 17, 2018, JOHN DOE #6 was notified by the

2    CA-DOJ-BOF that he remains ineligible to possess or purchase firearms.

3      f.  JOHN DOE #6 still wants to exercise his right to acquire a firearm for

4    self-defense.  He cannot pass the background check based on his mental health

5    records that are maintained by Defendant CA-DOJ-BOF and/or the FBI-NICS.

6      g.  Furthermore, as JOHN DOE #6's rights have been restored by state law,

7    but he still suffers a disability under federal law, the federal government's failure

8    to provide an adequate means of reviewing and correcting erroneous denials of

9    firearms purchases, and/or in the alternative providing a federal remedy to restore

10   the right to keep and bear arms, and/or California's inadequate restoration

11   procedures violate his constitutional rights.

12   11.   Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a

13   non-profit membership organization incorporated under the laws of Washington

14   with its principal place of business in Bellevue, Washington.  SAF has over

15   650,000 members and supporters nationwide, including California.  The purposes

16   of SAF include education, research, publishing and legal action focusing on the

17   Constitutional right to privately owned and possess firearms, and the

18   consequences of gun control.  SAF brings this action on behalf of itself and its

19   members.  SAF brings lawsuits like this because the fees and costs of prosecuting

20   such actions often exceeds the personal resources of individual gun owners and

21   value of their gun collections.

22   12.   Defendant United States of America is a proper defendant in this action

23   pursuant to 5 U.S.C. § 702 and 18 U.S.C. § 925A.

24   13.   Defendant U.S. Department of Justice is the principal agency charged with

25   enforcing the unconstitutionally broad prohibition under 18 U.S.C. § 922(g)(4),

26   thus preventing Plaintiffs from obtaining firearms based on alleged or actual

27   mental health commitments.

28   14.   Defendant Federal Bureau of Investigation is charged with implementing and

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint   -12-   *Jane Roe #1, et al., v. United States, et al.*

1    interpreting statutory law and regulations related to the National Instant Check

2    System (NICS).

3    15.   Defendant Bureau of Alcohol, Tobacco, Firearms and Explosive, (BATFE) is

4    the arm of the Department of Justice responsible for prevention of federal offenses

5    involving the use, manufacture, and possession of firearms, including the

6    unconstitutionally broad ban challenged in this case. Defendant ATF also

7    regulates, via licensing, the sale, possession, and transportation of firearms and

8    ammunition in interstate commerce. ATF is currently enforcing the laws, customs,

9    practices and policies complained of in this action.

10   16.   WILLIAM P. BARR is the United States Attorney General and is charged

11   with interpretation and enforcement of federal firearms laws, including the Federal

12   Bureau of Investigation, the National Instant Check System, and has supervisory

13   control over the Bureau of Alcohol, Tobacco, Firearms and Explosives.

14   17.   Defendant CHISTOPHER A. WRAY is the Director of the Federal Bureau of

15   Investigations and is charged with interpretation and enforcement of federal

16   firearm laws, including the National Instant Check System.

17   18.   Defendant REGINA LOMBARDO is the Acting Director, Head of the

18   Bureau of Alcohol, Tobacco, Firearms and Explosives and is charged with

19   enforcing federal firearms laws and regulations at issue in this matter.

20   19.   Defendant XAVIER BECERRA is the Attorney General of the State of

21   California and is charged with the interpretation and enforcement of California

22   (and Federal) firearms laws and has supervisory control over the California

23   Department of Justice and its subordinate agencies and bureaus, including but not

24   limited to the Bureau of Firearms.

25   20.   At this time, Plaintiffs are ignorant of the names any additional individuals

26   or government agencies giving rise to Plaintiffs' claims.  Plaintiffs therefore name

27   these individuals as DOE Defendants and reserves the right to amend this

28   complaint when their true names are ascertained. Furthermore, if/when additional

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                    -13-              *Jane Roe #1, et al., v. United States, et al.*

1   persons and entities are discovered to have assisted and/or lent support to the

2   wrongful conduct of the Defendants named herein, Plaintiff reserves the right to

3   amend this complaint to add those persons and/or entities as Defendants.

## JURISDICTION AND VENUE

5   21.   This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 925A, 28

6   U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

7   22.   This Court has supplemental jurisdiction over any state law causes of action

8   that may arise under 28 U.S.C. § 1367.

9   23.   Venue for this action is proper under 28 U.S.C. §§ 1391 and/or the Civil

10   Local Rules for bringing an action in this district.

## RELATED CASE

12   24.   This case involves similar questions of fact and law to *Silvester v. Harris*, 41

13   F. Supp. 3d 927 (E.D. Cal., 2014), and *Silvester v. Harris*, 843 F.3d 816 (9th Cir.

14   2016).   E.g., Standards of review for Second Amendment rights and appropriate

15   constitutional tests for adjudicating Second Amendment claims.   Additionally, that

16   case required the presiding trial judge to review evidence on the unique aspects of

17   California's comprehensive background check system. Assignment of this matter

18   to the same Judge would prevent duplication of labor and conservation of judicial

19   resources.

## CONDITIONS PRECEDENT

21   25.   All conditions precedent have been performed, and/or have occurred, and/or

22   have been excused, and/or would be futile.   FURTHERMORE, During March and

23   May of 2018, Plaintiffs caused multiple letters, emails, and releases (permitting

24   the Defendants to communicate directly with Plaintiffs' counsel) to the Defendants

25   trying to resolve the violations set forth herein.   Therefore, Defendants (or their

26   agents) are readily familiar with the facts and circumstances (and identity) of

27   JANE ROE #1 and #2, and JOHN DOES #1 through #5 and they were advised that

28   JOHN DOE #6 would be added if litigation ensued.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

**BACKGROUND FACTS**

26.   The National Instant Criminal Background Check System (NICS) is used by Federal Firearms Licensees, importers, and manufacturers (collectively, "dealers") to determine whether a prospective purchaser is legally authorized to purchase (and possess) firearms, which are necessary for exercising Second Amendment rights. The process begins when the person provides a dealer with photo identification and a completed Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473. The form asks questions corresponding to the categories of persons prohibited by federal law from possessing firearms. Providing false information is a federal crime.

27.   The FBI is responsible for maintaining data integrity during all NICS operations that are managed and carried out by the FBI. This responsibility includes:

   a.   Ensuring the accurate adding, canceling, or modifying of NICS Index records supplied by Federal agencies;

   b.   Automatically rejecting any attempted entry of records into the NICS Index that contains detectable invalid data elements;

   c.   Automatic purging of records in the NICS Index after they are on file for a prescribed period of time; and

   d.   Quality control checks in the form of periodic internal audits by FBI personnel to verify that the information provided to the NICS Index remains valid and correct.

28.   During a firearm purchase, if a prospective purchaser answers "yes" to any questions (including questions regarding mental health evaluations), the sale must be denied. Otherwise, the dealer generally must request a NICS check from the Federal Bureau of Investigation (FBI) or their state point of contact. The transfer can occur only if the check does not identify prohibitive criteria, or if it takes more than 3 business days. If 3 business days pass without a determination that the

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                    -15-                    *Jane Roe #1, et al., v. United States, et al.*

1  transaction can be approved or must be denied, the dealer can either complete the

2  sale (unless prohibited by local law) or wait for the check to be performed.

3  29.   The NICS served 49,547 Federally Licensed Firearms Dealers (FFLs)

4  conducting business in 36 states, 5 U.S. territories, and the District of Columbia as

5  late as 2015. The FFLs contacted the NICS Section either via telephone or the

6  NICS E-Check via the Internet to initiate the required background checks. In

7  2015, 68 percent of all transactions were initiated via the NICS E-Check. For 7 of

8  the 36 states, the NICS Section processes all long gun transactions, while the

9  states conduct their own background checks on handguns and handgun permits. In

10  addition, 13 states participate with the NICS in a Full Point of Contact (Full-POC)

11  capacity by performing all background checks for their states' FFLs.

12  30.   California is one of those Full-POC States charged with overall

13  responsibility for the administration and usage of the FBI-NICS within a state.

14  This designation as a Full-POC, means California must ensure that a certain

15  minimum service baseline is provided. Those requirements include:

16      a.  The POCs must access the NICS as part of their background check

17  process. The POCs are not required, but are encouraged, to search available state

18  data sources as part of the background checks they perform.

19      b.  The POCs shall ensure that all FFLs within their state are provided

20  access to the NICS through a designated state POC or network of state or local

21  agencies. It is recommended that a single state POC be established.

22      c.  The POCs, with the assistance of the ATF and the FBI, shall notify the

23  FFLs in its state regarding the procedures for contacting the POC and all other

24  procedures related to firearm background checks.

25      d.  The POCs will have automated access to the NICS via the NCIC

26  telecommunications network.

27      e.  The POCs will offer telephone access to the FFLs, at a minimum,

28  between 10 am and 9 pm, Monday through Saturday, and during normal retail

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                    -16-              *Jane Roe #1, et al., v. United States, et al.*

1    business hours within their state on Sundays.

2        f.  The POCs shall have procedures in place that provide assurance that

3    NICS background checks are initiated only by authorized personnel and only for

4    purposes authorized under the Brady Act.

5        g.  The POCs shall provide supporting processes and personnel to review

6    record data, make disqualification decisions, respond to the FFLs, and manage an

7    appeal process.

8        h.  The POCs shall not deny the purchase of a firearm based on an arrest

9    without a disposition. If such a practice is occurring, a state law must be in place

10   authorizing the practice.

11       i.  The POCs shall deny firearm sales based on criteria equal to or more

12   stringent than imposed by the GCA of 1968 (18 U.S.C.§922), as amended.

13       j.  The POCs shall ensure that they adhere to all applicable federal laws

14   regarding the NICS.

15       k.  The POCs shall adhere to federal guidelines which dictate the purging of

16   proceed transaction data according to the current retention period. If this time limit

17   is exceeded, there must be an independent state law regarding firearm transactions

18   authorizing this practice.

19       l.  The POCs shall ensure that a state-generated State Transaction Number

20   (STN) for a NICS inquiry can be cross-referenced with unique identifying

21   numbers generated by the NICS.

22       m.  The POCs shall ensure that all appropriate inquiries are made and

23   transmitted through the United States Department of Immigration and Customs

24   Enforcement (ICE) on all non-U.S. Citizen transactions.

25       n.  If utilized within their state, the POCs shall ensure that all Identification

26   for Firearm Sales (IFFS) flags are being properly set for Interstate Identification

27   Index (III) records.

28       o.  The POCs shall not deny a transaction based solely upon the existence of

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1  a protective order without consideration being given to the Brady indicator.

2      p.  The POCs in decentralized states shall ensure that information from the

3  ATF and the FBI is disseminated to all agencies performing NICS background

4  checks. The POCs should provide guidance and training regarding this

5  information in order to ensure consistency throughout the state.

6      q.  The POCs must ensure the transmittal of final transaction status to the

7  NICS in accordance with federal rule 28 C.F.R. 25.

8  31.   In addition to its status as a Full-POC State for federal background checks to

9  ensure compliance with federal laws at the point-of-sale for firearms, California

10  maintains its own sophisticated, though parallel, system for ensuring compliance

11  with California's notoriously more strict firearm laws. *See generally, Silvester v.*

12  *Harris*, 41 F. Supp. 3d 927 (E.D. Cal., 2014), and *Silvester v. Harris*, 843 F.3d 816

13  (9th Cir. 2016). [E.g., Although un-adjudicated mental health holds (WIC § 5150)

14  have no federal consequences, firearm dealers in California must deny the sale of a

15  firearms if the gun purchaser has been subjected to such a hold under California

16  law and that gun-buyer has not applied for relief under WIC § 8103 et seq., or

17  waited the statutory five years.]

18  32.   The "NICS Improvement Amendments Act of 2007" (110 P.L. 180, 121 Stat.

19  2559) (hereafter "the Act") contains amendments to federal law setting forth

20  updated standards for adjudicated commitments related to mental health

21  determinations. Furthermore, the Act requires a process for relief from disabilities

22  attributable to mental health determinations. The Act also provides funding for

23  participating states to modernize and update their systems for the reporting of

24  disqualifying characteristics that come to the attention of those participating states.

25  33.   California does not currently participate in the funding program set up

26  through the Act, however California has its own modern, comprehensive,

27  background check system that is equal to or superior to the minimum

28  qualifications set forth in the Act. Furthermore, California statutory law already

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                    -18-          *Jane Roe #1, et al., v. United States, et al.*

1   has two processes (hearings and passage of time) for restoration of Second

2   Amendment rights after a mental health disqualification. Those processes meet or

3   exceed the requirements set forth in the Act. (i.e., Plaintiffs should not be denied

4   the exercise of fundamental rights based on the intricacies of federal revenue

5   sharing, when the underlying public safety interests are adequately addressed by

6   existing, overlapping federal and state law.)

7   34.   Finally, the lack of a process for relief from disabilities based on mental

8   health determinations, that are sometimes decades old, was found to violate the

9   Constitutional rights of a prospective gun-buyer in *Tyler v. Hillsdale County*

10  *Sheriff's Department*, 837 F.3d 678 (6th Cir. 2016).

11               **CASE SPECIFIC FACTS**

12  35.   Plaintiff JANE ROE #1 is the only Plaintiff who has not had contact with a

13  mental health provider located in California, even though California apparently

14  transmitted disqualifying criteria to FBI-NICS when she attempted to purchase a

15  firearm.  Therefore, it is assumed that California's Full-POC background check,

16  which is denying her the right to purchase a firearm here in California, is based

17  solely on New Jersey's report of a mental health hold to FBI-NICS.  JANE ROE

18  #1 should not be required to hire a lawyer in New Jersey to restore her right to buy

19  a firearm in that state, which would apparently be a futile act anyway, because

20  JANE ROE #1 has no intention of returning to New Jersey or living there.

21  Furthermore, she is prohibited by federal law from being a resident of this state

22  and seeking to buy a firearm in another state. 18 U.S.C. § 922(a)(3) and (b)(3).

23  The restoration of JANE ROE #1's rights can be obtained in one of three ways:

24       a.  This Court can find that the original alleged commitment, failed to

25  provide adequate due process safe guards for a "hearing" that deprives an

26  otherwise law-abiding citizen of a fundamental right for the rest of her life.  The

27  Court can set-aside the alleged commitment and order these Defendants to purge

28  their records of this disability against Plaintiff JANE ROE #1.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint          -19-          *Jane Roe #1, et al., v. United States, et al.*

b.  This Court can find that the federal government should be estopped from asserting a firearm disability against Plaintiff JANE ROE #1, because that same government relied on her as an adult to bear arms in defense of this nation, after the alleged commitment, which occurred when she was a minor.

c.  This Court can find that Plaintiff JANE ROE #1, is subject to California statutory law, and as the alleged commitment took place more than 10 years ago, and her rights are restored by the passage of time, by operation of law.  See WIC § 8100 *et seq.*

36.  Every other Plaintiff (excepting JANE ROE #1) in this matter has had contact with a mental health provider in California and therefore have mental health records maintained by the CA-DOJ-BOF.

37.  Plaintiffs JANE ROE #2, JOHN DOE #3, JOHN DOE #5, and JOHN DOE #6 suffered due process violations from woefully inadequate, constitutionally defective alleged mental health adjudications. They were not advised of the consequence of the hearing, they were not given an opportunity to have counsel, they were not advised of their appellate rights.

38.  Furthermore, JANE ROE #2 and JOHN DOE #5 were both minors at the time of the alleged adjudications and neither were appointed a guardian ad litem nor were they appointed counsel.

39.  Plaintiffs JANE ROE #2, JOHN DOE #1, JOHN DOE #2, and JOHN DOE #6, have all had hearings under California's WIC § 8103 to restore their rights and the Superior Court Judges granted their petitions and restored their rights after full adversarial hearings.

40.  Plaintiff JOHN DOE #4 also participated in a hearing under California's WIC § 8103, but the Superior Court Judge's sole reason for denying relief was that the issue was moot based on the passage of time and operation of law. (i.e., There was no hearing on the merits.)

41.  Plaintiffs JANE ROE #1, JANE ROE #2, JOHN DOE #3 (if disqualification

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1   is based on WIC § 5150 and not § 5250), JOHN DOE #4, and JOHN DOE #5 all

2   qualify for restoration of their rights (assuming they were legitimately suspended)

3   by the passage of time through operation of law. See WIC § 8100 *et seq.*

4   42.   All Plaintiffs have been denied a fundamental right because the Federal

5   Government refused to recognize state law restoration procedures and/or refuses

6   to establish a constitutionally adequate review/restoration procedure under federal

7   law.  This failure to provide a judicial process may also violate the Federal

8   Administrative Procedures Act. See: 5 U.S.C. §§ 701 *et seq.*

9   43.   A table showing why Plaintiffs should not be classified among the

10  mental-health prohibited class for exercising Second Amendment rights:

|  | Roe #1 | Roe #2 | Doe #1 | Doe #2 | Doe #3 | Doe #4 | Doe #5 | Doe #6 |
|---|---|---|---|---|---|---|---|---|
| Estoppel | x |  |  |  |  |  |  |  |
| Due Process Violation[2] | x | x |  |  | x | x | x | x |
| Equal Protection Violation | x | x | x | x | x | x | x | x |
| Minor When Held | x | x |  |  |  |  | x |  |
| Lapse of Time | x? | x |  |  | x? | x | x |  |
| Won Hearing to Restore |  | x | x | x |  | x? |  | x |
| Due Process Violation[3] | x | x | x | x | x | x | x | x |

44.   There are several theories for WHY constitutional violations are keeping

Plaintiffs from exercising a fundamental right, with the most benign explanation

being bureaucratic inertia, and the most sinister being a hostility to Second

Amendment rights by government actors and policy makers.

---

[2] Initial hearing lacked constitutionally adequate indicia of fundamental fairness.

[3] The federal government's failure to provide a review/restoration procedure of the right to keep and bear arms after a mental health suspension and/or California's inadequate restoration procedures.

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

a.  Every Plaintiff is eligible to buy guns under California law based on any number of theories.

b.   California may be interpreting 18 U.S.C. § 922(g)(4) as a lifetime ban, and therefore denying the Plaintiffs the right to purchase a gun because California is a Full-POC state charged with interpreting federal and state law. If that is the case, then California's interpretation of federal law must be corrected and brought into line with the modification set forth under the "NICS Improvement Amendments Act of 2007."

c.  If FBI-NICS is showing incorrect (or defective) records from New Jersey (for JANE ROE #1) and California (for the remaining Plaintiffs), and thus issuing a disqualification from their database, then CA-DOJ-BOF and FBI-NICS are jointly and severally at fault for maintaining erroneous records and/or for not updating their records with new and correct information.

d.  If this Court finds that California is exempt from the "NICS Improvement Act of 2007" and residents of this state are ineligible for the restoration of rights procedures set forth in that law, then Plaintiffs are being denied Equal Protection of the law under either (or both) the Fifth Amendment and Fourteenth Amendments to the United States Constitution.

e. Finally, if this Court ultimately finds that the relevant agencies are correctly interpreting 18 U.S.C. § 922(g)(4) as a lifetime ban, with no provision for restoration of rights for these plaintiffs, then this Court will have to subject that federal statute to constitutional analysis as a violation of the Second Amendment to the United States Constitution. See, *Tyler v. Hillsdale County Sheriff's Department*, 837 F.3d 678 (6th Cir. 2016).

/ / / /

/ / / /

/ / / /

/ / / /

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                    -22-                    *Jane Roe #1, et al., v. United States, et al.*

# FIRST CAUSE OF ACTION

[Violation of Second Amendment – As Applied Challenge][4]

45.   Paragraphs 1 through 44 are incorporated by reference.

46.   The Second Amendment provides that the People's "right to keep and bear arms, shall not be infringed."

47.    Defendants, either jointly or severally, have misapplied state and/or federal law in a way that denies Plaintiffs the ability to lawfully acquire the means of exercising their Second Amendment rights, after a mandated background check, through the purchase of a firearm at a licensed firearms dealer in the community where they reside.

# SECOND CAUSE OF ACTION

[Violation of Second Amendment – Facial Challenge][5]

48.   Paragraphs 1 through 47 are incorporated by reference.

49.   The Second Amendment provides that the People's "right to keep and bear arms, shall not be infringed."

50.   If 18 U.S.C. § 922(g)(4) imposes a lifetime ban, with no means for restoration, on the right to acquire, keep and bear arms, for any person who has been placed on an adjudicated hold for a mental health observation, it is an unconstitutional violation of the Second Amendment and must give way to the higher law of the U.S. Constitution.

---

[4] Plaintiffs are aware of the recent Ninth Circuit decision in *Mai v. United States*, 2020 U.S. App. LEXIS 7562 (Decided March 11, 2020).  But plaintiffs also believe that this case can be distinguished on its facts and therefore wish to preserve this claim.

[5] Plaintiffs are aware of the recent Ninth Circuit decision in *Mai v. United States*, 2020 U.S. App. LEXIS 7562 (Decided March 11, 2020).  But plaintiffs also believe that this case can be distinguished on its facts and therefore wish to preserve this claim.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                    -23-                    *Jane Roe #1, et al., v. United States, et al.*

### THIRD CAUSE OF ACTION

[Violation of Fifth Amendment – Due Process of Law and Equal Protection]

[Against Federal Defendants]

51.    Paragraphs 1 through 50 are incorporated by reference.

52.    The Fifth Amendment to the United States Constitution provides that no person shall be deprived of "life, liberty or property" without due process of law. This amendment also extends "equal protection" guarantees to all persons in the United States, thus ensuring that federal law is uniformly applied without regard to state citizenship.

53.    To the extent that any of the individual Plaintiffs are subject to 18 U.S.C. § 922(g)(4), their "commitment hearings" were constitutionally deficient as they lacked fundamental indicia of fairness, such as: Adequate Notice, Right to Counsel, Right to Guardian ad Litem or Conservator, Effective Appellate Notice and Remedies, thus violating due process of law.

54.    To the extent that any of the individual Plaintiffs are subject to 18 U.S.C. § 922(g)(4), any remedies for restoration of fundamental rights under federal law must be uniform throughout the United States, and/or all states must meet minimum standards for restoration of rights after mental health holds, without regard to any particular state's participation in federal programs or receipt of federal monies. To the extent that federal law does not require such uniform standards, Plaintiffs are being denied equal protection of the law.

55.    To the extent that any of the individual Plaintiffs have had their rights restored under state law, yet remain prohibited under federal; and to the extent that the federal government refuses to provide a constitutionally adequate review/restoration procedure of the "right to keep and bear arms" after a mental health hold, 18 U.S.C. § 922(g)(4) violates due process of law and/or the Administrative Procedure Act. 5 U.S.C. § 701 *et seq*.

/ / / /

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                    -24-                    *Jane Roe #1, et al., v. United States, et al.*

## FOURTH CAUSE OF ACTION

[Violation of Fourteenth Amendment – Due Process of Law and Equal Protection]

[Against State Defendants]

56.    Paragraphs 1 through 55 are incorporated by reference.

57.    The Fourteenth Amendment to the United States Constitution provides that no person shall be deprived of "life, liberty or property" without due process of law. The Fourteenth Amendment also mandates "equal protection the law" for all persons by state actors implementing state policies.

58.    To the extent that any of the individual Plaintiffs are subject to 18 U.S.C. § 922(g)(4), their "commitment hearings" were constitutionally deficient as they lacked fundamental indicia of fairness, such as: Adequate Notice, Right to Counsel, Right to Guardian ad Litem or Conservator, Effective Appellate Notice and Remedies, thus violating due process of law.

59.   To the extent that any of the individual Plaintiffs are subject to 18 U.S.C. § 922(g)(4), as interpreted by California and their agencies, the remedy for restoration of fundamental rights under federal law must be uniform throughout California without regard to California's participation in federal programs or receipt of federal monies. To the extent that state law does not require such uniform standards, Plaintiffs are being denied equal protection of the law. Furthermore, to the extent the California's restoration procedures are inadequate under any valid federal standard, Plaintiffs are being denied due process of law.

## FIFTH CAUSE OF ACTION

[Statutory Remedy Under 18 U.S.C. § 925A]

[Against All Defendants]

60.    Paragraphs 1 through 59 are incorporated by reference.

61.    The Constitutional violations of Plaintiffs' rights arise from misapplication of the federal and/or state background check system, or erroneous data contained in that system, thus Plaintiffs are afforded the right to bring an action against any

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

state or political subdivision, or against the United States to correct the erroneous denial of a firearm purchase. 18 U.S.C. § 925A (Remedy for erroneous denial of firearm).

62.     Plaintiffs are being denied a firearm purchase by either or both sets of Defendants and are entitled to relief under 18 U.S.C. § 925A.

## SIXTH CAUSE OF ACTION

[Tenth Amendment]

[Against All Defendants]

63.     Paragraphs 1 through 62 are incorporated by reference.

64.     The Tenth Amendment provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people."

65.     All Plaintiffs were disqualified through state court processes[6] from exercising a fundamental right. The United States Government relied on those state court proceedings to make a determination that Plaintiffs were (are) disqualified from exercising Second Amendment rights. As the Plaintiffs herein have satisfied California's restoration of rights procedures, either through lapse of time or favorable court ruling, and as the United States Government has no federal parallel process for restoration of rights after a mental health disqualification, either or both Defendants are violating the Plaintiffs' Second Amendment rights by refusing to grant full faith and credit to California Law on restoration by operation of law and lapse of time, and California State Court determinations of Plaintiffs' restoration of rights after a hearing on their mental health status.

/ / / /

/ / / /

---

[6] In making this claim, none of the Plaintiffs are conceding that those processes were constitutionally valid. Some of the Plaintiffs have live claims that in allege those processes were constitutionally infirm.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants as follows:

A.      Declare[7] that 18 U.S.C. § 922(g)(4), its derivative regulations, and all related laws, policies, and procedures violate Plaintiffs' right to keep and bear arms as secured by the Second Amendment to the United States Constitution.

B.      Declare[8] that 18 U.S.C. § 922(g)(4), its derivative regulations, and all related laws, policies, and procedures violate Plaintiffs' rights to equal protection and due process under the Due Process Clause of the Fifth and/or Fourteenth Amendment to the United States Constitution.

C.      Declare that either or both Defendants are in violation of the Tenth Amendment to the United States Constitution by refusing to recognize California's statutory and court-driven procedures for restoration of rights after a mental health disqualification.

D.      Permanently enjoin the Defendants, their officers, agents, servants, employees, and all persons in active concert or in participation with each other from enforcing against Plaintiffs 18 U.S.C. § 922(g)(4) and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiffs' exercise of their right to keep and bear arms.

E.      Award damages to any Plaintiffs who have incurred compensable losses caused by Defendants' wrongful conduct, in an amount according to proof.

F.      Award Plaintiffs their costs and attorney's fees and expenses to the extent permitted under all relevant statutes, including but not limited to 18 U.S.C.

---

[7] This necessarily includes relief from this Court authorizing Plaintiffs to truthfully state the they have NOT been adjudicated with mental-health disqualifiers, as of the date of judgment, on any state or federal form when purchasing a firearm.

[8] See footnote #6.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1   § 925A, 28 U.S.C. § 2412, 42 U.S.C. §§ 1983, 1988.

2       G.   Grant such other and further relief as the Court deems just and proper.

3

4           Dated March 16, 2020.

5           Respectfully Submitted by:

6           /s/ *Donald Kilmer*

7           Attorney for Plaintiffs (Lead Counsel)

8           Donald E. J. Kilmer, Jr. [SBN: 179986]
            Email: don@dklawoffice.com
9           LAW OFFICES OF DONALD KILMER, APC
            14085 Silver Ridge Road
10          Caldwell, Idaho 83607
            Voice:  (408) 264-8489
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

First Amended Complaint                    -28-              *Jane Roe #1, et al., v. United States, et al.*