James Bickford (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632

*Attorney for Federal Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1, *et al.*,<br><br>        Plaintiffs,<br><br> v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>  and<br><br>XAVIER BECERRA,<br><br>        Defendants. | Case No. 1:19-cv-00270-DAD-BAM<br><br>**FEDERAL DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' TENTH AMENDMENT CLAIM**<br><br>DATE:   May 19, 2020<br>TIME:   9:30 a.m.<br>JUDGE:  Hon. Dale A. Drozd<br>COURTOOM: 5, Seventh Floor |

Notice is hereby given that at the above time and place, the Federal Defendants—the United States of America; the U.S. Department of Justice and its Attorney General; the Federal Bureau of Investigation and its Director; and the Bureau of Alcohol, Tobacco, Firearms, and Explosives and its Acting Director—will and do hereby move to dismiss plaintiffs' Tenth Amendment claim pursuant to Rule 12(b)(6). This motion is based on the memorandum of points and authorities filed herewith, and such arguments as may be made at the hearing.

Pursuant to this Court's standing order, undersigned counsel discussed the merits of plaintiffs' Tenth Amendment claim by telephone with Mr. Kilmer, plaintiffs' counsel, but the parties were unable to resolve their disagreement as to the plausibility of the claim through the meet-and-confer process.

                     Respectfully submitted this 14th day of April, 2020,

JOSEPH H. HUNT
Assistant Attorney General

LESLEY FARBY
Assistant Director
Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 305-7632
James.Bickford@usdoj.gov

*Attorneys for Federal Defendants*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Federal law prohibits the possession of a firearm by anyone who has been adjudicated mentally incompetent or committed to a mental institution, unless that disability is removed. 18 U.S.C. §§ 922(g)(4), 925(c); 34 U.S.C. § 40915. Plaintiffs, who include eight individuals subject to this prohibition, claim that it violates the Second Amendment, both facially and as applied to them. *Contra Mai v. United States*, 952 F.3d 1106 (9th Cir. 2020) (upholding § 922(g)(4) against Second Amendment challenge). Plaintiffs also allege due process and equal protection violations. This Court recently granted plaintiffs leave to add a Tenth Amendment claim. However, because the amended complaint omits the required "short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the Court should dismiss this new claim.

## II. BACKGROUND

### A. Legal Background

Federal law prohibits the possession of firearms by individuals who have been "adjudicated as a mental defective" or "committed to a mental institution" by a state. 18 U.S.C. § 922(g)(4). As the Ninth Circuit recently explained, "Federal law provides two potential avenues for relief from the § 922(g)(4) bar," once it has been imposed. *Mai v. United States*, 952 F.3d 1106, 1111 (9th Cir. 2020). First, an individual "may apply to the United States Attorney General 'for relief from the disabilities imposed by Federal laws with respect to the . . . possession of firearms.'" *Id.* (quoting 18 U.S.C. § 925(c)) (alteration in original). But that statutory option is "currently foreclosed" because "Congress [has] defunded the program." *Id.*

An individual's "second potential avenue for relief is through a state program that qualifies under 34 U.S.C. § 40915." *Id.* To qualify, such a program must "permit[] a person who, pursuant

to State law, has been adjudicated as described in subsection (g)(4) of section 922 of Title 18 or has been committed to a mental institution, to apply to the State for relief from the disabilities imposed by subsection[] . . . (g)(4) of such section by reason of the adjudication or commitment." 34 U.S.C. § 40915(a)(1). The program must "grant . . . relief, pursuant to State law and in accordance with the principles of due process" upon a finding "that the person will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest." *Id.* § 40915(a)(2). "Finally, the program must allow a person to petition the state court 'for a de novo judicial review of [a] denial.'" *Mai*, 952 F.3d at 1112 (quoting 34 U.S.C. § 40915(a)(3)) (alteration in original). "For a person granted relief under a qualifying state program, § 922(g)(4)'s prohibition on the possession of firearms does not apply." *Id.* (citing 34 U.S.C. § 40915(b)).

While "approximately thirty States have created qualifying programs," the rest have not. *Id.* (quotation omitted). As relevant here, the program created by California law does not meet the requirements of 34 U.S.C. § 40915, and therefore does not suffice to lift the disabilities imposed by 18 U.S.C. § 922(g)(4). In particular, California law does not require a determination "that the person will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest." 34 U.S.C. § 40915(a)(2); *see, e.g.*, Cal. Welf. & Inst. Code § 8103(g)(1)(i) (providing for automatic restoration of rights after the passage of time); *id.* § 8103(g)(4) (allowing for restoration of rights "[i]f the court finds by a preponderance of the evidence that the person would be likely to use firearms in a safe and lawful manner"). "In other words, the federal standard is more stringent than the [California] standard." *Mai*, 952 F.3d at 1112. "Accordingly, unless [California] chooses in the future to create a program that meets the

requirements of § 40915," its residents have "no avenue for relief from § 922(g)(4)'s prohibition." *Id.*

### B.   Factual Allegations and Procedural Background

Plaintiffs include eight pseudonymous individuals who allege that they are barred from possessing firearms under 18 U.S.C. § 922(g)(4). Although their complaint is replete with allegations in the alternative and somewhat difficult to decipher, plaintiffs appear to allege that § 922(g)(4) violates the Second Amendment either facially or as applied to them, and has been implemented by the federal government in a way that violates their Fifth Amendment rights to due process or equal protection. Plaintiffs also allege a claim under 18 U.S.C. § 925A, which provides a cause of action for the correction of "erroneous information" leading to the denial of a right to possess firearms.

Plaintiffs sought this Court's leave to amend their complaint to add a claim under the Tenth Amendment. ECF No. 33 (Mar. 16, 2020). After the California Attorney General filed a notice of non-opposition, ECF No. 34, the Court granted leave to amend before the Federal Defendants'[1] response was due. *See* Minute Order of Mar. 26, 2020. The Tenth Amendment claim is set out in a single paragraph of the amended complaint, as follows:

> All Plaintiffs were disqualified through state court processes from exercising a fundamental right. The United States Government relied on those state court proceedings to make a determination that Plaintiffs were (are) disqualified from exercising Second Amendment rights. As Plaintiffs herein have satisfied California's restoration of rights procedures, either through lapse of time or favorable court ruling,

---

[1] The Federal Defendants are the United States of America; the U.S. Department of Justice and its Attorney General; the Federal Bureau of Investigation and its Director; and the Bureau of Alcohol, Tobacco, Firearms, and Explosives and its Acting Director.

and as the United States Government has no federal parallel process for restoration of rights after a mental health disqualification, either or both Defendants [that is, the Federal Defendants and California Attorney General] are violating Plaintiffs' Second Amendment rights by refusing to grant full faith and credit to California Law on restoration by operation of law and lapse of time, and California State Court determinations of Plaintiffs' restoration of rights after a hearing on their mental health status.

Amended Compl. ¶ 65, ECF No. 36 (footnote omitted). In addition, the prayer for relief alleges that the Federal "Defendants are in violation of the Tenth Amendment to the United States Constitution by refusing to recognize California's statutory and court-driven procedures for restoration of rights after a mental health disqualification." *Id.*, Prayer for Relief, ¶ C.

### III.     LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain "a short and plain statement of [each] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## IV. ARGUMENT

The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people." It enshrines principles of federalism, which include certain enforceable limits on the power of the federal government vis-à-vis the states. *Reno v. Condon*, 528 U.S. 141, 149 (2000) (discussing "the principles of federalism contained in the Tenth Amendment"); *Geary v. Renne*, 880 F.2d 1062, 1081 (9th Cir. 1989) (the "well-established principles of federalism embodied in the Tenth Amendment"). For example, the Tenth Amendment forbids the federal government "to commandeer state officials to help it enforce its regulatory schemes against third parties." *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1069 (9th Cir. 2010); *Printz v. United States*, 521 U.S. 898, 925 (1997) ("[T]he Federal Government may not compel States to implement, by legislation or executive action, federal regulatory programs."); *see New York v. United States*, 505 U.S. 144, 188 (1992) ("The Federal Government may not compel the States to enact or administer a federal regulatory program."); *see Reno* 528 U.S. at 151 (upholding a federal statutory scheme against a Tenth Amendment challenge because it "does not require the States in their sovereign capacity to regulate their own citizens").

Individuals can bring suit under the Tenth Amendment if they are injured by federal action that violates its precepts. *Bond v. United States*, 564 U.S. 211, 214 (2011) (holding that "a person indicted for violating a federal statute has standing to challenge its validity on grounds that, by enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States" in violation of the Tenth Amendment). But plaintiffs have not stated a plausible claim under the Tenth Amendment. Their legal theory is entirely opaque.

The relevant paragraph of the amended complaint does not articulate any theory of a Tenth Amendment violation. Instead, it asserts a violation of "Plaintiffs' Second Amendment rights" and alludes to the "full faith and credit" clause of the United States Constitution, Amended Compl., ¶ 65, which requires each state to recognize "the public acts, records, and judicial proceedings of every other state." U.S. Const. art. IV, § 1; *see Taylor v. Sawyer*, 284 F.3d 1143, 1152 (9th Cir. 2002) (explaining that "it is each of our fifty states who must give full faith and credit to the acts of the other states"). "By its terms, and in light of its purpose, the Full Faith and Credit Clause imposes no obligation whatsoever on the federal government." *Taylor*, 284 F.3d at 1152 (9th Cir. 2002); *see Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986) (acknowledging that "[t]he Full Faith and Credit Clause is of course not binding on federal courts"). Plaintiffs' references to the Second Amendment and the Full Faith and Credit Clause do nothing to explain why they believe that they can assert a Tenth Amendment claim here.

The Amended Complaint does not explain what aspect of federalism plaintiffs believe has been violated by the federal government's refusal to accept California's restoration of rights procedure as adequate to remove the disability imposed by 18 U.S.C. § 922(g)(4). And the Federal Defendants cannot be made to guess. *Ahmad v. Wells Fargo Bank, N.A.*, 2011 WL 1260054, at *3 (E.D. Cal. Mar. 30, 2011) (Drozd, J.) ("Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims . . . ."). Plaintiffs' Second Amendment claim is that their fundamental rights have been violated by the federal prohibition on possession of firearms, either facially or as applied to them. *Contra Mai*, 952 F.3d at 1121 (upholding § 922(g)(4) against a Second Amendment challenge). Their Fifth Amendment claim is that due process or equal protection guarantee them access to a federally-recognized program to restore their right to possess firearms. *See Mai*, 952 F.3d at 1113

(expressly reserving those questions). The Federal Defendants intend to vigorously defend each of those claims at summary judgment, after the development of an adequate factual record.

But what is their Tenth Amendment claim? How do plaintiffs allege that the Federal Defendants have infringed upon the "powers . . . reserved to the states"? U.S. Const. amend. X. Do they contend that a prohibition on the possession of firearms is beyond the power of Congress to enact? Or that, having established such a prohibition, Congress is powerless to set criteria by which state adjudications will lift it? Do they suggest that Congress has unlawfully commandeered California officials to help enforce the federal prohibition? Their complaint simply does not say, which the Federal Rules simply do not permit.

## V.   CONCLUSION

Under Rule 12(b)(6), "[d]ismissal can be based on the lack of a cognizable legal theory." *Balistreri*, 901 F.2d at 699. If plaintiffs have a cognizable theory of a Tenth Amendment claim, it is not reflected in their complaint. For that reason, plaintiffs' sixth cause of action, Amended Compl. ¶¶ 63–65, should be dismissed.

Respectfully submitted this 14th day of April, 2020,

JOSEPH H. HUNT
Assistant Attorney General

LESLEY FARBY
Assistant Director
Federal Programs Branch

 */s/ James Bickford*
JAMES BICKFORD
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 305-7632
James.Bickford@usdoj.gov

*Attorneys for Federal Defendants*