1 | Xavier Becerra, State Bar No. 118517
  | Attorney General of California
2 | Anthony R. Hakl, State Bar No. 197335
  | Supervising Deputy Attorney General
3 | Nelson R. Richards, State Bar No. 246996
  | Deputy Attorney General
4 | 1300 I Street, Suite 125
  | P.O. Box 944255
5 | Sacramento, CA 94244-2550
  | Telephone: (916) 210-7867
6 | Fax: (916) 324-8835
  | E-mail: Nelson.Richards@doj.ca.gov
7 | *Attorneys for Defendant Attorney General of*
  | *California, Xavier Becerra*

8

9 | IN THE UNITED STATES DISTRICT COURT

10 | FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| **JANE ROE #1, et al,** | 1:19-cv-00270 |
| Plaintiffs, | **RESPONSES TO REQUESTS FOR ADMISSION BY DEFENDANT XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA** |
| v. | |
| **UNITED STATES OF AMERICA, et al,** | |
| Defendants. | |

PROPOUNDING PARTY:     PLAINTIFFS

RESPONDING PARTY:     DEFENDANT XAVIER BECERRA

SET NO.:     ONE

Defendant Attorney General Xavier Becerra, in his official capacity (Defendant) responds and objects to the First Set of Requests for Admission Propounded by Plaintiffs as follows:

## PRELIMINARY STATEMENT

Defendant has not yet completed the investigation of the facts relating to this case and has not yet completed discovery in this action. All of the responses contained herein are based solely

1

upon information and documents that are presently available to and specifically known by

Defendant, and disclose only those contentions that presently occur to Defendant. It is anticipated

that further discovery, independent investigation, legal research, or analysis will supply additional

facts and lead to additions, changes, and variations from the responses herein.

Defendant expressly reserves the right to assert any and all objections as to the

admissibility of such responses into evidence in this action, or in any other proceedings, on any

and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.

Further, Defendant makes the responses and objections herein without in any way implying that

the requests and responses to the requests are relevant or material to the subject matter of this

action.

An objection or response to a Request shall not be construed as an acknowledgment that

Defendant performed any of the acts described in the request or definitions applicable to the

request, or that Defendant acquiesces in the characterization of the conduct or activities contained

in the request or definitions applicable to request.

The following responses are given without prejudice to the right to produce evidence or

witnesses which Defendant may later discover. Defendant reserves the right to supplement,

clarify, revise, or correct any or all of the responses and objections herein, and to assert additional

objections or privileges, in one or more subsequent supplemental response(s).

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     Defendant objects to each instruction, definition, and request to the extent that it

purports to impose any requirement or discovery obligation greater than or different from those

under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.     Defendant objects to each request that is overly broad, unduly burdensome, or not

reasonably calculated to lead to the discovery of admissible evidence.

3.     Defendant objects to each definition and request to the extent that it seeks material

protected from disclosure by the attorney-client privilege, the governmental deliberative process

privilege, the law enforcement investigatory privilege, the official information privilege, the

common interest privilege, the attorney work product doctrine, or any other applicable privilege

2

1  or protection. Should any such disclosure by Defendant occur, it is inadvertent and shall not

2  constitute a waiver of any privilege or protection.

3          4.      To the extent that any individual Request for Admission purports to impose on

4  Defendant the burden of providing information which is not in Defendant's possession, custody,

5  or control, or is already in Plaintiffs' possession, custody or control, or is not reasonably available

6  to Defendant after a diligent search and reasonable inquiry, Defendant objects on the grounds that

7  the Requests are overbroad, unduly burdensome, oppressive, and the burden, expense and/or

8  intrusiveness of the discovery clearly outweighs the likelihood that the information sought will

9  lead to the discovery of admissible evidence.

10         5.      Defendant incorporates by reference every general objection set forth above into

11  each specific response set forth below. A specific response may repeat a general objection for

12  emphasis or some other reason. The failure to include any general objection in any specific

13  response does not waive any general objection to that request.

14         6.      Defendant objects to the Requests for Admission to the extent they demand

15  speculation or legal conclusions.

16                    **RESPONSES TO REQUESTS FOR ADMISSION**

17  **REQUEST FOR ADMISSION #1**

18         Plaintiff Jane Roe #1 has standing in this matter.

19  **RESPONSE:**

20         Defendant incorporates by reference the General Objections stated above as if fully set

21  forth herein. Defendant objects to this Request for Admission on the grounds that it is vague and

22  calls for speculation. Defendant also objects on the grounds that the request calls for an admission

23  of a conclusion of law. *See, e.g.*, *Playboy Enter., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D.

24  Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of

25  law.") Moreover, whether a Plaintiff has standing is a question of law that goes to the court's

26  subject matter jurisdiction, and the parties cannot stipulate to, or otherwise create, jurisdiction

27  where none exists. *See United States v. Shaw*, 655 F.2d 168, 171 (9th Cir. 1981) ("Parties may not

28

1  confer subject matter jurisdiction upon the court by either consent or waiver[.]"). Defendant will

2  not respond to this request.

3  **REQUEST FOR ADMISSION #2**

4        Plaintiff Jane Roe #2 has standing in this matter.

5  **RESPONSE:**

6        Defendant incorporates by reference the General Objections stated above as if fully set

7  forth herein. Defendant objects to this Request for Admission on the grounds that it is vague and

8  calls for speculation. Defendant also objects on the grounds that the request calls for an admission

9  of a conclusion of law. *See, e.g.*, *Playboy Enter., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D.

10 Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of

11 law.") Moreover, whether a Plaintiff has standing is a question of law that goes to the court's

12 subject matter jurisdiction, and the parties cannot stipulate to, or otherwise create, jurisdiction

13 where none exists. *See United States v. Shaw*, 655 F.2d 168, 171 (9th Cir. 1981) ("Parties may not

14 confer subject matter jurisdiction upon the court by either consent or waiver[.]"). Defendant will

15 not respond to this request.

16 **REQUEST FOR ADMISSION #3**

17       Plaintiff John Doe #1 has standing in this matter.

18 **RESPONSE:**

19       Defendant incorporates by reference the General Objections stated above as if fully set

20 forth herein. Defendant objects to this Request for Admission on the grounds that it is vague and

21 calls for speculation. Defendant also objects on the grounds that the request calls for an admission

22 of a conclusion of law. *See, e.g.*, *Playboy Enter., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D.

23 Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of

24 law.") Moreover, whether a Plaintiff has standing is a question of law that goes to the court's

25 subject matter jurisdiction, and the parties cannot stipulate to, or otherwise create, jurisdiction

26 where none exists. *See United States v. Shaw*, 655 F.2d 168, 171 (9th Cir. 1981) ("Parties may not

27 confer subject matter jurisdiction upon the court by either consent or waiver[.]"). Defendant will

28 not respond to this request.

**REQUEST FOR ADMISSION #4**

Plaintiff John Doe #2 has standing in this matter.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant objects to this Request for Admission on the grounds that it is vague and calls for speculation. Defendant also objects on the grounds that the request calls for an admission of a conclusion of law. *See, e.g.*, *Playboy Enter., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.") Moreover, whether a Plaintiff has standing is a question of law that goes to the court's subject matter jurisdiction, and the parties cannot stipulate to, or otherwise create, jurisdiction where none exists. *See United States v. Shaw*, 655 F.2d 168, 171 (9th Cir. 1981) ("Parties may not confer subject matter jurisdiction upon the court by either consent or waiver[.]"). Defendant will not respond to this request.

**REQUEST FOR ADMISSION #5**

Plaintiff John Doe #3 has standing in this matter.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant objects to this Request for Admission on the grounds that it is vague and calls for speculation. Defendant also objects on the grounds that the request calls for an admission of a conclusion of law. *See, e.g.*, *Playboy Enter., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.") Moreover, whether a Plaintiff has standing is a question of law that goes to the court's subject matter jurisdiction, and the parties cannot stipulate to, or otherwise create, jurisdiction where none exists. *See United States v. Shaw*, 655 F.2d 168, 171 (9th Cir. 1981) ("Parties may not confer subject matter jurisdiction upon the court by either consent or waiver[.]"). Defendant will not respond to this request.

**REQUEST FOR ADMISSION #6**

Plaintiff John Doe #4 has standing in this matter.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant objects to this Request for Admission on the grounds that it is vague and calls for speculation. Defendant also objects on the grounds that the request calls for an admission of a conclusion of law. *See, e.g.*, *Playboy Enter., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.") Moreover, whether a Plaintiff has standing is a question of law that goes to the court's subject matter jurisdiction, and the parties cannot stipulate to, or otherwise create, jurisdiction where none exists. *See United States v. Shaw*, 655 F.2d 168, 171 (9th Cir. 1981) ("Parties may not confer subject matter jurisdiction upon the court by either consent or waiver[.]"). Defendant will not respond to this request.

**REQUEST FOR ADMISSION #7**

Plaintiff John Doe #5 has standing in this matter.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant objects to this Request for Admission on the grounds that it is vague and calls for speculation. Defendant also objects on the grounds that the request calls for an admission of a conclusion of law. *See, e.g.*, *Playboy Enter., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.") Moreover, whether a Plaintiff has standing is a question of law that goes to the court's subject matter jurisdiction, and the parties cannot stipulate to, or otherwise create, jurisdiction where none exists. *See United States v. Shaw*, 655 F.2d 168, 171 (9th Cir. 1981) ("Parties may not confer subject matter jurisdiction upon the court by either consent or waiver[.]"). Defendant will not respond to this request.

**REQUEST FOR ADMISSION #8**

Plaintiff John Doe #6 has standing in this matter.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant objects to this Request for Admission on the grounds that it is vague and calls for speculation. Defendant also objects on the grounds that the request calls for an admission of a conclusion of law. *See, e.g.*, *Playboy Enter., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.") Moreover, whether a Plaintiff has standing is a question of law that goes to the court's subject matter jurisdiction, and the parties cannot stipulate to, or otherwise create, jurisdiction where none exists. *See United States v. Shaw*, 655 F.2d 168, 171 (9th Cir. 1981) ("Parties may not confer subject matter jurisdiction upon the court by either consent or waiver[.]"). Defendant will not respond to this request.

**REQUEST FOR ADMISSION #9**

Plaintiff Second Amendment Foundation, Inc., has standing in this matter.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant objects to this Request for Admission on the grounds that it is vague and calls for speculation. Defendant also objects on the grounds that the request calls for an admission of a conclusion of law. *See, e.g.*, *Playboy Enter., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.") Moreover, whether a Plaintiff has standing is a question of law that goes to the court's subject matter jurisdiction, and the parties cannot stipulate to, or otherwise create, jurisdiction where none exists. *See United States v. Shaw*, 655 F.2d 168, 171 (9th Cir. 1981) ("Parties may not confer subject matter jurisdiction upon the court by either consent or waiver[.]"). Defendant will not respond to this request.

7

**REQUEST FOR ADMISSION #10**

Plaintiff Jane Roe #2 has obtained a <u>Restoration of Firearm Rights by State Court Adjudication</u> of her <u>state firearm disability</u>.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant objects to this to the phrases "Restoration of Firearm Rights by State Court Adjudication" and "state firearm disability" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant ADMITS that Plaintiff Jane Roe #2 successfully petitioned a superior court under California Welfare and Institutions Code section 8100 *et seq.* for an order that she may own, possess, have custody or control over, receive, or purchase firearms.

**REQUEST FOR ADMISSION #11**

Plaintiff Jane Roe #2 has obtained a <u>Restoration of Firearm Rights by Operation of State Law</u> of her <u>state firearm disability</u>.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant objects to this to the phrases "Restoration of Firearm Rights by Operation of State Law" and "state firearm disability" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant ADMITS that Plaintiff Jane Roe #2's July 2008 detention under California Welfare and Institutions Code section 5250 no longer prevents her from owning a firearm under California Law.

**REQUEST FOR ADMISSION #12**

Plaintiff John Doe #1 has obtained a <u>Restoration of Firearm Rights by State Court Adjudication</u> of his <u>state firearm disability</u>.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant objects to this to the phrases "Restoration of Firearm Rights by State Court Adjudication" and "state firearm disability" as vague and ambiguous.

8

1    Subject to and without waiving the foregoing objections, Defendant ADMITS that

2  Plaintiff John Doe #1 successfully petitioned a superior court under California Welfare and

3  Institutions Code section 8100 *et seq.*  for an order that he may own, possess, have custody or

4  control over, receive, or purchase firearms.

5  **REQUEST FOR ADMISSION #13**

6    Plaintiff John Doe #2 has obtained a <u>Restoration of Firearm Rights by State Court

7  Adjudication</u> of his <u>state firearm disability</u>.

8  **RESPONSE:**

9    Defendant incorporates by reference the General Objections stated above as if fully set

10  forth herein. Defendant objects to this to the phrases "Restoration of Firearm Rights by State

11  Court Adjudication" and "state firearm disability" as vague and ambiguous.

12    Subject to and without waiving the foregoing objections, Defendant ADMITS that

13  Plaintiff John Doe #2 successfully petitioned a superior court under California Welfare and

14  Institutions Code section 8100 *et seq.* for an order that he may own, possess, have custody or

15  control over, receive, or purchase firearms.

16  **REQUEST FOR ADMISSION #14**

17    Plaintiff John Doe #3 has obtained a <u>Restoration of Firearm Rights by Operation of State

18  Law</u> of his <u>state firearm disability</u>.

19  **RESPONSE:**

20    Defendant incorporates by reference the General Objections stated above as if fully set

21  forth herein. Defendant objects to this to the phrases "Restoration of Firearm Rights by Operation

22  of State Law" and "state firearm disability" as vague and ambiguous.

23    Subject to and without waiving the foregoing objections, Defendant ADMITS that

24  Plaintiff John Doe #3's June 2012 detention under California Welfare and Institutions Code

25  section 5250 no longer prevents him from owning a firearm under California Law.

26

27

28

**REQUEST FOR ADMISSION #15**

Plaintiff John Doe #4 has obtained a <u>Restoration of Firearm Rights by State Court Adjudication</u> of his <u>state firearm disability</u>.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant objects to this to the phrases "Restoration of Firearm Rights by Operation of State Law" and "state firearm disability" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant DENIES that Plaintiff John Doe #4 successfully petitioned a superior court under California Welfare and Institutions Code section 8100 *et seq.* for an order that he may own, possess, have custody or control over, receive, or purchase firearms.

**REQUEST FOR ADMISSION #16**

Plaintiff John Doe #4 has obtained a <u>Restoration of Firearm Rights by Operation of State Law</u> of his <u>state firearm disability</u>.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant objects to this to the phrases "Restoration of Firearm Rights by Operation of State Law" and "state firearm disability" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant ADMITS that Plaintiff John Doe #4's October 1996 detention under California Welfare and Institutions Code section 5250 no longer prevents him from prevents him from owning a firearm under California Law.

10

1   **REQUEST FOR ADMISSION #17**

2       Plaintiff John Doe #5 has obtained a <u>Restoration of Firearm Rights by Operation of State</u>

3   <u>Law</u> of his <u>state firearm disability</u>.

4   **RESPONSE:**

5       Defendant incorporates by reference the General Objections stated above as if fully set

6   forth herein. Defendant objects to this to the phrases "Restoration of Firearm Rights by Operation

7   of State Law" and "state firearm disability" as vague and ambiguous.

8       Subject to and without waiving the foregoing objections, Defendant ADMITS that

9   Plaintiff John Doe #5's May 2007 detention under California Welfare and Institutions Code

10  section 5250 no longer prevents him from prevents him from owning a firearm under California

11  Law.

12  **REQUEST FOR ADMISSION #18**

13      Plaintiff John Doe #6 has obtained a <u>Restoration of Firearm Rights by State Court</u>

14  <u>Adjudication</u> of his <u>state firearm disability</u>.

15  **RESPONSE:**

16      Defendant incorporates by reference the General Objections stated above as if fully set

17  forth herein. Defendant objects to this to the phrases "Restoration of Firearm Rights by State

18  Court Adjudication" and "state firearm disability" as vague and ambiguous.

19      Subject to and without waiving the foregoing objections, Defendant ADMITS that

20  Plaintiff John Doe #6 successfully petitioned a superior court under California Welfare and

21  Institutions Code section 8100 *et seq.* for an order that he may own, possess, have custody or

22  control over, receive, or purchase firearms.

23  **REQUEST FOR ADMISSION #19**

24      But for Jane Roe #1's <u>federal firearm disability</u>, California would approve the sale/transfer

25  of a firearm to Jane Roe #1.

26  **RESPONSE:**

27      Defendant incorporates by reference the General Objections stated above as if fully set

28  forth herein.

1   Subject to and without waiving the foregoing objections, Defendant ADMITS that, as of

2   the date of this response, the only law preventing Plaintiff Jane Roe #1 from possessing a firearm

3   is the federal lifetime prohibition in 18 U.S.C. § 922(g)(4) arising from a mental health detention

4   in New Jersey. This admission is not a substitute for a background check and is subject to change

5   in the event that the Bureau of Firearms learns of additional relevant information bearing on Jane

6   Roe #1's eligibility to possess a firearm.

7   **REQUEST FOR ADMISSION #20**

8   But for Jane Roe #2's <u>federal firearm disability</u>, California would approve the sale/transfer

9   of a firearm to Jane Roe #2.

10  **RESPONSE:**

11  Defendant incorporates by reference the General Objections stated above as if fully set

12  forth herein.

13  Subject to and without waiving the foregoing objections, Defendant ADMITS that, as of

14  the date of this response, the only law preventing Plaintiff Jane Roe #2 from possessing a firearm

15  is the federal lifetime prohibition in 18 U.S.C. § 922(g)(4) arising from a July 2008 mental health

16  detention under Welfare and Institutions Code section 5250. This admission is not a substitute for

17  a background check and is subject to change in the event that the Bureau of Firearms learns of

18  additional relevant information bearing on Jane Roe #2's eligibility to possess a firearm.

19  **REQUEST FOR ADMISSION #21**

20  But for John Doe #1's <u>federal firearm disability</u>, California would approve the

21  sale/transfer of a firearm to John Doe #1.

22  **RESPONSE:**

23  Defendant incorporates by reference the General Objections stated above as if fully set

24  forth herein.

25  Subject to and without waiving the foregoing objections, Defendant ADMITS that, as of

26  the date of this response, the only law preventing Plaintiff John Doe #1 from possessing a firearm

27  is the federal lifetime prohibition in 18 U.S.C. § 922(g)(4) arising from a September 2011 mental

28  health detention under Welfare and Institutions Code section 5250. This admission is not a

12

1    substitute for a background check and is subject to change in the event that the Bureau of

2    Firearms learns of additional relevant information bearing on John Doe #1's eligibility to possess

3    a firearm.

4    **REQUEST FOR ADMISSION #22**

5         But for John Doe #2's <u>federal firearm disability</u>, California would approve the

6    sale/transfer of a firearm to John Doe #2.

7    **RESPONSE:**

8         Defendant incorporates by reference the General Objections stated above as if fully set

9    forth herein.

10        Subject to and without waiving the foregoing objections, Defendant ADMITS that, as of

11   the date of this response, the only law preventing Plaintiff John Doe #2 from possessing a firearm

12   is the federal lifetime prohibition in 18 U.S.C. § 922(g)(4) arising from a April 2015 mental

13   health detention under Welfare and Institutions Code section 5250. This admission is not a

14   substitute for a background check and is subject to change in the event that the Bureau of

15   Firearms learns of additional relevant information bearing on John Doe #2's eligibility to possess

16   a firearm.

17   **REQUEST FOR ADMISSION #23**

18        But for John Doe #3's <u>federal firearm disability</u>, California would approve the

19   sale/transfer of a firearm to John Doe #3.

20   **RESPONSE:**

21        Defendant incorporates by reference the General Objections stated above as if fully set

22   forth herein.

23        Subject to and without waiving the foregoing objections, Defendant ADMITS that, as of

24   the date of this response, the only law preventing Plaintiff John Doe #3 from possessing a firearm

25   is the federal lifetime prohibition in 18 U.S.C. § 922(g)(4) arising from a June 2012 mental health

26   detention under Welfare and Institutions Code section 5250. This admission is not a substitute for

27   a background check and is subject to change in the event that the Bureau of Firearms learns of

28   additional relevant information bearing on John Doe #3's eligibility to possess a firearm.

13

**REQUEST FOR ADMISSION #24**

But for John Doe #4's <u>federal firearm disability</u>, California would approve the sale/transfer of a firearm to John Doe #4.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant ADMITS that, as of the date of this response, the only law preventing Plaintiff John Doe #4 from possessing a firearm is the federal lifetime prohibition in 18 U.S.C. § 922(g)(4) arising from a October 1996 mental health detention under Welfare and Institutions Code section 5250. This admission is not a substitute for a background check and is subject to change in the event that the Bureau of Firearms learns of additional relevant information bearing on John Doe #4's eligibility to possess a firearm.

**REQUEST FOR ADMISSION #25**

But for John Doe #5's <u>federal firearm disability</u>, California would approve the sale/transfer of a firearm to John Doe #5.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant ADMITS that, as of the date of this response, the only law preventing Plaintiff John Doe #5 from possessing a firearm is the federal lifetime prohibition in 18 U.S.C. § 922(g)(4) arising from a May 2007 mental health detention under Welfare and Institutions Code section 5250. This admission is not a substitute for a background check and is subject to change in the event that the Bureau of Firearms learns of additional relevant information bearing on John Doe #5's eligibility to possess a firearm.

**REQUEST FOR ADMISSION #26**

But for John Doe #6's <u>federal firearm disability</u>, California would approve the sale/transfer of a firearm to John Doe #6.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant DENIES this request for admission for lack of information or belief. As of the date of this response, the federal lifetime prohibition in 18 U.S.C. § 922(g)(4) arising from a mental health detention under Welfare and Institutions Code section 5250 prevents John Doe #6 from possessing a firearm. Defendant cannot currently confirm whether the Bureau of Firearms would approve the sale or transfer of a firearm to John Doe #6, but for his section 5250 detention, because information in his record suggests that he may be subject to an additional federal prohibition on his ability to possess a firearm. Specifically, John Doe #6 has a record of arrest on September 23, 2002, for domestic battery (Cal. Pen. Code § 243(e)(1)) and subsequent conviction for fighting or challenging another person to fight in a public place (*id.* § 415(1)). This arrest and conviction may make John Doe #6 ineligible to possess a firearm under 18 U.S.C. § 922(g)(9). This denial is subject to change in the event that the Bureau of Firearms learns of additional relevant information bearing on John Doe #5's eligibility to possess a firearm.

Dated:  September 15, 2020                    Respectfully submitted,

                                                            XAVIER BECERRA
                                                            Attorney General of California
                                                            ANTHONY R. HAKL
                                                            Supervising Deputy Attorney General


                                                            */s/ Nelson Richards*
                                                            NELSON R. RICHARDS
                                                            Deputy Attorney General
                                                            *Attorneys for Defendant Attorney General of California, Xavier Becerra*

15

**VERIFICATION OF RFA RESPONSES**

I, Gilbert Mac, am employed by the State of California Department of Justice as a Staff Services Manager I, Mental Health Unit, in the Bureau of Firearms. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 15, 2020, at Sacramento, California.

GILBERT MAC

16

## DECLARATION OF SERVICE BY E-MAIL

Case Name:  **Jane Roe #1, et al. v. United States of America, et al.**
No.:        **1:19-cv-00270**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter.

On September 15, 2020, I served the attached **RESPONSES TO REQUESTS FOR ADMISSION BY DEFENDANT XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA** by transmitting a true copy via electronic mail as follows:


Don Kilmer: don@dklawoffice.com

James Bickford: James.Bickford@usdoj.gov

Christina Kilmer: christina@dklawoffice.com

Jason Davis: jason@calgunlawyers.com


I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 15, 2020, at Sacramento, California.

| | |
|---|---|
| Tracie L. Campbell | *Tracie Campbell* |
| Declarant | Signature |

SA2019101161
34410541.docx