1    XAVIER BECERRA, State Bar No. 118517
     Attorney General of California
2    ANTHONY R. HAKL, State Bar No. 197335
     Supervising Deputy Attorney General
3    NELSON R. RICHARDS, State Bar No. 246996
     Deputy Attorney General
4      1300 I Street, Suite 125
       P.O. Box 944255
5      Sacramento, CA 94244-2550
       Telephone: (916) 210-7867
6      Fax: (916) 324-8835
       E-mail: Nelson.Richards@doj.ca.gov
7    *Attorneys for Defendant Attorney General of
     California, Xavier Becerra*

8

9                 IN THE UNITED STATES DISTRICT COURT

10               FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| 13  **JANE ROE #1, et al.,** | 1:19-cv-00270 |
| 14                              Plaintiffs, | **RESPONSES TO PLAINTIFFS'** |
| 15     **v.** | **INTERROGATORIES BY DEFENDANT XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS THE ATTORNEY** |
| 16 | **GENERAL OF THE STATE OF** |
| 17  **UNITED STATES OF AMERICA, et al.,** | **CALIFORNIA** |
| 18                              Defendants. | |

19

20   PROPOUNDING PARTY:     PLAINTIFF

21   RESPONDING PARTY:      DEFENDANT XAVIER BECERRA

22   SET NO.:               ONE

23

24

25

26

27

28

                                    1

Defendant Attorney General Xavier Becerra, in his official capacity as the Attorney General of the State of California (Defendant), responds and objects to the First Set of Interrogatories Propounded by Plaintiffs as follows:

**PRELIMINARY STATEMENT**

Defendant has not yet completed the investigation of the facts relating to this case and has not yet completed discovery in this action. All of the responses contained herein are based solely upon information and documents that are presently available to and specifically known by Defendant, and disclose only those contentions that presently occur to Defendant. It is anticipated that further discovery, independent investigation, legal research, or analysis will supply additional facts and lead to additions, changes, and variations from the responses herein.

Defendant expressly reserves the right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes the responses and objections herein without in any way implying that the interrogatories and responses to the interrogatories are relevant or material to the subject matter of this action.

An objection or response to an interrogatory shall not be construed as an acknowledgment that Defendant performed any of the acts described in the interrogatory or definitions applicable to the interrogatory, or that Defendant acquiesces in the characterization of the conduct or activities contained in the interrogatory or definitions applicable to interrogatory.

The following responses are given without prejudice to the right to produce evidence or witnesses which Defendant may later discover. Defendant reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

**GENERAL OBJECTIONS**

1.      Defendant objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from

2

1   those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the

2   Court.

3        2.     Defendant objects to the Interrogatories to the extent that any particular

4   interrogatory is overbroad, vague, ambiguous, unintelligible, unduly burdensome, or not relevant

5   to any party's claim or defense and proportional to the needs of the case.

6        3.     Defendant objects to the Interrogatories to the extent that any particular

7   interrogatory requires the production of information available to Plaintiffs through the subpoena

8   process or their own records.

9        4.     Defendant objects to the Interrogatories to the extent that any individual

10   interrogatory calls for information subject to a claim of privilege, including, without limitation,

11   the attorney-client privilege and/or the attorney work-product doctrine, and Defendant hereby

12   claims the attorney-client privilege and invokes the attorney work-product doctrine. The fact that

13   Defendant may not specifically object to any individual interrogatory on the ground that it seeks

14   information subject to the attorney-client privilege and the attorney work-product doctrine is not

15   to be deemed a waiver of the protection of non-disclosure afforded by the attorney-client

16   privilege or the attorney work-product doctrine. Should any disclosure by Defendant of such

17   information occur, it is inadvertent and shall not constitute a waiver of any privilege or protection.

18        5.     Defendant objects to the Interrogatories to the extent that any individual

19   interrogatory assumes the truth of facts either in dispute or not yet in evidence.

20        6.     Defendant objects to the Interrogatories insofar as any individual interrogatory

21   calls for speculation or legal conclusions.

22        7.     To the extent that any individual Interrogatory purports to impose on Defendant

23   the burden of providing information which is not in Defendant's possession, custody, or control,

24   or is already in Plaintiffs' possession, custody or control, or is not reasonably available to

25   Defendant after a diligent search and reasonable inquiry, Defendant objects on the grounds that

26   the Interrogatories are overbroad, unduly burdensome, oppressive, and the burden, expense and/or

27   intrusiveness of the discovery clearly outweighs the likelihood that the information sought will

28   lead to the discovery of admissible evidence.

3

8.      The foregoing objections apply to each and every response contained herein and are incorporated by reference to the extent applicable in the specific responses set forth below as though fully set forth therein. The failure to mention one of the foregoing objections in the specific response set forth below shall not be deemed a waiver of such objection.

9.      Defendant will make reasonable efforts to respond to each interrogatory, to the extent that no objection is made, as Defendant understands and interprets the interrogatory. If Plaintiffs' interpretation of any individual interrogatory differs from that of Defendant, Defendant reserves the right to supplement its objections and responses.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY #1**

Set forth the policies and procedures that California follows when a person with a <u>State Determination of Mental Health Status</u> has subsequently obtained a <u>Restoration or Rights by State Court Adjudication</u> under California Law.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense and proportional to the needs of the case. Defendant objects to the interrogatory as overbroad and unduly burdensome to the extent that it seeks procedures used by "California," rather than Defendant and the California Department of Justice. Defendant objects to the phrases "policies and procedures," "State Determination of Mental Health Status," and "Restoration of Firearm Rights by State Court Adjudication" as vague and ambiguous. Defendant objects to the phrase "policies and procedures" to the extent that the meaning of the phrase depends on definitions not provided with Plaintiffs' Interrogatories.

Subject to and without waiving any of the foregoing objections, Defendant responds: Under California Law, a person may be detained for up to 14 days if, "as a result of a mental health disorder or impairment by chronic alcoholism," that person poses "a danger to others, or to

4

1  himself or herself, or [is] gravely disabled." Cal. Welf. & Inst. Code § 5250(a). A person who has

2  been detained subject to Welfare and Institutions Code section 5250 may not possess a firearm for

3  five years, assuming no other disqualifying events occur. *Id.* § 8103(g)(1)(i). (Other laws may

4  prohibit a person from possessing a firearm. *See, e.g.*, *id.* §§ 5150, 8103(f)(1)(A), (B). Defendant

5  does not understand the Complaint to be challenging those laws.) When a facility detains

6  someone under section 5250, the facility must transmit a report identifying the person detained to

7  the California Department of Justice. *Id.* § 8103(g)(2). A person who has been detained under

8  section 5250, and who is subject to a prohibition on the possession of firearms, "may petition the

9  superior court of his or her county of residence for an order that he or she may own, possess,

10  control, receive, or purchase firearms." *Id.* § 8103(g)(4). If the superior court grants that petition,

11  the court will submit its order to the California Department of Justice. *Id.* "Upon receipt of the

12  order, the Department of Justice shall delete any reference to the prohibition against firearms

13  from the person's state mental health firearms prohibition system information." *Id.* Upon receipt

14  by the California Department of Justice, the order will be processed by the Bureau of Firearms

15  (BOF). A Staff Services Analyst (SSA) in the Mental Health Unit reviews all minute orders

16  received from the Superior Court for the purpose of Firearm Rights Restoration Hearings under

17  California Welfare and Institutions Code section 8130(f)(1). The SSA follows the steps in the

18  document entitled Mental Health Unit Restoration of Rights Procedures, produced concurrently

19  herewith and bates stamped DEF. CA AG 00000024 to DEF. CA AG 00000042.

20  **INTERROGATORY #2**

21  Set forth the policies and procedures that California follows when a person with a <u>State

22  Determination of Mental Health Status</u> has subsequently obtained a <u>Restoration or Rights by

23  Operation of State Law</u> under California Law.

24  **RESPONSE:**

25  Defendant incorporates by reference the General Objections stated above as if fully set

26  forth herein. Defendant further objects that this interrogatory is not reasonably calculated to lead

27  to the discovery of admissible evidence relevant to any party's claim or defense and proportional

28  to the needs of the case. Defendant objects to the interrogatory as overbroad and unduly

5

1  burdensome to the extent that it seeks procedures used by "California," rather than Defendant and

2  the California Department of Justice. Defendant objects to the phrases "policies and procedures,"

3  "State Determination of Mental Health Status," and "Restoration of Firearm Rights by Operation

4  of State Law" as vague and ambiguous. Defendant objects to the phrase "policies and procedures"

5  to the extent that the meaning of the phrase depends on definitions not provided with Plaintiffs'

6  Interrogatories.

7       Subject to and without waiving any of the foregoing objections, Defendant responds:

8  Under California Law, a person may be detained for up to 14 days if, "as a result of a mental

9  health disorder or impairment by chronic alcoholism," that person poses "a danger to others, or to

10 himself or herself, or [is] gravely disabled." Cal. Welf. & Inst. Code § 5250(a). A person who has

11 been detained subject to Welfare and Institutions Code section 5250 may not possess a firearm for

12 five years. *Id.* § 8103(g)(1)(i). (Other laws that are not at issue in this case can result in a person

13 being prohibited from possessing a firearm. *See, e.g.*, *id.* §§ 5150, 8103(f)(1)(A), (B). Those

14 situations are not at issue in this case.) When a facility detains someone under section 5250, the

15 facility must transmit a report identifying the person detained to the California Department of

16 Justice. *Id.* § 8103(g)(2). Upon receipt of the record, the person has a record created in the Mental

17 Health Firearms Prohibition System. At the end of the five-year California prohibition, BOF does

18 not make any changes to the person's record in the Mental Health Firearms Prohibition System

19 because the person is subject to the lifetime ban under 18 U.S.C. § 922(g)(4) and no California

20 statute requires deletion of the information.

21 **INTERROGATORY #3**

22      Set forth the manner of the notice that California provides to the United States

23 Government (including its agencies and departments) when a person with a <u>State Determination

24 of Mental Health Status</u> has subsequently obtained a <u>Restoration or Rights by State Court

25 Adjudication</u> under California Law.

26 **RESPONSE:**

27      Defendant incorporates by reference the General Objections stated above as if fully set

28 forth herein. Defendant further objects that this interrogatory is not reasonably calculated to lead

6

to the discovery of admissible evidence relevant to any party's claim or defense and proportional to the needs of the case. Defendant objects to the interrogatory as overbroad and unduly burdensome to the extent that it seeks procedures used by "California," rather than Defendant and the California Department of Justice. Defendant objects to the phrases "State Determination of Mental Health Status" and "Restoration of Firearm Rights by State Court Adjudication" and the word "notice" as vague and ambiguous.

Subject to and without waiving any of the foregoing objections, Defendant responds: A person who has been detained subject to Welfare and Institutions Code section 5250 may not possess a firearm for five years under California law. Cal. Welf. & Inst. Code § 8103(g)(1)(i). Under federal law, however, a detention under section 5250 subjects the person to a lifetime federal ban. 18 U.S.C. § 922(g)(4). No state or federal law requires BOF to provide either the Federal Bureau of Investigation or the Bureau of Alcohol, Tobacco, Firearms and Explosives with notice that a person who has been detained pursuant to California Welfare and Institutions Code section 5250 has had his or her rights restored under California Welfare and Institutions Code section 8103. Any such notice would be superfluous because the person would remain subject to the lifetime ban on firearm possession in 18 U.S.C. § 922(g)(4) regardless of the restoration under California law.

**INTERROGATORY #4**

Set forth the manner of the notice that California provides to the United States Government (including its agencies and departments) when a person with a State Determination of Mental Health Status has subsequently obtained a Restoration or Rights by Operation of Law under California Law.

**RESPONSE:**

Defendant incorporates by reference the General Objections stated above as if fully set forth herein. Defendant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense and proportional to the needs of the case. Defendant objects to the interrogatory as overbroad and unduly burdensome to the extent that it seeks procedures used by "California," rather than Defendant and

7

1   the California Department of Justice. Defendant objects to the phrases "State Determination of

2   Mental Health Status" and "Restoration of Firearm Rights by Operation of State Law" and the

3   word "notice" as vague and ambiguous.

4          Subject to and without waiving any of the foregoing objections, Defendant responds: A

5   person who has been detained subject to Welfare and Institutions Code section 5250 may not

6   possess a firearm for five years under California law. Cal. Welf. & Inst. Code § 8103(g)(1)(i).

7   Under federal law, however, a detention under section 5250 subjects the person to a lifetime

8   federal ban. 18 U.S.C. § 922(g)(4). No state or federal law requires BOF to provide either the

9   Federal Bureau of Investigation or the Bureau of Alcohol, Tobacco, Firearms and Explosives with

10  notice that a person who has been detained pursuant to California Welfare and Institutions Code

11  section 5250 has had his or her rights restored under California Welfare and Institutions Code

12  section 8103. Any such notice would be a superfluous because the person would remain subject

13  to the lifetime ban on firearm possession in 18 U.S.C. § 922(g)(4) regardless of the restoration

14  under California law.

15  **INTERROGATORY #5**

16         Set forth the content of the notice that California provides to the United States

17  Government (including its agencies and departments) when a person with a <u>State Determination</u>

18  <u>of Mental Health Status</u> has subsequently obtained a <u>Restoration or Rights by State Court</u>

19  <u>Adjudication</u> under California Law.

20  **RESPONSE:**

21         Defendant incorporates by reference the General Objections stated above as if fully set

22  forth herein. Defendant further objects that this interrogatory is not reasonably calculated to lead

23  to the discovery of admissible evidence relevant to any party's claim or defense and proportional

24  to the needs of the case. Defendant objects to the interrogatory as overbroad and unduly

25  burdensome to the extent that it seeks procedures used by "California," rather than Defendant and

26  the California Department of Justice. Defendant objects to the phrases "State Determination of

27  Mental Health Status" and "Restoration of Firearm Rights by State Court Adjudication" and the

28  word "notice" as vague and ambiguous.

1    Subject to and without waiving any of the foregoing objections, Defendant responds: A

2    person who has been detained subject to Welfare and Institutions Code section 5250 may not

3    possess a firearm for five years under California law. Cal. Welf. & Inst. Code § 8103(g)(1)(i).

4    Under federal law, however, a detention under section 5250 subjects the person to a lifetime

5    federal ban. 18 U.S.C. § 922(g)(4). No state or federal law requires BOF to provide either the

6    Federal Bureau of Investigation or the Bureau of Alcohol, Tobacco, Firearms and Explosives with

7    notice that a person who has been detained pursuant to California Welfare and Institutions Code

8    section 5250 has had his or her rights restored under California Welfare and Institutions Code

9    section 8103. Any such notice would be a superfluous because the person would remain subject

10   to the lifetime ban on firearm possession in 18 U.S.C. § 922(g)(4) regardless of the restoration

11   under California law. There are therefore no contents of any notice to describe.

12   **INTERROGATORY #6**

13   Set forth the content of the notice that California provides to the United States

14   Government (including its agencies and departments) when a person with a <u>State Determination</u>

15   <u>of Mental Health Status</u> has subsequently obtained a <u>Restoration or Rights by Operation of Law</u>

16   under California Law.

17   **RESPONSE:**

18   Defendant incorporates by reference the General Objections stated above as if fully set

19   forth herein. Defendant further objects that this interrogatory is not reasonably calculated to lead

20   to the discovery of admissible evidence relevant to any party's claim or defense and proportional

21   to the needs of the case. Defendant objects to the interrogatory as overbroad and unduly

22   burdensome to the extent that it seeks procedures used by "California," rather than Defendant and

23   the California Department of Justice. Defendant objects to the phrases "State Determination of

24   Mental Health Status" and "Restoration of Firearm Rights by State Court by Operation of State

25   Law" and the word "notice" as vague and ambiguous.

26   Subject to and without waiving any of the foregoing objections, Defendant responds:

27   Subject to and without waiving any of the foregoing objections, Defendant responds: A person

28   who has been detained subject to Welfare and Institutions Code section 5250 may not possess a

9

1   firearm for five years under California law. Cal. Welf. & Inst. Code § 8103(g)(1)(i). Under

2   federal law, however, a detention under section 5250 subjects the person to a lifetime federal ban.

3   18 U.S.C. § 922(g)(4). No state or federal law requires BOF to provide either the Federal Bureau

4   of Investigation or the Bureau of Alcohol, Tobacco, Firearms and Explosives with notice that a

5   person who has been detained pursuant to California Welfare and Institutions Code section 5250

6   has had his or her rights restored under California Welfare and Institutions Code section 8103.

7   Any such notice would be a superfluous because the person would remain subject to the lifetime

8   ban on firearm possession in 18 U.S.C. § 922(g)(4) regardless of the restoration under California

9   law. There are therefore no contents of any notice to describe.

10  **INTERROGATORY #7**

11       If your response to any of the accompanying requests for admissions is anything but an

12  unqualified admission, please state the number of the request and state all facts upon which you

13  base your response.

14  **RESPONSE:**

15       Defendant incorporates by reference the General Objections stated above as if fully set

16  forth herein. Defendant further objects that this interrogatory is not reasonably calculated to lead

17  to the discovery of admissible evidence relevant to any party's claim or defense and proportional

18  to the needs of the case. Defendant also objects to the extent that the interrogatory calls for

19  information protected from disclosure by the attorney-client and the attorney work product

20  doctrine, and other applicable privileges and protections. Defendant objects to this interrogatory

21  as unduly burdensome, as the responses to the Requests for Admission are full and complete of

22  themselves and need no further elaboration. Defendant objects to this interrogatory on the

23  grounds that it contains discrete subparts that count as more than one interrogatory—specifically,

24  it asks for responses relating to 26 requests for admission, causing Plaintiffs to exceed the 25

25  interrogatory limit in Federal Rule of Civil Procedure 33(a)(1).

26       Subject to and without waiving any of the foregoing objections, Defendant responds:

27  Plaintiffs' Requests for Admission (Set One) numbers 1 through 9 request Defendant to admit

28  whether Plaintiffs have standing to pursue their claims. Defendant is not required to answer those

10

1  requests as a matter of law. No facts beyond the requests themselves are necessary to justify those

2  objections.

3          In addition, Defendant denies Plaintiffs' Request for Admission (Set One) number 26 for

4  lack of information and belief. John Doe #6 has a record of arrest on September 23, 2002, for

5  domestic battery (Cal. Pen. Code § 243(e)(1)) and subsequent conviction for fighting or

6  challenging another person to fight in a public place (*id.* § 415(1)). Upon information and belief,

7  this event involved the use of force or the threatened use of force against a spouse, a person with

8  whom the John Doe #6 was cohabiting, a person who is the parent of the John Doe #6's child,

9  former spouse, fiancé, or fiancée, or a person with whom the John Doe #6 had, or had previously

10  had, a dating or engagement relationship.

11

12  Dated: September 15, 2020                        Respectfully submitted,

13                                                   XAVIER BECERRA
                                                     Attorney General of California
14                                                   ANTHONY R. HAKL
                                                     Supervising Deputy Attorney General
15

16
                                                     */s/ Nelson Richards*
17                                                   NELSON R. RICHARDS
                                                     Deputy Attorney General
18                                                   *Attorneys for Defendant Attorney General of*
                                                     *California, Xavier Becerra*
19

20

21

22

23

24

25

26

27

28

1  **VERIFICATION OF INTERROGATORY ANSWERS**

2      I, Gilbert Mac, am employed by the State of California Department of Justice as a Staff

3  Services Manager I, Mental Health Unit, in the Bureau of Firearms. I believe, based on

4  reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge,

5  information, and belief.

6      I declare under penalty of perjury under the laws of the United States of America that the

7  foregoing is true and correct.

8      Executed on September 15, 2020, at Sacramento, California.

9

10  _____

11  GILBERT MAC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY E-MAIL

Case Name:   **Jane Roe #1, et al. v. United States of America, et al.**
No.:         **1:19-cv-00270**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.

On <u>September 15, 2020,</u> I served the attached **RESPONSES TO PLAINTIFFS' INTERROGATORIES BY DEFENDANT XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA** by transmitting a true copy via electronic mail as follows:


Don Kilmer: <u>don@dklawoffice.com</u>

James Bickford: <u>James.Bickford@usdoj.gov</u>

Christina Kilmer: <u>christina@dklawoffice.com</u>

Jason Davis: <u>jason@calgunlawyers.com</u>


I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 15, 2020, at Sacramento, California.

_____
        Tracie L. Campbell
             Declarant

_____
             Signature

SA2019101161
34410541.docx