James Bickford (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632

*Attorney for Federal Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1, *et al.*,<br><br>       Plaintiffs,<br><br> v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br> and<br><br>XAVIER BECERRA,<br><br>       Defendants. | Case No. 1:19-cv-00270-DAD-BAM<br><br>**FEDERAL DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

Pursuant to Federal Rules of Civil Procedure 26 and 36, the Federal Defendants hereby respond to Plaintiffs' First Set of Requests for Admission ("First RFAs") as set forth below.

**GENERAL OBJECTIONS**

1. The general objections set forth below apply to each and every request for admission discussed below. In asserting Federal Defendants' objections to specific requests for admission, Federal Defendants may assert an objection that is the same as, or substantially similar to, one or more of these general objections.  Federal Defendants may do so because the language of the request for admission itself may signal particular and specific concerns that the request for admission at issue may be objectionable based on the grounds stated.  The fact that Federal Defendants may specifically reference some of the general objections described immediately below in his objections to Plaintiffs' individual requests for admission, but not

others from the same list, does not indicate that Federal Defendants has waived any of these objections as to any of Plaintiffs' requests for admission.

2. Federal Defendants object to Plaintiffs' First RFAs to the extent that they seek (a) attorney work product; (b) communications protected by the attorney-client privilege; (c) information protected by the deliberative process privilege or law enforcement privilege; (d) material the disclosure of which would violate legitimate privacy interests and expectations of persons not party to this litigation; (e) information protected by any form of executive privilege; or (f) information covered by any other applicable privilege or protection.

3. Federal Defendants object to the Definitions that accompany the First RFAs to the extent that these sections purport to impose obligations beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules of the U.S. District Court for the Northern District of California.

4. Federal Defendants object to the definition of the term "party" to the extent that "party" calls for discovery from all affiliates, agents, employees, and personnel. Federal Defendants include numerous components and employ tens of thousands of individuals. Any search effort directed toward all such individuals would be massively burdensome and disproportionate to the needs of this case. Federal Defendants will identify appropriate individuals and will conduct reasonable inquiries. *See, e.g.*, *In re Epipen*, MDL No. 2785, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018) ("[T]he party responding to discovery requests is typically in the best position to know and identify those individuals within its organization likely to have information relevant to the case.").

## RESERVATION OF OBJECTIONS

The foregoing objections to the Definitions and the following specific objections are based upon (a) Federal Defendants' interpretation of the requests for admission served by Plaintiffs and (b) information reasonably available to Federal Defendants as of the date of this document. Federal Defendants reserve the right to supplement these objections based upon (a) information that Plaintiffs purport to interpret the requests for admission differently than Federal Defendants and/or (b) the discovery of new information supporting additional objections.

**RESPONSES AND SPECIFIC OBJECTIONS**

**REQUESTS FOR ADMISSION #1 through 9**

1. Plaintiff Jane Roe #1 has standing in this matter.
2. Plaintiff Jane Roe #2 has standing in this matter.
3. Plaintiff John Doe #1 has standing in this matter.
4. Plaintiff John Doe #2 has standing in this matter.
5. Plaintiff John Doe #3 has standing in this matter.
6. Plaintiff John Doe #4 has standing in this matter
7. Plaintiff John Doe #5 has standing in this matter.
8. Plaintiff John Doe #6 has standing in this matter.
9. Plaintiff Second Amendment Foundation, Inc., has standing in this matter.

**RESPONSE:**

Federal Defendants incorporate by reference the above General Objections.

Subject to, and without waiving the forgoing objections, the Federal Defendants state as follows: Not admitted. Plaintiffs only have standing to pursue their claims against the Federal Defendants if they are suffering a concrete and particularized injury that can be fairly traced to the conduct of the Federal Defendants, and could be remedied by the district court. (The Second Amendment Foundation can assert such claims on behalf of its members.) That question is obviously fact-intensive, and discovery in this case is ongoing. Moreover, even if the Federal Defendants concluded at the close of discovery that they did not wish to challenge the standing of any plaintiff, the district court would still be obliged to assure itself of each plaintiff's standing, and therefore its own jurisdiction.

**REQUESTS FOR ADMISSION #10 through 17**

10. Plaintiff Jane Roe #1's <u>federal firearm disability</u> is based on a <u>State Determination of Mental Health Status.</u>

11. Plaintiff Jane Roe #2's <u>federal firearm disability</u> is based on a <u>State Determination of Mental Health Status.</u>

12. Plaintiff John Doe #1's <u>federal firearm disability</u> is based on a <u>State Determination of Mental Health Status.</u>

13. Plaintiff John Doe #2's <u>federal firearm disability</u> is based on a <u>State Determination of Mental Health Status.</u>

14. Plaintiff John Doe #3's <u>federal firearm disability</u> is based on a <u>State Determination of Mental Health Status.</u>

15. Plaintiff John Doe #4's <u>federal firearm disability</u> is based on a <u>State Determination of Mental Health Status.</u>

16. Plaintiff John Doe #5's <u>federal firearm disability</u> is based on a <u>State Determination of Mental Health Status.</u>

17. Plaintiff John Doe #6's <u>federal firearm disability</u> is based on a <u>State Determination of Mental Health Status.</u>

**RESPONSE:**

Federal Defendants incorporate by reference the above General Objections.

Subject to, and without waiving the forgoing objections, the Federal Defendants state as follows: For each individual plaintiff, the National Instant Criminal Background Check System (NICS) Index records indicate that the plaintiff is prohibited from possessing a firearm because he or she has been adjudicated as a "mental defective" or committed to a mental institution. For

1 each individual plaintiff, NICS Index records indicate that a state agency submitted the

2 information leading to this prohibition. On the basis of these records, Federal Defendants

3 believe that each plaintiff is barred from possessing a firearm under 18 U.S.C. § 922(g)(4),

4 because of a determination made under state law.

Respectfully submitted this 29th day of September, 2020,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

LESLEY FARBY
Assistant Director
Federal Programs Branch

 */s/ James Bickford*
JAMES BICKFORD
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 305-7632
James.Bickford@usdoj.gov

*Attorneys for Federal Defendants*