James Bickford (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632

*Attorney for Federal Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>and<br><br>XAVIER BECERRA,<br><br>Defendants. | Case No. 1:19-cv-00270-DAD-BAM<br><br>**FEDERAL DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |

1    Pursuant to Federal Rules of Civil Procedure 26 and 34, the Federal Defendants hereby

2   respond to Plaintiffs' First Set of Requests for Production ("First RFPs") as set forth below.

3                              **GENERAL OBJECTIONS**

4       1.    The general objections set forth below apply to each and every request for

5   production discussed below. In asserting Federal Defendant's objections to specific requests for

6   production, Federal Defendants may assert an objection that is the same as, or substantially

7   similar to, one or more of these general objections.  Federal Defendants may do so because the

8   language of the request for production itself may signal particular and specific concerns that the

9   request for production at issue may be objectionable based on the grounds stated.  The fact that

10  Federal Defendants may specifically reference some of the general objections described

11  immediately below in their  objections to Plaintiffs' individual requests for production, but not

1

1   others from the same list, does not indicate that Federal Defendants have waived any of these

2   objections as to any of Plaintiffs' requests for production.

3          2.      Federal Defendants object to Plaintiffs' First RFPs to the extent that they seek (a)

4   attorney work product; (b) communications protected by the attorney-client privilege; (c)

5   information protected by the deliberative process privilege or law enforcement privilege; (d)

6   material the disclosure of which would violate legitimate privacy interests and expectations of

7   persons not party to this litigation; (e) information protected by any form of executive privilege;

8   or (f) information covered by any other applicable privilege or protection.

9          3.      Federal Defendants object to the Definitions that accompany the First RFPs to the

10  extent that these sections purport to impose obligations beyond the requirements of the Federal

11  Rules of Civil Procedure or the Local Rules of the U.S. District Court for the Northern District of

12  California.

13         4.      Federal Defendants object to the definition of the term "party" to the extent that

14  "party" calls for discovery from all affiliates, agents, employees, and personnel.  Federal

15  Defendants include numerous components and employ tens of thousands of individuals.  Any

16  search effort directed toward all such individuals would be massively burdensome and

17  disproportionate to the needs of this case.  Federal Defendants will identify appropriate

18  individuals and will conduct reasonable inquiries.  *See, e.g.*, *In re Epipen*, MDL No. 2785, 2018

19  WL 1440923, at *2 (D. Kan. Mar. 15, 2018) ("[T]he party responding to discovery requests is

20  typically in the best position to know and identify those individuals within its organization likely

21  to have information relevant to the case.").

22

2

1

**RESERVATION OF OBJECTIONS**

2      The forgoing objections to the Definitions and the following specific objections are based

3  upon (a) Federal Defendant's interpretation of the requests for production served by Plaintiffs

4  and (b) information reasonably available to Federal Defendants as of the date of this document.

5  Federal Defendants reserve the right to supplement these objections based upon (a) information

6  that Plaintiffs purport to interpret the requests for production differently than Federal Defendants

7  and/or (b) the discovery of new information supporting additional objections.

8

9

1 | **REQUEST FOR PRODUCTION #1**

2 |       Any and all documents relating to the federal defendants assertion on page 2, starting at

3 | line 12, (page 4 of 9 of the filed document) of the FEDERAL DEFENDANTS'S NOTICE OF

4 | MOTION AND MOTION TO DISMISS PLAINTIFFS' TENTH AMENDMENT CLAIM

5 | (Document 37), that supports the statement that "approximately thirty States have created

6 | qualifying programs" pursuant to 34 U.S.C. § 40915 et seq..

7 | **RESPONSE:**

8 |       Federal Defendants incorporate by reference the above General Objections.

9 |       Federal Defendants object to this request as overbroad, unduly burdensome, and

10 | disproportional to the needs of this case.  Plaintiffs have no legitimate need for all documents

11 | that merely "relat[e] to" this statement.

12 |       Subject to, and without waiving the forgoing objections, the Federal Defendants state as

13 | follows: The statement to which Plaintiffs refer is a direct quotation from *Mai v. United States*,

14 | 952 F.3d 1106, 1112 (9th Cir. 2020), which is publicly available.  The *Mai* court quoted a

15 | representation from counsel and cited to Bureau of Justice Statistics, State Profiles: NICS Act

16 | Record Improvement Program (NARIP) Awards FY 2009–2018,

17 | https://www.bjs.gov/index.cfm?ty=tp & tid=491.  Federal Defendants will search for and

18 | produce any additional documents that are relevant to plaintiffs' claims and responsive to this

19 | request.

20 |

21 |

4

**REQUEST FOR PRODUCTION #2**

Any and all documents, from each of the "approximately thirty States [that] have created qualifying programs" [see above] that were used by the United States Government to establish said States' qualifications and/or compliance under 34 U.S.C. § 40915 et seq.

**RESPONSE:**

Federal Defendants incorporate by reference the above General Objections.

Federal Defendants object to this request as overbroad, unduly burdensome, and disproportional to the needs of this case.

Subject to, and without waiving the forgoing objections, the Federal Defendants state as follows: Federal Defendants are searching for, and will produce, the applications submitted by States, on the basis of which Federal Defendants determined that their State programs met the requirements of 34 U.S.C. § 40915, and therefore sufficed to lift the disabilities imposed by 18 U.S.C. § 922(g)(4).

**REQUEST FOR PRODUCTION #3**

Any and all documents relating to the federal defendants assertion on page 2, starting at line 13, (page 4 of 9 of the filed document) of the FEDERAL DEFENDANTS'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' TENTH AMENDMENT CLAIM (Document 37), supporting the statement that "California law does not meet the requirements of 34 U.S.C. § 40915 et seq., and therefore does not suffice to lift the disabilities imposed by 18 U.S.C. § 922(g)(4).

**RESPONSE:**

Federal Defendants incorporate by reference the above General Objections.

Federal Defendants object to this request as overbroad, unduly burdensome, and disproportional to the needs of this case.  Plaintiffs have no legitimate need for all documents that merely "relat[e] to" this statement.

Subject to, and without waiving the forgoing objections, the Federal Defendants state as follows: This statement rested on the provisions of 34 U.S.C. § 40915 and Cal. Welf. & Inst. Code § 8103, which are publicly available documents.

1 | **REQUEST FOR PRODUCTION #4**

2 | Any and all medical research, reports, or memoranda relating to any medical standards

3 | used by the United States Government to ascertain each and every States' "qualifying programs"

4 | for those states that have "qualifying programs" under 34 U.S.C. § 40915 et seq.

5 | **RESPONSE:**

6 | Federal Defendants incorporate by reference the above General Objections.

7 | Federal Defendants object to this request as overbroad, unduly burdensome, and

8 | disproportional to the needs of this case.  Plaintiffs have no legitimate need for all documents

9 | that merely "relat[e] to" such medical standards.

10 | Federal Defendants object to this request as vague.  It is unclear what Plaintiffs mean by

11 | "medical standards" or "ascertain each and every States' 'qualifying programs.'"

12 | Subject to, and without waiving the forgoing objections, the Federal Defendants state as

13 | follows: No medical standards are used by Federal Defendants to determine whether a State

14 | program meets the requirements of 34 U.S.C. § 40915, and therefore suffices to lift the

15 | disabilities imposed by 18 U.S.C. § 922(g)(4).

16 |

7

**REQUEST FOR PRODUCTION #5**

Any and all medical research, reports, or memoranda relating to any medical standards used by the United States Government to ascertain whether California's <u>Restoration of Firearm Rights by State Court Adjudication</u> is a "qualifying program" under 34 U.S.C. § 40915 et seq.

**RESPONSE:**

Federal Defendants incorporate by reference the above General Objections.

Federal Defendants object to this request as overbroad, unduly burdensome, and disproportional to the needs of this case.  Plaintiffs have no legitimate need for all documents that merely "relat[e] to" such medical standards.

Federal Defendants object to this request as vague.  It is unclear what Plaintiffs' mean by "medical standards."

Subject to, and without waiving the forgoing objections, the Federal Defendants state as follows: No medical standards are used by Federal Defendants to determine whether a State program meets the requirements of 34 U.S.C. § 40915, and therefore suffices to lift the disabilities imposed by 18 U.S.C. § 922(g)(4).

8

1 | **REQUEST FOR PRODUCTION #6**

2 |  Any and all medical research, reports, or memoranda relating to any medical standards

3 | used by the United States Government to ascertain whether California's <u>Restoration of Firearm</u>

4 | <u>Rights by Operation of State Law</u> is a "qualifying program" under 34 U.S.C. § 40915 et seq.

5 | **RESPONSE:**

6 |  Federal Defendants incorporate by reference the above General Objections.

7 |  Federal Defendants object to this request as overbroad, unduly burdensome, and

8 | disproportional to the needs of this case.  Plaintiffs have no legitimate need for all documents

9 | that merely "relat[e] to" such medical standards.

10 |  Federal Defendants object to this request as vague.  It is unclear what Plaintiffs' mean by

11 | "medical standards."

12 |  Subject to, and without waiving the forgoing objections, the Federal Defendants state as

13 | follows: No medical standards are used by Federal Defendants to determine whether a State

14 | program meets the requirements of 34 U.S.C. § 40915, and therefore suffices to lift the

15 | disabilities imposed by 18 U.S.C. § 922(g)(4).

16 |

17 |

1 | **REQUEST FOR PRODUCTION #7**

2 |     Any and all agency and/or department reports, and/or memoranda relating to the legal

3 | standards used by the United States Government to ascertain each and every States' "qualifying

4 | programs" under 34 U.S.C. § 40915 et seq., for those states that have "qualifying programs"

5 | under that statute.

6 | **RESPONSE:**

7 |     Federal Defendants incorporate by reference the above General Objections.

8 |     Federal Defendants object to this request as overbroad, unduly burdensome, and

9 | disproportional to the needs of this case.  Plaintiffs have no legitimate need for all reports or

10 | memoranda that merely "relat[e] to" such legal standards.

11 |     Federal Defendants object to this request because it calls for the production of attorney

12 | work product, communications protected by the attorney-client privilege, and information

13 | protected by the deliberative process privilege or law enforcement privilege.

14 |     Subject to, and without waiving the forgoing objections, the Federal Defendants state as

15 | follows:

16 |     Federal Defendants will search for and produce non-privileged reports or memoranda

17 | responsive to this request.

18 |

19 |

**REQUEST FOR PRODUCTION #8**

Any and all agency and/or department reports, and/or memoranda relating to the legal standards used by the United States Government to ascertain whether California's <u>Restoration of Firearm Rights by State Court Adjudication</u> is a "qualifying program" under 34 U.S.C. § 40915 et seq.

**RESPONSE:**

Federal Defendants incorporate by reference the above General Objections.

Federal Defendants object to this request as overbroad, unduly burdensome, and disproportional to the needs of this case. Plaintiffs have no legitimate need for all reports or memoranda that merely "relat[e] to" such legal standards.

Federal Defendants object to this request because it calls for the production of attorney work product, communications protected by the attorney-client privilege, and information protected by the deliberative process privilege or law enforcement privilege.

Subject to, and without waiving the forgoing objections, the Federal Defendants state as follows:

Federal Defendants will search for and produce non-privileged reports or memoranda responsive to this request.

11

1    **REQUEST FOR PRODUCTION #9**

2        Any and all agency and/or department reports, and/or memoranda relating to the legal

3    standards used by the United States Government to ascertain whether California's <u>Restoration of</u>

4    <u>Firearm Rights by Operation of State Law</u> is a "qualifying program" under 34 U.S.C. § 40915 et

5    seq.

6    **RESPONSE:**

7        Federal Defendants incorporate by reference the above General Objections.

8        Federal Defendants object to this request as overbroad, unduly burdensome, and

9    disproportional to the needs of this case.  Plaintiffs have no legitimate need for all reports or

10   memoranda that merely "relat[e] to" such legal standards.

11       Federal Defendants object to this request because it calls for the production of attorney

12   work product, communications protected by the attorney-client privilege, and information

13   protected by the deliberative process privilege or law enforcement privilege.

14       Subject to, and without waiving the forgoing objections, the Federal Defendants state as

15   follows:

16       Federal Defendants will search for and produce non-privileged reports or memoranda

17   responsive to this request.

18

19

**REQUEST FOR PRODUCTION #10**

Any and all legal research and/or legal memoranda relating to the legal standards used by the United States Government to ascertain each and every States' "qualifying programs" under 34 U.S.C. § 40915 et seq., for those states that have "qualifying programs" under that statute.

**RESPONSE:**

Federal Defendants incorporate by reference the above General Objections.

Federal Defendants object to this request as overbroad, unduly burdensome, and disproportional to the needs of this case. Plaintiffs have no legitimate need for all reports or memoranda that merely "relat[e] to" such legal standards.

Federal Defendants object to this request because it calls for the production of attorney work product, communications protected by the attorney-client privilege, and information protected by the deliberative process privilege or law enforcement privilege.

Subject to, and without waiving the forgoing objections, the Federal Defendants state as follows:

Federal Defendants will search for and produce non-privileged documents responsive to this request.

13

1 | **REQUEST FOR PRODUCTION #11**

2 |     Any and all legal research and/or legal memoranda relating to the legal standards used by

3 | the United States Government to ascertain whether California's <u>Restoration of Firearm Rights by</u>

4 | <u>State Court Adjudication</u> is a "qualifying program" under 34 U.S.C. § 40915 et seq.

5 | **RESPONSE:**

6 |     Federal Defendants incorporate by reference the above General Objections.

7 |     Federal Defendants object to this request as overbroad, unduly burdensome, and

8 | disproportional to the needs of this case.  Plaintiffs have no legitimate need for all reports or

9 | memoranda that merely "relat[e] to" such legal standards.

10 |     Federal Defendants object to this request because it calls for the production of attorney

11 | work product, communications protected by the attorney-client privilege, and information

12 | protected by the deliberative process privilege or law enforcement privilege.

13 |     Subject to, and without waiving the forgoing objections, the Federal Defendants state as

14 | follows:

15 |     Federal Defendants will search for and produce non-privileged documents responsive to

16 | this request.

17

18

14

**REQUEST FOR PRODUCTION #12**

Any and all legal research and/or legal memoranda relating to the legal standards used by the United States Government to ascertain whether California's <u>Restoration of Firearm Rights by Operation of State Law</u> is a "qualifying program" under 34 U.S.C. § 40915 et seq.

**RESPONSE:**

Federal Defendants incorporate by reference the above General Objections.

Federal Defendants object to this request as overbroad, unduly burdensome, and disproportional to the needs of this case. Plaintiffs have no legitimate need for all reports or memoranda that merely "relat[e] to" such legal standards.

Federal Defendants object to this request because it calls for the production of attorney work product, communications protected by the attorney-client privilege, and information protected by the deliberative process privilege or law enforcement privilege.

Subject to, and without waiving the forgoing objections, the Federal Defendants state as follows:

Federal Defendants will search for and produce non-privileged documents responsive to this request.

1   **REQUEST FOR PRODUCTION #13**

2     Any and all correspondence with each and every state, with a "qualifying program" under

3   34 U.S.C. § 40915 et seq., relating to said qualifications.

4   **RESPONSE:**

5     Federal Defendants incorporate by reference the above General Objections.

6     Federal Defendants object to this request as overbroad, unduly burdensome, and

7   disproportional to the needs of this case.  Plaintiffs have no legitimate need for all reports or

8   memoranda that merely "relat[e] to" such qualifications.

9     Subject to, and without waiving the forgoing objections, the Federal Defendants state as

10  follows:

11    Federal Defendants will search for and produce documents responsive to this request as it

12  pertains to correspondence with California, see Response below.  Federal Defendants will also

13  search for and produce certain relevant correspondence with other States.  But the burden of

14  complying with Plaintiffs' request for "Any and all correspondence with each and every state"

15  far exceeds the potential relevance of such documents to any claim that Plaintiffs raise here.

16

1 | **REQUEST FOR PRODUCTION #14**

2 |      Any and all correspondence with the State of California relating to California's

3 | qualifications under 34 U.S.C. § 40915 et seq.

4 | **RESPONSE:**

5 |      Federal Defendants incorporate by reference the above General Objections.

6 |      Subject to, and without waiving the forgoing objections, the Federal Defendants state as

7 | follows:

8 |      Federal Defendants will search for and produce documents responsive to this request.

**REQUEST FOR PRODUCTION #15**

Any and all documents relating to policies and procedures of the United States Government (including its departments and agencies) for implementation of 34 U.S.C. § 40915 et seq.

**RESPONSE:**

Federal Defendants incorporate by reference the above General Objections.

Federal Defendants object to this request as overbroad, unduly burdensome, and disproportional to the needs of this case.  Plaintiffs have no legitimate need for all reports or memoranda that merely "relat[e] to" such policies and procedures.

Federal Defendants object to this request because it calls for the production of attorney work product, communications protected by the attorney-client privilege, and information protected by the deliberative process privilege or law enforcement privilege.

Subject to, and without waiving the forgoing objections, the Federal Defendants state as follows:

Federal Defendants will search for and produce non-privileged documents responsive to this request.

1    **REQUEST FOR PRODUCTION #16**

2           Any and all documents that purport to show that the United States Government

3    (including its department and agencies) has complied with the Administrative Procedures Act [5

4    U.S.C. § 551 *et seq.*] for implementation of 34 U.S.C. § 40915 et seq.

5    **RESPONSE:**

6           Federal Defendants incorporate by reference the above General Objections.

7           Federal Defendants object to this request because it calls for the production of attorney

8    work product, communications protected by the attorney-client privilege, and information

9    protected by the deliberative process privilege or law enforcement privilege.

10          Subject to, and without waiving the forgoing objections, the Federal Defendants state as

11   follows:

12          Federal Defendants object to this request.  Plaintiffs have not stated any claim for a

13   violation of the Administrative Procedure Act.  Had they done so, Federal Defendants would

14   have produced an administrative record in support of any final agency action that Plaintiffs chose

15   to challenge.  Because APA claims are decided on the basis of an administrative record, requests

16   for production in support of such claims are improper.

17

18

19

**REQUESTS FOR PRODUCTION #17 through 25**

17. Any and all documents (including correspondence with any state or state actor) relating to Jane Roe #1's eligibility to exercise her right to keep and bear arms.

18. Any and all documents (including correspondence with any state or state actor) relating to Jane Roe #2's eligibility to exercise her right to keep and bear arms.

19. Any and all documents (including correspondence with any state or state actor) relating to John Doe #1's eligibility to exercise his right to keep and bear arms.

20. Any and all documents (including correspondence with any state or state actor) relating to John Doe #2's eligibility to exercise his right to keep and bear arms.

21. Any and all documents (including correspondence with any state or state actor) relating to John Doe #2's eligibility to exercise his right to keep and bear arms.

22. Any and all documents (including correspondence with any state or state actor) relating to John Doe #3's eligibility to exercise his right to keep and bear arms.

23. Any and all documents (including correspondence with any state or state actor) relating to John Doe #4's eligibility to exercise his right to keep and bear arms.

24. Any and all documents (including correspondence with any state or state actor) relating to John Doe #5's eligibility to exercise his right to keep and bear arms.

25. Any and all documents (including correspondence with any state or state actor) relating to John Doe #6's eligibility to exercise his right to keep and bear arms.

1   **RESPONSE:**

2           Federal Defendants incorporate by reference the above General Objections.

3           Federal Defendants object to this request as overbroad, unduly burdensome, and

4   disproportional to the needs of this case.  Plaintiffs have no legitimate need for all documents

5   that merely "relat[e] to" this subject.

6           Subject to, and without waiving the foregoing objections, the Federal Defendants state as

7   follows:

8           Federal Defendants will search for and produce non-privileged documents responsive to

9   these requests, including records from the National Instant Criminal Background Check System

10  (NICS).

Respectfully submitted this 29th day of September, 2020,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

LESLEY FARBY
Assistant Director
Federal Programs Branch

 */s/ James Bickford*
JAMES BICKFORD
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 305-7632
James.Bickford@usdoj.gov

*Attorneys for Federal Defendants*

21