# Appendix III: Minimum Criteria for Certification of Qualifying State Relief from Disabilities Programs

ATF provides guidance for states to follow in certifying that they have established a qualifying mental health relief from firearms disabilities program that satisfies certain minimum criteria under the NIAA. ATF officials said that they review states' programs according to the following minimum criteria.

1. State law: The relief program has been established by state statute, or administrative regulation or order pursuant to state law.

2. Application: The relief program allows a person who has been formally adjudicated as a "mental defective"[1] or committed involuntarily to a mental institution[2] to apply or petition for relief from the Federal firearms prohibitions (disabilities) imposed under 18 U.S.C. § 922 (d) (4) and (g) (4).

3. Lawful authority: A state court, board, commission, or other lawful authority (per state law) considers the applicant's petition for relief. The lawful authority may only consider applications for relief due to mental health adjudications or commitments that occurred in the applicant state.

4. Due process: The petition for relief is considered by the lawful authority in accordance with principles of due process, as follows:
   a. The applicant has the opportunity to submit his or her own evidence to the lawful authority considering the relief application.

   b. An independent decision maker—someone other than the individual who gathered the evidence for the lawful authority acting on the application—reviews the evidence.

[1]Federal regulations at 27 C.F.R. § 478.11 define the term "adjudicated as a mental defective" as a determination by a court, board, commission, or other lawful authority that a person, as a result of marked subnormal intelligence, or mental illness, incompetency, condition, or disease: (1) is a danger to himself or others; or (2) lacks the mental capacity to contract or manage his own affairs. The terms shall include—(1) a finding of insanity by a court in a criminal case; and (2) those persons found incompetent to stand trial or found not guilty by reason of lack of mental responsibility pursuant to articles 50a and 72b of the Uniform Code of Military Justice, 10 U.S.C. 850a, 876b.

[2]Federal regulations at 27 C.F.R. § 478.11 define the term "committed to a mental institution" as a formal commitment of a person to a mental institution by a court, board, commission, or other lawful authority. The term includes commitments for other reasons, such as for drug use. The term does not include a person in a mental institution for observation or a voluntary admission to a mental institution.

   c. A record of the matter is created and maintained for review.

5. Proper record: In determining whether to grant relief, the lawful authority receives evidence concerning and considers the:
   a. Circumstances regarding the firearms disabilities imposed by 18 U.S.C. § 922 (g) (4);

   b. Applicant's record, which must include, at a minimum, the applicant's mental health and criminal history records; and

   c. Applicant's reputation, developed, at a minimum, through character witness statements, testimony, or other character evidence.

6. Proper findings: In granting relief, the lawful authority issues findings that:
   a. The applicant will not be likely to act in a manner dangerous to public safety; and

   b. Granting the relief will not be contrary to the public interest.

7. De novo judicial review of a denial: The state provides for the de novo judicial review of relief application denials that includes the following principles:
   a. If relief is denied, the applicant may petition the state court of appropriate jurisdiction to review the denial, including the record of the denying court, board, commission or other lawful authority.

   b. In cases of denial by a lawful authority other than a state court, the reviewing court as the discretion to receive additional evidence necessary to conduct an adequate review.

   c. Judicial review is de novo in that the reviewing court may, but is not required to, give deference to the decision of the lawful authority that denied the application for relief.

8. Required updates to state and federal records: Pursuant to § 102(c) of the NIAA, the state, on being made aware that the basis under which the record was made available does not apply, or no longer applies:
   a. Updates, corrects, modifies, or removes the record from any database that the federal or state government maintains and makes available to NICS, consistent with the rules pertaining to the database; and

b. Notifies the Attorney General that such basis no longer applies so that the record system in which the record is maintained is kept up to date.

9. Recommended procedure: It is recommended (not required) that the state have a written procedure (e.g., state law, regulation, or administrative order) to address the update requirements.