| | |
|---|---|
| **From:** | Alison Merrilees |
| **To:** | |
| **Cc:** | Steve Buford |
| **Subject:** | Questions about NICS Improvement Act |
| **Date:** | Friday, February 20, 2032 4:14:41 PM |

Hi Tina,

As I mentioned to you in person when you were in Sacramento for NICS training, we have a couple of questions about the NICS Improvement Act (HR 2640) and how it will affect California. You suggested that I write down the questions so that you could obtain answers from US DOJ. Here are the questions:

1) Regarding the guidelines for eligibility of records for submission to NICS in Section 102(c), do the standards only apply to records submitted by states that have received funding from the NICS Improvement Act, or do they apply to all records submitted by the states that receive NCHIP grants, even if the states do not obtain NICS Improvement Act funding? California, for example, already submits its mental health records to the FBI/NICS and makes its criminal history and restraining order records available to the FBI/NICS. At this time, California does not plan to seek funding to improve its record submission pursuant to the NICS Improvement Act. Must all records submitted by California nevertheless meet the standards of Section 102(b)(1)(C)?

If the state is required to comply with those standards, *when* must it make the records available to NICS? Immediately? Within 24 or 48 hours? When the state's resources allow?

2) Regarding the requirements for NICS Updates in Section 102(c)(1)(B), do those requirements only apply to records submitted by states that have received funding from the NICS Improvement Act, or do they apply to all records submitted by the states, even if the states do not obtain NICS Improvement Act funding?

3) Regarding NICS Updates, what does Section 102(c)(1)(B) mean when it refers to the state "being made aware that the basis under which a record was made available" to NICS "does not apply, or no longer applies"? California provides records to NICS because we have determined that the person who is the subject of the record is prohibited by federal law from purchasing a firearm, usually because of a felony/MCDV conviction, or because of mental health status. When are we obligated to remove the record from NICS? For example, if a person is found not guilty by reason of insanity by a court or jury, that person has been "adjudicated as a mental defective." In the past, there has been no mechanism for such a person to have his/her right to possess firearms restored under *federal law*, so California would never ask to remove such a person from NICS. What should the state do now when a court rules that the person previously "adjudicated as a mental defective" has regained his/her sanity? Does the basis under which the record was provided to NIC still apply, or does it no longer apply? Is California obligated to remove such a record?

To further complicate matters, California law allows some individuals who have been found NGI (i.e. for crimes that are not serious or violent) to regain the right to possess firearms upon order of the court. Even if the court restores the right to possess firearms to such a person, the person still has "been adjudicated as a mental defective." Does the fact that the person regains the right to possess firearms under state law mean that the person also regains the right to possess firearms under federal law? Would California be obligated to request removal of the record of such a person from the NICS database?

4) Is the requirement that states establish a restoration of rights program in Section 105 a condition of just new funding under the NICS Improvement Act, or is it a condition of all NCHIP grants that are received by the states and which are renewed annually?

5) If state law provides for a temporary loss of the right to possess firearms, does the expiration of that temporary time period constitute a "restoration of rights" that triggers the requirement that the state request that the record be removed from the NICS database?

6) If state law provides for a restoration of state rights to individuals who are also subject to a lifetime prohibition under federal law based on a criminal conviction (i.e. MCDV), but the restoration does not constitute an "expungement" under federal law, would those individuals remain prohibited from possessing

ATF0102

firearms under federal law?

Thanks for your assistance,

Alison

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

ATF0103

| | |
|---|---|
| **From:** | Epstein, Eric M. |
| **To:** | Simms, Larysa A. |
| **Subject:** | FW: Questions about NICS Improvement Act |
| **Date:** | Wednesday, March 12, 2008 1:37:30 PM |
| **Attachments:** | Questions about NICS Improvement Act.msg |

We will need to address this at the meeting.

**Eric M. Epstein, Associate Chief Counsel (FEA)**
**United States Department of Justice**
**Bureau of Alcohol, Tobacco, Firearms and Explosives**
**99 New York Ave., N.E., Room 6E-363**
**Washington, D.C. 20226**
**Tel: 202-** ███████
**Fax: 202-648-9620**

**From:** Rowley, Raymond G.
**Sent:** Thursday, February 21, 2008 1:10 PM
**To:** Epstein, Eric M.
**Subject:** FW: Questions about NICS Improvement Act

Eric:

Can you give me some assistance with this matter?

Thanks,

Ray

**From:** ███████
**Sent:** Thursday, February 21, 2008 11:54 AM
**To:** Mays, Charlie; Rowley, Raymond G.
**Cc:** Joy Jarrett; Jill Montgomery; Alison Merrilees ~ CA
**Subject:** Fwd: Questions about NICS Improvement Act

Charlie and Ray,

Will either or both of you respond to Alison's questions regarding the NIAA?

Thank you,
Tina Collins
NICS Liaison Specialist

| | |
|---|---|
| **From:** | Epstein, Eric M. |
| **To:** | |
| **Cc:** | Rowley, Raymond G.; Simms, Larysa A.; Nickell, Larry L.; Hicks, Pamela J. |
| **Subject:** | Questions Regarding NICS Improvement Amendments Act of 2007 |
| **Date:** | Friday, March 14, 2008 4:26:27 PM |

Alison – we broke down the answers to your questions concerning the NICS Improvement Amendments Act of 2007 (NIAA), as follows:

| Question | Response |
|---|---|
| 1 | FBI NICS should address this question. |
| 2 | Our reading of Section 102(c)(1)(B) is that 102(c)(1)(B) requirements apply only if a State receives funding under the NICS Improvement Amendments Act. |
| 3 | Once a State (that receives funding under the NIAA) is made aware that a person is no longer subject to Federal firearms disabilities, that State must notify NICS of the person's status change to have the record removed from NICS.  For example, if a felon has received a qualifying set aside, pardon, expungement, or restoration of civil rights (the core civil rights to vote, hold public office, and sit on a jury) without otherwise being expressly prohibited from carrying a firearm, the State shall notify NICS to have that person's record removed from NICS.

With respect to persons adjudicated as a mental defective or committed to a mental institution, including persons adjudicated not guilty by reason of insanity, under the NIAA, the only persons adjudicated mental defective or committed to a mental institution under State law who shall be removed from NICS are persons who have received relief from Federal firearms disabilities by the same Court, board, commission, or other lawful authority that rendered the initial mental defective adjudication or commitment determination.  We will be working with the States to help them develop their Relief from Disabilities programs.

ATF is also examining State laws to determine whether States already have relief procedures sufficient to merit Attorney General certification to authorize the granting of funds under the NIAA.  The fact that a person regains the right to possess a firearm under State law does not automatically mean that person also regains the right to possess a firearm under Federal law.  A State is obligated to request removal of a record from NICS if a person has regained the ability to possess a firearm under Federal law, or has received relief from a State in accordance with a certified program. |
| 4 | FBI NICS or Main Justice should probably address this question.  According to our reading, the Section 105 requirement does not appear to have anything to do with any other funding authorized by Federal law.  The program set forth in Section 105 appears to apply to NIAA funding only. |
| 5 | The requirement to remove a record is triggered only if the person is no longer subject to Federal firearms disabilities.  If Federal firearms disabilities are removed upon completion or expiration of a State temporary time period (temporary loss of the right to possess a firearm under State law), i.e., restoration of core civil rights without firearms disabilities at the time of restoration, then that record should be removed from NICS. |
| 6 | Yes.  ATF anticipates the States will work with ATF and NICS to assist them in determining when a Federal firearms disability no longer applies.  For example, a set aside, expungement, or restoration of core civil rights, etc., would be circumstances that consultation with ATF Field Counsel or NICS regarding the application of a Federal firearms disability might be helpful.  In California, there is ATF field Counsel in Los Angeles and San Francisco. |

I hope this answers your questions.  Please let me know if you would like to discuss further.

- Eric

ATF0105

**Eric M. Epstein, Associate Chief Counsel (FEA)**
United States Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives
99 New York Ave., N.E., Room 6E-363
Washington, D.C.  20226
Tel:  202-███████
Fax:  202-648-9620

---

**From:** Alison Merrilees ███████████████████████████████
**Sent:** Wednesday, February 20, 2008 4:14 PM
**To:** ███████████████
**Cc:** Steve Buford
**Subject:** Questions about NICS Improvement Act

Hi Tina,

As I mentioned to you in person when you were in Sacramento for NICS training, we have a couple of questions about the NICS Improvement Act (HR 2640) and how it will affect California.  You suggested that I write down the questions so that you could obtain answers from US DOJ.  Here are the questions:

1) Regarding the guidelines for eligibility of records for submission to NICS in Section 102(c), do the standards only apply to records submitted by states that have received funding from the NICS Improvement Act, or do they apply to all records submitted by the states that receive NCHIP grants, even if the states do not obtain NICS Improvement Act funding?  California, for example, already submits its mental health records to the FBI/NICS and makes its criminal history and restraining order records available to the FBI/NICS.  At this time, California does not plan to seek funding to improve its record submission pursuant to the NICS Improvement Act.  Must all records submitted by California nevertheless meet the standards of Section 102(b)(1)(C)?

If the state is required to comply with those standards, *when* must it make the records available to NICS?  Immediately?  Within 24 or 48 hours?  When the state's resources allow?

2) Regarding the requirements for NICS Updates in Section 102(c)(1)(B), do those requirements only apply to records submitted by states that have received funding from the NICS Improvement Act, or do they apply to all records submitted by the states, even if the states do not obtain NICS Improvement Act funding?

3) Regarding NICS Updates, what does Section 102(c)(1)(B) mean when it refers to the state "being made aware that the basis under which a record was made available" to NICS "does not apply, or no longer applies"?  California provides records to NICS because we have determined that the person who is the subject of the record is prohibited by federal law from purchasing a firearm, usually because of a felony/MCDV conviction, or because of mental health status.  When are we obligated to remove the record from NICS?  For example, if a person is found not guilty by reason of insanity by a court or jury, that person has been "adjudicated as a mental defective."  In the past, there has been no mechanism for such a person to have his/her right to possess firearms restored under *federal law*, so California would never ask to remove such a person from NICS.  What should the state do now when a court rules that the person previously "adjudicated as a mental defective" has regained his/her sanity?  Does the basis under which the record was provided to NIC still apply, or does it no longer apply?  Is California obligated to remove such a record?

To further complicate matters, California law allows some individuals who have been found NGI (i.e. for crimes that are not serious or violent) to regain the right to possess firearms upon order of the court.  Even if the court restores the right to possess firearms to such a person, the person still has "been adjudicated as a mental defective."  Does the fact that the person regains the right to possess firearms under state law mean that the person also regains the right to possess firearms under federal law?  Would California be obligated to request removal of the record of such a person from the NICS database?

4) Is the requirement that states establish a restoration of rights program in Section 105 a condition of just new funding under the NICS Improvement Act, or is it a condition of all NCHIP grants that are received by the states and which are renewed annually?

5) If state law provides for a temporary loss of the right to possess firearms, does the expiration of that temporary time period constitute a "restoration of rights" that triggers the requirement that the state request that the record be removed from the NICS database?

6) If state law provides for a restoration of state rights to individuals who are also subject to a lifetime prohibition under federal law based on a criminal conviction (i.e. MCDV), but the restoration does not constitute an "expungement" under federal law, would those individuals remain prohibited from possessing firearms under federal law?

Thanks for your assistance,

Alison

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

| | |
|---|---|
| **From:** | Simms, Larysa A. |
| **To:** | Brown, David L. |
| **Subject:** | Merrilees CA DOJ State Relief Program Inquiry |
| **Date:** | Monday, March 31, 2008 2:46:00 PM |
| **Attachments:** | Merrilees CA DOJ State Relief Program Inquiry.doc |

Hi Dave,

Eric responded to a State relief program inquiry from Alison Merrilees (California DOJ) and wanted me to pass the update on to you. I have attached the string of correspondence in a Word document. The most recent correspondence ended with Alison mentioning the possibility of having a call. Eric wanted me to pass this along to you to review and determine what you'd like to do next.

Thank you!
Larysa

Larysa Simms, Attorney
United States Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives
Office of the Chief Counsel, Division of Firearms, Explosives and Arson
99 New York Ave., N.E., Room 6E-359
Washington, D.C.  20226
Tel: ███████
Fax:  202-648-9620

## Alison Merrilees CA DOJ State Relief Program Inquiry

-----Original Message-----
From: Alison Merrilees
Sent: Friday, March 14, 2008 7:01 PM
To: Epstein, Eric M.
Cc: Aaron Maguire; Steve Buford; Wilfredo Cid; ▮▮▮▮ Nickell, Larry L.; Simms, Larysa A.; Hicks, Pamela J.; Rowley, Raymond G.
Subject: Re: Questions Regarding NICS Improvement Amendments Act of 2007

**That clears it up a bit, but we would love to talk.**

This e-mail was sent from a California Department of Justice BlackBerry Device.

-----Original Message-----
From: "Epstein, Eric M."
To: Merrilees, Alison
Cc: Maguire, Aaron
Cc: Cid, Wilfredo
Cc: Buford, Steve
Cc:
Cc: Nickell, Larry L.
Cc: Simms, Larysa A.
Cc: Hicks, Pamela J.
Cc: Rowley, Raymond G.
Sent: 3/14/2008 3:45:31 PM
Subject: Re: Questions Regarding NICS Improvement Amendments Act of 2007



**Alison - perhaps our e-mail was confusing. The only change with respect to the Federal firearms disability imposed due to adjudications as a mental defective or committed to a mental institution with regard to the States is if the State has granted "relief" under a qualifying relief from disabilities program that considers a person's record and reputation and has de novo judicial review. This is distinguished from a procedure by which the disability expires after a period of time. Perhaps we can have a conference call next week?**
Eric M. Epstein
Associate Chief Counsel (FEA)
Bureau of ATF

----- Original Message -----
From: Alison Merrilees
To: Epstein, Eric M.
Cc: Aaron Maguire ▮▮▮▮; Steve Buford ▮▮▮▮ Wilfredo Cid ▮▮▮▮; Nickell, Larry L.; Simms, Larysa A.; Hicks, Pamela J.; Rowley, Raymond G.
Sent: Fri Mar 14 18:23:40 2008
Subject: Re: Questions Regarding NICS Improvement Amendments Act of 2007

**Eric,**
**Thank you so much. I believe we will have a couple of additional questions, specifically about our mental health statutes. If I understand you correctly, this has a major impact on us. Whereas individuals in the NICS database because they were "mental defectives" used to be in the index for life, now they must be removed from NICS when they state disability (5 years) expires.**
**We will mull this information over and get back to you next week.**
**Thanks again,**
**Alison**

-----Original Message-----
From: "Epstein, Eric M." 
To: Merrilees, Alison
Cc:
Cc: Nickell, Larry L.
Cc: Simms, Larysa A.
Cc: Hicks, Pamela J.
Cc: Rowley, Raymond G.
Sent: 3/14/2008 1:26:26 PM
Subject: Questions Regarding NICS Improvement Amendments Act of 2007

Alison - we broke down the answers to your questions concerning the NICS Improvement Amendments Act of 2007 (NIAA), as follows:

1
FBI NICS should address this question.

2
Our reading of Section 102(c)(1)(B) is that 102(c)(1)(B) requirements apply only if a State receives funding under the NICS Improvement Amendments Act.

3
Once a State (that receives funding under the NIAA) is made aware that a person is no longer subject to Federal firearms disabilities, that State must notify NICS of the person's status change to have the record removed from NICS. For example, if a felon has received a qualifying set aside, pardon, expungement, or restoration of civil rights (the core civil rights to vote, hold public office, and sit on a jury) without otherwise being expressly prohibited from carrying a firearm, the State shall notify NICS to have that person's record removed from NICS.

With respect to persons adjudicated as a mental defective or committed to a mental institution, including persons adjudicated not guilty by reason of insanity, under the NIAA, the only persons adjudicated mental defective or committed to a mental institution under State law who shall be removed from NICS are persons who have received relief from Federal firearms disabilities by the same Court, board, commission, or other lawful authority that rendered the initial mental defective adjudication or commitment determination. We will be working with the States to help them develop their Relief from Disabilities programs.

ATF is also examining State laws to determine whether States already have relief procedures sufficient to merit Attorney General certification to authorize the granting of funds under the NIAA. The fact that a person regains the right to possess a firearm under State law does not automatically mean that person also regains the right to possess a firearm under Federal law. A State is obligated to request removal of a record from NICS if a person has regained the ability to possess a firearm under Federal law, or has received relief from a State in accordance with a certified program.

4
FBI NICS or Main Justice should probably address this question. According to our reading, the Section 105 requirement does not appear to have anything to do with any other funding authorized by Federal law. The program set forth in Section 105 appears to apply to NIAA funding only.

5
The requirement to remove a record is triggered only if the person is no longer subject to Federal firearms disabilities. If Federal firearms disabilities are removed upon completion or expiration of a State temporary time period (temporary loss of the right to possess a firearm

ATF0110

under State law), i.e., restoration of core civil rights without firearms disabilities at the time of restoration, then that record should be removed from NICS.

**6**
Yes.  ATF anticipates the States will work with ATF and NICS to assist them in determining when a Federal firearms disability no longer applies.  For example, a set aside, expungement, or restoration of core civil rights, etc., would be circumstances that consultation with ATF Field Counsel or NICS regarding the application of a Federal firearms disability might be helpful.  In California, there is ATF field Counsel in Los Angeles and San Francisco.

**I hope this answers your questions.  Please let me know if you would
like to discuss further.**

- Eric
Eric M. Epstein, Associate Chief Counsel (FEA)
United States Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives
99 New York Ave., N.E., Room 6E-363
Washington, D.C.  20226
Tel:  202
Fax:  202-648-9620

_____

From: Alison Merrilees
Sent: Wednesday, February 20, 2008 4:14 PM
To:
Cc: Steve Buford
Subject: Questions about NICS Improvement Act

**Hi Tina,**

**As I mentioned to you in person when you were in Sacramento for NICS training, we have a couple of questions about the NICS Improvement Act (HR 2640) and how it will affect California.  You suggested that I write down the questions so that you could obtain answers from US DOJ.  Here are the questions:**

**1) Regarding the guidelines for eligibility of records for submission to NICS in Section 102(c), do the standards only apply to records submitted by states that have received funding from the NICS Improvement Act, or do they apply to all records submitted by the states that receive NCHIP grants, even if the states do not obtain NICS Improvement Act funding? California, for example, already submits its mental health records to the FBI/NICS and makes its criminal history and restraining order records available to the FBI/NICS.  At this time, California does not plan to seek funding to improve its record submission pursuant to the NICS Improvement Act.  Must all records submitted by California nevertheless meet the standards of Section 102(b)(1)(C)?**

**If the state is required to comply with those standards, when must it make the records available to NICS?  Immediately?  Within 24 or 48 hours?  When the state's resources allow?**

**2) Regarding the requirements for NICS Updates in Section 102(c)(1)(B), do those requirements only apply to records submitted by states that have received funding from the NICS Improvement Act, or do they apply to all records submitted by the states, even if the states do not obtain NICS Improvement Act funding?**

**3) Regarding NICS Updates, what does Section 102(c)(1)(B) mean when it refers to the state "being made aware that the basis under which a record was made available" to NICS "does not apply, or no longer applies"?  California provides records to NICS because we have determined**

**that the person who is the subject of the record is prohibited by federal law from purchasing a firearm, usually because of a felony/MCDV conviction, or because of mental health status.  When are we obligated to remove the record from NICS?  For example, if a person is found not guilty by reason of insanity by a court or jury, that person has been "adjudicated as a mental defective."  In the past, there has been no mechanism for such a person to have his/her right to possess firearms restored under federal law, so California would never ask to remove such a person from NICS.  What should the state do now when a court rules that the person previously "adjudicated as a mental defective" has regained his/her sanity?  Does the basis under which the record was provided to NIC still apply, or does it no longer apply?  Is California obligated to remove such a record?**

**To further complicate matters, California law allows some individuals who have been found NGI (i.e. for crimes that are not serious or violent) to regain the right to possess firearms upon order of the court.  Even if the court restores the right to possess firearms to such a person, the person still has "been adjudicated as a mental defective."  Does the fact that the person regains the right to possess firearms under state law mean that the person also regains the right to possess firearms under federal law?  Would California be obligated to request removal of the record of such a person from the NICS database?**

**4) Is the requirement that states establish a restoration of rights program in Section 105  a condition of just new funding under the NICS Improvement Act, or is it a condition of all NCHIP grants that are received by the states and which are renewed annually?**

**5) If state law provides for a temporary loss of the right to possess firearms, does the expiration of that temporary time period constitute a "restoration of rights" that triggers the requirement that the state request that the record be removed from the NICS database?**

**6) If state law provides for a restoration of state rights to individuals who are also subject to a lifetime prohibition under federal law based on a criminal conviction (i.e. MCDV), but the restoration does not constitute an "expungement" under federal law, would those individuals remain prohibited from possessing firearms under federal law?**

**Thanks for your assistance,**
**Alison**

ATF0112

| | |
|---|---|
| **From:** | Simms, Larysa A. |
| **To:** | Simms, Larysa A. |
| **Subject:** | Close CCMS 101567 Merrilees CA DOJ State Relief Inquiry |
| **Date:** | Wednesday, April 2, 2008 4:29:13 PM |

TODAY:

Dave Brown read the Merrilees correspondence I forwarded to him and thinks there is nothing to discuss since it appears CA is not interested in receiving NICS funding. Dave Brown will leave it up to Eric Epstein as to whether we will have a conference call with Merrilees.

Eric Epstein agrees that there is no follow-up necessary with Merrilees so we will let it drop. He advised I close the CCMS case. We will reopen the CCMS Merrilees case in the event she contacts ATF again.

Larysa Simms, Attorney
United States Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives
Office of the Chief Counsel, Division of Firearms, Explosives and Arson
99 New York Ave., N.E., Room 6E-359
Washington, D.C. 20226
Tel: [redacted]
Fax: 202-648-9620

ATF0113