UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 1:19-cv-00270-DAD-BAM<br><br>ORDER GRANTING MOTION TO DISMISS TENTH AMENDMENT CLAIM<br><br>(Doc. No. 37) |

This matter is before the court on defendant United States of America's motion to dismiss plaintiffs' Tenth Amendment claim as asserted in the first amended complaint. (Doc. No. 36.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, the motion was taken under submission on the papers. (Doc. No. 39.) For the reasons set forth below, the court will grant the pending motion.

**BACKGROUND**

On February 25, 2019, plaintiffs filed their original complaint in this action against the following defendants: United States of America; United States Department of Justice; Federal Bureau of Investigation; Bureau of Alcohol, Tobacco, Firearms and Explosives; William P. Barr; Christopher Wray; Thomas E. Brandon; Xavier Becerra; and Does 1 to 100. (Doc. No. 1 at 1.) On March 31, 2020, plaintiffs filed a first amended complaint ("FAC"), adding a Tenth Amendment claim and adding defendant Regina Lombardo. (Doc. No. 36.)

1

In their FAC, plaintiffs assert six causes of action against all defendants: (1) an as applied Second Amendment claim; (2) a facial challenge Second Amendment claim; (3) Fifth Amendment Due Process and Equal Protection claims; (4) Fourteenth Amendment Due Process and Equal Protection claims; (5) a statutory claim under 18 U.S.C. § 925(A); and (6) a Tenth Amendment claim. (FAC at ¶¶ 45–65.)

The plaintiffs in this action include eight individuals subject to the federal law prohibiting anyone who has been adjudicated mentally incompetent or committed to a mental institution, unless that disability is removed, from owning a firearm. *See* 18 U.S.C. §§ 922(g)(4), 925(c); 34 U.S.C. § 40915. Although somewhat difficult to decipher, plaintiffs' complaint appears to allege that § 922(g)(4) violates the Second Amendment and that the federal government's manner of enforcing that law somehow violates the Tenth Amendment. (FAC at ¶ 65.) Each plaintiff appears to allege that they have had interaction with mental health adjudication in the past and have been barred from purchasing a firearm in California. (*Id*. at ¶¶ 3–10.) In addition, each plaintiff appears to allege they still wish to purchase firearms. (*Id*.)

On April 14, 2020, defendants filed a motion to dismiss plaintiffs' Tenth Amendment claim, contending that the amended complaint "omits the required 'short and plain statement . . . showing that the pleader is entitled to relief.'" (Doc. No. 37 at 3) (citing Fed. R. Civ. P. 8(a)(2)). Defendant Attorney General Becerra filed a request to join in the motion to dismiss on April 16, 2020. (Doc. No. 38.) Plaintiffs filed an opposition to the pending motion on May 5, 2020. (Doc. No. 41.) On May 12, 2020, defendants filed their reply thereto. (Doc. No. 43.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to

2

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

Congress has specified conditions under which federal law prohibits the possession of firearms. *See* 18 U.S.C. § 922(g). Specifically, federal law prohibits possession of firearms by individuals who have been adjudicated mentally defective or have been committed to a mental institution. *See* 18 U.S.C. § 922(g)(4). Federal law also provides an avenue for obtaining relief from this prohibition on the possession of firearms. Currently, any state program that qualifies under 34 U.S.C. § 40915 may provide relief from the disabilities imposed by federal law with respect to the possession of firearms. *See Mai v. United States*, 952 F.3d 1106, 1111 (9th Cir. 2020). Section 40915 provides that a state shall grant relief from the prohibition if the state program affirms that "the person's record and reputation [] are such that the person will not be likely to act in a manner dangerous to public safety *and that the granting of the relief would not be contrary to the public interest[.]*" 34 U.S.C. § 40915(a)(2) (emphasis added). Notably,

California law does not meet this standard because California allows for the restoration of one's right to possess a firearm merely "if the court finds by a preponderance of the evidence that the person would be likely to use firearms in a safe and lawful manner." Cal. Welf. & Inst. Code § 8103(g)(4).  Each of the plaintiffs in this case have satisfied California's requirements for the restoration of their right to possess a firearm but failed to meet the requirements for relief from the prohibition on the possession of firearms imposed under federal law.  This discrepancy serves as the premise for plaintiffs' Tenth Amendment claim.

Defendants move to dismiss plaintiffs' Tenth Amendment claim against them, arguing that the amended complaint "does not articulate any theory of a Tenth Amendment violation." (Doc. No. 37 at 8.)  Defendants assert that the complaint "does not explain what aspect of federalism plaintiffs believe has been violated by the federal government's refusal to accept California's restoration of right procedure as adequate to remove the disability imposed by 18. U.S.C. § 922(g)(4)." (*Id*.)

In opposing dismissal, plaintiffs attempt to clarify their claim, arguing that "[t]he Tenth Amendment claim in this matter makes the case that when the federal government accepts a state court proceeding to disqualify someone from exercising a fundamental right, that it must also accept the same states' procedures for restoration of those rights." (Doc. No. 41 at 9.)  The gravamen of plaintiffs' claim appears to be that because the federal government recognizes California's authority to bar firearm ownership under California Welfare & Institutions Code § 8103(g)(1)(i), so too must it recognize California's authority to restore one's right to own a firearm under § 8103(g)(4).[1]  Plaintiffs' FAC appears to rely on the Full Faith and Credit Clause of the United States Constitution for this proposition, not the Tenth Amendment.  (FAC ¶ 65.) However, the Full Faith and Credit Clause "imposes no obligation whatsoever on the federal government." *Taylor v. Sawyer*, 284 F.3d 1143, 1152 (9th Cir. 2002).

/////

---

[1] California Welfare & Institutions Code § 8103(g)(1)(i) provides that "[a] person who has been certified for intensive treatment under Section 5250 . . . shall not own, possess, control, receive, or purchase . . . any firearm for a period of five years."  Those who fall under this provision likewise are barred from owning a firearm under 18 U.S.C. § 922(g)(4).

4

1    Defendants persuasively argue that plaintiffs' FAC does not state a cognizable claim
2 under the Tenth Amendment.  Although the Federal Rules of Civil Procedure adopt a flexible
3 pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims.  *See*
4 *Ahmad v. Wells Fargo Bank, N.A.*, 2011 WL 1260054, at *3 (E.D. Cal. Mar. 30, 2011).  Of
5 course, plaintiffs may not amend their complaint by way of their opposition to the pending
6 motion to dismiss.  *See Iqbal*, 556 U.S. at 678 (a complaint may only survive a motion to dismiss
7 if it contains "sufficient factual matter" to be plausible on its face); *Schneider v. Cal. Dep't. of*
8 *Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6)
9 dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a
10 memorandum in opposition to a defendant's motion to dismiss.")  Putting that principle aside,
11 however, the court also does not find the additional clarification and reasoning provided by
12 plaintiffs in their opposition to the pending motion to be persuasive.
13    Plaintiffs argue that the federal government is not allowed to determine whether
14 California Welfare & Institutions Code § 8103(g)(4) meets the standards set out in 34 U.S.C. §
15 40915(a)(2) because the federal government "cannot look to state determinations to see if they
16 have established factual predicates with independent significance under federal law." (Doc. No.
17 43 at 6.)  Plaintiffs cite no authority for the novel proposition that the federal government must
18 accept the results of state restoration hearings as binding under federal law.  Indeed, the Ninth
19 Circuit has held just the opposite, concluding that "Congress may regulate possession of firearms
20 without violating the Tenth Amendment." *United States v. Andaverde*, 64 F.3d 1305, 1310 (9th
21 Cir. 1995) (rejecting a Tenth Amendment challenge to 18 U.S.C. § 922(g)(1)) (citing *United*
22 *States v. Tomlin*, 454 F.2d 176, 176 (9th Cir. 1972)); *see also Wortman v. United States*, No.
23 5:14-cv-04567-PSG, 2015 WL 2251168, at *4 (N.D. Cal., May 13, 2015) (dismissing a Tenth
24 Amendment challenge to 18 U.S.C. § 922(g)(9) which was predicated upon the theory that the
25 statute usurped the power retained by California to define the procedures for the restoration of
26 gun rights following a criminal conviction for a reduced felony crime of domestic violence); *Enos*
27 *v. Holder*, No. 2:10-cv-2911-JAM-EFB, 2011 WL 2681249, at *6 (E.D. Cal. July 8, 2011)
28 /////

(granting motion to dismiss Tenth Amendment challenge to 18 U.S.C. §§ 921(a)(33), 922(d)(9), (g)(9)).  Of course, this court is bound by the Ninth Circuit's decision in *Andaverde*.

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Nevertheless, leave to amend need not be granted when the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).  Further, in determining futility, "[t]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied."  *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (citing 3 Moore's Federal Practice P. 15.08(4) (2d ed. 1974)).

In their complaint plaintiffs have failed to provide a short and plain statement showing they are entitled to relief with respect to their Tenth Amendment claim.  Moreover, the court cannot identify a legally cognizable theory, no matter how favorable a light is cast on the allegations of the complaint.  *See Balistreri*, 901 F.2d at 699.  Finally, in their opposition to the pending motion plaintiffs have already attempted to clarify the nature of and theory underlying their Tenth Amendment claim.  Above, the undersigned has explained that even if the complaint were to be amended to provide that clarification, it would still not state a cognizable claim under the Ninth Circuit's holding in *Andaverde*.  Therefore, the granting of leave to amend as to plaintiffs' Tenth Amendment claim would be futile.

Accordingly, the court grants defendants' motion to dismiss (Doc. No. 37) plaintiffs' Tenth Amendment claim with prejudice.

IT IS SO ORDERED.

Dated:  **March 23, 2021**

UNITED STATES DISTRICT JUDGE