ROB BONTA, State Bar No. 202668
Attorney General of California
ANTHONY R. HAKL, State Bar No. 197335
Supervising Deputy Attorney General
NELSON R. RICHARDS, State Bar No. 246996
RYAN A. HANLEY, State Bar No. 330729
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-7867
  Fax:  (916) 324-8835
  E-mail:  Nelson.Richards@doj.ca.gov
*Attorneys for Defendant the California Attorney
General*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANE ROE #1, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, et al.,**<br><br>Defendants. | 1:19-cv-00270<br><br>**CALIFORNIA ATTORNEY GENERAL'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS**<br><br>Date:        Aug. 17, 2021<br>Time:       9:30 a.m.<br>Judge:      Hon. Dale A. Drozd |

Pursuant to Local Rule 260(b), Defendant Rob Bonta, in his official capacity as the California Attorney General, submits the following response to Plaintiffs' Statement of Undisputed Facts in Support of Motion for Summary Judgment or Summary Adjudication, ECF No. 64, filed on March 22, 2021. The California Attorney General makes the following responses for purposes of the parties' cross-motions for summary judgment. He reserves the right to revise his responses should he learn of new evidence.

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 1. | Every Plaintiff is currently listed in a federal and/or state databases as being disqualified from owning, purchasing, or possessing a firearm, pursuant to 18 U.S.C. § 922(g)(4) ["adjudicated as [having] been committed to a mental institution."]<br><br>Declarations of Plaintiffs Jane Roe #1, John Does #1-5; FRE 601, 602, 803(8), 1006. | Undisputed. |
| 2. | Plaintiff JANE ROE #1's alleged disqualification arose of her contact with a mental healthcare provider in New Jersey in 1988/1989 when she was a minor and without benefit of counsel or appointment of a guardian ad litem.<br><br>Declaration of Jane Roe #1; FRE 601, 602. | Undisputed. |
| 3. | JANE ROE #1 was honorably discharged from the U.S. Army. During her service she was awarded: Army Achievement Medal, Joint Meritorious Unit Award, Army Good Conduct Medal, National Defense Service Medal, and Army Service Ribbon.<br><br>Declaration of Jane Roe #1; FRE 601, 602. | Undisputed. |
| 4. | JANE ROE #1 received firearms training in the United States Army and used various small arms while on active duty. The Army was aware of JANE ROE #1's "mental health" history during her enlistment.<br><br>Declaration of Jane Roe #1; FRE 601, 602. | Undisputed. |

1

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 5. | JANE ROE #1 does not currently suffer from any disqualifying mental health diagnosis.<br><br>Declaration of Jane Roe #1. | Undisputed to the extent Jane Roe #1 represents that she does not have a current diagnosis of a disqualifying mental health disorder. The California Attorney General currently has no reason to believe that this statement is inaccurate. However, Plaintiffs have not provided Jane Roe #1's medical records in this case. In addition, to the extent Jane Roe #1 purports to testify that she does not currently have an undiagnosed mental health disorder, the fact is not undisputed because Plaintiffs have not established foundation, personal knowledge, and offer improper expert opinion. Fed. R. Evid. 602, 702, 703. |
| 6. | JANE ROE #1 currently lives in California and has no plans to relocate to New Jersey. Traveling to New Jersey to file a petition for restoration of her rights would be an undue burden.<br><br>Declaration of Jane Roe #1; FRE 601, 602. | Disputed in part.<br><br>Undisputed that Jane Roe #1 currently lives in California and has no plans to relocate to New Jersey.<br><br>Disputed that travelling to New Jersey to file a petition for restoration of her rights would be an "undue burden." As a legal matter, the assertion that it would be an "undue burden" is a conclusion of law, not a statement of fact. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) ("[A] conclusion of law . . . does not, by itself, create a genuine issue of material fact for the obvious reason that a legal conclusion is not a factual statement . . . ."). To the extent it can be considered a factual matter, Plaintiffs support the statement with a conclusory declaration. *See* Decl. of Jane Roe #1 in Supp. of Pls.' Mot. for Summ. J. ¶ 9, ECF No. 66. The statement lacks foundation or any factual support. Fed. R. Evid. 602. |

2

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 7. | The California Attorney General admits that the only law preventing JANE ROE #1, from possessing a firearm is a lifetime prohibition under 18 U.S.C. § 922(g)(4), which arose from a federal mental health disqualification based on her contact with a New Jersey mental healthcare provider.<br><br>Declaration of Counsel, Exhibit A, Request for Admission Response #19; FRCP 36. | Undisputed. |
| 8. | JOHN DOE #1 was placed on a mental health hold under Welfare and Institutions Code (WIC) § 5250 (adjudicated hold) in August of 2011.<br><br>Declaration of John Doe #1; FRE 601, 602. | Undisputed. |
| 9. | JOHN DOE #1 filed a petition under WIC § 8103, in January of 2013, in Sacramento County Superior Court. The hearing under WIC § 8103 was conducted to have JOHN DOE #1's rights to acquire, keep and bear firearms restored. The People of the State of California were represented by the District Attorney's Office. The Court granted the petition and relieved JOHN DOE #1 of firearm disabilities.<br><br>Declaration of John Doe #1; FRE 601, 602, 803(8), 1006. | Undisputed. |
| 10. | JOHN DOE #1 does not currently suffer from any disqualifying mental health diagnosis.<br><br>Declaration of John Doe #1; FRE 601, 602. | Undisputed to the extent John Doe #1 represents that he does not have a current diagnosis of a disqualifying mental health disorder. The California Attorney General currently has no reason to believe that this statement is inaccurate. However, Plaintiffs have not provided John Doe #1's medical records in this case. In addition, to the extent John Doe #1 purports to testify that he does not currently have an undiagnosed mental health disorder, the fact is not undisputed because Plaintiffs have not established foundation, personal knowledge, and offer improper expert opinion. Fed. R. Evid. 602, 702, 703. |

3

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 11. | The California Attorney General admits that JOHN DOE #1 successfully petitioned a superior court under California Welfare and Institutions Code § 8100 *et seq.*, and obtained an order that he may own, possess, have custody or control over, receive or purchase firearms; and that the only law currently preventing JOHN DOE #1, from possessing a firearm is a lifetime prohibition under 18 U.S.C. § 922(g)(4). <br><br> Declaration of Counsel, Exhibit A, Request for Admission Response #12 and Response #21; FRCP 36. | Undisputed. |
| 12. | JOHN DOE #2 was placed on a mental health hold under Welfare and Institutions Code (WIC) § 5250 (adjudicated hold) in April of 2015. <br><br> Declaration of John Doe #2; FRE 601, 602, 803(8), 1006. | Undisputed. |
| 13. | JOHN DOE #2 filed a petition under WIC § 8103, in December of 2016, in San Diego County Superior Court. The hearing under WIC § 8103 was conducted to have JOHN DOE #2's rights to acquire, keep and bear firearms restored. The People of the State of California were represented by the District Attorney's Office. The Court granted the petition and relieved JOHN DOE #2 of firearm disabilities. <br><br> Declaration of John Doe #2; FRE 601, 602, 803(8), 1006. | Undisputed. |

4

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 14. | JOHN DOE #2 does not currently suffer from any disqualifying mental health diagnosis.<br><br>Declaration of John Doe #2; FRE 601, 602. | Undisputed to the extent John Doe #2 represents that he does not have a current diagnosis of a disqualifying mental health disorder. The California Attorney General currently has no reason to believe that this statement is inaccurate. However, Plaintiffs have not provided John Doe #2's medical records in this case. In addition, to the extent John Doe #2 purports to testify that he does not currently have an undiagnosed mental health disorder, the fact is not undisputed because Plaintiffs have not established foundation, personal knowledge, and offer improper expert opinion. Fed. R. Evid. 602, 702, 703. |
| 15. | The California Attorney General admits that JOHN DOE #2 successfully petitioned a superior court under California Welfare and Institutions Code § 8100 *et seq.,* and obtained an order that he may own, possess, have custody or control over, receive or purchase firearms; and that the only law preventing JOHN DOE #2, from possessing a firearm is a lifetime prohibition under 18 U.S.C. § 922(g)(4).<br><br>Declaration of Counsel, Exhibit A, Request for Admission Response #13 and Response #22; FRCP 36. | Undisputed. |
| 16. | JOHN DOE #3 was placed a mental health hold, on or about June 12, 2012, in Alameda County, after a "Certification Review Hearing" that purported to place him on a hold pursuant to WIC § 5150 (unadjudicated hold).<br><br>Declaration of John Doe #3; FRE 601, 602, 803(8), 1006. | Disputed.<br><br>This statement is based on a document that Plaintiffs have not submitted in support of their motion. *See* Decl. of John Doe #3 in Supp. of Pls.' Mot. for Summ. J. (Doe #3 Decl.), ¶ 4, ECF No. 69. It is thus based on inadmissible hearsay. *See* Fed. R. Evid. 802.<br><br>The facility that treated John Doe #3 reported to the California Department of Justice that it placed him on a 5250 hold. Decl. of G. Mac in Supp. of Def. Cal. Att'y Gen.'s Mot. for Summ. J. (Mac Decl.) ¶¶ 45-47. |

5

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 17. | Even assuming a scrivener's error on the face of the record, there were other irregularities with regard to JOHN DOE #3's mental health hold. JOHN DOE #3 requested an attorney for the "hearing" and was denied the opportunity to obtain one. He was – instead – provided with a patient advocate who was not a lawyer. He was not appointed a conservator. He was not notified of the full consequences of the hearing. He was not notified of his appellate rights. He was under the influence of hospital administered psychotropic drugs that impaired his perception and judgment.<br><br>Declaration of John Doe #3; FRE 601, 602. | Disputed.<br><br>This evidence is irrelevant to the causes of action against the California Attorney General in the First Amended Complaint. Fed. R. Evid. 401, 402.<br><br>In addition, disputed because the statement is not supported by the citation to the underlying evidence. *See* Doe #3 Decl. ¶ 5 ("[N]or was I advised of my appellate rights, *prior to the 'hearing.'*" (emphasis added)). |
| 18. | JOHN DOE #3 was not – in fact – placed on a 14- day hold authorized under WIC § 5250. Shortly after the "hearing" he was released.<br><br>Declaration of John Doe #3; FRE 601, 602. | Disputed.<br>The facility that treated John Doe #3 reported to the California Department of Justice that it placed him on a 5250 hold. Mac Decl. ¶¶ 45-47. |
| 19. | JOHN DOE #3 does not currently suffer from any disqualifying mental health diagnosis.<br><br>Declaration of John Doe #3; FRE 601, 602. | Undisputed to the extent John Doe #3 represents that he does not have a current diagnosis of a disqualifying mental health disorder. The California Attorney General currently has no reason to believe that this statement is inaccurate. However, Plaintiffs have not provided John Doe #3's medical records in this case. In addition, to the extent John Doe #3 purports to testify that he does not currently have an undiagnosed mental health disorder, the fact is not undisputed because Plaintiffs have not established foundation, personal knowledge, and offer improper expert opinion. Fed. R. Evid. 602, 702, 703. |

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 20. | The California Attorney General admits that Plaintiff JOHN DOE #3 no longer suffers from a firearm mental health disability under California Welfare and Institutions Code § 8100 *et seq.;* and that the only law preventing JOHN DOE #3, from possessing a firearm is a lifetime prohibition under 18 U.S.C. § 922(g)(4). <br><br> Declaration of Counsel, Exhibit A, Request for Admission Response #14 and Response #23; FRCP 36. | Undisputed. |
| 21. | JOHN DOE #4 resides in Texas. On January 3, 1996 he was admitted to a mental health facility in Fresno, California and discharged seven (7) days later on January 11, 1996. He was admitted again to the same facility on October 15, 1996 and was discharged on November 22, 1996. This second hold was conducted pursuant to WIC § 5250. <br><br> Declaration of John Doe #4; FRE 601, 602. | Undisputed. |
| 22. | JOHN DOE #4 does recall be advised that as a consequence of his treatment, he would be disqualified from owning, possessing, or acquiring a firearm for a minimum of five (5) years. However, he was not informed that federal law imposed a lifetime disqualification. He was not appointed a lawyer. He was not appointed a conservator. He was not advised of his appellate rights. <br><br> Declaration of John Doe #4; FRE 601, 602. | Disputed. <br><br> This evidence is irrelevant to the causes of action against the California Attorney General in the First Amended Complaint. Fed. R. Evid. 401, 402. <br><br> John Doe #4's inability to recall an event is not sufficient to establish that the event did not happen. *See* Fed. R. Evid. 401, 602. |
| 23. | On or about July 27, 2010, JOHN DOE #4 caused a Petition for Relief from Firearms Prohibition under WIC § 8103 to be filed in Fresno Superior Court, despite more than ten years having lapsed from his hospitalization in 1996. <br><br> Declaration of John Doe #4; FRE 601, 602. | Undisputed. |

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 24. | On September 24, 2010, JOHN DOE #4 appeared in Fresno County, with the People represented by the District Attorney, the Superior Court, denied the petition, stating: "[...] Motion for Relief of Firearm Prohibition is DENIED. The Court cannot grant the requested relief the petition is seeking. Prohibition period lapsed, 10/4/2001." In other words, the case was not resolved on the merits because the Judge considered the matter mooted by operation of law. (i.e., the passage of time.)<br><br>Declaration of John Doe #4; FRE 601, 602, 803(8), 1006. | Undisputed. |
| 25. | JOHN DOE #4 does not currently suffer from any disqualifying mental health diagnosis.<br><br>Declaration of John Doe #4; FRE 601, 602. | Undisputed to the extent John Doe #4 represents that he does not have a current diagnosis of a disqualifying mental health disorder. The California Attorney General currently has no reason to believe that this statement is inaccurate. However, Plaintiffs have not provided John Doe #4's medical records in this case. In addition, to the extent John Doe #4 purports to testify that he does not currently have an undiagnosed mental health disorder, the fact is not undisputed because Plaintiffs have not established foundation, personal knowledge, and offer improper expert opinion. Fed. R. Evid. 602, 702, 703. |

8

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 26. | JOHN DOE #4 currently lives in Texas and has no plans to relocate to California. Traveling to California to file a petition for restoration of his rights would be an undue burden.<br><br>Declaration of John Doe #4; FRE 601, 602. | Undisputed that John Doe #4 currently lives in Texas and has no plans to relocate to California.<br><br>Disputed that travelling to California to file a petition for restoration of her rights would be an "undue burden." As a legal matter, the assertion that it would be an "undue burden" is a conclusion of law, not a statement of fact. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) ("[A] conclusion of law . . . does not, by itself, create a genuine issue of material fact for the obvious reason that a legal conclusion is not a factual statement . . . ."). To the extent it can be considered a factual matter, the evidence Plaintiffs cite does not support the statement. *See generally* Decl. of John Doe #4 in Supp. of Pls.' Mot. for Summ. J. (Doe #4 Decl.), ECF No. 70. |
| 27. | The California Attorney General admits that Plaintiff JOHN DOE #4 no longer suffers from a firearm mental health disability under California Welfare and Institutions Code § 8100 *et seq.*; and that the only law preventing JOHN DOE #4, from possessing a firearm is a lifetime prohibition under 18 U.S.C. § 922(g)(4).<br><br>Declaration of Counsel, Exhibit A, Request for Admission Response #15 and Response #24; FRCP 36. | Undisputed. |
| 28. | JOHN DOE #5 is a resident of the State of Nevada. On or about April 30, 2007, he was admitted to a healthcare facility in Torrance, California, for a mental health evaluation. He was a minor on that date. He was discharged on or about May 8, 2007.<br><br>Declaration of John Doe #5; FRE 601, 602. | Undisputed. |

9

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 29. | JOHN DOE #5 has no recollection of any hearing and has not be able to obtain any records of this treatment or any "hearing" that might have taken place regarding his treatment. He does not recall having been appointed a guardian ad litum, an attorney, or being informed of the consequences of his detention.<br><br>Declaration of John Doe #5; FRE 601, 602. | Disputed.<br><br>This evidence is irrelevant to the causes of action against the California Attorney General in the First Amended Complaint. Fed. R. Evid. 401, 402.<br><br>John Doe #5's inability to recall an event is not sufficient to establish that the event did not happen. *See* Fed. R. Evid. 401, 602. |
| 29.[1] | JOHN DOE #5 does not currently suffer from any disqualifying mental health diagnosis.<br><br>Declaration of John Doe #5; FRE 601, 602. | Undisputed to the extent John Doe #5 represents that he does not have a current diagnosis of a disqualifying mental health disorder. The California Attorney General currently has no reason to believe that this statement is inaccurate. However, Plaintiffs have not provided John Doe #5's medical records in this case. In addition, to the extent John Doe #5 purports to testify that he does not currently have an undiagnosed mental health disorder, the fact is not undisputed because Plaintiffs have not established foundation, personal knowledge, and offer improper expert opinion. Fed. R. Evid. 602, 702, 703. |

---

[1] Plaintiffs' Statement of Undisputed Facts erroneously includes two items numbered "29." For clarity, this response retains the original numbering.

10

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 30. | JOHN DOE #5 currently lives in Nevada and has no plans to relocate to California. Traveling to California to file a petition for restoration of his rights would be an undue burden.<br><br>Declaration of John Doe #5; FRE 601, 602. | Undisputed that John Doe #5 currently lives in Nevada and has no plans to relocate to California.<br><br>Disputed that travelling to California to file a petition for restoration of her rights would be an "undue burden." As a legal matter, the assertion that it would be an "undue burden" is a conclusion of law, not a statement of fact. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010) ("[A] conclusion of law . . . does not, by itself, create a genuine issue of material fact for the obvious reason that a legal conclusion is not a factual statement . . . ."). To the extent it can be considered a factual matter, the evidence Plaintiffs cite does not support the statement. *See generally* Decl. of John Doe #5 in Supp. of Pls.' Mot. for Summ. J. (Doe #5 Decl.), ECF No. 71. |
| 31. | The California Attorney General admits that Plaintiff JOHN DOE #5 no longer suffers from a firearm mental health disability under California Welfare and Institutions Code § 8100 *et seq.;* and that the only law preventing JOHN DOE #5, from possessing a firearm is a lifetime prohibition under 18 U.S.C. § 922(g)(4).<br><br>Declaration of Counsel, Exhibit A, Request for Admission Response #16 and Response #25; FRCP 36. | Undisputed. |

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 32. | The evidentiary standard for a Certification Review Hearing under WIC § 5250 is *probable cause*. *See* WIC § 5256.6:<br><br>If at the conclusion of the certification review hearing the person conducting the hearing finds that there is probable cause that the person certified is, as a result of a mental disorder or impairment by chronic alcoholism, a danger to others, or to himself or herself, or gravely disabled, then the person may be detained for involuntary care, protection, and treatment related to the mental disorder or impairment by chronic alcoholism pursuant to Sections 5250 and 5270.15.<br><br>WIC § 5256.6; FRE 201. | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statutes are the best evidence of their contents. *Id.* 1002. |
| 33. | The State of California imposes a temporary suspension of firearms rights for a period of five (5) years for any person taken into custody at least once, pursuant to WIC § 5150 (unadjudicated hold).<br><br>WIC § 8103(f)(1)(A); FRE 201. | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statute is the best evidence of its contents. *Id.* 1002. |

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 34. | The State of California imposes a lifetime prohibition on firearms rights for any person taken into custody pursuant to WIC § 5150 (unadjudicated hold) more than once during a one-year period.<br><br>WIC § 8103(f)(1)(B); FRE 201. | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statute is the best evidence of its contents. *Id.* 1002. *Id.* 1002. |
| 35. | A person may obtain a relief from both the temporary suspension and lifetime prohibition, triggered by a WIC § 5150 unadjudicated mental health hold, by petitioning a California Superior Court to restore their firearm rights. The government is represented by the District Attorney at the hearing acting as plaintiff.<br><br>WIC §§ 8103(f)(1)(C), 8103(f)(5), 8103(f)(6); FRE 201. | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statutes are the best evidence of their contents. *Id.* 1002. |

13

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 36. | The evidence that may be produced by either party at a hearing to restore firearm rights after an unadjudicated mental health hold is limited only by California Evidence Code § 352.<br><br>WIC § 8103(f)(5); FRE 201. | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statute is the best evidence of its contents. *Id.* 1002. |
| 37. | To maintain any remainder of the five (5) year temporary suspension [§8103(f)(1)(A)], or lifetime prohibition [§8103(f)(1)(B)], the government "bear[s] the burden of showing by a preponderance of the evidence that the person would not be likely to use firearms in a safe and lawful manner."<br><br>WIC § 8103(f)(6); FRE 201. | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statute is the best evidence of its contents. *Id.* 1002. |

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 38. | If the government fails to meet the burden of WIC § 8103(f)(6), the Court enters an order that the person is not subject a firearm disability and transmits a copy of the order to the California Department of Justice. "Upon receipt of the order, the Department of Justice shall delete any reference to the prohibition against firearms from the person's state mental health firearms prohibition system information." [WIC § 8103(f)(7)]<br><br>WIC § 8103(f)(7); FRE 201. | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statute is the best evidence of its contents. *Id.* 1002. |
| 39. | The State of California also imposes a temporary suspension of firearms rights for a period of five (5) years for any person taken into custody pursuant to WIC § 5250 (adjudicated mental health hold).<br><br>WIC § 8103(g)(1)(i); FRE 201. | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statute is the best evidence of its contents. *Id.* 1002. |

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 40. | A person may obtain a relief from the temporary suspension of firearm rights for five (5) years triggered by a WIC § 5250 (adjudicated mental health hold) by petitioning a California Superior Court to restore their firearm rights. The government is represented by the District Attorney at the hearing acting as the respondent. [Cf., a hearing under § 8103(f)(5).]<br><br>WIC § 8103(g)(4); FRE 201. | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statute is the best evidence of its contents. *Id.* 1002. |
| 41. | The evidence that may be produced by either party at a hearing to restore firearm rights after an unadjudicated mental health hold is limited only by California Evidence Code § 352.<br><br>WIC § 8103(g)(4); FRE 201. | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statute is the best evidence of its contents. *Id.* 1002. |

16

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 42. | The petitioner can then be relieved from the remainder of the five (5) year temporary suspension: "If the court finds by a preponderance of the evidence that the person would be likely to use firearms in a safe and lawful manner, the court may order that the person may own, control, receive, possess, or purchase firearms, [...]" [WIC § 8103(g)(4)]<br><br>WIC § 8103(g)(4); FRE 201. | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statute is the best evidence of its contents. *Id.* 1002. |
| 43. | If the Court enters an order that the person is no longer subject to a firearm disability under WIC § 8103(g)(1)(i), "A copy of the order shall be submitted to the Department of Justice. Upon receipt of the order, the Department of Justice shall delete any reference to the prohibition against firearms from the person's state mental health firearms prohibition system information." [WIC § 8103(g)(4)]<br><br>WIC § 8103(g)(4); FRE 201. | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statute is the best evidence of its contents. *Id.* 1002. |

17

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 44. | The California Department of Justice violates WIC § 8103(g)(4) by refusing to "delete *any reference* to the prohibition against firearms prohibition from [a] person's state mental health firearms prohibition system information" when that person was subject to a WIC § 5250 hold.<br><br>Declaration of Counsel, Exhibit D; Bates stamped DEF. CA. AG 024-042; FRE 801(d)(2). | Disputed as an improper topic for a "Statement of Undisputed Facts" under Local Rule 260. This statement amounts to legal argument. The text of statutes, and their legal effect, is law, not fact.<br><br>Nor is the text of a statute evidence. *See* Black's Law Dictionary (11th ed. 2019) (defining evidence to include "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Statutes do not tend to prove or disprove facts. For the same reason, they are not relevant because they do not have a tendency to make any fact more or less probable than it would be without them. Fed. R. Evid. 401. To the extent the law can be considered evidence, the cited statute is the best evidence of its contents. *Id.* 1002. |
| 45. | Both sets of Defendants admit that The National Instant Criminal Background Check System (NICS) is used by Federal Firearms Licensees, importers, and manufacturers (collectively, "dealers") to determine whether a prospective purchaser is legally authorized to purchase (and possess) firearms.<br><br>CA DOJ Answer (Doc 008) ¶ 26; U.S. Answer (Doc 012) ¶ 26; FRE 801(d)(2). | Undisputed. |
| 46. | Both sets of Defendants admit that California is a Full-POC (Point of Contact) State charged with overall responsibility for the administration and usage of the FBI-NICS within a state.<br><br>CA DOJ Answer (Doc 008) ¶ 26; Declaration of Counsel, Exhibit H.a. Bates: ATF0086-0088; FRE 801(d)(2). | Undisputed. |

18

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|-----|------------------------------|----------|
| 47. | California submits its mental health records to FBI/NICS for purposes of maintaining an accurate firearm background check system. California also maintains its own Mental Health Unit within the Department of Justice that makes determinations for restoration of rights after a hearing to restore rights under WIC § 8103 *et seq.*, has taken place.<br><br>Declaration of Counsel, Exhibit D: Bates stamped DEF. CA. AG 024-042; Declaration of Counsel, Exhibit H.d. Bates: ATF102-ATF113; FRE 801(d)(2). | Disputed in part.<br><br>The California Department of Justice does not "make[] determinations for restoration of rights after a hearing to restore rights under WIC § 8103." The Declaration of Gilbert Mac in Support of the California Attorney General's Cross-Motion for Summary Judgment sets forth the California Department of Justice's role in the process. Mac Decl. ¶¶ 18-33. |
| 48. | California has a policy and/or procedure by which a WIC § 5250 determination that is restored under WIC § 8103(g)(4) remains in the FBI-NICS database as a disqualification due to "FEDERAL LIFETIME PROHIBITION."<br><br>Declaration of Counsel, Exhibit D: Bates stamped DEF. CA. AG 024-042; FRE 801(d)(2). | Undisputed to the extent supported by the document cited. Plaintiffs do not provide a pincite to support their statement. In addition, to the extent the document cited does not support Plaintiffs' statement, the Declaration of Gilbert Mac in Support of the California Attorney General's Cross-Motion for Summary Judgment sets forth the California Department of Justice's role in the process. Mac Decl. ¶¶ 18-33. |
| 49. | In a February 20, 2008, the California Department of Justice exchanged a series of emails with the federal government requesting clarification of California's State Relief Program and its impact by the NICS Improvement Act, with specific questions about mental health disqualifications:<br><br>5) If state law provides for a temporary loss of the right to possess firearms, does the expiration of that temporary time period constitute a "restoration of rights" that triggers the requirement that the state request that the record be removed from the NICS database?<br><br>Declaration of Counsel, Exhibit H.D. Bates: ATF102-113; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 50. | In an email dated March 14, 2008, the federal governments responded to question 5 as follows:<br><br>5.) The requirement to remove a record is triggered only if the person is no longer subject to Federal firearms disabilities. If Federal firearms disabilities are removed upon completion or expiration of a State temporary time period (temporary loss of the right to possess a firearm under State law), i.e., restoration of core civil rights without firearms disabilities at the time of restoration, then that record should be removed from NICS.<br><br>Declaration of Counsel, Exhibit H.d. Bates: ATF102-113; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |
| 51. | In a follow-up email dated March 14, 2008, the California Department of Justice indicated that it had additional questions:<br><br>"[S]pecificially about our mental health statutes. If I understand your correctly, this has a major impact on us. Whereas individuals in the NICS database because they were "mental defectives" used be in the index for life, now they must be removed from NICS when they [sic] state disability (5 years) expires. We will mull this information over and get back to you next week."<br><br>Declaration of Counsel, Exhibit H.d. Bates: ATF102-113; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 52. | In a reply email, the federal government responded:<br><br>"[P]erhaps our e-mail was confusing. The only change with respect to Federal firearms disability imposed due to adjudications as a mental defective or committed to a mental institution with regard to the States is if the State has granted "relief" under a qualifying relief from disabilities program that considers a person's record and reputation and has de novo judicial review. This is distinguished from a procedure by which the disability expires after a period of time. Perhaps we can have a conference call next week."<br><br>Declaration of Counsel, Exhibit H.d. Bates: ATF102-113; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |
| 52.[2] | In a reply email, the California Department of Justice responded:<br><br>"That clears it up a bit, but we would love to talk."<br><br>Declaration of Counsel, Exhibit H.d. Bates: ATF102-113; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |
| 53. | On April 2, 2008, the federal government closed the CCMS case related to the California Department of Justice inquiry about mental health restorations because "it appears CA is not interested in receiving NICS funding."<br><br>Declaration of Counsel, Exhibit H.d. Bates: ATF102-113; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |

---

[2] Plaintiffs' Statement of Undisputed Facts erroneously includes two items numbered "52." For clarity, this response retains the original numbering.

21

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 54. | As of December 13, 2019, California still does not participate in the NICS Improvement Act of 2007 to create a federally incentivized and qualified 922(d)(4)/(g)(4) relief program.<br><br>Declaration of Counsel, Exhibit H.c. Bates: ATF100-101; FRE 801(d)(2). | Undisputed that California currently does not have a program that qualifies under 34 U.S.C. § 40915. |
| 55. | ATF provides guidance for states to follow in certifying that they have established a qualifying mental health relief from firearms disabilities program that satisfies certain minimum criteria under the NIAA. [the nine criteria follow next]<br><br>Declaration of Counsel, Exhibit H.b. Bates: ATF089-091; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |
| 56. | 1. State law: The relief program has been established by state statute, or administrative regulation or order pursuant to state law.<br><br>Declaration of Counsel, Exhibit H.b. Bates: ATF089-091; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |
| 57. | 2. Application: The relief program allows a person who has been formally adjudicated as a "mental defective"1 or committed involuntarily to a mental institution2 to apply or petition for relief from the Federal firearms prohibitions (disabilities) imposed under 18 U.S.C. § 922 (d) (4) and (g) (4).<br><br>Declaration of Counsel, Exhibit H.b. Bates: ATF089-091; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|-----|------------------------------|----------|
| 58. | 3. Lawful authority: A state court, board, commission, or other lawful authority (per state law) considers the applicant's petition for relief. The lawful authority may only consider applications for relief due to mental health adjudications or commitments that occurred in the applicant state.<br><br>Declaration of Counsel, Exhibit H.b. Bates: ATF089-091; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |
| 59. | 4. Due process: The petition for relief is considered by the lawful authority in accordance with principles of due process, as follows:<br><br>a. The applicant has the opportunity to submit his or her own evidence to the lawful authority considering the relief application.<br>b. An independent decision maker—someone other than the individual who gathered the evidence for the lawful authority acting on the application— reviews the evidence.<br><br>c. A record of the matter is created and maintained for review.<br><br>Declaration of Counsel, Exhibit H.b. Bates: ATF089-091; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 60. | 5. Proper record: In determining whether to grant relief, the lawful authority receives evidence concerning and considers the:<br><br>    a. Circumstances regarding the firearms disabilities imposed by 18 U.S.C. § 922 (g) (4);<br>    b. Applicant's record, which must include, at a minimum, the applicant's mental health and criminal history records; and c. Applicant's reputation, developed, at a minimum, through character witness statements, testimony, or other character evidence.<br><br>Declaration of Counsel, Exhibit H.b. Bates: ATF089-091; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |
| 61. | 6. Proper findings: In granting relief, the lawful authority issues findings that:<br><br>    a. The applicant will not be likely to act in a manner dangerous to public safety; and<br>    b. Granting the relief will not be contrary to the public interest.<br><br>Declaration of Counsel, Exhibit H.b. Bates: ATF089-091; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 62. | 7. De novo judicial review of a denial: The state provides for the de novo judicial review of relief application denials that includes the following principles:<br><br>a. If relief is denied, the applicant may petition the state court of appropriate jurisdiction to review the denial, including the record of the denying court, board, commission or other lawful authority.<br>b. In cases of denial by a lawful authority other than a state court, the reviewing court as the discretion to receive additional evidence necessary to conduct an adequate review.<br><br>c. Judicial review is de novo in that the reviewing court may, but is not required to, give deference to the decision of the lawful authority that denied the application for relief.<br><br>Declaration of Counsel, Exhibit H.b. Bates: ATF089-091; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 63. | 8. Required updates to state and federal records: Pursuant to § 102(c) of the NIAA, the state, on being made aware that the basis under which the record was made available does not apply, or no longer applies:<br><br>a. Updates, corrects, modifies, or removes the record from any database that the federal or state government maintains and makes available to NICS, consistent with the rules pertaining to the database; and<br>b. Notifies the Attorney General that such basis no longer applies so that the record system in which the record is maintained is kept up to date.<br><br>Declaration of Counsel, Exhibit H.b. Bates: ATF089-091; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |
| 64. | 9. Recommended procedure: It is recommended (not required) that the state have a written procedure (e.g., state law, regulation, or administrative order) to address the update requirements.<br><br>Declaration of Counsel, Exhibit H.b. Bates: ATF089-091; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |

26

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|---|---|---|
| 65. | Using these criteria (PSUF 65-64) the ATF has approved the following states' programs for relief from 18 U.S.C. § 922(d)(4) and § 922(g)(4): Nevada, New York, Oregon, Florida, Idaho, Illinois, New Jersey, Texas, Wisconsin, Arizona, Iowa, Kansas, Kentucky, North Dakota, Virginia, Indiana, Nebraska, Missouri, West Virginia, Alabama, Delaware, Louisiana, Maryland, Alaska, Hawaii, South Carolina, Utah, Oklahoma, Tennessee, Massachusetts, New Mexico, North Carolina, Pennsylvania, and Colorado.<br><br>Declaration of Counsel, Exhibit H.c. Bates: ATF100-101; FRE 801(d)(2). | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401.<br><br>To the extent the evidence is relevant, this statement is undisputed to the extent supported by the document cited, which is the best evidence of its contents. Fed. R. Evid. 1002. |
| 66. | The Second Amendment Foundation (SAF) is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington.<br><br>Declaration of Alan Gottlieb; FRE 601, 602. | Undisputed. |
| 67. | SAF has over 650,000 members and supporters nationwide, including California. Declaration of Alan Gottlieb; FRE 601, 602. | Undisputed. |
| 68. | The purposes of SAF include:<br>1. Education,<br>2. Research,<br>3. Publishing,<br>4. And Litigation<br>in support of the Constitutional right by private citizens to acquire, possess, and lawfully carry firearms for self-defense and other lawful purposes.<br><br>Declaration of Alan Gottlieb; FRE 601, 602. | Undisputed. |

27

| No. | PLAINTIFFS' UNDISPUTED FACTS | RESPONSE |
|-----|------------------------------|----------|
| 69. | SAF seeks to vindicate the rights under the Second Amendment to the United States Constitution for all law-abiding citizens, including its members and supporters, and to educate the general public on the consequences of unconstitutional gun control laws.<br><br>Declaration of Alan Gottlieb; FRE 601, 602. | Undisputed. |
| 70. | SAF brings this action on behalf of itself and its members and all the named plaintiffs in this action are members of SAF.<br><br>Declaration of Alan Gottlieb; FRE 601, 602. | Undisputed. |
| 71. | SAF brings lawsuits like this because the fees and costs of prosecuting such actions often exceeds the personal resources of individual gun owners, including our members.<br><br>Declaration of Alan Gottlieb; FRE 601, 602. | Disputed. This evidence is not relevant to any claim for relief or defense in this case. Fed. R. Evid. 401. It does not purport to explain why SAF brought this lawsuit. Nor does it establish that pursuing this lawsuit "exceeds the personal resources" of the individual plaintiffs in this case. |

Dated: May 10, 2021

Respectfully Submitted,

ROB BONTA
Acting Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
RYAN A. HANLEY
Deputy Attorney General

/s/ Nelson Richards
NELSON R. RICHARDS
Deputy Attorney General
*Attorneys for Defendant California Attorney General*

# CERTIFICATE OF SERVICE

Case Name:    **Jane Roe #1, et al. v. United**              No.    **1:19-cv-00270**
                       **States of America, et al.**

I hereby certify that on <u>May 10, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**CALIFORNIA ATTORNEY GENERAL'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 10, 2021</u>, at Sacramento, California.

<div style="display:flex; justify-content:space-between;">

Eileen A. Ennis
Declarant

*/s/ Eileen A. Ennis*
Signature

</div>

SA2019101161
35084188.docx