MATTHEW RODRIQUEZ, State Bar No. 95976
Acting Attorney General of California
ANTHONY R. HAKL, State Bar No. 197335
Supervising Deputy Attorney General
NELSON R. RICHARDS, State Bar No. 246996
RYAN A. HANLEY, State Bar No. 330729
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-7867
  Fax:  (916) 324-8835
  E-mail:  Nelson.Richards@doj.ca.gov
*Attorneys for Defendant the California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANE ROE #1, et al.,**<br><br>                    Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, et al.,**<br><br>                    Defendants. | 1:19-cv-00270<br><br>**DECLARATION OF GILBERT MAC IN SUPPORT OF DEFENDANT CALIFORNIA ATTORNEY GENERAL'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Date:<br>Time:<br>Dept:<br>Judge:<br>Trial Date:<br>Action Filed: |

# DECLARATION OF GILBERT MAC

I, GILBERT MAC, declare:

1. I am a Staff Services Manager I in the California Department of Justice, Bureau of Firearms, Mental Health Team. I make this declaration of my own personal knowledge and experience and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. This declaration is made in support of Defendant California Attorney General's cross-motion for summary judgment.

3. In California, the Lanterman-Petris-Short Act, often referred to as the LPS Act, establishes procedures for providing evaluation of and treatment to people with mental health disorders and other conditions and disabilities.

4. The law prohibits firearms possession by certain people who have received involuntary treatment under the law because a mental health disorder has made them a danger to themselves or others. That prohibition is codified in California Welfare and Institutions Code section 8103.

5. Federal law places a separate, lifetime prohibition on anyone who has been "adjudicated as a mental defective or who has been committed to a mental institution." That prohibition is codified in §§ 922(d)(4) and (g)(4) of Title 18 of the United States Code.

6. California administers this prohibition within the State in lieu of the federal government.

7. As part of my job duties, I apply the California and federal laws regulating firearms acquisition and possession by people who have disqualifying mental health records. This responsibility has given me personal knowledge of the laws and how the Bureau of Firearms implements them.

8. Section I of this declaration discusses the LPS Act provisions prohibiting firearms ownership and the Bureau of Firearm's role in enforcing those firearms prohibitions. Section II discusses how the Mental Health Team implements federal law and uses the federal National

1

Gilbert Mac Decl. ISO Def. Cal. Att'y Gen.'s Cross-Mot. for Summ. J. (1:19-cv-00270)

Instant Criminal Background System. Section III discusses each of the individual Plaintiffs' eligibility to possess a firearm under California and federal law.

I. **THE CALIFORNIA DEPARTMENT OF JUSTICE'S MENTAL HEALTH REPORTING SYSTEM AND MENTAL HEALTH FIREARMS PROHIBITION SYSTEM**

9. As noted above, section 8103 of the California Welfare and Institutions Code places restrictions on firearms ownership by those who are taken into custody or certified for treatment because a mental health disorder makes them a danger to themselves or others.

10. Under section 5150 of the California Welfare and Institutions Code, a mental health facility may take a person into custody for up to 72 hours when the person is a danger to themselves or others as a result of a mental health disorder. I will refer to this as a 5150 hold.

11. Under section 5250 of the California Welfare and Institutions Code, a mental health facility may certify a person for not more than 14 days of intensive treatment when the person is a danger to themselves or others as a result of a mental health disorder, or is gravely disabled. I will refer to this as a 5250 hold.

12. Section 8103 prohibits a person who has been subject to a 5150 or 5250 hold from possessing a firearm for five years. Certain people who have multiple involuntary treatments are prohibited from possessing firearms for life.

13. Neither the Bureau of Firearms nor the California Department of Justice participates in the certification or intensive treatment process under sections 5150 or 5250 or in judicial review of those proceedings by the superior court. Mental health facilities administer those processes under the LPS Act.

14. The LPS Act directs mental health facilities to notify people who have been taken into custody or certified that they may not possess a firearm for five years. In 1999, section 8103 began requiring mental health facilities to use a standardized form to convey this information to people in custody. A true and correct copy of the current version of this form, BOF 4009B Patient Notification of Firearm Prohibition and Right to Hearing Form, is attached as Exhibit 1 to this declaration. The Patient Notification of Firearms and Right to Hearing Form notifies people that they may use another form to request a hearing in superior court. A true and correct copy of the

2

Gilbert Mac Decl. ISO Def. Cal. Att'y Gen.'s Cross-Mot. for Summ. J. (1:19-cv-00270)

current version of this form, BOF 4009C Request for Hearing for Relief from Firearms Prohibition, is attached as Exhibit 2 to this declaration.

15. California law requires anyone who intends to purchase or otherwise take possession of a firearm to undergo a background check process. That process ensures that the purchaser is not prohibited by law from possessing a firearm. The Bureau of Firearms operates the background check process.

16. As part of that process, the Bureau of Firearms maintains a database called the Mental Health Firearms Prohibition System that identifies people prohibited under section 8103. Along with other databases, this system is checked automatically when a licensed firearms dealer submits a background check for a purchase or transfer of a firearm. The Bureau of Firearms also relies on the system to conduct firearms eligibility checks under California Penal Code section 30105 and update the Armed and Prohibited Person System (APPS). The Armed and Prohibited Persons Unit is responsible for the oversight of the APPS database, which focuses on identifying individuals who have become prohibited from owning or possessing firearms due to a felony and/or violent misdemeanor conviction or warrant, restraining order, mental health disorder, and/or illegal immigration status. The APPS database contains information on firearms either purchased or registered in California and the owners of those firearms. They are moved to the Armed and Prohibited File within the system if they become prohibited.

17. I am a Staff Services Manager I in the Bureau of Firearms, and I manage the Mental Health Team and perform associated duties. In collaboration with my team, I maintain the Mental Health Reporting System in order for mental health facilities, superior and juvenile courts, and law enforcement agencies to report individuals who are prohibited from possessing firearms pursuant to California Welfare and Institutions sections 8103 and 8100. I review completed assignments, manage personnel related matters, and work with information technology staff to maintain the Mental Health Reporting System.

18. Section 8103 requires that mental health facilities notify the California Department of Justice within 24 hours of the time of admission under section 5150 or certifying a person for treatment under section 5250.

3

19. Since July 2012, the online Mental Health Reporting System has been the exclusive means for submitting the required records to the California Department of Justice. All paper records submitted to the Department before that date have been entered into the system. The Department kept the originals for five years. Hardcopies of those records are no longer maintained.

20. A facility submitting information to the California Department of Justice shall report its name and telephone number as well as identifying information about the person subject to the 5150 or 5250 hold, including the person's name, and date of birth. The mental health facility shall include whether the person has been subject to a 5150 or 5250 hold, the person's gender, ethnicity, medical number, and date of admission or certification. The mental health facility may provide the following optional information: height, weight, eye color, hair color, social security number, California driver license or identification number, out-of-state identification number and corresponding state, patient's address, and place of birth. This process involves two databases: the Mental Health Reporting System and the Mental Health Firearms Prohibition System store this information.

21. The Mental Health Reporting System is utilized by facilities to submit, modify, or delete records that are required to be submitted pursuant to section 8103. The system functions as a conduit to update the Mental Health Firearms Prohibition System. The Mental Health Firearms Prohibition System is one of the databases that the California Department of Justice uses when conducting firearms (and ammunition) background checks and eligibility checks. A person who has a disqualifying entry in the system cannot pass a background check, and licensed firearms dealers are prohibited from transferring a firearm to that person. In other words, the person cannot lawfully acquire or possess a firearm for personal use in California.

22. Section 8103 contains a procedure by which a person who has been subject to a 5150 or 5250 hold may obtain relief from his firearms prohibition from a superior court order. The California Department of Justice generally does not participate in these hearings, other than providing the court with a copy of the person's records reported by the mental health facility. The government is represented by district attorneys. In the event that the superior court finds that the

4

Gilbert Mac Decl. ISO Def. Cal. Att'y Gen.'s Cross-Mot. for Summ. J. (1:19-cv-00270)

Government has not carried its burden of showing that the person would not likely use firearms in a safe and lawful manner, the court must order that the person is not subject to the prohibition on ownership of firearms.

23. A court that grants relief must also submit a copy of its order to the California Department of Justice. Section 8103 requires the Department to delete any reference to the prohibition against firearms possession in the Mental Health Reporting System and the Mental Health Firearms Prohibition System.

24. No similar statutory language directs the California Department of Justice to delete entries in the system that have expired after the five-year statutory period. The Mental Health Team does not delete records of people who have been subject to 5250 holds because they are barred by federal law.

25. People who believe that a mental health facility has entered erroneous information into the Mental Health Reporting System may address their concern with the facility directly. A mental health facility that has submitted incorrect or erroneous information into the Mental Health Reporting System may correct the information in the system. If the report was made in error, the facility may remove it from the system. The record would be deleted, and would no longer prevent the person from passing a background check under California law. The Mental Health Team does not have a policy of investigating or evaluating the factual or legal grounds upon which the person was admitted to the facility—for instance, whether the person did, in fact, suffer from a mental health disorder, or whether the facility followed all the procedures in the LPS Act.

26. Because the California Department of Justice is not involved in the process of providing involuntary treatment under 5150 or 5250, the Bureau of Firearms does not evaluate records submitted by mental health facilities for errors. It has no way to independently assess any assertion of error by a person who has an entry in the system. In addition, no statute authorizes or otherwise establishes a procedure for the Bureau of Firearms to independently review or correct entries in the Mental Health Reporting System. In the event a person informs the a Mental Health Team member that the person believes his or her record is erroneous, the team will inform the

5

Gilbert Mac Decl. ISO Def. Cal. Att'y Gen.'s Cross-Mot. for Summ. J. (1:19-cv-00270)

1  person that they should address the matter with the mental health facility that generated the entry
2  in the Mental Health Reporting System. If the mental health facility agrees that a mistake has
3  been made, it may change an entry in the Mental Health Reporting System. As a general matter,
4  the Mental Health Team does not investigate or challenge changes made by mental health
5  facilities. The Mental Health Team will affirmatively contact mental health facilities in one
6  scenario—when the information submitted by the mental health facility is unclear or incomplete.

## II. THE CALIFORNIA DEPARTMENT OF JUSTICE'S ROLE IN IMPLEMENTING THE FEDERAL LIFETIME PROHIBITION ON THOSE SUBJECT TO INVOLUNTARY MENTAL HEALTH TREATMENT

27.   Like California law, federal law prohibits certain people who have mental health disorders from possessing firearms. And like California law, federal law requires licensed firearms dealers to initiate a background check before transferring a firearm to a purchaser. The federal government relies on the National Instant Criminal Background System, commonly referred to by its acronym, NICS, to determine a purchaser's eligibility under federal law.

28.   Federal law allows states that conduct background checks under their own laws to conduct federal background checks using, among other federal databases, NICS. States that elect to do this are referred to as "point of contact" states.

29.   Several states, including California, have chosen to implement NICS "point of contact states," meaning those states run federal background checks for transactions within their borders using the system in lieu of the Federal Bureau of Investigation.

30.   California has long served as a point of contact state. Until 2016, the California Penal Code gave the California Department of Justice discretion to serve as a point of contact state. In 2016, the voters took that discretion away when they enacted Proposition 63. Among other changes, the law amended Penal Code section 28220(b) to *require* that the California Department of Justice serve as a NICS point of contact.

31.   As a practical matter, this means that a firearm purchaser in California undergoes one background check that pulls information from multiple databases, including the State's Mental Health Firearms Prohibition System and NICS.

6

Gilbert Mac Decl. ISO Def. Cal. Att'y Gen.'s Cross-Mot. for Summ. J. (1:19-cv-00270)

32. The Mental Health Team's duties include updating NICS to include information on 5250 holds, which are subject to the federal lifetime prohibition on the possession of firearms under 28 U.S.C. §§ 922(d)(4) and (g)(4). New entries or updates to existing records are transferred into NICS automatically. The Mental Health Team inputs 5150 holds into NICS; however, federal law (including §§ 922(d)(4) and (g)(4)) does not impose a prohibition for those types of holds.

33. The lifetime prohibition on the possession of firearms imposed by §§ 922(d)(4) and (g)(4) for those who have been subject to a 5250 hold effectively overrides the five-year prohibition in section 8103 of the California Welfare and Institutions Code. Because the prohibitions in §§ 922(d)(4) and (g)(4) remain in effect regardless of California's five-year prohibition, the Mental Health Team does not delete 5250 records in either the Mental Health Reporting System, Mental Health Firearms Prohibition System, or NICS at the end of the five-year period.

### III. PLAINTIFFS' ELIGIBILITY TO POSSESS FIREARMS

34. Through disclosures made by Plaintiffs' counsel, I am aware of the true names of Jane Roe #1, John Doe #1, John Doe #2, John Doe #3, John Doe #4, and John Doe #5.

35. As of April 18, 2021, no California statute currently prohibits any individual Plaintiff from acquiring or possessing a firearm.

#### A. Jane Roe #1

36. No California statute currently prohibits Jane Roe #1 from acquiring or possessing a firearm. As of April 18 2021, she has no entry in California's Mental Health Firearms Prohibition System.

37. Jane Roe #1 is prohibited from possessing a firearm as a result of the lifetime prohibition in 18 U.S.C. § 922(g)(4).

38. Jane Roe #1's disqualifying event arises from an adjudication or commitment in New Jersey.

7

Gilbert Mac Decl. ISO Def. Cal. Att'y Gen.'s Cross-Mot. for Summ. J. (1:19-cv-00270)

**B.     John Doe #1**

39.    John Doe #1 was subject to a 5250 hold in 2011. He obtained relief from his state firearms prohibition from a superior court in 2013. As a result, his entry in the Mental Health Firearms Prohibition System was removed, and, as of April 18, 2021, no California statute currently prohibits John Doe #1 from acquiring or possessing a firearm.

40.    John Doe #1 is prohibited from possessing a firearm as a result of the lifetime prohibition in 18 U.S.C. § 922(g)(4). The prohibition applies to him because he has been subject to a 5250 hold.

**C.     John Doe #2**

41.    John Doe #2 was subject to a 5250 hold in 2015. He obtained relief from his state firearms prohibition from a superior court in 2017. As a result, his entry in the Mental Health Firearms Prohibition System was removed, and, as of April 18, 2021, no California statute currently prohibits John Doe #2 from acquiring or possessing a firearm.

42.    John Doe #2 is prohibited from possessing a firearm as a result of the lifetime prohibition in 18 U.S.C. § 922(g)(4). The prohibition applies to him because he has been subject to a 5250 hold.

**D.     John Doe #3**

43.    John Doe #3 was subject to a 5250 hold in 2012. His state law prohibition on the possession of firearms ended by operation of law when the five-year prohibition mandated by Welfare and Institutions Code section 8103 expired. As of April 18, 2021, no California statute prohibits John Doe #3 from acquiring or possessing a firearm.

44.    John Doe #3 is prohibited from possessing a firearm as a result of the lifetime prohibition in 18 U.S.C. § 922(g)(4). The prohibition applies to him because he has been subject to a 5250 hold.

45.    I understand that John Doe #3 submitted a declaration in support of Plaintiffs' Motion for Summary Judgment in this case. I have reviewed that declaration, and see that John Doe #3 believes that he was subject to a 5150 hold that may have been erroneously entered into the Mental Health Reporting System as 5250 hold.

8

Gilbert Mac Decl. ISO Def. Cal. Att'y Gen.'s Cross-Mot. for Summ. J. (1:19-cv-00270)

46. I have confirmed that the mental health facility reported a 5250 hold and that there is no mistake in the type of hold reported. John Doe #3's entry in the Mental Health Reporting System indicates he was subject to a 5250 hold. As part of its attempts to resolve the ambiguity asserted in John Doe #3's declaration, the Mental Health Team obtained a copy of the original report submitted to the Department in 2012 from the mental health facility that treated John Doe #3. This report, which was no longer in departmental records, confirms that the mental health facility reported a 5250 hold.

47. As discussed in paragraphs 25 and 26 of this declaration, the Mental Health Team has no way of evaluating John Doe #3's other assertions about his 5250 hold in 2012. Like any other person who believes the facility has made a mistake, John Doe #3 may address his assertions of error with the mental health facility. If the mental health facility agrees with him, it may change his entry in the Mental Health Reporting System. As a general matter, the Mental Health Team would not investigate or challenge any such change.

**E.  John Doe #4**

48. John Doe #4 was subject to a 5250 hold in 1996. His state law prohibition on the possession of firearms ended by operation of law when the five-year prohibition mandated by Welfare and Institutions Code section 8103 expired. As of April 18, 2021, no California statute currently prohibits John Doe #4 from acquiring or possessing a firearm.

49. John Doe #4 is prohibited from possessing a firearm as a result of the lifetime prohibition in 18 U.S.C. § 922(g)(4). The prohibition applies to him because he has been subject to a 5250 hold.

**F.  John Doe #5**

50. John Doe #5 was subject to a 5250 hold in 2007. His state law prohibition on the possession of firearms ended by operation of law when the five-year prohibition mandated by Welfare and Institutions Code section 8103 expired. As of April 18, 2021, no California statute currently prohibits John Doe #5 from acquiring or possessing a firearm.

9

Gilbert Mac Decl. ISO Def. Cal. Att'y Gen.'s Cross-Mot. for Summ. J. (1:19-cv-00270)

51. John Doe #5 is prohibited from possessing a firearm as a result of the lifetime prohibition in 18 U.S.C. § 922(g)(4). The prohibition applies to him because he has been subject to a 5250 hold.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 10, 2021

_____
Gilbert Mac
Staff Services Manager I
Mental Health Team
California Department of Justice
Bureau of Firearms

10

Gilbert Mac Decl. ISO Def. Cal. Att'y Gen.'s Cross-Mot. for Summ. J. (1:19-cv-00270)

# EXHIBIT 1




# BUREAU OF FIREARMS
## PATIENT NOTIFICATION OF FIREARM PROHIBITION AND RIGHT TO HEARING FORM
### CONFIDENTIAL

## PROHIBITION ADVISEMENT

Please be advised that, as a result of having been taken into custody, assessed, and admitted to a mental health facility pursuant to Welfare and Institutions Code (WIC) sections 5150, 5151, 5152, 5250, 5260, or 5270.15 as a danger to self or others, you are prohibited from owning, possessing, controlling, receiving, or purchasing any firearm, ammunition, or firearm magazine. Accordingly, you must relinquish all firearms, ammunition, and firearm magazines currently in your possession. For your convenience, the following relinquishment options are provided: 1) You may sell or transfer your firearms, ammunition, and/or firearm magazines to a non-prohibited third party using a licensed California firearms dealer pursuant to Penal Code section 28050; or 2) in accordance with Penal Code section 29810, you may utilize the General Notice of Firearm Prohibition and Power of Attorney for Firearms Relinquishment, Sale, or Transfer for Storage (BOF 110) to relinquish your firearms. BOF 110 can be found on the Attorney General's website at https://oag.ca.gov/firearms/forms. Please feel free to consult private legal counsel for firearms, ammunition, and firearm magazines relinquishment options.

**Patient Initials (Acknowledgement)** _____

## PROHIBITION TERM

Pursuant to WIC section 8103, subdivisions (f) and (g), you are prohibited from owning, possessing, controlling, receiving, or purchasing any firearms, ammunition, or firearm magazines for a period of five years from your date of discharge. If you were held involuntarily in the facility for more than three days, federal law may prohibit you from owning or possessing firearms, ammunition, or firearm magazines for a longer period of time. If you were previously admitted into a mental health facility more than once during a one-year period, pursuant to WIC section 8103, subdivision (f)(1)(B), you are prohibited from owning, possessing, controlling, receiving, or purchasing any firearm, ammunition, or firearm magazine for life.

**Patient Initials (Acknowledgement)** _____

## RIGHT TO HEARING

Pursuant to WIC section 8103, subdivisions (f) and (g), you may make a single request for a hearing at any time during the initial five year period or period of the lifetime prohibition to the Superior Court in your county of residence to provide relief from the firearms prohibition. To obtain a Request for Hearing for Relief from Firearms Prohibition (BOF 4009C) please visit the Attorney General's website at https://oag.ca.gov/firearms/forms.

**Patient Initials (Acknowledgement)** _____

## PATIENT/FACILITY INFORMATION

_____  _____  _____  _____  
Patient's Printed Name     Patient Address           Patient ID    ID Type

_____  _____  _____  _____  
Date of Birth  Identifying Scars/Marks/Tattoos  Referral From    Date of Notification

_____  _____  _____  
Date of Discharge    Facility Name                Facility Address

_____  _____  _____  
Name and Title of Facility Employee  Facility Employee Signature  Facility Employee Phone #

## PATIENT VERIFICATION

By signing the verification below, I certify that I have read and understand that I am subject to the prohibition(s) indicated in this document.

Executed on _____  By _____  
           Date                             Patient's Signature

**PHOTOCOPY ID HERE**

## REQUEST FOR RECORDS

A request for your records may be made by mail to the Custodian of Records at this facility. Facility Address is listed above.

*Distribution: (1) Facility; (1) Patient; (1) Department of Justice*




BUREAU OF FIREARMS
**PATIENT NOTIFICATION OF FIREARMS PROHIBITION AND RIGHT TO HEARING FORM**

# Privacy Notice

As Required by Civil Code § 1798.17

**Collection and Use of Personal Information:** The Division of Law Enforcement, Bureau of Firearms in the Department of Justice collects the information on this notice pursuant to Welfare and Institutions Code section 8103, subdivisions (f) and (g). The Bureau of Firearms uses this information to establish patient notification of firearms prohibition and right to a hearing. In addition, any personal information collected by state agencies is subject to the limitations in the Information Practices Act and state policy. The Department of Justice's general privacy policy is available at https://oag.ca.gov/privacy-policy.

**Providing Personal Information:** All personal information on this notice is mandatory. Failure to provide the mandatory personal information will result in your notice not being processed.

**Access to Your Information:** You may review the records maintained by the Division of Law Enforcement, Bureau of Firearms in the Department of Justice that contain your personal information, as permitted by the Information Practices Act. See below for contact information.

**Possible Disclosure of Personal Information:** In order to establish patient notification of firearms prohibition and right to a hearing, we may need to share the information you provide us with any Bureau of Firearms representative or any other person designated by the Attorney General upon request. The information you provide may also be disclosed in the following circumstances:

- With other persons or agencies when necessary to perform their legal duties, and their use of your information is compatible and complies with state law, such as for investigations, licensing, certification, or regulatory purposes;

- To another government agency as required by state or federal law.

**Contact Information:** For questions about this notice or access to your records, you may contact the Staff Services Analyst in the Customer Support Center at (916) 210-2300, via email at firearms.bureau@doj.ca.gov, or by mail at P.O. BOX 168048 Sacramento, CA 95816-8048.

# EXHIBIT 2




# BUREAU OF FIREARMS
## REQUEST FOR HEARING
## FOR RELIEF FROM FIREARMS PROHIBITION

Upon or after discharge from a mental health facility, any person subject to firearms prohibitions pursuant to Welfare and Institutions Code (WIC) section 8103, subdivision (f)(1), may request a hearing from the superior court of his or her county of residence to determine whether his or her right(s) to own, possess, control, receive, or purchase firearms will be restored by court order. The court shall set a hearing date within 60 days of receipt of this request.

**FOR COURT USE ONLY**

**CASE NUMBER:**

TO: _____ COUNTY SUPERIOR COURT.
  *County of Residence*

☐ I hereby request a hearing for restoration of my right(s) to own or possess firearms.

☐ I hereby request a confidential private hearing for restoration of my right(s) to own or possess firearms.

Pursuant to WIC section 8103, subdivision (f)(5), you have the right to request a confidential private hearing that is not open to the public. This hearing will only be attended by persons relevant to your case unless the court finds that the public interest would be better served by conducting the hearing in public.

_____  _____  _____
Last Name                First Name                Middle Name

_____  _____  _____
Date of Birth            CA Identification or Driver License Number    Social Security Number

_____  _____  _____  _____
Address                  City                      State   Zip Code

_____  _____
Mental Health Facility                   Discharge Date

_____  _____  _____  _____
Address                  City                      State   Zip Code

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____  _____
Signature of Requestor   Date

**Please forward completed form to the superior court of your county of residence.**

*Distribution: (1) Superior Court; (1) Mental Health Facility; and (1) Requestor*




BUREAU OF FIREARMS
**REQUEST FOR HEARING**
**FOR RELIEF FROM FIREARMS PROHIBITION**

# Privacy Notice

As Required by Civil Code § 1798.17

**Collection and Use of Personal Information:** The Division of Law Enforcement, Bureau of Firearms in the Department of Justice collects the information on this request pursuant to Welfare and Institutions Code section 8103, subdivision (f)(5). The Bureau of Firearms uses this information to establish patient request for hearing relief from firearms prohibition. In addition, any personal information collected by state agencies is subject to the limitations in the Information Practices Act and state policy. The Department of Justice's general privacy policy is available at http://oag.ca.gov/privacy-policy.

**Providing Personal Information:** All personal information on this request is mandatory. Failure to provide the mandatory personal information will result in your request not being processed.

**Access to Your Information:** You may review the records maintained by the Division of Law Enforcement, Bureau of Firearms in the Department of Justice that contain your personal information, as permitted by the Information Practices Act. See below for contact information.

**Possible Disclosure of Personal Information:** In order to establish patient request for hearing relief from firearms prohibition, we may need to share the information you provide us with any Bureau of Firearms representative or any other person designated by the Attorney General upon request. The information you provide may also be disclosed in the following circumstances:

- With other persons or agencies when necessary to perform their legal duties, and their use of your information is compatible and complies with state law, such as for investigations, licensing, certification, or regulatory purposes;

- To another government agency as required by state or federal law.

**Contact Information:** For questions about this notice or access to your records, you may contact the Staff Services Analyst in the Customer Support Center at (916) 227-7527, via email at firearms.bureau@doj.ca.gov, or by mail at P.O. Box 168048, Sacramento, CA 95816-8048.

# CERTIFICATE OF SERVICE

| Case Name: | **Jane Roe #1, et al. v. United States of America, et al.** | No. | **1:19-cv-00270** |
|---|---|---|---|

I hereby certify that on <u>May 10, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF GILBERT MAC IN SUPPORT OF DEFENDANT CALIFORNIA ATTORNEY GENERAL'S CROSS-MOTION FOR SUMMARY JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 10, 2021</u>, at Sacramento, California.

| Eileen A. Ennis | */s/ Eileen A. Ennis* |
|---|---|
| Declarant | Signature |

SA2019101161
35072144.docx