ROB BONTA, State Bar No. 202668
Attorney General of California
ANTHONY R. HAKL, State Bar No. 197335
Supervising Deputy Attorney General
Nelson R. Richards, State Bar No. 246996
RYAN A. HANLEY, State Bar No. 330729
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6064
  Fax: (916) 324-8835
  E-mail: Ryan.Hanley@doj.ca.gov
*Attorneys for Defendant the California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANE ROE #1, et al.,**<br><br>                Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, et al.,**<br><br>                Defendants. | 1:19-cv-00270<br><br>**DECLARATION OF RYAN A. HANLEY IN SUPPORT OF DEFENDANT CALIFORNIA ATTORNEY GENERAL'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    Aug. 17, 2021<br>Time:   9:30 a.m.<br>Judge:  Hon. Dale A. Drozd |

I, RYAN A. HANLEY, declare as follows:

1. I am a Deputy Attorney General in the Office of the California Attorney General, and counsel for the Defendant California Attorney General in the above-captioned action. I am an attorney of record in this matter representing Defendant Rob Bonta, in his official capacity as California Attorney General. I make this declaration in support of Defendant California Attorney General's concurrently filed Cross-Motion for Summary Judgment. I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' Responses to Interrogatories Propounded by Defendant Xavier Becerra dated November 17, 2020. This document was served on my office in this action and is stored in a file to which I have access.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 10, 2021                                  Respectfully Submitted,

                                                     ROB BONTA
                                                     Attorney General of California
                                                     ANTHONY R. HAKL
                                                     Supervising Deputy Attorney General
                                                     NELSON R. RICHARDS
                                                     Deputy Attorney General


                                                     /s/ Ryan Hanley
                                                     RYAN A. HANLEY
                                                     Deputy Attorney General
                                                     *Attorneys for Defendant California Attorney General*

1

Decl. of Ryan A. Hanley in Supp. of Def. Cal. Att'y Gen.'s Cross-Mot. for Summ. J. (1:19-cv-00270)

# EXHIBIT A

1  Donald E. J. Kilmer, Jr. [SBN: 179986]
   Email: don@dklawoffice.com
2  Jessica L. Danielski [SBN: 308940]
   Email: jessica@dklawoffice.com
3
4  LAW OFFICES OF DONALD KILMER, APC
   14085 Silver Ridge Road
5  Caldwell, Idaho 83607
6  Voice: (408) 264-8489

7  Jason Davis [SBN: 224250]
   Email: jason@calgunlawyers.com
8  THE DAVIS LAW FIRM
9  27201 Puerta Real, Suite 300
   Mission Viejo, California 92691
10
11 Voice: (949) 436-4867
   Fax:   (888) 624-4867
12

13 Attorneys for Plaintiffs
14 JANE ROE #1, et al.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1; JANE ROE #2; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; JOHN DOE #6; SECOND AMENDMENT FOUNDATION, INC., <br><br>Plaintiffs, <br><br>vs. <br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; WILLIAM P. | Case No.: 1:19-CV-002270-DAD-BAM <br><br> PLAINTIFFS' RESPONSES TO INTERROGATORIES PROPOUNDED BY DEFENDANT XAVIER BECERRA <br><br> Propounding Party: DEFENDANT Xavier Becerra <br><br> Responding Party: Plaintiffs |

1

Donald Kilmer
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

| | |
|---|---|
| BARR (U.S. Attorney General), | ) |
| CHRISTOPHER A. WRAY (Director, | ) |
| Federal Bureau of Investigation); | ) |
| REGINA LOMBARDO (Acting Deputy | ) |
| Director, Bureau of Alcohol, Tobacco, | ) |
| Firearms and Explosives); XAVIER | ) |
| BECERRA (California Attorney | ) |
| General), DOES 1 TO 100. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiffs respond and object to the First Set of INTERROGATORIES propounded by Defendant Xavier Becerra as follows:

## PRELIMINARY STATEMENT

Plaintiffs have not yet completed the investigation of the facts relating to this case and have not yet completed discovery in this action. All of the responses contained herein are based solely upon information and documents that are presently available to and specifically known by Plaintiffs and disclose only those contentions that presently occur to Plaintiffs. It is anticipated that further discovery, independent investigation, legal research, or analysis will supply additional facts and lead to additions, changes, and variations from the responses herein.

Plaintiffs expressly reserve the right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiffs make the responses and objections herein without in any way implying that the requests and responses to the requests are relevant or material to the subject matter of this action.

An objection or response to an Interrogatory shall not be construed as an acknowledgment that Plaintiffs performed any of the acts described in the interrogatory or definitions applicable to the interrogatory, or that Plaintiffs acquiesce in the characterization of the conduct or activities contained in the interrogatory or definitions applicable to interrogatory.

The following responses are given without prejudice to the right to produce evidence or witnesses which Plaintiffs may later discover. Plaintiffs reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. Plaintiffs object to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiffs object to each interrogarory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiffs object to each definition and request to the extent that it seeks material protected from disclosure by the attorney-client privilege, the governmental deliberative process privilege, the law enforcement investigatory privilege, the official information privilege, the common interest privilege, the attorney work product doctrine, or any other applicable privilege or protection. Should any such disclosure by Plaintiffs occur, it is inadvertent and shall not constitute a waiver of any privilege or protection.

4. To the extent that any individual Interrogatories purports to impose on Plaintiff the burden of providing information which is not in Plaintiffs'

Donald Kilmer
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

3

Plaintiffs' ROG Response to CA DOJ                Jane Roe #1, et al., v. United States, et al.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

possession, custody, or control, or is already in Defendants' possession, custody or control, or is not reasonably available to Plaintiffs after a diligent search and reasonable inquiry, Plaintiffs object on the grounds that the Interrogatories are overbroad, unduly burdensome, oppressive, and the burden, expense and/or intrusiveness of the discovery clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence.

5. Plaintiffs incorporate by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request.

6. Plaintiffs object to the Interrogatories to the extent they demand speculation or legal conclusions.

Dated: November 17, 2020.

          Respectfully Submitted,

          */s/ Donald Kilmer*
          Attorney for Plaintiffs

# RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

Does the **COMPLAINT** challenge the validity of **ANY CALIFORNIA LAW**?

<u>Response to Interrogatory No. 1</u>

The First Amended Complaint does not challenge the validity of any laws codified by the State of California.

The First Amended Complaint challenges the constitutionality of the application of California Law to the Plaintiffs, with respect to California's function as an agent or partner in the federal government's firearm background check system.

**Interrogatory No. 2:**

If **YOUR** response to interrogatory 1 is in the affirmative, **IDENTIFY ALL** the **CALIFORNIA LAWS** challenged in the **COMPLAINT**.

<u>Response to Interrogatory No. 2</u>

Not Applicable.

**Interrogatory No. 3:**

**IDENTIFY ALL CALIFORNIA LAWS** referred to in paragraph 47 of the **COMPLAINT**.

<u>Response to Interrogatory No. 3</u>

Objection. Interrogatory is vague, ambiguous, and overbroad. Without waiving said objection:

California Constitution's Declaration of Rights in Article I.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road,
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

    California Penal Code § 27500

    California Penal Code § 28160

    California Penal Code § 28220

    California Penal Code § 28225

    California Penal Code § 30005

    California Penal Code § 30105

    California Welfare and Institutions Code § 5001

    California Welfare and Institutions Code § 5845

    California Welfare and Institutions Code § 8100

    California Welfare and Institutions Code § 8103

    California Welfare and Institutions Code § 8104

    California Welfare and Institutions Code § 8105

    California Code of Regulations 11 CCR 4031

    California Code of Regulations 11 CCR 4032

    California Code of Regulations 11 CCR 4031

    California Code of Regulations 11 CCR 4035

    California Code of Regulations 11 CCR 4041

**Interrogatory No. 4:**

Do **YOU** contend that **ANY CALIFORNIA LAW** prohibits **YOU** from possessing a firearm?

*/ / /*

*/ / /*

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Response to Interrogatory No. 4

Objection. Interrogatory is vague, ambiguous, and overbroad.

Without waiving said objection, Plaintiffs herein contend that California's enforcement of its own laws, through its partnership with the federal government as a Point of Contact state, denies the sale and/or transfer of firearms to each and every plaintiff.

Furthermore, Plaintiffs herein contend that the State of California has failed to certify its restoration procedures under the Welfare and Institutions Code with the federal government (assuming such a certification procedure exists) so that Plaintiffs can qualify to exercise a fundamental right.

**Interrogatory No. 5:**

If **YOUR** response to interrogatory 4 is in the affirmative, **IDENTIFY ALL CALIFORNIA LAWS** that you contend prohibit you from possessing a firearm.

Response to Interrogatory No. 5

See response to Interrogatory No. 3.

**Interrogatory No. 6:**

Do **YOU** contend that **ANY** Plaintiff who has had his or her right to possess a firearm restored under California Welfare and Institutions Code section 8103 has standing to challenge **CALIFORNIA LAWS** that resulted in plaintiffs being prohibited from possessing firearms?

Response to Interrogatory No. 6

Yes.

/ / /

7

Plaintiffs' ROG Response to CA DOJ                             Jane Roe #1, et al., v. United States, et al.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

**Interrogatory No. 7:**

If **YOUR** response to interrogatory 6 is in the affirmative, **DESCRIBE** the reasons for your answer.

Response to Interrogatory No. 7

Objection. The question calls for a legal conclusion.

Without waiving said objection. Plaintiffs aver, and allege on information and belief, that the California Defendant in this action has failed to submit each and every Plaintiffs restoration of rights under California Law to the appropriate federal authorities.

**Interrogatory No. 8:**

Did Plaintiff John Doe #6, on or about September 23, 2002, hit, punch, strike, batter, or otherwise use force or threaten the use of force against a spouse, a person with whom the John Doe #6 was cohabiting, a person who is the parent of the John Doe #6's child, former spouse, fiancé, or fiancée, or a person with whom the John Doe #6 had, or had previously had, a dating or engagement relationship?

Response to Interrogatory No. 8

Not Applicable. The parties are negotiating a dismissal of Plaintiff John Doe #6 from this action. By stipulation of the parties, Defendant BECERRA withdraws this interrogatory without prejudice.

**Interrogatory No. 9:**

**DESCRIBE** the events **RELATING TO** Plaintiff John Doe #6's arrest on or about September 23, 2002, for violating California Penal Code section 243(e)(1).

/ / /

/ / /

/ / /

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

8

Plaintiffs' ROG Response to CA DOJ                                    Jane Roe #1, et al., v. United States, et al.

Response to Interrogatory No. 9

Not Applicable. The parties are negotiating a dismissal of Plaintiff John Doe #6 from this action. By stipulation of the parties, Defendant BECERRA withdraws this interrogatory without prejudice.

**Interrogatory No. 10:**

**IDENTIFY ALL** people with knowledge of the events **RELATING TO** Plaintiff John Doe #6's arrest on or about September 23, 2002, for violating California Penal Code section 243(e)(1), including the alleged victim.

Response to Interrogatory No. 10

Not Applicable. The parties are negotiating a dismissal of Plaintiff John Doe #6 from this action. By stipulation of the parties, Defendant BECERRA withdraws this interrogatory without prejudice.

**Interrogatory No. 11:**

**IDENTIFY ALL DOCUMENTS RELATING TO** Plaintiff John Doe #6's arrest on or about September 23, 2002, for violating California Penal Code section 243(e)(1), including **ANY** police reports, communications with prosecutors, plea agreements, and court documents.

Response to Interrogatory No. 11

Not Applicable. The parties are negotiating a dismissal of Plaintiff John Doe #6 from this action. By stipulation of the parties, Defendant BECERRA withdraws this interrogatory without prejudice.

**Interrogatory No. 12:**

**STATE ALL FACTS RELATING TO** Plaintiff John Doe #6's conviction for a crime based on the events leading to his arrest September 23, 2002, for violating California Penal Code section

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

9

Plaintiffs' ROG Response to CA DOJ                Jane Roe #1, et al., v. United States, et al.

243(e)(1), including all negotiations with prosecutors relating to any plea agreement.

<u>Response to Interrogatory No. 12</u>

Not Applicable. The parties are negotiating a dismissal of Plaintiff John Doe #6 from this action. By stipulation of the parties, Defendant BECERRA withdraws this interrogatory without prejudice.

Dated: November 17, 2020

Respectfully Submitted,

  /s/  *Donald Kilmer*

Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

10

Plaintiffs' ROG Response to CA DOJ  *Jane Roe #1, et al., v. United States, et al.*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Jane Roe #1, et al. v. United States of America, et al.** | No. | **1:19-cv-00270** |

I hereby certify that on <u>May 10, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF RYAN A. HANLEY IN SUPPORT OF DEFENDANT CALIFORNIA ATTORNEY GENERAL'S CROSS MOTION FOR SUMMARY JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 10, 2021</u>, at Sacramento, California.

| Eileen A. Ennis | */s/ Eileen A. Ennis* |
|---|---|
| Declarant | Signature |

SA2019101161
35084275.docx