Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Jessica L. Danielski [SBN: 308940]
Email: jessica@dklawoffice.com
LAW OFFICES OF DONALD KILMER, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice:  (408) 264-8489

Jason Davis [SBN: 224250]
Email: jason@calgunlawyers.com
THE DAVIS LAW FIRM
27201 Pureta Real, Suite 300
Mission Viejo, California  92691
Voice: (949) 436-4867
Fax:    (888) 624-4867

Attorneys for Plaintiffs
JANE ROE #1, et al.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE ROE #1; JANE ROE #2; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; JOHN DOE #6; SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; BUREAU OF ALCOHOL, TOBACCO, FIREARMS | Case No.: 1:19-CV-270-DAD-BAM<br><br>PLAINTIFFS' REPONSE TO CALIFORNIA'S STATEMENT OF UNDISPUTED FACTS (Doc # 81-2) |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

1

Plaintiffs' Response to CA's SUF                                                   Jane Roe #1, et al., v. United States, et al.

| | | |
|---|---|---|
| 1 | AND EXPLOSIVES; WILLIAM P. BARR (U.S. Attorney General), CHRISTOPHER A. WRAY (Director, Federal Bureau of Investigation); REGINA LOMBARDO (Acting Deputy Director, Bureau of Alcohol, Tobacco, Firearms and Explosives); XAVIER BECERRA (California Attorney General), | ) ) ) ) ) ) ) ) ) ) ) |
| | Defendants. | ) ) |

Pursuant to Lcoal Rule 260(b), and Fed.R.Civ.P 56(c), Plaintiffs' hereby submit this Response to the California Defendants' Statement of Undisputed Facts.

| No. | Defendant California's Undisputed Fact | Plaintiffs' Response |
|---|---|---|
| 1. | The California Department of Justice's Mental Health Reporting System records information entered by mental health facilities, including the facility's name and contact information, as well as the name and other identifying information on the person subject to the 5250 hold. | Undisputed.<br><br>Further Response: The identification of the initiator of CA Mental Health Record is irrelevant. The application of the Health Record to an individual's background check for exercising a fundamental right is the issue before the court. |
| 2. | When a mental health facility enters information into the Mental Health Reporting System, that system automatically creates an entry in another system called the | Undisputed.<br><br>Further Response: The identification of the initiator of CA Mental Health Record is irrelevant. The application of |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.com

2

Plaintiffs' Response to CA's SUF                                    *Jane Roe #1, et al., v. United States, et al.*

| | | |
|---|---|---|
| | Mental Health Firearms Prohibition System. | the Health Record to an individual's background check for exercising a fundamental right is the issue before the court. |
| 3. | Once information enters the Mental Health Firearms Prohibition System, the system automatically creates a record in NICS, resulting in an entry in both systems. | Undisputed.<br><br>Further Response: The identification of the initiator of CA Mental Health Record is irrelevant. The application of the Health Record to an individual's background check for exercising a fundamental right is the issue before the court. Furthermore, the relevant inquiry is whether the Defendant can make a new entry that overrides the old entry if the old entry is determined to be unlawful or incorrect. |
| 4. | Neither the Bureau of Firearms specifically, nor the California Department of Justice generally, participates in the certification review hearings or in judicial review in the superior court. Mental health facilities administer those processes under the Lanterman-Petris-Short Act. | Undisputed.<br><br>Further response: There is no law preventing the California Department of Justice and/or its Bureau of Firearms from intervening in any certification review hearing or judicial review in superior court. |
| 5. | The Bureau of Firearms has no way to independently assess assertions of error by a person who has an entry in the Mental Health Reporting System or Mental Health Firearms Prohibition System. All it has | Disputed.<br><br>As the custodian of these records, the California Department of Justice and/or Bureau of Firearms has as much right/power/standing to |

3

Plaintiffs' Response to CA's SUF                                Jane Roe #1, et al., v. United States, et al.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.com

| | | are the entries in its databases, which contain information entered by mental health facilities. | investigate, intervene, or participate in any court action that challenges the accuracy of the databases in manages.<br><br>See Doc 81-4, ¶ 23. See also ¶¶ 34-51 indicating that the CA Defendants have – in fact – made findings that plaintiffs are not subject to any CA law prohibiting possession of firearms. |
|---|---|---|---|
| | 6. | People who believe that a mental health facility has entered erroneous information into the Mental Health Reporting System may address their concern with the facility. | Undisputed.<br><br>Further response: As stated in Plaintiffs' Statements of Fact and briefs, they are not contesting the entry of a mental health record in any system. They are contesting the legal sufficiency of that entry as to the deprivation of a fundamental right. |
| | 7. | A mental health facility that has submitted incorrect or erroneous information into the Mental Health Reporting System may correct the information or remove the entry in its entirety from that system and the Mental Health Firearms Prohibition System. | Undisputed.<br><br>Further response: As stated in Plaintiffs' Statements of Fact and briefs, they are not contesting the entry of a mental health record in any system. They are contesting the legal sufficiency of that entry as to the deprivation of a fundamental right. |
| | 8. | The California Department of Justice does not have a policy of second guessing or disputing changes in the Mental Health | Undisputed. |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

| | | Reporting System made by mental health facilities. | Further response: The term "second guessing" is not defined, or it is irrelevant.<br><br>Further response: The Declaration of Gilbert Mac (Doc 81-4) strongly implies that the Bureau of Firearms makes adjustments all the time to its Mental Health Database for persons detained pursuant to the California-only *unadjudicated* holds under Welfare and Institutions Code § 5150, which has only California consequences and no federal consequences. (i.e., someone held pursuant to § 5150 who seeks a hearing and obtains relief under § 8103(f) *et seq.*, and then removed from the prohibited list.) |
|---|---|---|---|
| | 9. | Jane Roe #1 does not have an entry in California's Mental Health Firearms Prohibition System and no California law currently prohibits her from possessing a firearm. | Undisputed. |
| | 10. | John Doe #1 does not have an entry in California's Mental Health Firearms Prohibition System, and no California law currently prohibits him from possessing a firearm. | Undisputed. |
| | 11. | John Doe #2 does not have an entry in California's Mental Health Firearms Prohibition System, and no California law | Undisputed. |

Plaintiffs' Response to CA's SUF                                   *Jane Roe #1, et al., v. United States, et al.*

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.com

| | | |
|---|---|---|
| | currently prohibits him from possessing a firearm. | |
| 12. | The mental health facility that treated John Doe #3 in 2012 reported a 5250 hold to the California Department of Justice. | Undisputed. |
| 13. | No California law currently prohibits John Doe #3 from possessing a firearm. | Undisputed. |
| 14. | No California law currently prohibits John Doe #4 from possessing a firearm. | Undisputed. |
| 15. | No California law currently prohibits John Doe #4 [sic] from possessing a firearm. | Undisputed.<br><br>Further response.  Plaintiffs assume that CA SUF #15's reference to John Doe #4 is a misprint and actually refers to John Doe #5. |
| 16. | The First Amended Complaint does not challenge the validity of any laws codified by the State of California. | Disputed.<br><br>A "**NOTICE OF CLAIM OF UNCONSTITUTIONALITY OF STATE LAW** [Fed. R. Civ. P. 5.1] is set forth on the first page of the First Amended Complaint.  (Doc 36)<br><br>The Federal Rules of Civil Procedure require notice pleading in lieu of fact pleading.<br><br>Furthermore, Plaintiffs' Fourth Cause of Action specifically and fairly puts the |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.com

6

Plaintiffs' Response to CA's SUF                                    *Jane Roe #1, et al., v. United States, et al.*

| | | Defendants on notice that their policies and practices, as recounted in the preceding 55 paragraphs, are the cause of depriving Plaintiffs of fundamental rights, including procedural due process rights. |
|---|---|---|
| | | Furthermore, Plaintiffs' Interrogatory Responses attached to the declaration of Ryan Hanley (Doc 81-5) were qualified (see pgs 2-4), even though accurate at the time they were served. [See Declaration of Counsel filed concurrently.] |
| 17. | The "law" referred to in paragraph 47 of the First Amended Complaint does not include California Welfare and Institutions Code § 5250. | Disputed.<br><br>A "**NOTICE OF CLAIM OF UNCONSTITUTIONALITY OF STATE LAW** [Fed. R. Civ. P. 5.1] is set forth on the first page of the First Amended Complaint. (Doc 36)<br><br>The Federal Rules of Civil Procedure require notice pleading in lieu of fact pleading.<br><br>Furthermore, Plaintiffs' Fourth Cause of Action specifically and fairly puts the Defendants on notice that their policies and practices, as recounted in the preceding 55 paragraphs, are the cause of |

Plaintiffs' Response to CA's SUF                                    *Jane Roe #1, et al., v. United States, et al.*

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.com

| | |
|---|---|
| | depriving Plaintiffs of fundamental rights, including procedural due process rights.<br><br>Furthermore, Plaintiffs' Interrogatory Responses attached to the declaration of Ryan Hanley (Doc 81-5) were qualified (see pgs 2-4), even though accurate at the time they were served.  [See Declaration of Counsel filed concurrently.] |

Respectfully Submitted on June 1, 2021,

 /s/ *Donald Kilmer*, Attorney for Plaintiffs
LAW OFFICES OF DONALD KILMER, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice:  (408) 264-8489

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.com

8

Plaintiffs' Response to CA's SUF         *Jane Roe #1, et al., v. United States, et al.*