Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Jessica L. Danielski [SBN: 308940]
Email: jessica@dklawoffice.com
LAW OFFICES OF DONALD KILMER, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice: (408) 264-8489

Jason Davis [SBN: 224250]
Email: jason@calgunlawyers.com
THE DAVIS LAW FIRM
42690 Rio Nedo, Suite F
Temecula, California 92590
Voice: (949) 436-4867
Fax:   (888) 624-4867

Attorneys for Plaintiffs
JANE ROE #1, *et al.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Roe #1, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, Second Amendment Foundation, Inc., <br><br> Plaintiff(s), <br><br> vs. <br><br> United States of America, United States Department of Justice, Federal Bureau of Investigation, Bureau of Alcohol, Tobacco, Firearms and Explosives, Merrick Garland (U.S. Attorney General), Christopher Wray (Director, FBI), Regina Lombardo (Acting Director, BATFE), Rob Bonta (California Attorney General), and Does 1 to 100. <br><br> Defendant(s). | Case No.: 1:19-CV-270-DAD-BAM <br><br> **PLAINTIFFS' NOTICE OF MOTION and MOTION FOR LEAVE TO AMEND OPERATIVE COMPLAINT (SAC) and MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT and DECLARATION OF COUNSEL IN SUPPORT OF MOTION** <br><br> Fed. R. Civ. P. 15, 16 <br><br> Hearing: August 17, 2021 <br> Time:    9:30 a.m. <br> Before:  Honorable Dale Drozd |

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

Motion: Leave to file SAC     -1-     *Jane Roe #1, et al., v. United States, et al.*

**Please take notice**: That on the date, time and place set forth above, Plaintiffs will hereby move this Court for an order for leave to file a Second Amended Complaint. [See: Exhibit A.]

## A. Introduction

1. Plaintiffs are set forth in the caption and the (proposed) Second Amended Complaint (SAC). Two plaintiffs have been deleted by prior stipulation and order. (Jane Roe #2 and John Doe #6)

2. Defendants are set forth in the caption and the (proposed) Second Amended Complaint. The only change to the identity of any Defendants is substitution of U.S. Attorney General Merrick Garland and California Attorney General Rob Bonta.

3. Plaintiffs have sued under multiple theories for denial of their right to acquire/purchase/possess firearms due to wrongful interpretation, or unconstitutionality, of 18 U.S.C. 922(g)(4) and its implementing regulations and related statutes.

4. Defendant California and all named California officials filed an answer on or about May 1, 2019. (Doc 08)

5. Defendant United States and all named federal officials filed their answer on or about July 8, 2019. (Doc. 12)

6. The parties stipulated to a Protective Order to conduct discovery and the Court entered the order on October 4, 2019. (Doc. 21)

7. The parties have exchanged Initial Disclosures pursuant to this Court's scheduling orders and Fed. R. Civ. P. 26.

8. This Court also granted an unopposed motion for the plaintiffs to proceed under pseudonyms on February 20, 2020. (Doc. 30)

9. This Court granted Defendants' Motion to Dismiss Plaintiffs 10th Amendment claim on March 24, 2021. That claim is still included in this SAC only to preserve the issue.

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

10. Plaintiffs filed a Motion for Summary Judgment March 30, 2021.
11. In their opposition, both Defendants were heard to complain that Plaintiffs had not included a specific factual allegation in their First Amended Complaint that California Welfare and Institutions Code (WIC) § 5256.6 was unconstitutional. The California Defendants also complained that one of plaintiffs' discovery responses to an interrogatory was inconsistent with the contention that WIC § 5256.6 is unconstitutional.
12. While plaintiffs contend that the notice pleading requirement of the Fed. R. Civ. Pro., do not require such specific fact pleading, they file this motion to amend in an abundance of caution to cure any alleged defects in the operative complaint.
13. The amendments Plaintiffs seek are:
    a. Substitution of agency heads.  Fed. R. Civ. P. 25(d).
    b. Clarification of Due Process claim against defendants to include a failure to provide constitutionally adequate safeguards in commitment hearings that also deprive someone of the right to keep and bear arms, by making more specific factual allegations. (Even though plaintiffs maintain that the pleadings in the FAC are sufficient.)
    c. Deletion of already dismissed plaintiffs.
    d. Deletion of a claim for economic money damages.

### B. Statement of Facts

14. Essential to a determination of which Defendant is primarily responsible for Plaintiffs claims (denial of clearance to purchase a firearm) is which body of law and/or which defendants enforcing which body of law, is the legal and proximate cause of the constitutional wrongs alleged in this suit.

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

1  15. Plaintiffs have always alleged a cause of action for violation of
2      procedural due process under the 5th Amendment (against the
3      federal defendants) and the 14th Amendment (against the state
4      defendants) predicated on irregularities in the initial commitment
5      hearings under WIC § 5250.  Various theories alleged by various
6      plaintiffs included denial of right to counsel, failure to appoint (or
7      even consider) appointment of conservators or guardian ad litem,
8      notice failures, and appellate rights failures.
9  16. It was not until Plaintiffs were conducting their final research in
10     preparation for filing their motion for Summary Judgment (Doc
11     76) that Plaintiffs discovered the constitutional deficiencies of
12     WIC 5256.6, i.e., that the burden of proof at WIC § 5250 hearing,
13     which both deprives someone of their liberty and their right to
14     keep and bear arms, is mere ***probable cause***.
15 17. The federal defendants made a half-hearted attempt to persuade
16     this court that this can't be possible.  (Docs 82 & 83)
17 18. The California defendants, probably because they have no
18     substantive rebuttal, merely complained that Plaintiffs had not
19     engaged in fact pleading on their procedural due process claim in
20     the First Amended Complaint, and that Plaintiffs had served
21     inconsistent discovery responses. (Doc 81)
22 19. The first page of the First Amended Complaint (FAC) sets forth
23     the Due Process and Equal Protection provisions of the Fifth and
24     Fourteenth Amendments as theories of recovery, followed by two
25     Notice(s) of Claim of Unconstitutionality of both state and federal
26     law pursuant to Fed. R. Civ. P. 5.1.
27 20. Under the heading "Case Specific Facts" claims were made in the
28     FAC, as to most of the Plaintiffs, that the initial hearings lacked

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

Motion: Leave to file SAC                    -4-                *Jane Roe #1, et al., v. United States, et al.*

1   constitutionally adequate indicia of fundamental fairness and that
2   all Plaintiffs were being denied equal protection under the law.
3   Plaintiffs herein concede that the original theory of their case
4   emphasized the lack of a restoration process. They still allege
5   that even after the decision in *Mai*. But they have always
6   maintained that procedural due process in some form was also
7   lacking in the initial hearings.
8   21. It is true that Plaintiffs served a discovery response on November
9        17, 2020, that is in tension with Plaintiffs' current position. See
10       Doc 81-5. At the time that interrogatory response was served, it
11       was true and correct based on the best information available to
12       plaintiffs at that time. Furthermore, it included a caveat the case
13       was still developing, and that Interrogatory Responses may be
14       altered or modified as new facts/law were uncovered. Subsequent
15       to service of that discovery response, the evidentiary standard
16       (probable cause) for a mental health hold under Welfare and
17       Institutions Code § 5250, pursuant to Welfare and Institutions
18       Code § 5256.6 was uncovered after further research in this case.
19       Specifically, that language is used in the commitment order for
20       John Doe #3, and upon further research it was discovered that §
21       5256.6 applied to all hearings under both §§ 5150 and 5250.
22  22. Plaintiffs herein are filing this Motion to Amend in order to cure
23       any possible defect in the pleadings. However, as maintained by
24       the plaintiffs below, the FAC is not defective because it provided
25       adequate notice pleading that Plaintiffs' procedural due process
26       claims were predicated on defective commitment hearings, and
27       furthermore, that neither defendant is prejudiced – even if
28       Plaintiffs' pleadings could have been more fact specific.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

Motion: Leave to file SAC                    -5-                    *Jane Roe #1, et al., v. United States, et al.*

## C. Statement of the Law

23. Unless the opposing party can show prejudice, bad faith, or undue delay, a court should freely grant leave to file an amended pleading. Fed. R. Civ. P. 15(a)(2), *Foman v. Davis*, 371 U.S. 178, 182 (1962).

    a. Federal policy strongly favors determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. *Foman v. Davis* (1962) at 182; *Sonoma County Ass'n of Retired Employees v. Sonoma County* (9th Cir. 2013) 708 F.3d 1109, 1117.

    b. The liberal standard for permitting amendment "is especially important where the law is uncertain." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana* (7th Cir. 2015) 786 F.3d 510, 520-523.

    c. Generally, a plaintiff need only give fair notice of a claim by providing a short and plain statement of the claim showing that plaintiffs is entitled to relief. Fed. R. Civ. P. 8 (a)(2). *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Fair notice is provided by actual notice and by allegations that outline the elements of the claim. See *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In most civil rights cases, allegations do not have to be plead with particularity. *Educadores Puertorriquenos en Acion v. Hernandez*, 367 F.3d 61, 66-67 (1st Cir. 2004), see also: *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

## D. Argument

24. Plaintiffs have not engaged in undue delay.
    a. Plaintiffs have prosecuted this case with diligence.
    b. The constitutionally defective statute WIC § 5256.6 was only discovered during plaintiffs preparation for their Motion for Summary Judgment. [See Declaration of Counsel.]
    c. Even after discovery of this defective statute, Plaintiffs reviewed their First Amended Complaint (FAC) and fairly concluded that defendants were on notice that:
        i. Plaintiffs had alleged irregularities in the original commitment hearings, even if they had not specifically alleged a defective evidentiary standard,
        ii. The FAC still sets forth on page 1 the Fed. R. Civ. P. 5.1 notice to both defendants of the claims of unconstitutional federal or state law.
    d. Plaintiffs have not been dilatory in seeking amendment. This motion was filed in response to Defendants' contention, even if erroneous, that specific fact pleading relating to the unconstitutionality of WIC § 5256.6 is necessary.
25. There is no prejudice to the Defendants.
    a. No new facts are being alleged.
    b. No formal discovery is necessary.
    c. The plain text of WIC § 5256.6 is a judicially noticeable fact, or mixed question of fact and law.
    d. Moreover, the California defendants presumed to know the contents of the laws they are defending. WIC § 5256.6's violation of the standards articulated in *Addington v. Texas,* 441 U.S. 418 (1979), is a critical component of the analysis of

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

Motion: Leave to file SAC         -7-         *Jane Roe #1, et al., v. United States, et al.*

Plaintiffs claims, and Defendants have as much duty to resolve this case on the substantive law, and not with gotcha litigation designed to obscure or ignore that substantive law.

e. Furthermore, *Mai v. United States*, 974 F.3d 1082 (9th Cir. 2020), *reh'g denied at*, 974 F.3d 1082, *pet. cert. denied at*, 2021 U.S. LEXIS 2191 (April 26, 2021), itself contemplates a valid challenge under due process and equal protection, including constitutionally defective commitment hearings.

f. The Ninth Circuit was very clear that *Mai* was only pressing a Second Amendment claim and that was all they were ruling on. The panel specifically noted that Mai did attempt to argue in the trial court (but failed to press on appeal) "the standard by which federal courts should measure whether persons, like Plaintiff, are sufficiently rehabilitated for purposes of the Second Amendment. Notably, though, Plaintiff [did] not seek the application of the substantive standards defined in 34 U.S.C. § 40915. He has never asserted, for example, an equal-protection claim that, because persons in thirty other states benefit from programs applying § 40915's substantive standards, he too is entitled to relief or to an opportunity to meet those standards. Nor has he advanced, on appeal, an argument that due process demands the same results." *Id.*, at 1113.

g. In contrast, Plaintiffs herein have "due process", and "equal protection" claims that are alive and kicking and deserve this Court's full attention. While this case can be distinguished on its facts, the Ninth Circuit panel went out of its way to invite alternative theories of relief other than

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

Motion: Leave to file SAC      -8-      *Jane Roe #1, et al., v. United States, et al.*

1                through a stand-alone Second Amendment challenge.[1]

2      h.    Plaintiffs have already consistently alleged alternative theories under the doctrines of Equal Protection and Due Process.

26. Plaintiffs are acting in good faith.

     a.    If this Court does believe that amendment is necessary to provide adequate notice to the defendants of the constitutional infirmities of WIC § 5256.6, the only parties prejudiced by any delay will be plaintiffs themselvs.

     b.    The status quo right now is that all plaintiffs are being denied a fundamental right. If this Court were to stay the summary judgment proceedings to fully litigate this motion to amend, plaintiffs are the only party harmed.

     c.    But what exactly would (either) defendant litigate? The plain language of WIC § 5256.6 speaks for itself.

     d.    What discovery would be necessary?

     e.    What alternate arguments would defendants make, that they did not already make in their cross-motions and oppositions to plaintiffs' motion for summary judgment?

     f.    Plaintiffs are not acting in bad faith and Defendants can produce no evidence contradicting this assertion.

27. Furthermore, the court could allow the filing of Plaintiffs' amended pleading because it is appropriate and necessary. *See Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d

---

[1] Plaintiff are not conceding their Second Amendment claims because they believe the Ninth Circuit panel's decision is in error, and they wish to preserve this claim and they intend to argue that their particular facts can be distinguished from the facts litigated in *Mai*.

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

1244, 1255-56 (8th Cir. 1994). Based on the newly discovered evidence relating to which party is primarily responsible for the constitutional wrongs, Plaintiffs will be prejudiced if not allowed to amend their complaint to address this important issue.

### E.   Conclusion

28. Here is what we know so far in this case, based on the pending cross-motions for summary judgment (along with the parties statements of undisputed facts):

   a. California law does not prevent any of the plaintiffs from acquiring or possessing firearms, and the California Department of Justice would approve firearms sales for all plaintiffs – but for the federal lifetime prohibition.  In other words, California doesn't really care whether the original commitment hearings were constitutionally defective or constitutionally sound.  Their argument is that California law is not an obstacle to plaintiffs exercising their rights.

   b. The federal government argues that 30+ states have satisfied their standard for restoration of rights, and that if California refuses to participate in the NICS Improvement Act program to bring CA state law in line with federal guidelines, despite California knowing of, and rejecting that program (See Plaintiffs Statement of Undisputed Facts # 49-54), that there is nothing they can do.

   c. And in this tug-of-war between the federal government and California, the plaintiffs are just supposed to slink away and acquiesce to the denial of a fundamental right because neither of their sovereigns will budge.  California will not amend its laws and the United States will not implement a

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

Motion: Leave to file SAC                                    -10-                    *Jane Roe #1, et al., v. United States, et al.*

        federal court procedure to restore rights.

    d. That is a shame, because restoration of rights after a mental health hold, both legitimate and illegitimate, should be done on a case by case basis.

    e. This leaves the plaintiffs with the only option they have, seek invalidation of every WIC § 5250 hearing based on the defective evidentiary standards of WIC § 5256.6.

29. As set forth in their moving and opposition papers, Plaintiffs contend that it is the defendants that have put this Court in the position of having limited options:

    a. All California WIC § 5250 hearings are constitutionally invalid and all consequences flowing from those hearings should be set aside.

    b. The Court can find that California's WIC § 8103 restoration procedures substantially conform to the federal standard of 34 U.S.C. § 40915, and these individual plaintiffs are granted relief.

    c. Or the court can hold its own hearings and apply the standards of 34 U.S.C. § 40915.

30. What the court can't do is permit the continuing wrong to denying the plaintiffs their fundamental rights.

31. For these reasons, Plaintiffs ask the court to grant leave to file the amended pleading attached as Exhibit A.

    Dated June 8, 2021

    Respectfully Submitted by:

    /s/ *Donald Kilmer*
    Attorney for Plaintiffs (Lead Counsel)

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com

Motion: Leave to file SAC     -11-     *Jane Roe #1, et al., v. United States, et al.*

## Declaration of Counsel for Plaintiffs

1. I am lead counsel in the above-entitled matter.
2. During work leading up the filing Plaintiffs Motion for Summary Judgment, I discovered an overlooked statute concerning the evidentiary standards used during a WIC § 5250 hearing.
3. Those standards are mere ***probable cause***, instead of the higher clear and convincing standard set forth the U.S. Supreme Court in *Addington v. Texas*, 441 U.S. 418 (1979).
4. I reviewed the FAC and confirmed that a procedural due process claim, alleging defective commitment hearings, was plead, and that Fed. R. Civ. P. Rule 5.1 Notices had been made.
5. After defendants objected to plaintiffs lack of "fact-pleading" the decision was made to file this motion to amend in an abundance of caution, as was set forth in plaintiffs' oppositions to defendants' cross-motions for summary judgment.
6. Concurrently with filling this motion, Plaintiffs will serve an addendum to their discovery response to interrogatories served on or about November 17, 2020.

I declare under penalty of perjury under the laws of the United States that the forgoing Declaration is true and correct of my own personal knowledge and that this declaration was executed in Caldwell, Idaho on June 8, 2021.

/s/ *Donald Kilmer*
Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: (408) 264-8489
don@dklawoffice.com