Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Jessica L. Danielski [SBN: 308940]
Email: jessica@dklawoffice.com
LAW OFFICES OF DONALD KILMER, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice: (408) 264-8489

Jason Davis [SBN: 224250]
Email: jason@calgunlawyers.com
THE DAVIS LAW FIRM
42690 Rio Nedo, Suite F
Temecula, California 92590
Voice: (949) 436-4867
Fax:   (888) 624-4867

Attorneys for Plaintiffs
JANE ROE #1, *et al.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Roe #1, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, Second Amendment Foundation, Inc., <br><br> Plaintiff(s), <br><br> vs. <br><br> United States of America, United States Department of Justice, Federal Bureau of Investigation, Bureau of Alcohol, Tobacco, Firearms and Explosives, Merrick Garland (U.S. Attorney General), Christopher Wray (Director, FBI), Regina Lombardo (Acting Director, BATFE), ROB BONTA (California Attorney General), and Does 1 to 100. <br><br> Defendant(s). | Case No.: 1:19-CV-270-DAD-BAM <br><br> **SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND RECOVERY OF ATTORNEY FEES AND COSTS** <br><br> SECOND AMENDMENT (Keep and Bear Arms); <br> FIFTH AMENDMENT (Due Process and Equal Protection); <br> TENTH AMENDMENT; <br> FOURTEENTH AMENDMENT (Due Process and Equal Protection); <br> 18 U.S.C. § 925A; <br> 28 U.S.C. § 2412; <br> 42 U.S.C. §§ 1983, 1988 <br><br> **JURY TRIAL DEMANDED** <br><br> **NOTICE OF CLAIM OF UNCONSTITUTIONALITY OF FEDERAL LAW** [Fed. R. Civ. P. 5.1] <br><br> **NOTICE OF CLAIM OF UNCONSTITUTIONALITY OF STATE LAW** [Fed. R. Civ. P. 5.1] |

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Second Amended Complaint          -1-          *Jane Roe #1, et al., v. United States, et al.*

# INTRODUCTION[1]

1.    This is an action to challenge the policies, practices, customs, and procedures of either (or both) the United States Government and the State of California in their interpretation and implementation of statutory law and various regulations relating to exercising Second Amendment rights by persons; who at one time in their life, were subject to some version of a mental health hold, and for whom there is no current, constitutionally valid finding that they are a danger to themselves or others.

2.    To the extent that these government entities are correctly interpreting federal and/or state law, this suit seeks a judgment from this Court declaring those statutes and/or regulations violate the United States Constitution to the extent those laws and regulations impose a lifetime ban on exercising a fundamental right, with no mechanism for restoration of that right.

# PARTIES

3.    Plaintiff JANE ROE #1 is a natural person and citizen of the United States and of the State of California. Her individual facts relevant for this case are:

   a.  The exact date of JANE ROE #1's alleged mental health hold is unknown, but probably occurred in 1988/1989.

   b.  JANE ROE #1 was living with her parents in New Jersey at the time. She was 15 or 16 years old.  She believes the hospital where she was treated was Summit Oaks Hospital in Summit, New Jersey.

---

   [1] This Second Amended Complaint (SAC) deletes two plaintiffs who have been previously dismissed (Jane Roe #2 and John Doe #6) and adds a specific factual allegation about a late-discovered California statute that is unconstitutional, or unconstitutionally applied.
   This SAC keeps the dismissed 10th Amendment claim (Doc # 74) only to preserve the issue if the matter is appealed.
    This SAC also substitutes the names of the government agency heads were appropriate.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

c.  Upon inquiry by JANE ROE #1 the hospital in question could provide no record of her being a patient there at any time. Nor does the hospital have any records of any adjudication, or due process hearing, relating to any commitment or mental health pathology.

d.  JANE ROE #1 was a minor at the time of the treatment. She does not recall being appointed an attorney or guardian ad litem.  She does not recall being given notice of a hearing, its consequences, nor being advised of appellate rights.

e.  JANE ROE #1 attempted to purchase a firearm in January of 2015. She was denied a purchase based on the California Background Check System for firearm purchases which utilizes federal resources and applies federal law in addition to state law in determining firearm purchase eligibility.

f.  A February 10, 2015 letter from the California Department of Justice - Bureau of Firearms (CA-DOJ-BOF) indicates that JANE ROE #1 has no criminal history that would disqualify her from exercising her Second Amendment rights.

g.  A February 14, 2015 letter from the CA-DOJ-BOF indicates that the Federal Bureau of Investigations - National Instant Check System (FBI-NICS) database is the cause of the denial.

h.  The federal government fails to provide an adequate means of reviewing and correcting erroneous denials of firearms purchases, and/or in the alternative the federal government fails to provide adequate an court remedy to restore the right to keep and bear arms, and/or in the alternative California's restoration procedure fails to meet federal standards to expunge mental health disqualifications from the federal NICS system.

i.  JANE ROE #1 was honorably discharged  from the United States Army on or about January 14, 1998.  During her service she was awarded: Army Achievement Medal, Joint Meritorious Unit Award, Army Good Conduct Medal, National Defense Service Medal, and Army Service Ribbon.  She received firearm training in the U.S. Army and used various small arms while on active duty.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
V:: 408/264-8489
don@dklawoffice.com

Second Amended Complaint                    -3-              *Jane Roe #1, et al., v. United States, et al.*

1       j.  JANE ROE #1 desires to exercise her Second Amendments rights to

2   acquire, keep and bear firearms, but is being prevented from doing so by the

3   actions of the Defendants.

4      4.  Plaintiff JOHN DOE #1 is a natural person and citizen of the United States

5   and of the State of California. His individual facts relevant for this case are:

6       a.  JOHN DOE #1 was placed on a mental health hold pursuant to WIC §

7   5250 (adjudicated hold) in August of 2011.

8       b.  Under California law, an adjudicated hold under WIC § 5250 suspends

9   the right to acquire, keep and bear firearms for a period of 10 years, unless relief is

10  sought under WIC § 8103 et seq.

11      c.  Defendants interpret 18 U.S.C. § 922(g)(4) as imposing a life-time ban

12  on exercising Second Amendment rights.

13      d.  In January of 2013, in Sacramento County Superior Court, a hearing

14  under WIC § 8103 was conducted in which JOHN DOE #1 petitioned to have his

15  rights to acquire, keep and bear firearms restored. The People of the State of

16  California were represented by the District Attorney's Office. The Court granted

17  JOHN DOE #1's petition and relieved him of firearm disabilities.  [Note: The

18  evidentiary burden, burden of proof, and elements of proof are the same whether a

19  court is hearing a petition for restoration of rights after an adjudicated (WIC §

20  5250) or an unadjudicated (WIC § 5150) hold.]  See WIC §§ 8103(f) and 8103(g).

21      e.  Plaintiff JOHN DOE #1 is being denied the right to acquire, keep and

22  bear firearms because he cannot pass the background check.  This denial is being

23  caused by the wrongful conduct of Defendants.

24      f.  Furthermore, as JOHN DOE #1's rights have been restored by state law,

25  but he still suffers a disability under federal law, the federal government's failure

26  to provide an adequate means of reviewing and correcting erroneous denials of

27  firearms purchases, and/or in the alternative providing a federal remedy to restore

28  the right to keep and bear arms, and/or California inadequate procedures violate

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1   his constitutional rights.

2       g.  Plaintiff JOHN DOE #1 still wants to exercise his right to acquire, keep

3   and bear firearms for self-defense and other lawful purposes.

4   5.   Plaintiff JOHN DOE #2 is a natural person and citizen of the United States

5   and of the State of California. His individual facts relevant for this case are:

6       a.  JOHN DOE #2  was admitted to Sharp Mesa Vista Hospital in San

7   Diego, California for a mental health evaluation on or about April 10, 2015.

8       b.  On December 19, 2016, in San Diego County Superior Court, with the

9   People of California represented by the District Attorney of San Diego County

10  JOHN DOE #2's WIC § 8103 petition was granted and his right to acquire, keep

11  and bear firearms was restored.

12      c.  Plaintiff JOHN DOE #2 is being denied the right to acquire, keep and

13  bear firearms because he cannot pass the background check.  This denial is being

14  caused by the wrongful conduct of Defendants.

15      d.  Furthermore, as JOHN DOE #2's rights have been restored by state law,

16  but he still suffers a disability under federal law, the federal government's failure

17  to provide an adequate means of reviewing and correcting erroneous denials of

18  firearms purchases, and/or in the alternative providing a federal remedy to restore

19  the right to keep and bear arms, and/or in the alternative California's inadequate

20  restoration procedures violate his constitutional rights.

21      e.  Plaintiff JOHN DOE #2 still wants to exercise his right to acquire, keep

22  and bear firearms for self-defense and other lawful purposes.

23  6.   Plaintiff JOHN DOE #3 is a natural person and citizen of the United States

24  and of the State of California. His individual facts relevant for this case are:

25      a.  On or about June 12, 2012, JOHN DOE #3 was placed on a mental health

26  hold after a "Certification Review Hearing" that purported to place him on a hold

27  pursuant to WIC § 5150. The ambiguity being that hearings are usually only

28  required for holds under WIC § 5250.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

b.  Regardless of the statutory authority for the hearing, JOHN DOE #3 was never offered an attorney, he was never appointed an attorney, he was never appointed a conservator, he was never advised of the full consequences of the hearing (i.e., loss of Second Amendment rights), nor was he advised of his appellate rights.

c.  If JOHN DOE #3 was subjected to only a WIC § 5150 hold, his rights would have been restored by operation of law, after a five-year suspension in late June of 2017.

d.  In a July 1, 2017 letter, JOHN DOE #3 was informed by CA-DOJ-BOF that he is ineligible to acquire, keep and bear firearms.

e.  In a letter dated July 26, 2017, JOHN DOE #3 received a letter from the CA-DOJ-BOF indicating that he has no criminal history that would prevent him from acquiring, keeping and bearing firearms.

f.  Furthermore, as JOHN DOE #3's rights have been restored by state law, but he still suffers a disability under federal law, the federal government's failure to provide an adequate means of reviewing and correcting erroneous denials of firearms purchases, and/or in the alternative providing a federal remedy to restore the right to keep and bear arms, and/or California's inadequate restoration procedures violate his constitutional rights.

g.  Plaintiff JOHN DOE #3 still wants to exercise his right to acquire, keep and bear firearms for self-defense and other lawful purposes.

7.   Plaintiff JOHN DOE #4 is a natural person and citizen of the United States and of the State of Oregon. His individual facts relevant for this case are:

a.  On January 3, 1996, JOHN DOE #4 was admitted to Cedar Vista Hospital in Fresno, California, for a mental health evaluation and discharged on January 11, 1996.  There is no indication this evaluation involved any hearing or adjudication of any kind.  Therefore, it is alleged on information and belief that this hold was conducted pursuant to WIC § 5150.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1    b.  On or about October 5, 1996, JOHN DOE #4 was admitted for a second

2    time to Cedar Vista Hospital in Fresno, California, for a mental health evaluation

3    and was discharged on October 15, 1996.  He was then admitted to a voluntary

4    program and discharged on November 22, 1996. There is prima facie evidence that

5    this second evaluation may have involved a hearing as JOHN DOE #4 was advised

6    of the consequences of the hearing and his right to petition a court later for relief

7    from firearm disabilities and/or that his right to possess firearms would only be

8    suspended for five (5) years under California and restored by operation of law if

9    he did not seek a court hearing.  He was not appointed a lawyer, nor a conservator,

10   nor was he advised of his appellate rights.

11      c.  On or about February 13, 2008, JOHN DOE #4 received a letter from

12   FBI-NICS indicating that he was disqualified from owning, acquiring or

13   possessing firearms based on his adjudicated mental health status.

14      d.  On or about July 9, 2008, JOHN DOE #4 received a letter from

15   CA-DOJ-BOF indicating that he has no criminal history maintained by that

16   agency.

17      e.  On or about June 2, 2010, JOHN DOE #4 received a letter from

18   CA-DOJ-BOF indicating that he is ineligible to acquire, own or possess firearms.

19      f.  On or about July 27, 2010, JOHN DOE #4 Filed a Petition for Relief

20   from Firearms Prohibition under WIC § 8103, despite more than ten years having

21   lapsed from his hospitalization. (i.e., The disqualification should have expired by

22   operation of law.)

23      g.  On September 24, 2010, in Fresno County, with the People represented

24   by the District Attorney, the Superior Court, denied the petition, stating: "[...]

25   Motion for Relief of Firearm Prohibition is DENIED. The Court cannot grant the

26   requested relief the petition is seeking. Prohibition period lapsed, 10/4/2001."  In

27   other words, the case was not resolved on the merits because the Judge considered

28   the matter mooted by operation of law. (i.e., the passage of time.)

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Second Amended Complaint                    -7-                    *Jane Roe #1, et al., v. United States, et al.*

1    h.  Furthermore, as JOHN DOE #4's rights have been restored by state law,

2    but he still suffers a disability under federal law, the federal government's failure

3    to provide an adequate means of reviewing and correcting erroneous denials of

4    firearms purchases, and/or in the alternative providing a federal remedy to restore

5    the right to keep and bear arms, and/or California inadequate restoration

6    procedures violate his constitutional rights.

7    i.  JOHN DOE #4 still wants to exercise his right to acquire a firearm for

8    self-defense and other lawful purposes.  He currently lives in Oregon and still

9    cannot pass the background check based on his mental health records that are

10   maintained by Defendant CA-DOJ-BOF and/or the FBI-NICS.

11   8.    JOHN DOE #5 is a natural person and citizen of the United States and of the

12   State of Nevada. His individual facts relevant for this case are:

13   a.  On or about April 30, 2007, JOHN DOE #5 was admitted to Del Amo

14   Hospital in Torrance, California, for a mental health evaluation. He was 15 years

15   old at the time.  He was discharged on or about May 8, 2007.

16   b.  No records exist at this time to indicate whether the evaluation of JOHN

17   DOE #5 was voluntary or involuntary or conducted under the non-adjudicated

18   hold (WIC § 5150) or an adjudicated hold (WIC § 5250).

19   c.  JOHN DOE #5 does not recall ever having been advised of any hearings,

20   the consequences of any hearing, his appellate rights, nor was he appointed an

21   attorney or guardian ad litem.

22   d.  Despite more than 10 years since the termination of any evaluation or

23   treatment, JOHN DOE #5 is being denied the right to acquire, keep and bear

24   firearms, despite his desire to exercise those rights.

25   e.  Furthermore, as JOHN DOE #5's rights have been restored by state law,

26   but he still suffers a disability under federal law, the federal government's failure

27   to provide an adequate means of reviewing and correcting erroneous denials of

28   firearms purchases, and/or in the alternative providing a federal remedy to restore

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Second Amended Complaint                    -8-                    *Jane Roe #1, et al., v. United States, et al.*

1   the right to keep and bear arms, and/or California's inadequate restoration

2   procedures violate his constitutional rights.

3   9.   Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a

4   non-profit membership organization incorporated under the laws of Washington

5   with its principal place of business in Bellevue, Washington.  SAF has over

6   650,000 members and supporters nationwide, including California.  The purposes

7   of SAF include education, research, publishing and legal action focusing on the

8   Constitutional right to privately owned and possess firearms, and the

9   consequences of gun control.  SAF brings this action on behalf of itself and its

10   members.  SAF brings lawsuits like this because the fees and costs of prosecuting

11   such actions often exceeds the personal resources of individual gun owners and

12   value of their gun collections.

13   10.   Defendant United States of America is a proper defendant in this action

14   pursuant to 5 U.S.C. § 702 and 18 U.S.C. § 925A.

15   11.   Defendant U.S. Department of Justice is the principal agency charged with

16   enforcing the unconstitutionally broad prohibition under 18 U.S.C. § 922(g)(4),

17   thus preventing Plaintiffs from obtaining firearms based on alleged or actual

18   mental health commitments.

19   12.   Defendant Federal Bureau of Investigation is charged with implementing and

20   interpreting statutory law and regulations related to the National Instant Check

21   System (NICS).

22   13.   Defendant Bureau of Alcohol, Tobacco, Firearms and Explosive, (BATFE) is

23   the arm of the Department of Justice responsible for prevention of federal offenses

24   involving the use, manufacture, and possession of firearms, including the

25   unconstitutionally broad ban challenged in this case. Defendant ATF also

26   regulates, via licensing, the sale, possession, and transportation of firearms and

27   ammunition in interstate commerce. ATF is currently enforcing the laws, customs,

28   practices and policies complained of in this action.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Second Amended Complaint   -9-   *Jane Roe #1, et al., v. United States, et al.*

14.     MERRICK GARLAND is the United States Attorney General and is charged with interpretation and enforcement of federal firearms laws, including the Federal Bureau of Investigation, the National Instant Check System, and has supervisory control over the Bureau of Alcohol, Tobacco, Firearms and Explosives.

15.   Defendant CHISTOPHER A. WRAY is the Director of the Federal Bureau of Investigations and is charged with interpretation and enforcement of federal firearm laws, including the National Instant Check System.

16.     Defendant REGINA LOMBARDO is the Acting Director, Head of the Bureau of Alcohol, Tobacco, Firearms and Explosives and is charged with enforcing federal firearms laws and regulations at issue in this matter.

17.   Defendant ROB BONTA is the Attorney General of the State of California and is charged with the interpretation and enforcement of California (and Federal) firearms laws and has supervisory control over the California Department of Justice and its subordinate agencies and bureaus, including but not limited to the Bureau of Firearms.

18.     At this time, Plaintiffs are ignorant of the names any additional individuals or government agencies giving rise to Plaintiffs' claims.  Plaintiffs therefore name these individuals as DOE Defendants and reserves the right to amend this complaint when their true names are ascertained. Furthermore, if/when additional persons and entities are discovered to have assisted and/or lent support to the wrongful conduct of the Defendants named herein, Plaintiff reserves the right to amend this complaint to add those persons and/or entities as Defendants.

## **JURISDICTION AND VENUE**

19.   This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 925A, 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

20.   This Court has supplemental jurisdiction over any state law causes of action that may arise under 28 U.S.C. § 1367.

21.   Venue for this action is proper under 28 U.S.C. §§ 1391 and/or the Civil

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1   Local Rules for bringing an action in this district.

2   ## **RELATED CASE**

3   22.   This case involves similar questions of fact and law to *Silvester v. Harris*, 41

4   F. Supp. 3d 927 (E.D. Cal., 2014), and *Silvester v. Harris*, 843 F.3d 816 (9th Cir.

5   2016).  E.g., Standards of review for Second Amendment rights and appropriate

6   constitutional tests for adjudicating Second Amendment claims.  Additionally, that

7   case required the presiding trial judge to review evidence on the unique aspects of

8   California's comprehensive background check system. Assignment of this matter

9   to the same Judge would prevent duplication of labor and conservation of judicial

10   resources.

11   ## **CONDITIONS PRECEDENT**

12   23.   All conditions precedent have been performed, and/or have occurred, and/or

13   have been excused, and/or would be futile.  FURTHERMORE, During March and

14   May of 2018, Plaintiffs caused multiple letters, emails, and releases (permitting

15   the Defendants to communicate directly with Plaintiffs' counsel) to the Defendants

16   trying to resolve the violations set forth herein.  Therefore, Defendants (or their

17   agents) are readily familiar with the facts and circumstances (and identity) of

18   JANE ROE #1, and JOHN DOES #1 through #5.

19   ## **BACKGROUND FACTS**

20   24.   The National Instant Criminal Background Check System (NICS) is used by

21   Federal Firearms Licensees, importers, and manufacturers (collectively, "dealers")

22   to determine whether a prospective purchaser is legally authorized to purchase

23   (and possess) firearms, which are necessary for exercising Second Amendment

24   rights. The process begins when the person provides a dealer with photo

25   identification and a completed Bureau of Alcohol, Tobacco, Firearms and

26   Explosives (ATF) Form 4473. The form asks questions corresponding to the

27   categories of persons prohibited by federal law from possessing firearms.

28   Providing false information is a federal crime.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

25.  The FBI is responsible for maintaining data integrity during all NICS operations that are managed and carried out by the FBI. This responsibility includes:

a.  Ensuring the accurate adding, canceling, or modifying of NICS Index records supplied by Federal agencies;

b.  Automatically rejecting any attempted entry of records into the NICS Index that contains detectable invalid data elements;

c.  Automatic purging of records in the NICS Index after they are on file for a prescribed period of time; and

d.  Quality control checks in the form of periodic internal audits by FBI personnel to verify that the information provided to the NICS Index remains valid and correct.

26.   During a firearm purchase, if a prospective purchaser answers "yes" to any questions (including questions regarding mental health evaluations), the sale must be denied. Otherwise, the dealer generally must request a NICS check from the Federal Bureau of Investigation (FBI) or their state point of contact. The transfer can occur only if the check does not identify prohibitive criteria, or if it takes more than 3 business days. If 3 business days pass without a determination that the transaction can be approved or must be denied, the dealer can either complete the sale (unless prohibited by local law) or wait for the check to be performed.

27.   The NICS served 49,547 Federally Licensed Firearms Dealers (FFLs) conducting business in 36 states, 5 U.S. territories, and the District of Columbia as late as 2015. The FFLs contacted the NICS Section either via telephone or the NICS E-Check via the Internet to initiate the required background checks. In 2015, 68 percent of all transactions were initiated via the NICS E-Check. For 7 of the 36 states, the NICS Section processes all long gun transactions, while the states conduct their own background checks on handguns and handgun permits. In addition, 13 states participate with the NICS in a Full Point of Contact (Full-POC)

Donald Kilmer
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Second Amended Complaint         -12-         *Jane Roe #1, et al., v. United States, et al.*

1   capacity by performing all background checks for their states' FFLs.

2   28.   California is one of those Full-POC States charged with overall

3   responsibility for the administration and usage of the FBI-NICS within a state.

4   This designation as a Full-POC, means California must ensure that a certain

5   minimum service baseline is provided. Those requirements include:

6        a.   The POCs must access the NICS as part of their background check

7   process. The POCs are not required, but are encouraged, to search available state

8   data sources as part of the background checks they perform.

9        b.   The POCs shall ensure that all FFLs within their state are provided

10   access to the NICS through a designated state POC or network of state or local

11   agencies. It is recommended that a single state POC be established.

12       c.   The POCs, with the assistance of the ATF and the FBI, shall notify the

13   FFLs in its state regarding the procedures for contacting the POC and all other

14   procedures related to firearm background checks.

15       d.   The POCs will have automated access to the NICS via the NCIC

16   telecommunications network.

17       e.   The POCs will offer telephone access to the FFLs, at a minimum,

18   between 10 am and 9 pm, Monday through Saturday, and during normal retail

19   business hours within their state on Sundays.

20       f.   The POCs shall have procedures in place that provide assurance that

21   NICS background checks are initiated only by authorized personnel and only for

22   purposes authorized under the Brady Act.

23       g.   The POCs shall provide supporting processes and personnel to review

24   record data, make disqualification decisions, respond to the FFLs, and manage an

25   appeal process.

26       h.   The POCs shall not deny the purchase of a firearm based on an arrest

27   without a disposition. If such a practice is occurring, a state law must be in place

28   authorizing the practice.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Second Amended Complaint                    -13-            *Jane Roe #1, et al., v. United States, et al.*

i.  The POCs shall deny firearm sales based on criteria equal to or more stringent than imposed by the GCA of 1968 (18 U.S.C.§922), as amended.

j.  The POCs shall ensure that they adhere to all applicable federal laws regarding the NICS.

k.  The POCs shall adhere to federal guidelines which dictate the purging of proceed transaction data according to the current retention period. If this time limit is exceeded, there must be an independent state law regarding firearm transactions authorizing this practice.

l.  The POCs shall ensure that a state-generated State Transaction Number (STN) for a NICS inquiry can be cross-referenced with unique identifying numbers generated by the NICS.

m.  The POCs shall ensure that all appropriate inquiries are made and transmitted through the United States Department of Immigration and Customs Enforcement (ICE) on all non-U.S. Citizen transactions.

n.  If utilized within their state, the POCs shall ensure that all Identification for Firearm Sales (IFFS) flags are being properly set for Interstate Identification Index (III) records.

o.  The POCs shall not deny a transaction based solely upon the existence of a protective order without consideration being given to the Brady indicator.

p.  The POCs in decentralized states shall ensure that information from the ATF and the FBI is disseminated to all agencies performing NICS background checks. The POCs should provide guidance and training regarding this information in order to ensure consistency throughout the state.

q.  The POCs must ensure the transmittal of final transaction status to the NICS in accordance with federal rule 28 C.F.R. 25.

29.   In addition to its status as a Full-POC State for federal background checks to ensure compliance with federal laws at the point-of-sale for firearms, California maintains its own sophisticated, though parallel, system for ensuring compliance

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

with California's notoriously more strict firearm laws. *See generally, Silvester v. Harris*, 41 F. Supp. 3d 927 (E.D. Cal., 2014), and *Silvester v. Harris*, 843 F.3d 816 (9th Cir. 2016). [E.g., Although un-adjudicated mental health holds (WIC § 5150) have no federal consequences, firearm dealers in California must deny the sale of a firearms if the gun purchaser has been subjected to such a hold under California law and that gun-buyer has not applied for relief under WIC § 8103 et seq., or waited the statutory five years.]

30.   The "NICS Improvement Amendments Act of 2007" (110 P.L. 180, 121 Stat. 2559) (hereafter "the Act") contains amendments to federal law setting forth updated standards for adjudicated commitments related to mental health determinations. Furthermore, the Act requires a process for relief from disabilities attributable to mental health determinations. The Act also provides funding for participating states to modernize and update their systems for the reporting of disqualifying characteristics that come to the attention of those participating states.

31.   California does not currently participate in the funding program set up through the Act, however California has its own modern, comprehensive, background check system that is equal to or superior to the minimum qualifications set forth in the Act. Furthermore, California statutory law already has two processes (hearings and passage of time) for restoration of Second Amendment rights after a mental health disqualification. Those processes meet or exceed the requirements set forth in the Act. (i.e., Plaintiffs should not be denied the exercise of fundamental rights based on the intricacies of federal revenue sharing, when the underlying public safety interests are adequately addressed by existing, overlapping federal and state law.)

32.   Finally, the lack of a process for relief from disabilities based on mental health determinations, that are sometimes decades old, was found to violate the Constitutional rights of a prospective gun-buyer in *Tyler v. Hillsdale County Sheriff's Department*, 837 F.3d 678 (6th Cir. 2016).

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Second Amended Complaint                    -15-                    *Jane Roe #1, et al., v. United States, et al.*

# CASE SPECIFIC FACTS

33.   Plaintiff JANE ROE #1 is the only Plaintiff who has not had contact with a mental health provider located in California, even though California apparently transmitted disqualifying criteria to FBI-NICS when she attempted to purchase a firearm.  Therefore, it is assumed that California's Full-POC background check, which is denying her the right to purchase a firearm here in California, is based solely on New Jersey's report of a mental health hold to FBI-NICS.  JANE ROE #1 should not be required to hire a lawyer in New Jersey to restore her right to buy a firearm in that state, which would apparently be a futile act anyway, because JANE ROE #1 has no intention of returning to New Jersey or living there. Furthermore, she is prohibited by federal law from being a resident of this state and seeking to buy a firearm in another state. 18 U.S.C. § 922(a)(3) and (b)(3). The restoration of JANE ROE #1's rights can be obtained in one of three ways:

a.   This Court can find that the original alleged commitment, failed to provide adequate due process safe guards for a "hearing" that deprives an otherwise law-abiding citizen of a fundamental right for the rest of her life.  The Court can set-aside the alleged commitment and order these Defendants to purge their records of this disability against Plaintiff JANE ROE #1.

b.   This Court can find that the federal government should be estopped from asserting a firearm disability against Plaintiff JANE ROE #1, because that same government relied on her as an adult to bear arms in defense of this nation, after the alleged commitment, which occurred when she was a minor.

c.   This Court can find that Plaintiff JANE ROE #1, is subject to California statutory law, and as the alleged commitment took place more than 10 years ago, and her rights are restored by the passage of time, by operation of law.  See WIC § 8100 *et seq*.

34.   Every other Plaintiff (excepting JANE ROE #1) in this matter has had contact with a mental health provider in California and therefore have mental health

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Second Amended Complaint        -16-        *Jane Roe #1, et al., v. United States, et al.*

1   records maintained by the CA-DOJ-BOF.

2   35.   Every Plaintiff (excepting JANE ROE #1) has had an initial "hearing" that

3   placed them on a mental health hold, and which had the collateral consequence of

4   disqualifying them from owning, possessing, acquiring firearms -- under both

5   federal and state law -- in which the evidentiary standard was mere ***probable***

6   ***cause***. California Welfare and Institutions Code § 5256.6.[2]

7   36.   Plaintiffs suffered procedural due process violations from woefully

8   inadequate, and constitutionally defective mental health adjudications. In many

9   instances they were not advised of the consequence of the hearing, they were not

10  given an opportunity to have counsel, they were not advised of their appellate

11  rights, and a constitutionally defective evidentiary standard was used to make

12  findings at these "hearings."

13  37.   Furthermore, JOHN DOE #5 was a minor at the time of the alleged

14  adjudications and was not appointed a guardian ad litem nor was he appointed

15  counsel.

16  38.   Plaintiffs JOHN DOE #1, JOHN DOE #2, have had hearings under

17  California's WIC § 8103 to restore their rights and the Superior Court Judges

18  granted their petitions and restored their rights after full adversarial hearings.

19  39.   Plaintiff JOHN DOE #4 also participated in a hearing under California's WIC

20  § 8103, but the Superior Court Judge's sole reason for denying relief was that the

21  issue was moot based on the passage of time and operation of law. (i.e., There was

22  no hearing on the merits.)

23  40.   Plaintiffs JANE ROE #1, JOHN DOE #3 (if disqualification is based on WIC

24

25  ────────────────

26      [2] This paragraph is the additional factual allegation of a judicially noticeable
    fact that is the inspiration for this SAC.  That fact is the unconstitutional

27  evidentiary standard for adjudicated mental health holds using ***probable cause*** to

28  deprive someone of their Second Amendment rights – for life – instead of the clear
    and convincing standard required under *Addington v. Texas*, 441 U.S. 418 (1979).

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

§ 5150 and not § 5250), JOHN DOE #4, and JOHN DOE #5 all qualify for restoration of their rights (assuming they were legitimately suspended) by the passage of time through operation of law. See WIC § 8100 *et seq.*

41.   All Plaintiffs have been denied a fundamental right because the Federal Government refused to recognize state law restoration procedures and/or refuses to establish a constitutionally adequate review/restoration procedure under federal law.  This failure to provide a judicial process may also violate the Federal Administrative Procedures Act. See: 5 U.S.C. §§ 701 *et seq.*

42.   A table showing why Plaintiffs should not be classified among the mental-health prohibited class for exercising Second Amendment rights:

|  | Roe #1 | Doe #1 | Doe #2 | Doe #3 | Doe #4 | Doe #5 |
|---|---|---|---|---|---|---|
| Estoppel | x |  |  |  |  |  |
| Due Process Violation[3] | x |  |  | x | x | x |
| Equal Protection Violation | x | x | x | x | x | x |
| Minor When Held | x |  |  |  |  | x |
| Lapse of Time | x? |  |  | x? | x | x |
| Won Hearing to Restore |  | x | x |  | x? |  |
| Due Process Violation[4] | x | x | x | x | x | x |
| Due Process Violation[5] |  | x | x | x | x | x |

43.   There are several theories for WHY constitutional violations are keeping Plaintiffs from exercising a fundamental right, with the most benign explanation

---

[3] Initial hearing lacked constitutionally adequate indicia of fundamental fairness.

[4] The federal government's failure to provide a review/restoration procedure of the right to keep and bear arms after a mental health suspension and/or California's inadequate restoration procedures.

[5] Hearing evidentiary standard was mere ***probable cause***. California Welfare and Institutions Code § 5256.6.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1   being bureaucratic inertia, and the most sinister being a hostility to Second

2   Amendment rights by government actors and policy makers.

3       a.  Every Plaintiff is eligible to buy guns under California law based on any

4   number of theories.

5       b.   California may be interpreting 18 U.S.C. § 922(g)(4) as a lifetime ban,

6   and therefore denying the Plaintiffs the right to purchase a gun because California

7   is a Full-POC state charged with interpreting federal and state law. If that is the

8   case, then California's interpretation of federal law must be corrected and brought

9   into line with the modification set forth under the "NICS Improvement

10  Amendments Act of 2007."

11      c.  If FBI-NICS is showing incorrect (or defective) records from New Jersey

12  (for JANE ROE #1) and California (for the remaining Plaintiffs), and thus issuing

13  a disqualification from their database, then CA-DOJ-BOF and FBI-NICS are

14  jointly and severally at fault for maintaining erroneous records and/or for not

15  updating their records with new and correct information.

16      d.  If this Court finds that California is exempt from the "NICS

17  Improvement Act of 2007" and residents of this state are ineligible for the

18  restoration of rights procedures set forth in that law, then Plaintiffs are being

19  denied Equal Protection of the law under either (or both) the Fifth Amendment

20  and Fourteenth Amendments to the United States Constitution.

21      e. Finally, if this Court ultimately finds that the relevant agencies are

22  correctly interpreting 18 U.S.C. § 922(g)(4) as a lifetime ban, with no provision

23  for restoration of rights for these plaintiffs, then this Court will have to subject that

24  federal statute to constitutional analysis as a violation of the Second Amendment

25  to the United States Constitution. See, *Tyler v. Hillsdale County Sheriff's*

26  *Department*, 837 F.3d 678 (6th Cir. 2016).

27  / / / /

28

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Second Amended Complaint                    -19-                    *Jane Roe #1, et al., v. United States, et al.*

1      **FIRST CAUSE OF ACTION**

2      [Violation of Second Amendment – As Applied Challenge]⁶

3      44   Paragraphs 1 through 43 re incorporated by reference.

4      45   The Second Amendment provides that the People's "right to keep and bear

5      arms, shall not be infringed."

6      46.   Defendants, either jointly or severally, have misapplied state and/or federal

7      law in a way that denies Plaintiffs the ability to lawfully acquire the means of

8      exercising their Second Amendment rights, after a mandated background check,

9      through the purchase of a firearm at a licensed firearms dealer in the community

10     where they reside.

11

12     **SECOND CAUSE OF ACTION**

13     [Violation of Second Amendment – Facial Challenge]⁷

14     47.   Paragraphs 1 through 46 are incorporated by reference.

15     48.   The Second Amendment provides that the People's "right to keep and bear

16     arms, shall not be infringed."

17     49.   If 18 U.S.C. § 922(g)(4) imposes a lifetime ban, with no means for

18     restoration, on the right to acquire, keep and bear arms, for any person who has

19     been placed on an adjudicated hold for a mental health observation, it is an

20     unconstitutional violation of the Second Amendment and must give way to the

21     higher law of the U.S. Constitution.

22     _____

23     ⁶ Plaintiffs are aware of the recent Ninth Circuit decision in *Mai v. United
       States*, 2020 U.S. App. LEXIS 7562 (Decided March 11, 2020).  But plaintiffs

24     also believe that this case can be distinguished on its facts and therefore wish to

25     preserve this claim.

26     ⁷ Plaintiffs are aware of the recent Ninth Circuit decision in *Mai v. United
       States*, 2020 U.S. App. LEXIS 7562 (Decided March 11, 2020).  But plaintiffs

27     also believe that this case can be distinguished on its facts and therefore wish to

28     preserve this claim.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

**THIRD CAUSE OF ACTION**

[Violation of Fifth Amendment – Due Process of Law and Equal Protection]

[Against Federal Defendants]

50    Paragraphs 1 through 49are incorporated by reference.

51.    The Fifth Amendment to the United States Constitution provides that no person shall be deprived of "life, liberty or property" without due process of law. This amendment also extends "equal protection" guarantees to all persons in the United States, thus ensuring that federal law is uniformly applied without regard to state citizenship.

52.    To the extent that any of the individual Plaintiffs are subject to 18 U.S.C. § 922(g)(4), their "commitment hearings" were constitutionally deficient as they lacked fundamental indicia of fairness, such as: Adequate Notice, Right to Counsel, Right to Guardian ad Litem or Conservator, Effective Appellate Notice and Remedies, Unconstitutional Evidentiary Standard at initial commitment hearing, thus violating due process of law.

53.    To the extent that any of the individual Plaintiffs are subject to 18 U.S.C. § 922(g)(4), any remedies for restoration of fundamental rights under federal law must be uniform throughout the United States, and/or all states must meet minimum standards for restoration of rights after mental health holds, without regard to any particular state's participation in federal programs or receipt of federal monies. To the extent that federal law does not require such uniform standards, Plaintiffs are being denied equal protection of the law.

54.    To the extent that any of the individual Plaintiffs have had their rights restored under state law, yet remain prohibited under federal; and to the extent that the federal government refuses to provide a constitutionally adequate review/restoration procedure of the "right to keep and bear arms" after a mental health hold, 18 U.S.C. § 922(g)(4) violates due process of law and/or the Administrative Procedure Act. 5 U.S.C. § 701 *et seq*.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Second Amended Complaint                    -21-                    *Jane Roe #1, et al., v. United States, et al.*

1

**FOURTH CAUSE OF ACTION**

2

[Violation of Fourteenth Amendment – Due Process of Law and Equal Protection]

3

[Against State Defendants]

4

55.    Paragraphs 1 through 54 re incorporated by reference.

5

56    The Fourteenth Amendment to the United States Constitution provides that

6

no person shall be deprived of "life, liberty or property" without due process of

7

law. The Fourteenth Amendment also mandates "equal protection the law" for all

8

persons by state actors implementing state policies.

9

57.    To the extent that any of the individual Plaintiffs are subject to 18 U.S.C. §

10

922(g)(4), their "commitment hearings" were constitutionally deficient as they

11

lacked fundamental indicia of fairness, such as: Adequate Notice, Right to

12

Counsel, Right to Guardian ad Litem or Conservator, Effective Appellate Notice

13

and Remedies, Unconstitutional Evidentiary Standard at the initial commitment

14

hearing, thus violating due process of law.

15

58.   To the extent that any of the individual Plaintiffs are subject to 18 U.S.C. §

16

922(g)(4), as interpreted by California and their agencies, the remedy for

17

restoration of fundamental rights under federal law must be uniform throughout

18

California without regard to California's participation in federal programs or

19

receipt of federal monies. To the extent that state law does not require such

20

uniform standards, Plaintiffs are being denied equal protection of the law.

21

Furthermore, to the extent the California's restoration procedures are inadequate

22

under any valid federal standard, Plaintiffs are being denied due process of law.

23

**FIFTH CAUSE OF ACTION**

24

[Statutory Remedy Under 18 U.S.C. § 925A]

25

[Against All Defendants]

26

59.    Paragraphs 1 through 58 are incorporated by reference.

27

60.    The Constitutional violations of Plaintiffs' rights arise from misapplication of

28

the federal and/or state background check system, or erroneous data contained in

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1   that system, thus Plaintiffs are afforded the right to bring an action against any

2   state or political subdivision, or against the United States to correct the erroneous

3   denial of a firearm purchase. 18 U.S.C. § 925A (Remedy for erroneous denial of

4   firearm).

5   61.    Plaintiffs are being denied a firearm purchase by either or both sets of

6   Defendants and are entitled to relief under 18 U.S.C. § 925A.

7   **SIXTH CAUSE OF ACTION**[8]

8   [Tenth Amendment]

9   [Against All Defendants]

10  62.    Paragraphs 1 through 61 are incorporated by reference.

11  63.    The Tenth Amendment provides: "The powers not delegated to the United

12  States by the Constitution, nor prohibited by it to the states, are reserved to the

13  states respectively, or to the people."

14  64.    All Plaintiffs were disqualified through state court processes[9] from

15  exercising a fundamental right. The United States Government relied on those

16  state court proceedings to make a determination that Plaintiffs were (are)

17  disqualified from exercising Second Amendment rights. As the Plaintiffs herein

18  have satisfied California's restoration of rights procedures, either through lapse of

19  time or favorable court ruling, and as the United States Government has no federal

20  parallel process for restoration of rights after a mental health disqualification,

21  either or both Defendants are violating the Plaintiffs' Second Amendment rights

22  by refusing to grant full faith and credit to California Law on restoration by

23  operation of law and lapse of time, and California State Court determinations of

24

25  _____

25      [8] As noted above, Plaintiffs only retain this claim to preserve the issue and

26  acknowledge that this claim was dismissed by the court by prior order. (Doc #74)

27      [9] In making this claim, none of the Plaintiffs are conceding that those

28  processes were constitutionally valid.  Some of the Plaintiffs have live claims that
    in allege those processes were constitutionally infirm.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1   Plaintiffs' restoration of rights after a hearing on their mental health status.

2   ## PRAYER FOR RELIEF[10]

3       WHEREFORE, Plaintiffs respectfully request that this Honorable Court

4   enter judgment in their favor and against Defendants as follows:

5       A.    Declare[11] that 18 U.S.C. § 922(g)(4), its derivative regulations, and all

6   related laws, policies, and procedures violate Plaintiffs' right to keep and bear

7   arms as secured by the Second Amendment to the United States Constitution.

8       B.    Declare that 18 U.S.C. § 922(g)(4), its derivative regulations, and all

9   related laws, policies, and procedures violate Plaintiffs' rights to equal protection

10  and due process under the Due Process Clause of the Fifth and/or Fourteenth

11  Amendment to the United States Constitution.

12      C.    Declare that either or both Defendants are in violation of the Tenth

13  Amendment to the United States Constitution by refusing to recognize California's

14  statutory and court-driven procedures for restoration of rights after a mental health

15  disqualification.

16      D.    Permanently enjoin the Defendants, their officers, agents, servants,

17  employees, and all persons in active concert or in participation with each other

18  from enforcing against Plaintiffs 18 U.S.C. § 922(g)(4) and all its derivative

19  regulations, and all related laws, policies, and procedures that would impede or

20  criminalize Plaintiffs' exercise of their right to keep and bear arms.

21      E.    Award Plaintiffs their costs and attorney's fees and expenses to the

22  extent permitted under all relevant statutes, including but not limited to 18 U.S.C.

---

[10] This SAC also deletes the claim for economic monetary damages against all defendants.

[11] This necessarily includes relief from this Court authorizing Plaintiffs to truthfully state the they have NOT been adjudicated with mental-health disqualifiers, as of the date of judgment, on any state or federal form when purchasing a firearm.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1    § 925A, 28 U.S.C. § 2412, 42 U.S.C. §§ 1983, 1988.

2        F.    Grant such other and further relief as the Court deems just and proper.

3

4                    Dated June 8, 2021.

5                    Respectfully Submitted by:

6                    /s/ *Donald Kilmer*

7                    Attorney for Plaintiffs (Lead Counsel)

8                    Donald E. J. Kilmer, Jr. [SBN: 179986]
                     Email: don@dklawoffice.com
9                    LAW OFFICES OF DONALD KILMER, APC
                     14085 Silver Ridge Road
10                   Caldwell, Idaho 83607
                     Voice:  (408) 264-8489
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Rd.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Second Amended Complaint              -25-        *Jane Roe #1, et al., v. United States, et al.*