Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Jessica L. Danielski [SBN: 308940]
Email: jessica@dklawoffice.com
LAW OFFICES OF DONALD KILMER, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice:  (408) 264-8489

Jason Davis [SBN: 224250]
Email: jason@calgunlawyers.com
THE DAVIS LAW FIRM
27201 Pureta Real, Suite 300
Mission Viejo, California  92691
Voice: (949) 436-4867
Fax:    (888) 624-4867

Attorneys for Plaintiffs
JANE ROE #1, et al.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE ROE #1; JANE ROE #2; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; WILLIAM P. BARR (U.S. Attorney General), CHRISTOPHER A. WRAY (Director, Federal Bureau of Investigation); REGINA LOMBARDO (Acting Deputy Director, Bureau of Alcohol, Tobacco, Firearms and Explosives); XAVIER BECERRA (California Attorney General),<br><br>Defendants. | Case No.: 1:19-CV-270-DAD-BAM<br><br>PLAINTIFFS' **CONSOLIDATED** OPPOSITION TO DEFENDANTS' CROSS-MOTIONS FOR SUMMARY JUDGMENT and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAID OPPOSITION, combined with CONSOLIDATED REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT.<br><br>Fed. R. Civ. Pro. 56 |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

i

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.

*Jane Roe #1, et al., v. United States, et al.*

1   Please take notice that pursuant to Fed. R. Civ. Pro. 56, Plaintiffs hereby Oppose

2   the BOTH Defendants' Cross-Motions for Summary Judgment in this matter.  Said

3   opposition will be based on the documents filed in this matter and Plaintiffs'

4   Responses to Defendants' Statements of Undisputed Facts, any accompanying

5   declarations, the pleadings and court file in this matter, and such oral argument at

6   any hearing the Court may set.

## **Table of Contents**

I.    Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   Summary of Defendants Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   a.  Federal Defendants' Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

   b.  California's Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  Summary of Plaintiffs ARguments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.   Statement of Facts

V.    Statement of Law

   a.  The Right to Keep and Bear Arms is a Fundamental . . . . . . . . . . . . . . 5

   b.  Summary Judgment Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

VI.   Argument

   a.  Analysis of *Mai v. United States* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

   b.  Plaintiffs' Due Process and Equal Protection Claims are Proper . . . . . .8

   c.  Soverign Immunity is Not at Issue and Plaintiffs have Standing . . . . .12

   d.  The Mental Health Holds Violate Due Process . . . . . . . . . . . . . . . . . . 12

      i.   Probable Cause Evidentiary Standard is Unconstitutional . . . . 12

      ii.  Plaintiffs Should have been Appointed Guardian/Conservator. .13

      iii. Plaintiffs should have been Appointed Counsel. . . . . . . . . . . . . 13

      iv.  Plaintiffs Received Constitutionally Inadequate Notice . . . . . . . 14

      v.   Initial Hearings were Unconstitutional. . . . . . . . . . . . . . . . . . . .15

   e.  NICS Improvement Act Violates Equal Protection and Due Process . . 15

      i.   Fed Govt Should be Estopped from Disqualifying Jane Roe 1 . . 17

      ii.  Traveling to NJ to Retore Rights is an Undue Burden . . . . . . . . 17

ii

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

iii.   CA WIC § 8103 Meets or Exceeds Federal Standards . . . . . . . 18

f.   This Court Should Conduct the Restoration Hearings. . . . . . . . . . . . . . .23

VII.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23

## Table of Authorities

### FEDERAL CASES

*Addington v. Texas*, 441 U.S. 418 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12, 13

*Cooley v. Housing Auth. of City of Slidell*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

747 F.3d 295, 298 (5th Cir. 2014)

*District of Columbia v. Heller*, 554 U.S. 570 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fair Housing Council of Riverside County, Inc. v. Riverside Two*, . . . . . . . . . . . . . . . 7

249 F.3d 1132 (9th Cir. 2001)

*Gideon v. Wainwright*, 372 U.S. 335 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Green Mountain Realty Corp. v. Leonard*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

750 F.3d 30, 38 (1st Cir. 2014)

*In re Stern*, 345 F.3d 1036, 1043 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Keyes v. Lynch*, 195 F. Supp. 3d 702, 721 (M.D. Pa. 2016) . . . . . . . . . . . . . . . . . . . 17

*Mai v. United States*, 952 F.3d 1106 (9th Cir. 2020) . . . . . . . . . . . . . . . . . . . . *passim*

*Mance v. Sessions*, 896 F.3d 699 (5th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Marathon Mfg. Co., v. Enerite Prod. Corp.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

767 F.2d 214 (5th Cir. 1985)

*Matthews v. Eldridge*, 424 U.S. 319 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 13

*McDonald v. City of Chicago*, 561 U.S. 742 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Parham v. J.R.*, 442 U.S. 584 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Tyler v. Hillsdale County Sheriff's Dept.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

837 F.3d 678 (6th Cir. 2016)

*United States v. Bean*, 537 U.S. 71 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Chovan*, 735 F.3d 1127 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

iii

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

*United States v. Ramos,* 39 F.3d 219 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Whole Woman's Health v. Hellerstedt,* 136 S. Ct. 2292 (2016) . . . . . . . . . . . . . . . . . 18

<u>STATE CASES</u>

*People v. Mary H.,* 5 Cal.App.5th 246, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

     (5th Dist. Court of Appeal, 2016)


<u>FEDERAL STATUTES AND RULES</u>

18 U.S.C. § 921(a)(33)(B)(i)(II) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C. § 922(g)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 925(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 925A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15

NICS Improvement Act of 2007, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

    Public Law 110-180, 121 STAT. 2559


<u>STATE STATUTES</u>

Welfare and Institutions Code § 5250 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Welfare and Institutions Code § 5256.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Welfare and Institutions Code § 8103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

iv

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

The California Defendants filed a single document [Doc. #81] (with sub-documents) purporting to be both an opposition to Plaintiffs' Motion for Summary Judgment and their own Cross-Motion for Summary Judgment.  Plaintiffs' will follow the same protocol and file a single opposition to the California Defendants' Cross-Motion and incorporate Plaintiffs' Reply to their opposition.  Plaintiffs will separately file a <u>Response to the California Defendants' Statement of Undisputed Facts.</u>

The Federal Defendants filed two documents [Docs. #82 & 83] (with sub-documents) purporting to be an Opposition to Plaintiffs' Motion for Summary Judgment and a Cross-Motion for Summary Judgment.[1] Plaintiffs' will follow the same protocol set forth above for the California Defendants, and file a single opposition to the Federal Defendants' Cross-Motion and incorporate Plaintiffs' Reply to their opposition.  Plaintiffs will separately file a <u>Response to the Federal Defendants' Statement of Undisputed Facts</u>.

Plaintiffs will also file a Declaration of Counsel to explain the controversy over Plaintiffs Interrogatory Responses.

Plaintiffs will also file a <u>Plaintiffs' **Reply** To **Both** Defendants' **Response** To Plaintiffs' Statement Of Undisputed Facts In Support Of Motion For Summary Judgment Or Summary Adjudication</u>, showing how each Defendant treated each of Plaintiffs Statements of Undisputed Facts.

Furthermore, Plaintiffs will consolidate their combined Memorandums in Opposition and Reply Memorandums to both sets of defendants into this single document.

/ / / /

---

[1]  Documents # 82-1 and # 83 are identical with identical titles. Documents #82-2 and 83-1 are also identical with identical titles.  The Adobe™ Compare tool was used on both sets of documents and the only differences are the ECF-stamped headers designating the document numbers.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                    *Jane Roe #1, et al., v. United States, et al.*

## II.    Summary of Defendants' Arguments

### Federal Defendants Arguments

In both their opposition to Plaintiffs' motion and their own cross-motion, the Federal Defendants make four (4) arguments:

A.    That Plaintiffs' claims are foreclosed by *Mai v. United States*, 952 F.3d 1106, (9th Cir. 2020), *reh'g denied at,* 974 F.3d 1082, *pet. cert. denied at,* 2021 U.S. LEXIS 2191 (April 26, 2021). [pgs. 6-10, Docs 82-1 & 83][2];

B.    That California's restoration of rights procedure (after an adjudicated mental health hold) is deficient under federal law, [Doc 82-1, pgs. 10-12]

C.    That Plaintiffs § 922(g)(4) prohibitions are <u>not</u> erroneous, [Doc 82-1, pgs. 12-13]; and

D.    That Plaintiffs Fifth Amendment claims are meritless, [Doc 82-1, pgs 13-14].

The Federal Defendants make one oblique reference to the Plaintiffs' argument that California's evidentiary standard for civil commitment hearings is unconstitutional (addressed below), but otherwise "leave the State of California to defend the constitutionality of its commitment procedures." [Doc 82-1: pg 9, line 5]

### California Defendants Arguments

In their opposition to Plaintiffs' motion and their own cross-motion, the California Attorney General makes three (3) arguments (with sub-arguments):

I.    That Plaintiffs challenge to California's commitment procedures are (A) not properly plead, (B) barred by sovereign immunity, (C) plaintiffs lack standing, and (D) are meritless, [Doc 81-1, pgs. 11-18];

II.    Plaintiffs' as-applied due process challenge fails, [Doc 81-1, pgs. 18-20];

---

[2] As noted above, the Federal Defendants' documents 82-1 and 83 are identical except for the ECF header.  Hereafter, for clarity, Plaintiffs will cite only Doc 82-1.

2

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

1    III.    The Attorney General is entitled to judgment as a matter of law on

2  other claims: (A) Plaintiffs have not alleged a Second Amendment claim, (B)

3  Plaintiffs Fifth Amendment claim fails, and (C) Plaintiffs cannot seek money

4  damages from California, [Doc 81-1, pgs 20-22].

5    With regard to California's last argument (III.C.), and without concession as to

6  the legal point raised, Plaintiffs hereby withdrawal their request for money damages

7  against all defendants as set forth in their Prayer for Relief, Page 27, Paragraph E,

8  Lines 2-21 of the First Amended Complaint. (Doc 36).

9              ### III.    Summary of Plaintiffs' Arguments

10   A.   Analysis of *Mai v. United States*, 974 F.3d 1082 (9th Cir. 2020), *reh'g denied at,*

11  974 F.3d 1082, *pet. cert. denied at,* 2021 U.S. LEXIS 2191 (April 26, 2021).

12   B.   The First Amended Complaint provides adequate notice to Defendants of the

13  procedural due process claims outlined above, and/or the Court could grant Plaintiffs

14  leave to amend and order a second round of briefing to the California Defendants if

15  they can establish actual prejudice.

16   C.  Plaintiffs have standing to challenge California's commitment procedure and

17  by abandoning their request for money damages, Plaintiff's request for prospective

18  injunctive relief from an unconstitutional regulatory scheme is not barred by

19  sovereign immunity.

20   D.  That California's due process safeguards for the initial "hearing" that

21  adjudicates mental health holds is unconstitutional. Hearings that not only deprives

22  someone of their liberty, but – as this case demonstrates – strips them of a

23  fundamental right for life must: (1) include safeguards for the adjudication of minors,

24  (2) appoint minors and presumptively incompetent adults a guardian ad litem and/or

25  conservator (or at a minimum, make that inquiry on the record, (3) appoint counsel,

26  (4) establish unequivocally that adequate notice and opportunity to be heard was

27  provided to someone the government contends is mentally incompetent, (5) mandate

28

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

3

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                    *Jane Roe #1, et al., v. United States, et al.*

1  a constitutionally valid evidentiary standards, and (6) provide notice of appellate

2  rights the patient, their counsel and/or their guardian/conservator.

3    E.   That Plaintiffs are being denied due process rights and equal protection under

4  the law because persons in thirty other states benefit from programs applying 34

5  U.S.C § 40915's substantive standards, and that they too should be entitled to relief

6  or to an opportunity to meet those standards.

7    F.   Plaintiffs are entitled to some kind of relief that will restore their right to keep

8  and bear arms which can include: (1) This court holding hearings for each plaintiff in

9  conformance with current federal guidelines for restoration of rights as applied to the

10  majority of states, or (2) This court can issue an order that California Superior

11  Courts that hold hearings in compliance with federal guidelines can restore rights.

12  ## IV.   Statement of Facts

13    Plaintiffs submitted a Statement of Undisputed Facts (Doc 64).  Both Defendants

14  have submitted responses (CA: Docs 81-3 and Federal Govt: Docs 82-2 and 83-1).

15  Plaintiffs are concurrently filing a document showing how each Defendants

16  responded to each of Plaintiffs' facts. Summary: Both Defendants disputed Plaintiffs'

17  facts numbered 16-18, 22, 29[3], 47, and 71 on factual grounds. If the court determines

18  that these facts are material to resolution of all claims and causes of action, the court

19  will need to set a trial on any claims that turn on these facts.

20    Both defendants disputed, on legal grounds Plaintiffs' facts numbered 32-44.

21  These statements of facts are contextual restatements of California law, and/or block

22  quotes of California law and are therefore not subject to the factual contest of a trial.

23    With these noted exceptions, at least one Defendant conceded that the rest of

24  Plaintiffs' Statement of Undisputed Facts are: (a) undisputed, (b) or undisputed with

25  a qualification, or (c) partly disputed and partly undisputed.  In many instances one

26

27  _____

28  [3]  Defendant CA pointed out that Plaintiffs had double numbered Facts 29 and 52. This refers to the first #29.

4

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

1   of the defendants concedes that the fact is undisputed but questions its relevance.

2       The Federal Defendants submitted only three (3) undisputed facts. (Docs 82-2)

3   Plaintiffs concede Fact #1 is undisputed, but disputed Facts #2 and #3. [These

4   overlap the PSUF 16-18 that both defendants also disputed as noted above.]

5       The California Attorney General submitted 17 undisputed facts (Doc 81-2).

6   Plaintiffs disputed facts # 5, #16, and # 17 with explanations. If the court determines

7   that these facts are material to resolution of all claims and causes of action, the court

8   will need to set a trial on any claims that turn on these facts.  All other facts asserted

9   by California were conceded to be undisputed, some with qualifications.

10                    **V.   Statement of the Law**

11              A.   The Right to Keep and Bear Arms is Fundamental

12      The Second Amendment is a fundamental right fully applicable against the

13  federal government, *District of Columbia v. Heller*, 554 U.S. 570 (2008), and state

14  actors. *McDonald v. City of Chicago*, 561 U.S. 742 (2010).  As noted above this right

15  can be altered, even suspended, if someone is competently found (both legally and

16  medically) to be mentally ill. *Heller, at* 626-27. Some Circuit Courts have already

17  rendered opinions about how and when this right can be restored once suspended.

18  *See Tyler v. Hillsdale County Sheriff's Dept.*, 837 F.3d 678 (6th Cir. 2016) (en banc),

19  *Cf., Mai v. United States*, 952 F.3d 1106 (9th Cir. 2020), *reh'g denied at,* 974 F.3d

20  1082, *pet. cert. denied at,* 2021 U.S. LEXIS 2191 (April 26, 2021).

21      That the Second Amendment is a fundamental right that is fully protected by the

22  due process clause's concepts of ordered liberty, deeply rooted in this Nation's history

23  and tradition is settled law. *McDonald*, *Id.*  Civil commitment hearings related to

24  mental health are subject to a heightened standard of review, with clear and

25  convincing evidentiary standards. *Addington v. Texas*, 441 U.S. 418 (1979). A

26  procedural due process analysis that examines the nature of the process that is due,

27  must be congruent with the deprivation of the rights at stake. *Matthews v. Eldridge*,

28  424 U.S. 319 (1976).

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                    *Jane Roe #1, et al., v. United States, et al.*

1    The law in this Circuit[4] -- under a now familiar two-step analysis -- is that a

2    complete deprivation of Second Amendment rights is reviewed under strict scrutiny,

3    while lesser intrusions are reviewed under an intermediate scrutiny standard.

4    Under both inquiries the burden of producing admissible evidence and the burden of

5    persuasion is on the government. *United States v. Chovan*, 735 F.3d 1127 (9th Cir.

6    2013), *pet. cert. denied*, *Chovan v. United States*, 135 S.Ct. 187 (2014).

7    Plaintiffs contend that for those claims which challenge the sufficiency of the

8    initial mental health commitments, that this Court must subject both sovereign's

9    policies, practices, and evidence to strict scrutiny – and furthermore, that under that

10   standard the Plaintiffs are entitled to judgment as a matter of law.

11   Plaintiffs contend that for those claims which challenge the federal government's

12   rejection of California's restoration procedures, that this Court must also apply strict

13   scrutiny to the policies, practices, and evidence proffered by the federal government,

14   or – in the alternative – that if the Court applies intermediate scrutiny, that the

15   Plaintiffs are still entitled to judgment as a matter of law.

16                          B.    Summary Judgment Standards

17   Upon a showing that there is no genuine dispute of material fact as to particular

18   claim(s) or defense(s), the court may grant summary judgment in the party's favor on

19   "each claim or defense – or party of each claim or defense – on which summary

20   judgment is sought." Fed. R Civ. P. 56(a).  Cross-motions for summary judgment

21   often may be encountered where the parties generally agree as to the facts but

22   disagree as to the conclusions to be drawn or their legal significance. *Marathon Mfg.*

23   *Co., v. Enerite Prod. Corp.* 767 F.2d 214 (5th Cir. 1985).

24   When cross-motions for summary judgment are filed on the same claim, the court

25   must consider evidence submitted in support of (and in opposition to) both motions

26

27

28

---

[4] Which Plaintiffs concede this Court is bound by this circuit's cases but make (in some places) a good faith argument for modification or refinement, or to preserve an argument on appeal.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                    *Jane Roe #1, et al., v. United States, et al.*

1    before ruling on either motion. Thus, a court ruling on one motion must consider

2    evidence submitted in support of the cross-motion in determining whether there is a

3    triable issue of fact, even if no formal opposition is filed. *Fair Housing Council of*

4    *Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

5    However, the court must view each motion independently, viewing evidence and

6    inferences in the light most favorable to each nonmoving party in turn. *Green*

7    *Mountain Realty Corp. v. Leonard*, 750 F.3d 30, 38 (1st Cir. 2014); *Cooley v.*

8    *Housing Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014).

9                                   **VI.   Argument**

10                     **A.   Analysis of *Mai v. United States***

11        Plaintiffs concede that this court is bound by the Ninth Circuit's decision in *Mai v.*

12    *United States*, 952 F.3d 1106 (9th Cir. 2020), *reh'g denied at,* 974 F.3d 1082, *pet. cert.*

13    *denied at,* 2021 U.S. LEXIS 2191 (April 26, 2021).  However, there are distinguishing

14    characteristics between this case and *Mai*.

15        Both defendants contend that this Court, in its order dismissing Plaintiffs' 10th

16    Amendment claim (Doc 74) sets forth an analysis based on *Mai*, holding that

17    Plaintiffs other claims are also barred by that case. But this court ruled only on the

18    10th Amendment claim based (in part) on the holding in *Mai* and did so without a

19    fuller analysis of any other claims plead by Plaintiffs.

20        The Ninth Circuit was very clear that Mai was only pressing a Second Amendment

21    claim and that was all they were ruling on. The panel specifically noted that Mai did

22    attempt to argue in the trial court (but failed to press on appeal) "the standard by

23    which federal courts should measure whether persons, like Plaintiff, are sufficiently

24    rehabilitated for purposes of the Second Amendment. Notably, though, Plaintiff [did]

25    not seek the application of the substantive standards defined in 34 U.S.C. § 40915.

26    He has never asserted, for example, an equal-protection claim that, because persons

27    in thirty other states benefit from programs applying § 40915's substantive

28    standards, he too is entitled to relief or to an opportunity to meet those standards.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                    *Jane Roe #1, et al., v. United States, et al.*

1  Nor has he advanced, on appeal, an argument that due process demands the same

2  results." *Id.,* at 1113.  In contrast, Plaintiffs herein have "due process", and "equal

3  protection" claims are alive and kicking and deserve this Court's full attention.

4      Plaintiffs herein merely advance (admittedly against the tide) their Second

5  Amendment claims to preserve them, as this Court did not rule on those claims in its

6  order dismissing the 10th Amendment claim. They do so in light of the vigorous

7  dissents from the denial for rehearing. *Id., at* 974 F.3d 1082 (9th Cir. 2020).

8      Recall, that the three-judge panel in *Mai,* upheld, applying only intermediate

9  scrutiny, a lifetime ban on exercising Second Amendment rights based on a 20-year-

10  old juvenile involuntary commitment. The court denied en banc rehearing, with eight

11  judges dissenting in three opinions. *Mai v. United States*, 974 F.3d 1082 (9th Cir.

12  2020). Judge Patrick J. Bumatay, writing the primary dissent, argued that the court

13  did not review the statute in light of the Second Amendment's "text, history, and

14  tradition" as required by *Heller*, which would have shown that "mental illness was

15  considered a temporary ailment that only justified a temporary deprivation of

16  rights." Judge Bumatay added that (1) the court rationalized that a lower level of

17  scrutiny should apply because the law's burden falls only on a narrow class of

18  individuals, and (2) the majority improperly relied on foreign studies which failed to

19  account for, quoting *Tyler v. Hilldale Cty Sheriff's Dept,* (6th Cir. 2016) (en banc), the

20  low "continued risk presented by people who were involuntarily committed many

21  years ago." *Id., at* 1084, 1094.

22      The result in *Mai* might very well compel this Court to favor the defendants on

23  Plaintiffs' Second Amendment claims, but Plaintiffs' procedural due process,

24  substantive due process, and equal protection (under the 5th and 14th Amendments)

25  theories and claims remain viable by the same Ninth Circuit holding that is so

26  hostile to their Second Amendment theories and claims.

27  **B.  Plaintiffs' Due Process & Equal Protection Claims are Properly Pled.**

28      Generally, a plaintiff need only give fair notice of a claim by providing a short and

8

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                    *Jane Roe #1, et al., v. United States, et al.*

1    plain statement of the claim showing that plaintiffs is entitled to relief. Fed. R. Civ.

2    P. 8 (a)(2). *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Fair notice is provided by

3    actual notice and by allegations that outline the elements of the claim. *See Starr v.*

4    *Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  In most civil rights cases, allegations do

5    not have to be plead with particularity. *Educadores Puertorriquenos en Acion v.*

6    *Hernandez,* 367 F.3d 61, 66-67 (1st Cir. 2004), *see also: Johnson v. City of Shelby*, 574

7    U.S. 10, 11 (2014).

8        The first page of the First Amended Complaint (FAC) sets forth the Due Process

9    and Equal Protection provisions of the Fifth and Fourteenth Amendments as theories

10   of recovery, followed by two Notice(s) of Claim of Unconstitutionality of both state

11   and federal law pursuant to Fed. R. Civ. P. 5.1.

12       Under the heading "Case Specific Facts" claims were made in the FAC, as to most

13   of the Plaintiffs, that the initial hearings lacked constitutionally adequate indicia of

14   fundamental fairness and that all Plaintiffs were being denied equal protection

15   under the law.  Plaintiffs herein concede that the original theory of their case

16   emphasized the lack of a restoration process.  They still allege that even after the

17   decision in *Mai.* But they have always maintained that procedural due process in

18   some form was also lacking in the initial hearings.

19       It is true that Plaintiffs served a discovery response on November 17, 2020, that is

20   in tension with Plaintiffs' current position. See Doc 81-5.  At the time that

21   interrogatory response was served, it was true and correct based on the best

22   information available to plaintiffs at that time. Furthermore, it included a caveat the

23   case was still developing, and that Interrogatory Responses may be altered or

24   modified as new facts/law were uncovered. Subsequent to service of that discovery

25   response, the evidentiary standard (probable cause) for a mental health hold under

26   Welfare and Institutions Code § 5250, pursuant to Welfare and Institutions Code §

27   5256.6 was uncovered after further research in this case.  Specifically, that language

28   is used in the commitment order for John Doe #3, and upon further research it was

9

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                          *Jane Roe #1, et al., v. United States, et al.*

1  discovered that § 5256.6 applied to all hearings under both §§ 5150 and 5250. [See

2  Declaration of Counsel.]

3      There is no prejudice to the Defendants for the following reasons:

4      a.      As noted above, the First Amended Complaint fairly puts all defendants

5  on notice that the constitutionality of state law is at issue. Moreover, the First

6  Amended Complaint fairly puts all defendants on notice that procedural due process

7  is at issue this case.

8      b.      This Court can stay the Motions for Summary Judgment, and order

9  Plaintiffs, to file a Second Amended Complaint, to specifically allege the

10  unconstitutionally of § 5356.6, Plaintiffs are happy to comply, and will stipulate that

11  Defendant California may amend (or refile) its motion for summary judgment after

12  the Second Amended Complaint is filed.  There is no prejudice to the Defendants

13  because the status quo ante is only detrimental to the Plaintiffs.

14      c.      However, if judgment is entered for the Defendants, the claim that §

15  5256.6 is constitutional deficient will remain an unadjudicated claim that will simply

16  be filed again, by these or other similarly situated plaintiffs.

17      d.      Moreover, even if the Plaintiffs had had the foresight to specifically fact-

18  plead the unconstitutionality of § 5256.6, there is nothing the Defendants could have

19  done to defend against that specific factual claim that they have not already fully

20  litigated in this action. (i.e., assert the sovereign immunity and standing arguments.)

21      Finally, in an abundance of caution, Plaintiffs intend to file a *pro forma* Motion to

22  Amend to specifically add the judicially noticeable facts that Welfare and Institutions

23  Code § 5256.6 only requires a mere **probable cause** evidentiary standard for mental

24  health adjudications that impact Plaintiffs' rights to acquire and keep firearms.

25  **C.   Sovereign Immunity is Not at Issue and Plaintiffs have Standing.**

26      The California Attorney General makes a half-hearted argument for sovereign

27  immunity.  As noted above, Plaintiffs hereby waive their claims for monetary

28  damage, which is the usual reason for a state invoking the Eleventh Amendment.

10

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

1    Of course, *Ex parte Young*, 209 U.S. 123 (1908) is an exception to the sovereign

2   immunity rule when the remedy sought is prospective injunctive relief and/or

3   declaratory relief.  Both of which are plead in this case.  The limited exception to this

4   exception is invoked by the California defendant on the basis that the California

5   Department of Justice, Bureau of Firearms cannot provide the relief requested.

6    This is a straw-man argument.  The Declaration of Gilbert Mac (Doc 81-4) sets out

7   in excruciating detail the involvement of the Department of Justice, Bureau of

8   Firearms, in implementing the Federal NICS background check program. Assuming

9   arguendo that Defendants are correct that the California AG plays no role in mental

10   health adjudications or the regulations that apply to the Mental Health Database,

11   never-the-less, the California Attorney General would still be an essential party (for

12   enforcement purposes) to implement any orders removing plaintiffs from the mental

13   health disqualification roster if they prevail.  Recall that according to Mr. Mac,

14   California runs the entire background check system in this state, making them a

15   necessary party.

16    The California Attorney General's argument that Plaintiffs lack standing borders

17   on frivolous. Plaintiffs' inability to exercise their fundamental right to keep and bear

18   arms is an <u>on-going wrong.</u>  Furthermore, the <u>on-going wrong</u> is predicated on the

19   constitutional deficiencies of Welfare and Institutions Code § 5256.6, which was in

20   effect when they were committed and remains the law today.  <u>But for</u> a

21   constitutionally deficient evidentiary standard for mental health adjudications that

22   impose lifetime bans on fundamental rights, Plaintiffs would be made whole again.

23   Stated another way, if this court finds § 5256.6 unconstitutional, then plaintiffs' §

24   5250 hold has no force and effect, and this court can then order their removal from

25   the California Department of Justice, Bureau of Firearms mental health database.

26    As for the standing of the Second Amendment Foundation, plaintiffs have

27   adequately alleged and put forth in their Statement of Undisputed Facts that SAF

28   expends resources and brings these lawsuits because the costs of prosecuting actions

11

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                    *Jane Roe #1, et al., v. United States, et al.*

1  like this often exceed the resources of its individual members.  [See PSUF 66-71]. The

2  Defendants' disputation of that fact makes it an issue for trial, not dismissal and/or

3  summary adjudications.

4  **D.  <u>The Adjudicated Mental Health Holds Violate Procedural Due Process</u>.**

5      Whether by amendment or based on Plaintiffs' adequately plead claims, at issue

6  in this case is whether the initial determination of plaintiffs' mental health status by

7  their respective states' processes were defective under the Fifth (applicable to the

8  federal government) and Fourteenth (applicable to California) Amendments' Due

9  Process Clause.

10      1. <u>The Evidentiary Standard Should be Clear and Convincing</u>.

11      The evidentiary standard for an involuntary mental health hold under WIC §

12  5250 is mere ***<u>probable cause</u>***. WIC § 5256.6. That standard is constitutional

13  deficient. The U.S. Supreme Court rejected the even higher preponderance

14  evidentiary standard with a finding that a "clear and convincing" standard was

15  required to meet constitutionally valid due process standards.  *Addington v. Texas*,

16  441 U.S. 418, 432-433 (1979). The Court found that the deprivation of the patient's

17  liberty interest was too strong to warrant a lesser standard. *Id., at* 425.  The point

18  was made again in Justice Alito's concurring opinion in *Caniglia v. Strom*, 141 S.Ct.

19  1596, (*10) (May 17, 2021) ("We have addressed the standards required by due

20  process for involuntary commitment to a mental treatment facility.") (also citing

21  *O'Connor v. Donaldson*, 422 U.S. 563, 574-576 (1975); *Foucha v. Louisiana*, 504 U. S.

22  71, 75-77, 83, (1992))

23      John Does #1 thru #5 (all California commitments) not only had their liberty

24  interest at stake, but their Second Amendment rights were (perhaps) also subject to

25  a lifetime disqualification based on an evidentiary standard that is deficient under

26  the Supreme Court's holding in *Addington*.

27

28

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

12

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                    *Jane Roe #1, et al., v. United States, et al.*

On those grounds alone, this Court should find that John Does #1 thru #5 were therefore not lawfully committed to an involuntary mental health hold, and therefore not subject to 18 U.S.C. § 922(g)(4).

The Federal Defendants make an offhand argument that *Doe v. Gallinot*, 657 F.2d 1017 (9th Cir. 1981) was decided in a post-*Addington* world, and that it is improbable that when the California legislature amended the law in response that case, that they would have failed to employ the correct evidentiary standard. But *Doe v. Gallinot,* was not a case about evidentiary standards, nor was it decided in a post-*Heller* world where the imposition of lifetime bans on firearm ownership are at stake. The problem (for California) is that the plain language of Welfare and Institutions Code § 5256.6 speaks for itself.

    2.  <u>Plaintiffs should have been appointed Guardian ad Litem or Conservator</u>.

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. Proc. 17(c)(2). California's parallel rule is found at California Code of Civil Procedure § 372 *et seq.*

The nature of a hearing to involuntarily commit someone for mental health treatment compels – at minimum – that the hearing officer presiding over the hearing make an inquiry as to whether a minor, or alleged incompetent adult, should be appointed a guardian ad litem or conservator.  The absence of any evidence that this inquiry was even made for Jane Roe #1, John Doe #3, John Doe #4, and John Doe #5, taints their hearings and calls into question whether they were afforded their full due process rights.  *See generally: Addington v. Texas,* 441 U.S. 418 (1979), *Matthews v. Eldridge*, 424 U.S. 319 (1976), and *Parham v. J.R.,* 442 U.S. 584 (1979).

    3.  <u>Plaintiffs Should have been Appointed Counsel.</u>

Under federal law, persons are prohibited from possessing or receiving a firearm if they (1) have been convicted of a felony; (2) are a fugitive from justice; (3) are an

13

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.

*Jane Roe #1, et al., v. United States, et al.*

1   unlawful user of or addicted to any controlled substance; (4) have been involuntarily

2   committed to a mental institution or judged to be mentally defective; (5) are aliens

3   illegally or unlawfully in the United States, or certain other aliens admitted under a

4   nonimmigrant visa; (6) have been dishonorably discharged from the military; (7) have

5   renounced their U.S. citizenship; (8) are under a qualifying domestic violence

6   restraining order; (9) have been convicted of a misdemeanor crime of domestic

7   violence. In addition, federal law prohibits persons under felony indictment from

8   receiving a firearm. See 18 U.S.C. § 922(g) and § 922(n).

9       For many of these disqualifications, the prohibited person's "adjudication" could

10   be presumed to have included the right to counsel. [e.g., for a misdemeanor domestic

11   violence conviction to disqualify someone from exercising firearms rights, the person

12   must have been represented by counsel, or knowingly and intelligently waived that

13   right. 18 U.S.C. § 921(a)(33)(B)(i)(II)] There does not appear to be a counterpart to

14   this requirement, imposed by federal law, for a lifetime disqualification based on

15   involuntary commitment to a mental institution. 18 U.S.C. § 922(g)(4).

16       California does allow detainees to hire private counsel for a hearing under WIC §

17   5250. See: WIC § 5256.3, 5256.4. But, given the nature of the rights at stake: loss of

18   liberty and loss of a fundamental right, the appointment should be automatic and at

19   the expense of the government, who is after all seeking the detention and

20   fundamental right revocation. *See Gideon v. Wainwright,* 372 U.S. 335 (1963).

21       Plaintiffs Jane Doe #1, John Doe #3, John Doe #4, and John Doe #5 were all

22   denied the right to counsel, as such their commitment hearings are constitutionally

23   invalid and must be set aside.

24           4.   Plaintiffs Received Constitutionally Inadequate Notice.

25       Again, because of the nature of an adjudicated mental health hold -- the

26   government is placing the detainee's mental capacity at issue – it is the detainee's

27   procedural due process rights are particularly vulnerable. Failure to provide notice of

28   appellate rights, or notice of lifetime loss of firearm rights, or by conducting a hearing

14

Donald Kilmer
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                   *Jane Roe #1, et al., v. United States, et al.*

while a detainee is under the influence of hospital administered, mind-altering drugs, violates fundamental notions of fairness and due process. *Matthews v. Eldridge*, 424 U.S. 319 (1976). Plaintiffs Jane Roe #1, John Doe #3, John Doe #4, and John Doe #5 were all aggrieved by these procedural due process deficiencies.

5.   Conclusion: Initial Hearing for Mental Health Hold was Invalid.

Through the NICS Improvement Action of 2007, the federal government imposes standards for state restoration hearings. The Federal Defendants admit that that those standards are constitutional rather than statutory. (Doc 82-1, pg 8, ln 13-14). California's lack of constitutionally adequate standards, and their cumulative effect on plaintiffs Jane Roe #1, John Doe #3, John Doe #4, and John Doe #5, compel a finding that their initial hearings that placed them on an involuntary mental health hold, were constitutionally deficient and they are entitled to a finding, as a matter of law, that they are no longer subject to a lifetime prohibition on the right to keep and bear arms.

**E.   The NICS Improvement Act of 2017 Violates Equal Protection and Substantive Due Process**

The Supreme Court applies strict scrutiny to legislation that impinges on a fundamental right. *Clark v. Jeter*, 486 U.S. 456, 461 (1988) ("classifications affecting fundamental rights are given the most exacting scrutiny" …).

In this case, the NICS Improvement Act grant process has inspired 34 other states with a promise of money, in exchange for that jurisdiction adopting the talismanic language of the federal government to restore rights. But can a federal statutory scheme couple with the neglect of an individuals' state, to result in the loss of a fundamental right? Forever?  If California sits on its hands because it prefers the policy of a lifetime prohibition, but hasn't the political will to enact their own lifetime

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                    *Jane Roe #1, et al., v. United States, et al.*

ban (not that it would pass constitutional muster), are California residents just out of luck?  Would that same standard be applied to voting rights? Marriage laws? Abortion rights?  Not likely.  The right to keep and bear arms is not a second-class right, subject to an entirely different body of rules than the other Bill of Rights. *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

Even the *Mai* court suggested that a plaintiff might challenge "the substantive standards defined in 34 U.S.C. § 40915" along with making out "an equal-protection claim [..] because persons in thirty other states benefit from programs applying § 40915's substantive standards." *Id., at* 1113.

What is especially incongruent is that the Federal Government trusts California as a point of Contact State to administer the NICS background check program in this state. [See Declaration of Gilbert Mac, Doc 81-4] But somehow the Feds find that California is careless and apathetic when it comes to mental health adjudications.

The fact is, only Plaintiffs Jane Roe #1 can travel to another state to secure her rights.  In fact, she is compelled to shoulder that undue burden unless this Court grants her relief on another theory.  But every other plaintiff can only recover their rights in a California Court. And if California refuses to amend its statutes, or its judges can be denied the power to apply the federal standards, the remaining plaintiffs are barred for life with no hope of restoration, despite the existence of a federal scheme that California refuses to implement and a state scheme that the federal government says is inadequate.

16

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

This is denial of a fundamental rights based on a person's location within the United States. Our Constitution has not tolerated that idea since the end of the Civil War, it should not be resurrected now.

1. <u>The Federal Govt Should be Estopped from Disqualifying Jane Roe #1.</u>

Plaintiff Jane Roe #1 was "adjudicated" for a mental health hold when she was minor, more than 30 years ago.  [PSUF #2] She was honorably discharged from the U.S. Army. During her service she was awarded: Army Achievement Medal, Joint Meritorious Unit Award, Army Good Conduct Medal, National Defense Service Medal, and Army Service Ribbon. [PSUF #3] She received firearms training in the United States Army and used various small arms while on active duty. The Army was aware of Jane Roe #1's "mental health" history during her enlistment. [PSUF #4] Jane Roe #1 does not currently suffer from any disqualifying mental health diagnosis. [PSUF #5]

The case of *Keyes v. Lynch,* 195 F. Supp. 3d 702, 721 (M.D. Pa. 2016) supports the due process and equal protection claims of Jane Roe #1. Recall that the State of California has already admitted that – but for – her 30-year-old adjudicated mental health hold, Jane Roe #1 would be eligible to purchase a firearm in California. This Court should render the same finding and disposition made by the district court in the *Keyes* case on the claims made by Jane Roe #1.

The federal government's response to this argument was to claim that *Mai* foreclosed Jane Roe from making a Second Amendment arguments, but as noted, it does not foreclose a due process/equal protection argument.

2. <u>Traveling to New Jersey to Restore Rights would be an Undue Burden</u>.

In one sense, Jane Roe #1 is luckier than her California adjudicated co-plaintiffs. At least she has a last resort method for restoring her rights.  The state where her initial hearing for an involuntary mental health hold is New Jersey. New Jersey's state restoration program was deemed qualified in 2010 by the ATF. [PSUF #65].

17

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                    *Jane Roe #1, et al., v. United States, et al.*

But should interstate travel and the expenditures of time and money be necessary to exercise a fundamental right?  If Jane Roe #1 was seeking to exercise a right to reproductive services, the answer would be no. *Whole Woman's Health v. Hellerstedt,* 136 S. Ct. 2292 (2016).  This is a due process and equal protection argument, not a Second Amendment argument.  A major component of the Courts finding a due process violation in *Whole Woman's Health,* was finding that women had to travel great distances to exercise a fundamental right. Moreover, the federal defendants have neglected to address that aspect of Jane Roe #1's rights deprivation in their zeal to point to *Mai's* Second Amendment rationale.

Furthermore, Jane Roe #1 is a resident of California now.  She has no interest in relocating to New Jersey.  Furthermore, as a resident of California, she cannot purchase a gun in New Jersey.  *Mance v. Sessions*, 896 F.3d 699 (5th Cir. 2018), *cert denied, Mance v. Barr*, 2020 U.S. Lexis 3179 (2020). Compelling her to undertake the time, expense of interstate travel and hiring a lawyer to file an action in New Jersey would be an undue burden.

3.  <u>California's Restoration Procedures Meet or Exceed Federal Standards.</u>

California's procedures for restoring rights after an adjudicated mental health hold meet (or exceed) the federal government's standards. Again, the *Mai* court specifically reserved the adjudication of an equal protection claim and/or due process claim that challenged the federal standards for restoration of right.  *Id., at* 1113.

And because the Plaintiffs are law abiding citizens and are being denied the core right to acquire a firearm, with no mental health disabilities, the Court should apply strict scrutiny to any alleged distinction between California's restoration procedure under WIC § 8103(g) and the NICS Improvement Act scheme. In applying strict scrutiny, the Court requires the Government to prove its law "furthers a compelling interest and is narrowly tailored to achieve that interest." *Citizens United v. FEC*, 130 S. Ct. 876, 898 (2010)

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

18

There are at least four (4) ways for someone who is disqualified from exercising firearms rights due to a mental health adjudication to have their rights restored:

i.) Federal law provides a means for the relief of firearms disabilities, however since October 1992, ATF's annual appropriation has prohibited the expending of any funds to investigate or act upon applications for relief from Federal firearms disabilities submitted by individuals. As long as this provision is included in current ATF appropriations, the Bureau cannot act upon applications for relief from Federal firearms disabilities submitted by individuals. 18 U.S.C. 925(c); 27 CFR 478.144. As of the date of this motion, ATF's budget remains disabled in this regard.

Furthermore, the Supreme Court upheld a refusal by the federal government to implement 18 U.SC. § 925(c) in *United States v. Bean,* 537 U.S. 71 (2002). The *Bean* Court required an actual adverse action on the application by the Bureau of Alcohol, Tobacco, and Firearms is a prerequisite for judicial review under 18 U.S.C.S. § 925(c). Section § 925(c) requires an applicant, as a first step, to petition the Secretary of the Treasury and establish to the Secretary's satisfaction that the applicant is eligible for relief. The Secretary, in his discretion, may grant or deny the request based on broad considerations. Only if the Secretary denies relief, may an applicant seek review in a district court. The Supreme Court held that a failure by the agency to process an application for relief, due to budget constraints imposed by Congress, was valid.

However, *Bean* was a pre-*Heller* and pre-*McDonald* case, which means the U.S. Supreme Court did not take up the impact of this inaction by the federal government on a party's Second Amendment rights. Furthermore, under the facts of this case, it is inaction by the California legislature to enact a statute laid out for them by the federal government that is keeping the Plaintiffs from obtaining the relief sough.

Inferior courts are bound by the "mode of analysis" of the most recent holdings by the Supreme Court. *In re Stern,* 345 F.3d 1036, 1043 (9th Cir. 2003). This court can, and should, order the ATF to consider applications from disqualified persons for the

19

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

purpose of restoring rights under 18 U.S.C. § 925(c), or deem any and all applications as denied and permit federally disqualified applicants to make their case directly to a district court.

ii.)   A second avenue is for the prohibited person who resides in a state that has participated in the NICS Improvement Act of 2007 grant program and been certified as having a "qualified" relief program [PSUF #55 thru #64], to petition their state court for relief.  As of the date of this motion, California has chosen NOT to participate in the NICS Improvement Act of 2007 grant program and is not therefore listed as having a "qualified" relief program.  [PSUF #53 and #54]

iii.)   A third way is to petition a federal court under 18 U.S.C. § 925A for a finding of an erroneous denial of a firearm purchase based on 18 U.S.C. § 922(g) or § 922(n).  This is one of the remedies that plaintiffs have sought in this instant action. Plaintiffs contend that they have been erroneously classified as prohibited due to the constitutional infirmities of their hearings.  Federal Defendants make the circular argument that the entries are not erroneous, because plaintiffs were – in fact – placed on mental health holds. But if those holds were constitutionally deficient, then the NICS entries are erroneous, and the way to get out of the tautology proposed by the Federal Defendants is for this Court to make such a finding.

Plaintiffs John Doe #1 and John Doe #2 have also averred that the California Department of Justice has made an erroneous entry in California's mental health prohibition information system. [PSUF #42, #43, #44, #47, and #48.] Whether California is violating WIC § 8103(g)(4) by refusing to transmit a clean record to the NICS system [PSUF #47] or the state is failing to uphold its own laws in the face of federal overreach is a mystery that is at the heart of this case.

California knows how to affirmatively impose a lifetime ban for mental health findings.  Permitting the State to hide behind a dubious interpretation of federal law is what makes plaintiffs' due process and equal protection challenges viable and ultimately a winning argument.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.

*Jane Roe #1, et al., v. United States, et al.*

1   iv.).  Finally, what did the *Mai* Court mean by suggesting a viable challenge to

2   "the standard by which federal courts should measure whether persons, like Plaintiff,

3   are sufficiently rehabilitated for purposes of the Second Amendment. Notably,

4   though, Plaintiff [did] not seek the application of the substantive standards defined

5   in 34 U.S.C. § 40915. He has never asserted, for example, an equal-protection claim

6   that, because persons in thirty other states benefit from programs applying § 40915's

7   substantive standards, he too is entitled to relief or to an opportunity to meet those

8   standards. Nor has he advanced, on appeal, an argument that due process demands

9   the same results." *Id.,* at 1113.

10   The federal defendants aver that California's WIC § 8103(g) lacks the exact

11   statutory language that "granting relief would not be contrary to the public interest."

12   However, California Appellate Courts have interpreted WIC 8103 *et seq.,* as:

13   **Balanced against the individual's temporary loss of the right**
14   **to possess firearms is the state's strong interest in protecting**
15   **society from the potential misuse of firearms by a mentally**
     **unstable person**. (*Rupf [v. Yan* (2000) 85 Cal.App.4th [411,] 423 [102
16   Cal. Rptr. 2d 157] [noting that it is 'not unreasonable to conclude there is
     a significant risk that a mentally unstable gun owner will harm himself
17   or others with the weapon']; see *Heller*, supra, 554 U.S. at p. 626 … ;
18   *McDonald*, supra, 561 U.S. at p. [786].) **Section 8103 (and its**
     **counterpart § 8102, which permits confiscation of firearms) are**
19   **preventative in design; the fundamental purpose is to protect**
20   **'firearm owners and the public from the consequences of firearm**
     **possession by people whose mental state endangers themselves**
21   **or others**.' (*People v. One Ruger .22-Caliber Pistol* (2000) 84 Cal.App.4th
22   310, 315 [100 Cal.Rptr.2d 780].) These protective statutes 'limit the
     availability of handguns to persons with a history of mental disturbance
23   … to protect those persons or others in the event their judgment or mental
24   balance remains or again becomes impaired.' (*Rupf, supra*, 85
     Cal.App.4th at p. 424.)
25

26   *People v. Mary H.,* 5 Cal.App.5th 246, 258
27   5th Dist. Court of Appeal, (2016)
     [underline and bold added]
28

21

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

1    The emphasized text is an authoritative interpretation of WIC § 8103 *et seq.,* that

2    substitutes for the NICS Improvement Act of 2007 language that state restoration

3    procedures weigh the "public interest." A state court's interpretation of its own

4    statutes is binding on federal courts unless the law is inconsistent with the federal

5    constitution. *United States v. Ramos,* 39 F.3d 219, 220 (9th Cir. 1994).

6    

7    The defendants should be put their proof and present evidence of a compelling

8    government interest that mandates a distinction between California's restoration

9    procedure under WIC § 8103 *et seq.,* and the NICS Improvement Act of 2007, with or

10   without California participating in grant program.

11   

12   The *Mai* court's finding the State of Washington's restoration program deficient

13   can be distinguished, because California standards are more stringent than

14   Washington's and probably more stringent than the federal standards.

15   

16   Washington required that the person "no longer presents a substantial danger to

17   himself or herself, or the public." By contrast, the federal standard requires a

18   determination that "the person will not be likely to act in a manner dangerous to

19   public safety."  In other words, Washington's standard was "substantial danger" as

20   contrasted with the federal standard of mere "danger."

21   

22   California's law beats both standards and requires a finding that the individual

23   "would be likely to use firearms in a safe and lawful manner."  This is broader than a

24   mere finding that the person no longer poses a danger.  And given California's

25   notoriously strict gun control laws, compliance with which is mandated by a Superior

26   

27   

28   

22

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

1  Court's finding under § 8103(g)(4), a "safe and lawful" standard is "heads and

2  shoulders" above a merely "not dangerous" standard.

3      Assuming *arguendo* the Court does not find WIC 8103(g) substantially similar to

4  the NICS Improvement Act criteria, this court should still follow the road map of the

5  *Keyes* Court and then conduct the same Second Amendment constitutional as-applied

6  analysis if the Court finds that plaintiffs have no statutory relief available to them.

7

8          F.  **Without a State Statutory Remedy, This Court Should**
                 **Conduct the Hearings.**

9

10     If this Court cannot find a way to either compel the federal government to accept

11  California's restoration procedures, or compel California courts to apply the federal

12  language from the NICS Improvement Act, in § 8103 hearings, then this Court

13  should consider holding its own hearing to restore Plaintiffs fundamental rights to

14  keep and bear arms, using the rules adopted by the 34 other states where people

15  situated like the Plaintiffs enjoy the opportunity to restore their rights.

16

17                          **VI.  CONCLUSION**

18     The result obtained in *Mai v. United States*, is unsatisfactory, but that case also

19  left a door open to Plaintiffs fully exercising a fundamental right by applying tried

20  and true case law on procedural due process, substantive due process and equal

21  protection grounds.

22     This Court can and should find that a mere probable cause evidentiary standard

23  in a WIC § 5250 hearing is insufficient to protect fundamental rights, where the

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

23

hearing might result in barring someone from exercising a fundamental for the rest of their life.

This Court can and should hold its own evidentiary hearing into the mental competence of each plaintiff by finding that the federal government's refusal to fund § 925(c) is a de facto denial of a right, especially for people who live in California and can't get their rights restored in any other way.

In the alternative, this court can issue an declaratory judgment that says California Superior Courts that make the necessary findings under the NICS act are sufficient to restore rights.

This Court can and should order the California Department of Justice to transmit the restoration notices of John Doe #1 and John Doe #2 to the NICS system, and let the federal government document its refusal, rather than relying on a shell game between the defendants. This Court can and should find that the federal defendants are estopped from disqualifying Jane Roe #1 from owning a gun when she used one in service to her country.

This Court can and should find that CA's restoration procedure is safe and protects the public's interest and subject any government claims to the contrary to heightened scrutiny.

Respectfully Submitted on June 1, 2021.

/s/ Donald Kilmer,
Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

24

Plaintiffs' Consolidated Opposition and Reply
Re: Motion for Summary Judgment.                    *Jane Roe #1, et al., v. United States, et al.*