1  Donald E. J. Kilmer, Jr. [SBN: 179986]
2  Email: don@dklawoffice.com
   Jessica L. Danielski [SBN: 308940]
3  Email: jessica@dklawoffice.com
4  LAW OFFICES OF DONALD KILMER, APC
   14085 Silver Ridge Road
5  Caldwell, Idaho 83607
6  Voice:  (408) 264-8489

7
   Jason Davis [SBN: 224250]
8  Email: jason@calgunlawyers.com
9  THE DAVIS LAW FIRM
   27201 Pureta Real, Suite 300
10 Mission Viejo, California  92691
11 Voice: (949) 436-4867
   Fax:    (888) 624-4867
12
13 Attorneys for Plaintiffs
14 JANE ROE #1, et al.

15                **UNITED STATES DISTRICT COURT**

16              **EASTERN DISTRICT OF CALIFORNIA**

17

18 JANE ROE #1; JANE ROE #2; JOHN    )   Case No.: 1:19-CV-270-DAD-BAM
19 DOE #1; JOHN DOE #2; JOHN DOE     )
   #3; JOHN DOE #4; JOHN DOE #5;     )
20 JOHN DOE #6; SECOND              )
21 AMENDMENT FOUNDATION,            )   **PLAINTIFFS' REPLY** TO **BOTH**
                                    )   DEFENDANTS' **RESPONSE** TO
22            Plaintiffs,           )   PLAINTIFFS' STATEMENT OF
23                                  )   UNDISPUTED FACTS IN
        vs.                         )   SUPPORT OF MOTION FOR
24                                  )   SUMMARY JUDGMENT OR
                                    )   SUMMARY ADJUDICATION
25 UNITED STATES OF AMERICA;        )
26 UNITED STATES DEPARTMENT OF      )
   JUSTICE; FEDERAL BUREAU OF       )
27 INVESTIGATION; BUREAU OF         )
28 ALCOHOL, TOBACCO, FIREARMS       )

Donald Kilmer
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

                                                1

Plaintiffs' Statement of Undisputed Facts (PSUF)        *Jane Roe #1, et al., v. United States, et al.*

AND EXPLOSIVES; WILLIAM P.          )
BARR (U.S. Attorney General),          )
CHRISTOPHER A. WRAY (Director,          )
Federal Bureau of Investigation);          )
REGINA LOMBARDO (Acting Deputy          )
Director, Bureau of Alcohol, Tobacco,          )
Firearms and Explosives); XAVIER          )
BECERRA (California Attorney          )
General),          )
          )
          Defendants.          )
          )
_____)

    Plaintiffs hereby submit this table indicating how each Defendant responded to Plaintiffs Statement of Undisputed Fact:

| No. | Plaintiffs' Undisputed Fact | Federal Govt's Response | California's Response |
|-----|-----------------------------|-------------------------|----------------------|
| 1. | Every Plaintiff is currently listed in a federal and/or state databases as being disqualified from owning, purchasing, or possessing a firearm, pursuant to 18 U.S.C. § 922(g)(4) ["adjudicated as [having] been committed to a mental institution."] | Undisputed. | Undisputed. |
| 2. | Plaintiff JANE ROE #1's alleged disqualification arose of her contact with a mental healthcare provider in New Jersey in 1988/1989 when she was a minor and without benefit of counsel or | Undisputed. | Undisputed. |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

| | | | |
|---|---|---|---|
| | appointment of a guardian ad litem. | | |
| 3. | JANE ROE #1 was honorably discharged from the U.S. Army. During her service she was awarded: Army Achievement Medal, Joint Meritorious Unit Award, Army Good Conduct Medal, National Defense Service Medal, and Army Service Ribbon. | Undisputed. | Undisputed. |
| 4. | JANE ROE #1 received firearms training in the United States Army and used various small arms while on active duty. The Army was aware of JANE ROE #1's "mental health" history during her enlistment. | Undisputed, but qualified. | Undisputed. |
| 5. | JANE ROE #1 does not currently suffer from any disqualifying mental health diagnosis. | Claim of vagueness | Undisputed, but qualified. |
| 6. | JANE ROE #1 currently lives in California and has no plans to relocate to New Jersey.  Traveling to New Jersey to file a petition for restoration of her rights would be an undue burden. | Undisputed in part.<br><br>Disputed in part. | Disputed in part.<br><br>Undisputed in part. |
| 7. | The California Attorney General admits that the only law preventing | Lacks Knowledge. | Undisputed. |

3

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

| | | | |
|---|---|---|---|
| | JANE ROE #1, from possessing a firearm is a lifetime prohibition under 18 U.S.C. § 922(g)(4), which arose from a federal mental health disqualification based on her contact with a New Jersey mental healthcare provider. | | |
| 8. | JOHN DOE #1 was placed on a mental health hold under Welfare and Institutions Code (WIC) § 5250 (adjudicated hold) in August of 2011. | Undisputed. | Undisputed. |
| 9. | JOHN DOE #1 filed a petition under WIC § 8103, in January of 2013, in Sacramento County Superior Court. The hearing under WIC § 8103 was conducted to have JOHN DOE #1's rights to acquire, keep and bear firearms restored. The People of the State of California were represented by the District Attorney's Office. The Court granted the petition and relieved JOHN DOE #1 of firearm disabilities. | Undisputed, but qualified. | Undisputed. |
| 10. | JOHN DOE #1 does not currently suffer from any disqualifying mental health diagnosis. | Claim of vagueness. | Undisputed, but qualified. |

4

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

| 11. | The California Attorney General admits that JOHN DOE #1 successfully petitioned a superior court under California Welfare and Institutions Code § 8100 *et seq.*, and obtained an order that he may own, possess, have custody or control over, receive or purchase firearms; and that the only law currently preventing JOHN DOE #1, from possessing a firearm is a lifetime prohibition under 18 U.S.C. § 922(g)(4). | Lacks knowledge. | Undisputed. |
|-----|-----|-----|-----|
| 12. | JOHN DOE #2 was placed on a mental health hold under Welfare and Institutions Code (WIC) § 5250 (adjudicated hold) in April of 2015. | Undisputed. | Undisputed. |
| 13. | JOHN DOE #2 filed a petition under WIC § 8103, in December of 2016, in San Diego County Superior Court. The hearing under WIC § 8103 was conducted to have JOHN DOE #2's rights to acquire, keep and bear firearms restored. The People of the State of California were represented by the District Attorney's Office. | Undisputed, but qualified. | Undisputed. |

5

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

| | | | |
|---|---|---|---|
| | The Court granted the petition and relieved JOHN DOE #2 of firearm disabilities. | | |
| 14. | JOHN DOE #2 does not currently suffer from any disqualifying mental health diagnosis. | Claim of vagueness. | Undisputed, but qualified. |
| 15. | The California Attorney General admits that JOHN DOE #2 successfully petitioned a superior court under California Welfare and Institutions Code § 8100 *et seq.*, and obtained an order that he may own, possess, have custody or control over, receive or purchase firearms; and that the only law preventing JOHN DOE #2, from possessing a firearm is a lifetime prohibition under 18 U.S.C. § 922(g)(4). | Lacks knowledge. | Undisputed. |
| 16. | JOHN DOE #3 was placed a mental health hold, on or about June 12, 2012, in Alameda County, after a "Certification Review Hearing" that purported to place him on a hold pursuant to WIC § 5150 (unadjudicated hold). | Disputed. | Disputed. |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Statement of Undisputed Facts (PSUF)                    *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| 17. | Even assuming a scrivener's error on the face of the record, there were other irregularities with regard to JOHN DOE #3's mental health hold.  JOHN DOE #3 requested an attorney for the "hearing" and was denied the opportunity to obtain one. He was – instead – provided with a patient advocate who was not a lawyer.  He was not appointed a conservator. He was not notified of the full consequences of the hearing. He was not notified of his appellate rights.  He was under the influence of hospital administered psychotropic drugs that impaired his perception and judgment. | Lacks knowledge. | Disputed. |
| 18. | JOHN DOE #3 was not – in fact – placed on a 14-day hold authorized under WIC § 5250. Shortly after the "hearing" he was released. | Disputed. | Disputed. |
| 19. | JOHN DOE #3 does not currently suffer from any disqualifying mental health diagnosis. | Claim of vagueness. | Undisputed, but qualified. |
| 20. | The California Attorney General admits that Plaintiff JOHN DOE #3 no longer suffers from a | Lacks knowledge. | Undisputed. |

7

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

| | | | |
|---|---|---|---|
| | firearm mental health disability under California Welfare and Institutions Code § 8100 *et seq.;* and that the only law preventing JOHN DOE #3, from possessing a firearm is a lifetime prohibition under 18 U.S.C. § 922(g)(4). | | |
| 21. | JOHN DOE #4 resides in Texas. On January 3, 1996 he was admitted to a mental health facility in Fresno, California and discharged seven (7) days later on January 11, 1996. He was admitted again to the same facility on October 15, 1996 and was discharged on November 22, 1996. This second hold was conducted pursuant to WIC § 5250. | Undisputed. | Undisputed. |
| 22. | JOHN DOE #4 does recall be advised that as a consequence of his treatment, he would be disqualified from owning, possessing, or acquiring a firearm for a minimum of five (5) years.  However, he was not informed that federal law imposed a lifetime disqualification. He was not appointed a lawyer. He was not appointed a conservator. | Lacks knowledge. | Disputed.

Claim of irrelevance. |

8

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

| | | | |
|---|---|---|---|
| | He was not advised of his appellate rights. | | |
| 23. | On or about July 27, 2010, JOHN DOE #4 caused a Petition for Relief from Firearms Prohibition under WIC § 8103 to be filed in Fresno Superior Court, despite more than ten years having lapsed from his hospitalization in 1996. | Undisputed. | Undisputed. |
| 24. | On September 24, 2010, JOHN DOE #4 appeared in Fresno County, with the People represented by the District Attorney, the Superior Court, denied the petition, stating: "[...] Motion for Relief of Firearm Prohibition is DENIED. The Court cannot grant the requested relief the petition is seeking. Prohibition period lapsed, 10/4/2001."  In other words, the case was not resolved on the merits because the Judge considered the matter mooted by operation of law. (i.e., the passage of time.) | Undisputed in part.  Disputed in part. | Undisputed. |
| 25. | JOHN DOE #4 does not currently suffer from any disqualifying mental health diagnosis. | Claim of vagueness. | Undisputed, but qualified. |

9

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

| | | | |
|---|---|---|---|
| 26. | JOHN DOE #4 currently lives in Texas and has no plans to relocate to California.  Traveling to California to file a petition for restoration of his rights would be an undue burden. | Undisputed in part. Disputed in part. | Undisputed in part. Disputed in part. |
| 27. | The California Attorney General admits that Plaintiff JOHN DOE #4 no longer suffers from a firearm mental health disability under California Welfare and Institutions Code § 8100 *et seq*.; and that the only law preventing JOHN DOE #4, from possessing a firearm is a lifetime prohibition under 18 U.S.C. § 922(g)(4). | Lacks knowledge. | Undisputed. |
| 28. | JOHN DOE #5 is a resident of the State of Nevada. On or about April 30, 2007, he was admitted to a healthcare facility in Torrance, California, for a mental health evaluation. He was a minor on that date. He was discharged on or about May 8, 2007. | Lacks knowledge | Undisputed. |
| 29. | JOHN DOE #5 has no recollection of any hearing and has not be able to obtain any records of this treatment or any | Lacks knowledge. | Disputed. Claim of irrelevance. |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Statement of Undisputed Facts (PSUF)          *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| | "hearing" that might have taken place regarding his treatment. He does not recall having been appointed a guardian ad litum, an attorney, or being informed of the consequences of his detention. | | |
| 29.[1] | JOHN DOE #5 does not currently suffer from any disqualifying mental health diagnosis. | Claim of vagueness. | Undisputed, but qualified. |
| 30. | JOHN DOE #5 currently lives in Nevada and has no plans to relocate to California.  Traveling to California to file a petition for restoration of his rights would be an undue burden. | Undisputed in part.  Disputed in part. | Undisputed in part.  Disputed in part. |
| 31. | The California Attorney General admits that Plaintiff JOHN DOE #5 no longer suffers from a firearm mental health disability under California Welfare and Institutions Code § 8100 *et seq.;* and that the only law preventing JOHN DOE #5, from possessing a firearm is a lifetime prohibition under 18 U.S.C. § 922(g)(4). | Lacks knowledge. | Undisputed. |

---

[1] Indeed, CA's statement that Plaintiffs duplicate the label #29 is correct.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Statement of Undisputed Facts (PSUF)          *Jane Roe #1, et al., v. United States, et al.*

| 32. | The evidentiary standard for a Certification Review Hearing under WIC § 5250 is ***probable cause***. See WIC § 5256.6:<br><br>If at the conclusion of the certification review hearing the person conducting the hearing finds that there is probable cause that the person certified is, as a result of a mental disorder or impairment by chronic alcoholism, a danger to others, or to himself or herself, or gravely disabled, then the person may be detained for involuntary care, protection, and treatment related to the mental disorder or impairment by chronic alcoholism pursuant to Sections 5250 and 5270.15. | Disputed.<br><br>Claim of legal argument. | Disputed.<br><br>Claim of legal argument. |
| --- | --- | --- | --- |
| 33. | The State of California imposes a temporary suspension of firearms rights for a period of five (5) years for any person taken into custody at least once, pursuant to WIC § 5150 (unadjudicated hold). | Disputed.<br><br>Claim of legal argument. | Disputed.<br><br>Claim of legal argument. |
| 34. | The State of California imposes a lifetime prohibition on firearms | Disputed. | Disputed. |

Donald Kilmer<br>Attorney at Law<br>14085 Silver Ridge Road, Caldwell, ID<br>Vc: 408/264-8489<br>don@dklawoffice.com

Plaintiffs' Statement of Undisputed Facts (PSUF)     *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| | rights for any person taken into custody pursuant to WIC § 5150 (unadjudicated hold) more than once during a one-year period. | Claim of legal argument. | Claim of legal argument. |
| 35. | A person may obtain a relief from both the temporary suspension and lifetime prohibition, triggered by a WIC § 5150 unadjudicated mental health hold, by petitioning a California Superior Court to restore their firearm rights. The government is represented by the District Attorney at the hearing acting as plaintiff. | Disputed.<br><br>Claim of legal argument. | Disputed.<br><br>Claim of legal argument. |
| 36. | The evidence that may be produced by either party at a hearing to restore firearm rights after an unadjudicated mental health hold is limited only by California Evidence Code § 352. | Disputed.<br><br>Claim of legal argument. | Disputed.<br><br>Claim of legal argument. |
| 37. | To maintain any remainder of the five (5) year temporary suspension [§8103(f)(1)(A)], or lifetime prohibition [§8103(f)(1)(B)], the government "bear[s] the burden of showing by a | Disputed.<br><br>Claim of legal argument. | Disputed.<br><br>Claim of legal argument. |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Statement of Undisputed Facts (PSUF)          *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| | preponderance of the evidence that the person would not be likely to use firearms in a safe and lawful manner." | | |
| 38. | If the government fails to meet the burden of WIC § 8103(f)(6), the Court enters an order that the person is not subject a firearm disability and transmits a copy of the order to the California Department of Justice. "Upon receipt of the order, the Department of Justice shall delete any reference to the prohibition against firearms from the person's state mental health firearms prohibition system information." [WIC § 8103(f)(7)] | Disputed.<br><br>Claim of legal argument. | Disputed.<br><br>Claim of legal argument. |
| 39. | The State of California also imposes a temporary suspension of firearms rights for a period of five (5) years for any person taken into custody pursuant to WIC § 5250 (adjudicated mental health hold). | Disputed.<br><br>Claim of legal argument. | Disputed.<br><br>Claim of legal argument. |
| 40. | A person may obtain a relief from the temporary suspension of firearm rights for five (5) years triggered by a WIC § 5250 (adjudicated mental | Disputed.<br><br>Claim of legal argument. | Disputed.<br><br>Claim of legal argument. |

Donald Kilmer
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Statement of Undisputed Facts (PSUF)     *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| | health hold) by petitioning a California Superior Court to restore their firearm rights. The government is represented by the District Attorney at the hearing acting as the respondent. [Cf., a hearing under § 8103(f)(5).] | | |
| 41. | The evidence that may be produced by either party at a hearing to restore firearm rights after an unadjudicated mental health hold is limited only by California Evidence Code § 352. | Disputed.<br><br>Claim of legal argument. | Disputed.<br><br>Claim of legal argument. |
| 42. | The petitioner can then be relieved from the remainder of the five (5) year temporary suspension: "If the court finds by a preponderance of the evidence that the person would be likely to use firearms in a safe and lawful manner, the court may order that the person may own, control, receive, possess, or purchase firearms, […]" [WIC § 8103(g)(4)] | Disputed.<br><br>Claim of legal argument. | Disputed.<br><br>Claim of legal argument. |
| 43. | If the Court enters an order that the person is no longer subject to a firearm disability under | Disputed.<br><br>Claim of legal argument. | Disputed.<br><br>Claim of legal argument. |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Statement of Undisputed Facts (PSUF)          *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| | WIC § 8103(g)(1)(i), "A copy of the order shall be submitted to the Department of Justice. Upon receipt of the order, the Department of Justice shall delete any reference to the prohibition against firearms from the person's state mental health firearms prohibition system information." [WIC § 8103(g)(4)] | | |
| 44. | The California Department of Justice violates WIC § 8103(g)(4) by refusing to "delete ___any reference___ to the prohibition against firearms prohibition from [a] person's state mental health firearms prohibition system information" when that person was subject to a WIC § 5250 hold. | Disputed.<br><br>Claim of legal argument. | Disputed.<br><br>Claim of legal argument. |
| 45. | Both sets of Defendants admit that The National Instant Criminal Background Check System (NICS) is used by Federal Firearms Licensees, importers, and manufacturers (collectively, "dealers") to determine whether a prospective purchaser is legally authorized to | Undisputed. | Undisputed. |

Plaintiffs' Statement of Undisputed Facts (PSUF)   *Jane Roe #1, et al., v. United States, et al.*

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.com

| | | | |
|---|---|---|---|
| | purchase (and possess) firearms. | | |
| 46. | Both sets of Defendants admit that California is a Full-POC (Point of Contact) State charged with overall responsibility for the administration and usage of the FBI-NICS within a state. | Undisputed, but qualified. | Undisputed. |
| 47. | California submits its mental health records to FBI/NICS for purposes of maintaining an accurate firearm background check system. California also maintains its own Mental Health Unit within the Department of Justice that makes determinations for restoration of rights after a hearing to restore rights under WIC § 8103 *et seq.*, has taken place. | Claim of vagueness, and lack of knowledge. | Disputed in part. |
| 48. | California has a policy and/or procedure by which a WIC § 5250 determination that is restored under WIC § 8103(g)(4) remains in the FBI-NICS database as a disqualification due to "FEDERAL LIFETIME PROHIBITION." | Lacks knowledge. | Undisputed, but qualified. |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Statement of Undisputed Facts (PSUF)          *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| 49. | In a February 20, 2008, the California Department of Justice exchanged a series of emails with the federal government requesting clarification of California's State Relief Program and its impact by the NICS Improvement Act, with specific questions about mental health disqualifications:<br><br>5) If state law provides for a temporary loss of the right to possess firearms, does the expiration of that temporary time period constitute a "restoration of rights" that triggers the requirement that the state request that the record be removed from the NICS database? | Undisputed, but qualified. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |
| 50. | In an email dated March 14, 2008, the federal governments responded to question 5 as follows:<br><br>5.) The requirement to remove a record is triggered only if the person is no longer subject to Federal firearms disabilities. If Federal firearms disabilities are | Undisputed, but qualified. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |

Donald Kilmer
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Statement of Undisputed Facts (PSUF)     *Jane Roe #1, et al., v. United States, et al.*

| | | | | |
|---|---|---|---|---|
| | removed upon completion or expiration of a State temporary time period (temporary loss of the right to possess a firearm under State law), i.e., restoration of core civil rights without firearms disabilities at the time of restoration, then that record should be removed from NICS. | | | |
| 51. | In a follow-up email dated March 14, 2008, the California Department of Justice indicated that it had additional questions:<br><br>"[S]pecifically about our mental health statutes.  If I understand your correctly, this has a major impact on us. Whereas individuals in the NICS database because they were "mental defectives" used be in the index for life, now they must be removed from NICS when they [sic] state disability (5 years) expires. We will mull this information over and get back to you next week." | Disputed.<br><br>Directs to full document. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. | |
| 52. | In a reply email, the federal government responded:<br><br>"[P]erhaps our e-mail was confusing.  The only change with respect to | Disputed.<br><br>Direct to full document. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. | |

Donald Kilmer
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Statement of Undisputed Facts (PSUF)          *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| | Federal firearms disability imposed due to adjudications as a mental defective or committed to a mental institution with regard to the States is if the State has granted "relief" under a qualifying relief from disabilities program that considers a person's record and reputation and has de novo judicial review. This is distinguished from a procedure by which the disability expires after a period of time.  Perhaps we can have a conference call next week." | | |
| 52.[2] | In a reply email, the California Department of Justice responded:<br><br>"That clears it up a bit, but we would love to talk." | Undisputed.<br><br>But directs to full document. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |
| 53. | On April 2, 2008, the federal government closed the CCMS case related to the California Department of Justice inquiry about mental health restorations because "it appears CA is not interested in receiving NICS funding." | Disputed on claim of vagueness.<br><br>Otherwise, Undisputed. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |

---

[2] CA Defendants are correct again, the plaintiffs have two #52 statements of facts.  Apologies.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Statement of Undisputed Facts (PSUF)                    *Jane Roe #1, et al., v. United States, et al.*

| 54. | As of December 13, 2019, California still does not participate in the NICS Improvement Act of 2007 to create a federally incentivized and qualified 922(d)(4)/(g)(4) relief program. | Undisputed, but directs to full document. | Undisputed, but qualified. |
|---|---|---|---|
| 55. | ATF provides guidance for states to follow in certifying that they have established a qualifying mental health relief from firearms disabilities program that satisfies certain minimum criteria under the NIAA. [the nine criteria follow next] | Undisputed, but qualified. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |
| 56. | 1. State law: The relief program has been established by state statute, or administrative regulation or order pursuant to state law. | Undisputed, but qualified. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |
| 57. | 2. Application: The relief program allows a person who has been formally adjudicated as a "mental defective"1 or committed involuntarily to a mental institution2 to apply or petition for relief from the Federal firearms prohibitions (disabilities) imposed under 18 U.S.C. § 922 (d) (4) and (g) (4). | Undisputed, but qualified. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Statement of Undisputed Facts (PSUF)          *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| 58. | 3. Lawful authority: A state court, board, commission, or other lawful authority (per state law) considers the applicant's petition for relief. The lawful authority may only consider applications for relief due to mental health adjudications or commitments that occurred in the applicant state. | Undisputed, but qualified. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |
| 59. | 4. Due process: The petition for relief is considered by the lawful authority in accordance with principles of due process, as follows:<br>    a. The applicant has the opportunity to submit his or her own<br>    evidence to the lawful authority considering the relief application.<br>    b. An independent decision maker—someone other than the individual who gathered the evidence for the lawful authority acting on the application— | Undisputed, but qualified. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |

Donald Kilmer
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Statement of Undisputed Facts (PSUF)                    *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| | reviews the evidence.<br>c. A record of the matter is created and maintained for review. | | |
| 60. | 5. Proper record: In determining whether to grant relief, the lawful authority receives evidence concerning and considers the:<br>    a. Circumstances regarding the firearms disabilities imposed by 18 U.S.C. § 922 (g) (4);<br>b. Applicant's record, which must include, at a minimum, the applicant's mental health and criminal history records; and<br>c. Applicant's reputation, developed, at a minimum, through character witness statements, testimony, or other character evidence. | Undisputed, but qualified. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |
| 61. | 6. Proper findings: In granting relief, the lawful authority issues findings that:<br>    a. The applicant will not be likely to act | Undisputed, but qualified. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |

Donald Kilmer<br>Attorney at Law<br>14085 Silver Ridge Road, Caldwell, ID<br>Vc: 408/264-8489<br>don@dklawoffice.com

Plaintiffs' Statement of Undisputed Facts (PSUF)          *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| | in a manner dangerous to public safety; and<br>b. Granting the relief will not be contrary to the public interest. | | |
| 62. | 7. De novo judicial review of a denial: The state provides for the de novo judicial review of relief application denials that includes the following principles:<br>　　a. If relief is denied, the applicant may petition the state court of appropriate jurisdiction to review the denial, including the record of the denying court, board, commission or other lawful authority.<br>　　b. In cases of denial by a lawful authority other than a state court, the reviewing court as the discretion to receive additional evidence necessary to conduct an adequate review.<br>　　c. Judicial review is de novo in that the | Undisputed, but qualified. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |

24

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

| | | | | |
|---|---|---|---|---|
| | | reviewing court may, but is not required to, give deference to the decision of the lawful authority that denied the application for relief. | | |
| 63. | | 8. Required updates to state and federal records: Pursuant to § 102(c) of the NIAA, the state, on being made aware that the basis under which the record was made available does not apply, or no longer applies:<br><br>    a. Updates, corrects, modifies, or removes the record from any database that the federal or state government maintains and makes available to NICS, consistent with the rules pertaining to the database; and<br>b. Notifies the Attorney General that such basis no longer applies so that the record system in which the record is maintained is kept up to date. | Undisputed, but qualified. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |

Donald Kilmer
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Statement of Undisputed Facts (PSUF)          *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| 64. | 9. Recommended procedure: It is recommended (not required) that the state have a written procedure (e.g., state law, regulation, or administrative order) to address the update requirements. | Undisputed, but qualified. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |
| 65. | Using these criteria (PSUF 65-64) the ATF has approved the following states' programs for relief from 18 U.S.C. § 922(d)(4) and § 922(g)(4): Nevada, New York, Oregon, Florida, Idaho, Illinois, New Jersey, Texas, Wisconsin, Arizona, Iowa, Kansas, Kentucky, North Dakota, Virginia, Indiana, Nebraska, Missouri, West Virginia, Alabama, Delaware, Louisiana, Maryland, Alaska, Hawaii, South Carolina, Utah, Oklahoma, Tennessee, Massachusetts, New Mexico, North Carolina, Pennsylvania, and Colorado. | Undisputed, but qualified in part.<br><br>Disputed in part. | Disputed on claim of irrelevance.<br><br>Otherwise, Undisputed. |
| 66. | The Second Amendment Foundation (SAF) is a non-profit membership organization incorporated | Lacks knowledge. | Undisputed. |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Statement of Undisputed Facts (PSUF)          *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| | under the laws of Washington with its principal place of business in Bellevue, Washington. | | |
| 67. | SAF has over 650,000 members and supporters nationwide, including California. | Lacks knowledge. | Undisputed. |
| 68. | The purposes of SAF include:<br>  a.   Education,<br>  b.   Research,<br>  c.   Publishing,<br>  d.   And Litigation<br>in support of the Constitutional right by private citizens to acquire, possess, and lawfully carry firearms for self-defense and other lawful purposes. | Lacks knowledge. | Undisputed. |
| 69. | SAF seeks to vindicate the rights under the Second Amendment to the United States Constitution for all law-abiding citizens, including its members and supporters, and to educate the general public on the consequences of unconstitutional gun control laws. | Lacks knowledge. | Undisputed. |
| 70. | SAF brings this action on behalf of itself and its members and all the named plaintiffs in this | Disputed.<br><br>Claim of legal argument. | Undisputed. |

**Donald Kilmer**<br>Attorney at Law<br>14085 Silver Ridge<br>Road, Caldwell, ID<br>Vc: 408/264-8489<br>don@dklawoffice.com

Plaintiffs' Statement of Undisputed Facts (PSUF)          *Jane Roe #1, et al., v. United States, et al.*

| | | | |
|---|---|---|---|
| | action are members of SAF. | | |
| 71. | SAF brings lawsuits like this because the fees and costs of prosecuting such actions often exceeds the personal resources of individual gun owners, including our members. | Lacks knowledge. | Disputed.<br><br>Claim of irrelevance. |

Respectfully Submitted on June 1, 2021,

 /s/ *Donald Kilmer*, Attorney for Plaintiffs
LAW OFFICES OF DONALD KILMER, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice:  (408) 264-8489

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge
Road, Caldwell, ID
Vc: 408/264-8489
don@dklawoffice.
com

Plaintiffs' Statement of Undisputed Facts (PSUF)          *Jane Roe #1, et al., v. United States, et al.*