ROB BONTA, State Bar No. 202668
Attorney General of California
ANTHONY R. HAKL, State Bar No. 197335
Supervising Deputy Attorney General
NELSON R. RICHARDS, State Bar No. 246996
RYAN A. HANLEY, State Bar No. 330729
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7867
 Fax: (916) 324-8835
 E-mail: Nelson.Richards@doj.ca.gov
*Attorneys for Defendant the California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANE ROE #1, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, et al.,**<br><br>Defendants. | 1:19-cv-00270<br><br>**REPLY IN SUPPORT OF THE CROSS-MOTION FOR SUMMARY JUDGMENT OF DEFENDANT CALIFORNIA ATTORNEY GENERAL**<br><br>Date: Aug. 17, 2021<br>Time: 9:30 a.m.<br>Judge: Hon. Dale A. Drozd |

**TABLE OF CONTENTS**

**Page**

Introduction .................................................................................................................... 1

Argument ......................................................................................................................... 2

    I.    The California Attorney General Is Entitled to Summary Judgment on Plaintiffs' Facial Challenge to California Welfare and Institutions Code Section 5256.6 ............................................................................................. 2

        A.    This Court Lacks Jurisdiction to Adjudicate Plaintiffs' Facial Challenge to Section 5256.6 ................................................................ 2

        B.    Plaintiffs' Facial Challenge to Section 5256.6 Also Comes up Empty on the Merits .......................................................................... 5

    II.   Plaintiffs Utterly Fail to Defend Their As-Applied Due Process Claims ............... 6

    III.  Plaintiffs' Other Claims Against the California Attorney General Have No Legal Basis ................................................................................................. 8

        A.    Section 925A Cannot Do the Work Plaintiffs Demand of It ...................... 8

        B.    Plaintiffs Have Not Pursued an Equal Protection or Second Amendment Theory Against the California Attorney General ................. 10

        C.    Plaintiffs' Suggestion That This Court Can Order California to Participate in an Optional Federal Program Is Fundamentally Flawed ....................................................................................... 10

Conclusion ................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Addington v. Texas*
    441 U.S. 418 (1979)..................................................................................................... 5, 6

*Allen v. Bunnell*
    891 F.2d 736 (9th Cir. 1989) ............................................................................................ 3

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .......................................................................................................... 2

*Bolbol v. Brown*
    120 F. Supp. 3d 1010 (N.D. Cal. 2015) ........................................................................... 3

*Brandsrud v. Becerra*
    No. CV 16–164–SVW (AGR), 2018 WL 2317819 (C.D. Cal. Mar. 14, 2018)........................ 9

*Cal. Prolife Council Political Action Comm. v. Scully*
    989 F. Supp. 1282 (E.D. Cal. 1998)................................................................................ 10

*Caniglia v. Strom*
    141 S. Ct. 1596, 1601 (2021) ............................................................................................ 5

*Coleman v. Quaker Oats Co.*
    232 F.3d 1271 (9th Cir. 2000)........................................................................................... 2

*In re Azzarella*
    207 Cal. App. 3d 1240 (1989)........................................................................................... 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*
    511 U.S. 375 (1994).......................................................................................................... 7

*L.A. Cty. Bar Ass'n v. Eu*
    979 F.2d 697 (9th Cir. 1992)............................................................................................. 3

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*
    624 F.3d 1083 (9th Cir. 2010).......................................................................................... 5

*LSO, Ltd. v. Stroh*
    205 F.3d 1146 (9th Cir. 2000).......................................................................................... 4

*Mai v. United States*
    952 F.3d 1106 (9th Cir. 2020).......................................................................................... 1

# TABLE OF AUTHORITIES
(continued)

**Page**

*Masters v. Becerra*
    No. CV 19-02030-MWF, 2019 WL 4543103 (C.D. Cal. June 18, 2019) ................................ 4

*Matthews v. Eldridge*
    424 U.S. 319 (1976) .......................................................................................................... 6

*Myrick v. DVA*
    No.: 2:16cv555-MHT-WC, 2017 WL 1074362 (M.D. Ala. Mar. 3, 2017) ..................... 8, 9

*Nat'l Audubon Soc'y, Inc. v. Davis*
    307 F.3d 835 (9th Cir. 2002) ............................................................................................ 3

*Pervez v. Becerra*
    No. 2:18-cv-02793-KJM-KJN, 2019 WL 2715621 (E.D. Cal. June 28, 2019) ................. 4

*Printz v. United States*
    521 U.S. 898 (1997) ........................................................................................................ 10

*Ross v. FBI*
    903 F. Supp. 2d 333 (D. Md. 2012) ................................................................................. 9

*Sandoval v. Los Angeles County*
    No. CV 09–3428 PSG, 2010 WL 11545547 (C.D. Cal. Apr. 14, 2010) .......................... 7

*Spann v. Colonial Village, Inc.*
    899 F.2d 24 (D.C. Cir. 1990) ........................................................................................... 5

*United States v. McIlwain*
    772 F.3d 688 (11th Cir. 2014) ......................................................................................... 7

*Ex parte Young*
    209 U.S. 123 (1908) .............................................................................................. 2, 3, 4, 7

*Younger v. Harris*
    401 U.S. 37 (1971) .......................................................................................................... 11

**STATUTES**

United States Code, Title 18
    § 922 ................................................................................................................................. 4
    § 922(d)(4) .................................................................................................................... 3, 8
    § 922(g)(4) ....................................................................................................................... 8
    § 925A ................................................................................................................... 8, 9, 10

iii

Reply in Supp. of Def. Cal. Att'y Gen.'s Cross-MSJ (1:19-cv-00270)

# TABLE OF AUTHORITIES
### (continued)

**Page**

California Welfare and Institutions Code
 § 5001(d) .................................................................................................................. 6
 § 5250 ................................................................................................................... 5, 6
 § 5254 ..................................................................................................................... 6
 §§ 5254-76 ............................................................................................................. 6
 § 5256 ..................................................................................................................... 6
 § 5256.6 ........................................................................................................... *passim*
 § 8103 ................................................................................................................... 10

**COURT RULES**

Federal Rules of Civil Procedure
 Rule 8(a)(2) ............................................................................................................ 2

**OTHER AUTHORITIES**

Code of Federal Regulations, Title 28
 § 25.8(i) .................................................................................................................. 3

## INTRODUCTION

Plaintiffs' reply and opposition (reply) forthrightly concedes that they did not raise a facial challenge to California Welfare and Institutions Code section 5256.6 until their motion for summary judgment. They argue that reimagining their case midstream—after the pleadings and discovery have closed—is a mere peccadillo, since the First Amended Complaint (FAC) put the California Attorney General on notice that Plaintiffs believed some due process violation had occurred. But far from being an excusable strategic oversight, Plaintiffs' new theory lays bare the flaws in their case against the California Attorney General. Federal law, and only federal law, prohibits Plaintiffs from buying or possessing a firearm. That lifetime federal prohibition is constitutionally permissible under the Second Amendment. *Mai v. United States*, 952 F.3d 1106 (9th Cir. 2020), *cert. denied*, No. 20-819, 2021 WL 1602649 (Apr. 26, 2021). Plaintiffs' claims against the California Attorney General seek to undo their long-final 5250-hold proceedings as an end-run around the lifetime federal ban. That approach is akin to a felon using a Second Amendment lawsuit to relitigate whether he received effective assistance of counsel during his criminal trial, or whether the penal statute under which he was convicted violates due process—in other words, a wholly new, and unauthorized, form of collateral review.

As deployed here, this strategy suffers from numerous defects. Plaintiffs' claims are barred by sovereign immunity, a lack of standing, the statute of limitations, and res judicata. On the merits, the claims rely on a misconception of the 5250 procedure and a misperception of due process. Plaintiffs' reply does not seriously address those problems, flat-out ignoring many of them and not supporting the responses that they do make with citation to legal authority. To make matters worse, they muddy the waters by confounding their complaints about how federal law operates with their complaints about how state law operates and by not distinguishing between their facial and as-applied theories. At the summary judgment stage, this evasion of analytical clarity is unjustifiable. Plaintiffs have continued to offer no coherent reason why the California Attorney General should be a party to this lawsuit, and this Court should therefore deny Plaintiffs' motion for summary judgment, grant the California Attorney General's cross-motion, and enter judgment in his favor.

# ARGUMENT

## I. THE CALIFORNIA ATTORNEY GENERAL IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' FACIAL CHALLENGE TO CALIFORNIA WELFARE AND INSTITUTIONS CODE SECTION 5256.6

Plaintiffs defend their newly raised facial challenge by suggesting that the FAC provides fair notice of their claim. Reply at 9:2-5, ECF No. 90. They do not explain how the FAC could reasonably put the California Attorney General on notice of claims that Plaintiffs themselves did not think they were raising. *See* Decl. of D. Kilmer ¶ 5, ECF No. 90-1 (explaining that the new theory was "uncovered" at some unspecified point after Plaintiffs served their discovery responses). A complaint must show "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). It is not a mere placeholder for unknown or hypothetical theories. The rule is practical: the "complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-93 (9th Cir. 2000) (holding the district court did not err in refusing to entertain a new legal theory raised for the first time at the summary judgment stage). Here, belatedly raising a new facial challenge at the summary judgment stage has deprived the California Attorney General of the ability to move to dismiss the claim and, if necessary, to conduct discovery, to seek to have essential parties added, and to develop facts and a record to defend the law. Even so, the defects in Plaintiffs' new facial challenge to section 5256.6 cannot be cured or pleaded around.

### A. This Court Lacks Jurisdiction to Adjudicate Plaintiffs' Facial Challenge to Section 5256.6

The California Attorney General's motion pointed out that any newly raised facial challenge to section 5256.6 would be barred by sovereign immunity. Def. Cal. Att'y Gen.'s Summ. J. Br. (Cal. MSJ) at 12-13, ECF No. 81-1. In response, Plaintiffs contend that the *Ex parte Young*, 209 U.S. 123 (1908) exception to sovereign immunity applies because the Bureau of Firearms implements the federal NICS background check. Reply at 11:6-15. This is a non sequitur. Plaintiffs purport to bring a facial challenge to California Welfare and Institutions Code section 5256.6. To rely on the *Ex parte Young* exception, they must show that the California

2

Attorney General has "the requisite connection to the enforcement of the *particular statutory provision* that is the subject of the litigation." *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002) (emphasis added). That connection must be "fairly direct." *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992); *see also Bolbol v. Brown*, 120 F. Supp. 3d 1010, 1017 (N.D. Cal. 2015) (holding that "some connection" with the challenged law is not enough and that the connection must be "fairly direct" for *Ex parte Young* exception to apply). The California Attorney General does not enforce, implement, or administer section 5256.6; nor does he otherwise participate in 5250 proceedings. Plaintiffs agree that "[m]ental health facilities administer [the] processes under the Lanterman-Petris-Short Act" and that "[n]either the Bureau of Firearms specifically, nor the California Department of Justice generally, participates in the certification review hearings or in judicial review." Pls.' Resp. to Cal.'s Undisp'd Facts #4, ECF No. 90-4. When the California Attorney General administers NICS background checks, he is implementing federal law; as it pertains to this case, he is implementing 18 U.S.C. § 922(d)(4) and (g)(4). He operates as a designee of the federal government, which retains ultimate control over the NICS process. *See, e.g.*, 28 C.F.R. § 25.8(i) (providing that the "FBI will monitor and enforce compliance by NICS users with the applicable system security requirements outlined in the NICS POC Guidelines and the NICS FFL Manual").

Plaintiffs' *Ex parte Young* argument fails for an additional reason. The *Ex parte Young* exception allows suit for "prospective relief against ongoing violations of federal law." *See Nat'l Audubon Soc'y*, 307 F.3d at 848. Plaintiffs are not seeking prospective relief relating to section 5256.6. Although their reasoning is not entirely clear, they appear to believe that if they successfully challenge section 5256.6 their long-final 5250 holds will be undone. That relief, however, is inherently retroactive because it relies on the nullification of their long-final 5250 holds. In addition to taking their facial challenge to section 5256.6 outside the scope of the *Ex parte Young* exception, Plaintiffs' implicit assumption that a decision invalidating section 5256.6 would apply retroactively to undo the legal effect of their 5250 holds is far from self-evident, and is likely incorrect. *Cf. Allen v. Bunnell*, 891 F.2d 736, 738 (9th Cir. 1989) (per curiam) ("When [a] new rule has dealt with constitutional due process, retroactive application has been rare.").

Plaintiffs insist that even if sovereign immunity bars their challenge to section 5256.6, the California Attorney General "would still be an essential party (for enforcement purposes) to implement any orders removing plaintiffs from the mental health disqualification roster if they prevail." Reply 11:11-13. They cite no authority for this proposition or, more importantly, any evidence that the California Attorney General would not follow any final order binding the federal government on an issue of federal firearms law. Under Plaintiffs' theory, they could name any official who implements a challenged law, no matter how far down the chain of command.

Plaintiffs' arguments thus do not appreciate how either *Ex parte Young* or the NICS background check process works. Nor do they address the two cases cited by the California Attorney General in support of the argument that sovereign immunity bars Plaintiffs' claims. *See* Cal. MSJ at 13 (citing *Pervez v. Becerra*, No. 2:18-cv-02793-KJM-KJN, 2019 WL 2715621, at *5 (E.D. Cal. June 28, 2019); *Masters v. Becerra*, No. CV 19-02030-MWF (AGRx), 2019 WL 4543103, at *2 (C.D. Cal. June 18, 2019), *aff'd*, 841 F. App'x 1 (9th Cir. 2021)). This Court should thus rule against Plaintiffs on the newly raised facial challenge to section 5256.6—or reject their request to amend their complaint because amendment would be futile.

Plaintiffs also lack standing to pursue the new claim. They have not shown that they are likely to be subject to section 5256.6 in the future—that is, they will not be subject to a 5250 hold and the allegedly unconstitutional burden of proof in 5256.6. Cal. MSJ at 14-15. Section 5256.6 is not currently being enforced against them, and they have not submitted any evidence that they have a reasonable expectation that they will be the subject of a 5250 proceeding in the future. They thus have no "realistic basis" to claim that they will be subject to the provision. *See LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154 (9th Cir. 2000). In response, Plaintiffs contend that their "inability to exercise their fundamental right to keep and bear arms is an on-going wrong." Reply at 11:17-18 (emphasis omitted). But this confuses 18 U.S.C. § 922 for section 5256.6. Federal law, not state law, is the source of the lifetime firearms prohibition that is the cause of Plaintiffs' alleged ongoing wrong.

Plaintiffs do not address the California Attorney General's causation and redressability arguments. *Compare* Cal. MSJ at 15, *with* Reply at 11. Nor do they respond to the problems with

the Second Amendment Foundation's standing beyond two sentences asserting standing with no citation to legal authority. *Compare* Cal. MSJ at 15-16, *with* Reply at 11-12. Plaintiffs appear to rely on the cost of bringing this lawsuit as the basis for associational standing. *See* Reply 11:26-12:1. But citing the cost of filing suit does not establish an injury in fact for organizational standing purposes. *See La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010) ("[An organization] cannot manufacture the injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all."); *Spann v. Colonial Village, Inc.*, 899 F.2d 24, 27 (D.C. Cir. 1990) (R. Ginsburg, J.) ("An organization cannot, of course, manufacture the injury necessary to maintain a suit from its expenditure of resources on that very suit. Were the rule otherwise, any litigant could create injury in fact by bringing a case, and Article III would present no real limitation.").

**B.     Plaintiffs' Facial Challenge to Section 5256.6 Also Comes up Empty on the Merits**

The California Attorney General challenged the merits of Plaintiffs' newly raised facial challenge to California Welfare and Institutions Code section 5256.6. Cal. MSJ at 16-18. In particular, he argued that Plaintiffs incorrectly asserted that the legal standard is probable cause, when anyone subject to the provision can obtain judicial review and require the government to meet a preponderance of the evidence standard. Cal. MSJ at 16 (citing *In re Azzarella*, 207 Cal. App. 3d 1240, 1251 (1989)). Plaintiffs do not address this argument. Similarly, they do not meaningfully respond to the argument that Plaintiffs' primary case, *Addington v. Texas*, 441 U.S. 418 (1979), held that the standard of proof in proceedings where a person is subject to *indefinite* commitment is clear and convincing evidence. Cal. MSJ at 17 (citing *Addington*, 441 U.S. at 425, 433). A 5250 hold is not indefinite—at most, it lasts 14 days. Cal. Welf. & Inst. Code § 5250. Plaintiffs cite Justice Alito's recent concurrence in *Caniglia v. Strom*, for the proposition that the Court has "'addressed the standards required by due process for involuntary commitment to a mental treatment facility.'" Reply at 12 (quoting 141 S. Ct. 1596, 1601 (2021) (Alito, J., concurring)). But this statement simply recognizes the holding in *Addington*. It does not advance

5

the argument that Plaintiffs appear to make: that *Addington* applies to temporary, finite commitments. The California Attorney General thus must continue to guess at the legal basis for Plaintiffs' theory. Cal. MSJ at 17 ("The California Attorney General is thus left to guess as to the reasons Plaintiffs believe the same rule applies to indefinite holds and to holds lasting at most 14 days.").

Plaintiffs' failure to support their due process theory is particularly damaging to their claim because "due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. . . . [It] is flexible and calls for such procedural protections as the particular situation demands." *Matthews v. Eldridge*, 424 U.S. 319, 334 (1976) (alterations and quotation marks omitted). A person subject to a 5250 hold receives a hearing. Cal. Welf. & Inst. Code § 5254. If the person does not want the hearing, or wants to challenge the results of the hearing, he may seek judicial review. *Id.* § 5256. A panoply of rights and protections accompany the hearing and review process. *See generally id.* §§ 5254-76. Indeed, one of the purposes of the Lanterman-Petris-Short (LPS) Act is to "safeguard individual rights through judicial review." *Id.* § 5001(d). Plaintiffs are unable or unwilling to address how California law actually works. Either way their claims cannot survive summary judgment.

Plaintiffs' motion was unclear about whether they were asserting facial challenges to additional California Welfare and Institutions Code sections. *See* Pls.' Mot. for Summ. J. (Pls.' MSJ) at 7-9, ECF No. 63. Their reply does not advance any additional facial arguments, likely because, as the California Attorney General's opposition pointed out, California law provides for the protections Plaintiffs contend are necessary. *See* Cal. MSJ at 17-18.

**II.   PLAINTIFFS UTTERLY FAIL TO DEFEND THEIR AS-APPLIED DUE PROCESS CLAIMS**

Plaintiffs John Does #3, #4, and #5 also raise as-applied challenges to their 5250 holds. These challenges suffer from many of the same defects as their facial challenge to section 5256.6. Plaintiffs identify a series of purported defects in their section 5250 proceedings. Reply at 13-15. But they do not respond to any of the California Attorney General's arguments about why these theories are not viable. Reply at 13-15. The California Attorney General argued that sovereign immunity bars these as-applied claims. Cal. MSJ at 18-19. The claim seeks purely retroactive

relief against the California Attorney General, who has no direct connection to the challenged action. The *Ex parte Young* exception to sovereign immunity thus does not apply. Plaintiffs do not respond. Reply at 13-15. The California Attorney General argued that Plaintiffs lack standing to assert as-applied challenges against him. Cal. MSJ at 19. There is no causal connection between any conduct by the California Attorney General and the complained-of irregularities. Nor is there any realistic threat that the complained-of irregularities will happen again. Plaintiffs do not respond. Reply at 13-15. The California Attorney General argued that any claims would be barred by the two-year statute of limitations on constitutional challenges. Cal. MSJ at 19. Plaintiffs do not respond. Reply at 13-15. The California Attorney General also argued that issue preclusion or claim preclusion would bar the claims. Cal. MSJ at 19. Again, Plaintiffs do not respond. Reply at 13-15. This type of nonresponsive briefing amounts to a waiver or forfeiture. *See, e.g.*, *Sandoval v. Los Angeles County*, No. CV 09–3428 PSG (SSx), 2010 WL 11545547, at *11 (C.D. Cal. Apr. 14, 2010) ("Plaintiff fails to address Defendants' arguments in support of summary judgment . . . . Thus, Plaintiff waives any opposition[.]").

Plaintiffs are, in essence, proposing an entirely new form of collateral review of final state determinations. Although they do not articulate it clearly, they appear to believe that a firearms denial creates jurisdiction to review long-final—in some cases, decades-old—state court and administrative proceedings. They cite no grant of authority empowering district courts to perform this sort of review. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). The California Attorney General is aware of no authority that would support Plaintiffs' collateral constitutional attacks on long-final state proceedings. Plaintiffs do not identify any. *Cf. United States v. McIlwain*, 772 F.3d 688, 698 (11th Cir. 2014) ("Nothing in the Supreme Court's decision in *Heller* entitles [a person] to a collateral attack in federal court on a commitment he did not—and has not in any way—challenged in the state court.").

### III. PLAINTIFFS' OTHER CLAIMS AGAINST THE CALIFORNIA ATTORNEY GENERAL HAVE NO LEGAL BASIS

#### A. Section 925A Cannot Do the Work Plaintiffs Demand of It

Section 925A allows two categories of people who have had a firearm transfer denied to file a suit in federal court. First, it authorizes a person who has been denied a firearm transfer as a result of "the provision of erroneous information by any State or political subdivision thereof" to have the "erroneous information . . . corrected." Second, it authorizes a person who has been denied a firearm transfer when he is not prohibited to have a court order that "the transfer be approved." Plaintiffs do not fall into the second category because they have disqualifying mental health holds under § 922(g)(4). Rather, they believe they fall into the first category, arguing that they have been "erroneously classified as prohibited due to the constitutional infirmities of their hearings." Reply at 20:13-14. Once again, Plaintiffs do not respond to the arguments the California Attorney General made in his cross-motion about why this theory does not work. *See* Cal. MSJ at 21-22.

Plaintiffs' reasoning follows from a misreading of § 925A's language. They believe that "if [their 5250] holds were constitutionally deficient, then the NICS entries are erroneous[.]" *See* Reply at 20:16-17. The statute, however, uses the phrase "erroneous information." 18 U.S.C. § 925A. An alleged constitutional infirmity in a final proceeding, such as a federal conviction or state commitment, does not make the documentation of that proceeding "erroneous information." The provision creates a mechanism for adjudicating factual disputes, not relitigating long-final and binding legal determinations. The Middle District of Alabama recognized this in a case where a plaintiff was denied a firearm transfer under § 922(d)(4) as a result of an incompetency finding by the Department of Veterans Affairs. *Myrick v. DVA*, No.: 2:16cv555-MHT-WC, 2017 WL 1074362, at *1-2 (M.D. Ala. Mar. 3, 2017), *recommendation adopted*, 2017 WL 1086181 (M.D. Ala. Mar. 20, 2017). The court held the plaintiff could not state a claim under § 925A, explaining that "Plaintiff does not argue that the VA never determined that he was incompetent or that the VA incorrectly reported that he was incompetent when he was not. Instead, he argues only that the VA did not have the requisite authority to make a determination as to his competency for

purposes of the [Gun Control Act] and that their procedures for doing so violated his right to due process." *Id.* at *9. Plaintiffs here are making essentially the same argument, and they should lose for the same reason. They cite no cases where a plaintiff has used § 925A as a form of collateral attack on a judgment. And nothing in the text of § 925A authorizes relitigating final legal determinations.

Common sense supports this reading of § 925A. Plaintiffs who seek to relitigate final determinations under § 925A would be bound by claim preclusion or issue preclusion and face statute-of-limitations barriers, among other obstacles. By contrast, debates about the completeness or status of governmental records would normally not be subject to those obstacles. For example, a point-of-contact denying someone a firearm because it incorrectly believes that the person has been convicted of a felony when that is not, in fact, the case, is a new and unlitigated factual dispute that a court can resolve under § 925A. *See, e.g.*, *Brandsrud v. Becerra*, No. CV 16–164–SVW (AGR), 2018 WL 2317819, at *3-5 (C.D. Cal. Mar. 14, 2018) (recommending that California Attorney General's motion to dismiss § 925A claim be granted because the complaint "fail[ed] to allege that the State provided erroneous information to federal authorities"), *recommendation accepted*, 2018 WL 2315941 (C.D. Cal. May 18, 2018); *Ross v. FBI*, 903 F. Supp. 2d 333, 339-40 (D. Md. 2012) (granting relief under § 925A where plaintiff showed that the FBI had relied on an arrest, with no record of prosecution or conviction, to deny firearms transaction).

Plaintiffs have also sued the wrong defendants. The most natural reading of § 925A is that a plaintiff must sue the entity responsible for providing the allegedly erroneous information. This case shows why that reading makes sense. It is undisputed that the California Attorney General is not involved in 5250 proceedings, and that local mental health facilities administer the proceedings and create the records that Plaintiffs purport to challenge. *See* Pls.' Resp. to Cal.'s Undisp'd Facts #1-4. Forcing the California Attorney General to serve as an intermediary between Plaintiffs and mental health facilities makes little sense, and only compounds the possibility of misunderstanding, miscommunication, or other mistakes. From the perspective of § 925A litigation, it would require the court to treat that party as a conduit to a third party, who

could easily be named. And it would allow a plaintiff to potentially collect attorney's fees in a case over an erroneous record that the party had no hand in creating. Section 925A does not invite this needless complexity; nor do the facts of this case counsel it. Plaintiffs agree they can try to address their concerns with mental health facilities. Pls.' Resp. to Cal.'s Undisp'd Facts #6. They also agree that mental health facilities can correct erroneous information in the California Department of Justice's databases, and that the California Attorney General does not second-guess those changes. Pls.' Resp. to Cal.'s Undisp'd Facts #7-8. So, even if the Plaintiffs' reading of "erroneous information" under the statute were correct, they have not pursued their claim against the correct party.

### B. Plaintiffs Have Not Pursued an Equal Protection or Second Amendment Theory Against the California Attorney General

The California Attorney General's cross-motion argued that the FAC does not allege either an equal protection or Second Amendment claim against him. Cal. MSJ at 19-20. Plaintiffs do not respond to those arguments, apparently agreeing that those claims do not implicate the California Attorney General. *See* Reply at 7-8 (not addressing California Attorney General's arguments); *id.* at 15 (arguing federal law—NICS Improvement Act of 2007—violates equal protection). This Court should therefore enter judgment in favor of the California Attorney General on this issue.

### C. Plaintiffs' Suggestion That This Court Can Order California to Participate in an Optional Federal Program Is Fundamentally Flawed

In an off-hand and vague passage, Plaintiffs ask this Court to "compel California courts to apply the federal language from the NICS Improvement Act, in § 8103 hearings[.]" Reply 23:12-13. This request is ironic in light of Plaintiffs' avowed solicitude for the Tenth Amendment. They would have this Court completely disregard that amendment and commandeer state officials to implement a federal program that the state has elected not to apply. *See Printz v. United States*, 521 U.S. 898, 935 (1997). Plaintiffs also appear to be asking this Court to rewrite section 8103, an obvious jurisdictional overreach and violation of the separation of powers doctrine. *See, e.g.*, *Cal. Prolife Council Political Action Comm. v. Scully*, 989 F. Supp. 1282, 1300 (E.D. Cal. 1998) ("A federal court, . . . which derives its power from the federal Constitution and is bound by

principles of federalism, has no power by virtue of California's separation of powers doctrine, or otherwise, to rewrite a state statute[.]"). More generally, their request for an injunction directing state courts to proceed in a specified manner violates principles of Our Federalism. That doctrine recognizes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Younger v. Harris*, 401 U.S. 37, 43 (1971). A host of other problems plagues the request. But, as with most of their other arguments, Plaintiffs have neither supported the argument nor fleshed it out. This Court should reject it for that reason alone.

## CONCLUSION

California law is not the reason Plaintiffs cannot have a firearm. Even if it were, Plaintiffs' have not brought a justiciable challenge to any California law. Nor is the California Attorney General the proper official to address Plaintiffs' claims, to the extent they are cognizable, on the merits. Plaintiffs have largely not addressed these defects in their theories. That strategy only delays the inevitable, however, since the defects are manifest and incurable. This Court should therefore grant the California Attorney General's cross-motion for summary judgment.

Dated: June 22 2021

Respectfully Submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
RYAN A. HANLEY
Deputy Attorney General

/s/ Nelson Richards
NELSON R. RICHARDS
Deputy Attorney General
*Attorneys for Defendant California Attorney General*

# CERTIFICATE OF SERVICE

| Case Name: | **Jane Roe #1, et al. v. United States of America, et al.** | No. | **1:19-cv-00270** |
|---|---|---|---|

I hereby certify that on June 22, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY IN SUPPORT OF THE CROSS-MOTION FOR SUMMARY JUDGMENT OF DEFENDANT CALIFORNIA ATTORNEY GENERAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 22, 2021, at Sacramento, California.

| Eileen A. Ennis | /s/ Eileen A. Ennis |
|---|---|
| Declarant | Signature |

SA2019101161
35219093.docx