James Bickford (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632

*Attorney for Federal Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>  and<br><br>ROBERT BONTA,<br><br>  Defendants. | Case No. 1:19-cv-00270-DAD-BAM<br><br>**REPLY IN SUPPORT OF FEDERAL DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** |

1  Plaintiffs' second brief largely repeats the arguments made in their first, sometimes
2  verbatim. As the Federal Defendants have explained, those arguments fail. Plaintiffs are barred
3  from possessing firearms by 18 U.S.C. § 922(g)(4), and cannot show that their prohibitions rest on
4  erroneous information—as their claims under 18 U.S.C § 925A require. Their Second Amendment
5  claims are foreclosed by the Ninth Circuit's decision in *Mai v. United States*, 952 F.3d 1106 (9th
6  Cir. 2020), as Plaintiffs admit. Finally, Plaintiffs argue that their Fifth Amendment rights to equal
7  protection and substantive due process have been violated. But the statutes that they challenge are
8  rationally related to legitimate state interests in public safety, and substantive due process does not
9  extend the reach of enumerated rights. Plaintiffs' right to bear arms is governed by the Second
10  Amendment, and the Ninth Circuit has already held that the challenged statutes comport with the
11  Second Amendment. The Federal Defendants are therefore entitled to summary judgment.

**ARGUMENT**

**A. Federal law bars Plaintiffs from possessing firearms. That bar is not based upon erroneous information, and plaintiffs have no avenue for relief from it.**

Federal law prohibits the possession of firearms by individuals who have been "adjudicated as a mental defective" or "committed to a mental institution" by a state. 18 U.S.C. § 922(g)(4). As the Federal Defendants explained in their cross-motion, "All six [Plaintiffs] were adjudicated or committed by a state within the meaning of § 922(g)(4)." Cross-MSJ at 3. All Plaintiffs are therefore subject to the § 922(g)(4) bar on the possession of firearms. Plaintiffs do not seriously contest this point.[1] Absent an avenue for relief from that bar, or some constitutional infirmity in the statutory scheme, Plaintiffs may not lawfully possess firearms.

Seeking relief from the § 922(g)(4) bar, Plaintiffs turn first to 18 U.S.C § 925A. That statute allows a person erroneously denied a firearm under federal law to "bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved." To prevail on such a claim, the plaintiff must show either that the denial was "due to the provision of erroneous information," *id.* § 925A(1), or that he "was not prohibited from receipt of a firearm pursuant to subsection (g) . . . of section 922," *id.* § 925A(2). But Plaintiffs are in fact prohibited, and their prohibition does not rest on erroneous information. Nor do Plaintiffs even suggest the

---

[1] Pls.' MSJ at 3 ("All of the plaintiffs, except Jane Roe #1, were subjected to an 'adjudicated' mental health hold pursuant to California's Welfare and Institutions Code [hereafter WIC] § 5250. . . . Jane Roe #1 was placed on a mental health hold in New Jersey in 1988 or 1989."); *see also* Pls.' Response to CA's SUF, No. 12 (Plaintiffs do not dispute that "[t]he mental health facility that treated John Doe #3 in 2012 reported a 5250 hold to the California Department of Justice."); *id.*, No. 7 (Plaintiffs "are not contesting the entry of a mental health record in any system.").

contrary: their chief argument is that they "have been erroneously classified as prohibited *due to the constitutional infirmities of their hearings*." Opp. at 20 (emphasis added). That is not an allegation of error within the meaning of 18 U.S.C § 925A, which does not provide a vehicle to challenge the constitutionality of mental health adjudications.

Plaintiffs also suggest that California's restoration of rights procedure, Cal. Welf. & Inst. Code § 8103(g)(4), satisfies the federal requirements to remove the § 922(g)(4) prohibition on the possession of firearms, which are codified at 34 U.S.C. § 40915. The implication appears to be that Plaintiffs have been erroneously barred from possessing firearms, because their § 922(g)(4) prohibitions were lifted by California's restoration of rights procedure. If this were true, it would support a claim under 18 U.S.C § 925A. But as the Federal Defendants have explained, it is not true: "this Court has already (and correctly) held that California law does not satisfy the federal requirements to lift the § 922(g)(4) prohibition." Cross-MSJ at 10; *see* Order at 3–4, ECF No. 74 (Mar. 24, 2021). Plaintiffs' claims of error under 18 U.S.C § 925A therefore fail. The Federal Defendants are entitled to summary judgment on those claims.

Nor do Plaintiffs have any other avenues for relief from the § 922(g)(4) bar. They suggest that this Court should "consider applications from disqualified persons for the purpose of restoring rights under 18 U.S.C. § 925(c), or deem any and all applications as denied and permit federally disqualified applicants to make their case directly to a district court." Opp. at 19–20. But they acknowledge that to do so would be contrary to the Supreme Court's command in *United States v. Bean*, which held that "the absence of an actual denial of respondent's petition . . . precludes judicial review under § 925(c)." 537 U.S. 71, 78 (2002). Although Plaintiffs denigrate it, *Bean* remains good law. *See Mai*, 952 F.3d at 1111. The Court therefore lacks jurisdiction to do as Plaintiffs suggest.

In sum, Plaintiffs are barred from possessing firearms by § 922(g)(4), and have no avenue for relief from that bar. Plaintiffs go on to argue that this state of affairs violates both the Second Amendment and the Fifth Amendment.

**B.  As Plaintiffs admit, their Second Amendment claims are foreclosed by *Mai*.**

As the Federal Defendants explained in their cross-motion, Plaintiffs' Second Amendment claims are foreclosed by the Ninth Circuit's opinion in *Mai v. United States*, 952 F.3d 1106 (9th Cir. 2020). Plaintiffs do not contest that point, but "merely advance . . . their Second Amendment claims to preserve them" for a subsequent appeal. Opp. at 8. The *Mai* court held that "[t]he federal prohibition on . . . possession of firearms because of . . . past involuntary commitment withstands Second Amendment scrutiny." 952 F.3d at 1121. As Plaintiffs must concede (and do), "this court is bound by the Ninth Circuit's decision in *Mai*." Opp. at 7.

Under the clear holding of *Mai*, the Federal Defendants are entitled to summary judgment on Plaintiffs' claims that 18 U.S.C. § 922(g)(4) violates the Second Amendment. That leaves only their Fifth Amendment claims.

**C.  Plaintiffs' Fifth Amendment claims also fail.**

Plaintiffs' opening brief included a single paragraph suggesting that 34 U.S.C. § 40915 violates the Fifth Amendment's guarantee of equal protection. As the Federal Defendants explained, that statute distinguishes between states that "grant . . . relief, pursuant to State law" upon a finding "that the person will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest," and those that do not. 34 U.S.C. § 40915(a)(2). Because this classification is not "on the basis of a suspect class, and . . . does not violate . . . the . . . Second Amendment[], rational basis scrutiny applies." *Nordyke v. King*, 681 F.3d 1041, 1043 n.2 (9th Cir. 2012) (en banc). Plaintiffs briefly suggest that strict

scrutiny should govern here, *see* Opp. at 15, because the classification in question affects their right to bear arms. But where the challenged statute does not violate the Second Amendment (as the Ninth Circuit has already held in *Mai*), nor rely on any suspect classification, rational basis scrutiny applies. *Nordyke*, 681 F.3d at 1043 n.2. And Plaintiffs do not deny that the statute's classification is rationally related to legitimate state interests. *See Mai*, 952 F.3d at 1117 (discussing "the government's laudable goal of preventing gun violence"). Plaintiffs' Fifth Amendment equal protection claim therefore fails.

In their second brief, Plaintiffs suggest for the first time that the substantive due process doctrine provides them with a Fifth Amendment claim. But "if a constitutional claim is covered by a specific constitutional provision," as Plaintiffs' claims are covered by the Second Amendment here, then "the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,'' must be the guide for analyzing these claims.'" (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). In this case, it is the Second Amendment rather than notions of substantive due process that must govern the Court's analysis of whether the statutory scheme in question infringes on Plaintiffs' constitutional rights. And the Ninth Circuit has already performed the Second Amendment analysis in *Mai*.

Finally, Plaintiffs argue that Jane Roe can make out a Fifth Amendment claim against the Federal Defendants, even if the other Plaintiffs cannot. But if the other Plaintiffs' lack of any means to lift their § 922(g)(4) bar does not violate the Fifth Amendment (which it does not), then

the fact that Jane Roe could seek relief before New Jersey state courts certainly does not burden her Fifth Amendment rights. Nor does her military service compel a different result. That service is irrelevant to the equal protection analysis, which turns on the rationality of the classification drawn by the statute. And, as explained above, substantive due process has no role to play where the rights enumerated by the Second Amendment control.

Plaintiffs' arguments are unavailing, and the Federal Defendants are entitled to summary judgment on all of Plaintiffs' claims against them.

## CONCLUSION

For the reasons set forth above, and in their cross-motion for summary judgment, the Federal Defendants are entitled to summary judgment on all claims brought against them in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Director
Federal Programs Branch

 /s/ James Bickford
JAMES BICKFORD
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 305-7632
James.Bickford@usdoj.gov

*Attorneys for Federal Defendants*

Date: June 22, 2021