Rob Bonta, State Bar No. 202668
Attorney General of California
Anthony R. Hakl, State Bar No. 197335
Supervising Deputy Attorney General
Nelson R. Richards, State Bar No. 246996
Ryan A. Hanley, State Bar No. 330729
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7867
  Fax: (916) 324-8835
  E-mail: Nelson.Richards@doj.ca.gov
*Attorneys for Defendant the California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANE ROE #1, et al,** <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES OF AMERICA, et al,** <br><br> Defendants. | 1:19-cv-00270 <br><br> **OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND OPERATIVE COMPLAINT** <br><br> **[Fed. R. Civ. P. 15, 16]** <br><br> Date: August 17, 2021 <br> Time: 9:30 a.m. <br> Judge: Hon. Dale A. Drozd |

**TABLE OF CONTENTS**

**Page**

Introduction ............................................................................................................................. 1
Procedural history ................................................................................................................... 1
Legal Standard ........................................................................................................................ 2
Argument ................................................................................................................................ 3
    I.    The Motion Is Untimely and Fails to Meet the Requirements of Rule 16 .............. 3
    II.    The Proposed Amendments Would be Futile ........................................................ 4
Conclusion .............................................................................................................................. 6

i

Def. Cal. Att'y Gen.'s Opp. to Pls.' Mot. for Leave to Amend Operative Compl. (1:19-cv-00270)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Addington v. Texas*
  441 U.S. 418 (1979) ............................................................................................................. 5

*Allen v. City of Beverly Hills*
  911 F.2d 367 (9th Cir. 1990) ................................................................................................ 2

*Carrico v. City and County of S.F.*
  656 F.3d 1002 (9th Cir. 2011) .............................................................................................. 5

*Financial Holding Corp. v. Garnac Grain Co.*
  127 F.R.D. 165 (W.D. Mo. 1989) ........................................................................................ 4

*Forstmann v. Culp*
  114 F.R.D. 83 (M.D.N.C. 1987) .......................................................................................... 4

*In re W. States Wholesale Nat. Gas Antitrust Litig.*
  715 F.3d 716 (9th Cir. 2013) ........................................................................................... 2, 4

*Johnson v. Mammoth Recreations, Inc.*
  975 F.2d 604 (9th Cir. 1992) ........................................................................................ 2, 3, 4

*Rich v. Shrader*
  823 F.3d 1205 (9th Cir. 2016) .............................................................................................. 4

*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*
  768 F.2d 1099 (9th Cir. 1985) .............................................................................................. 3

*Ex parte Young*
  209 U.S. 123 (1908) ............................................................................................................. 5

**STATUTES**

California Welfare and Institutions Code
  § 5250 .......................................................................................................................... 1, 4, 5
  § 5256.6 ............................................................................................................................ 3, 4

Def. Cal. Att'y Gen.'s Opp. to Pls.' Mot. for Leave to Amend Operative Compl. (1:19-cv-00270)

**TABLE OF AUTHORITIES**
**(continued)**

Page

**COURT RULES**

Federal Rules of Civil Procedure
    Rule 15 ................................................................................................................. 2
    Rule 15(a) ......................................................................................................... 2, 4
    Rule 15(a)(2) ............................................................................................. 1, 2, 4, 6
    Rule 15(b) ............................................................................................................ 4
    Rule 16 .................................................................................................... 2, 3, 4, 5
    Rule 16(b) ............................................................................................................ 4
    Rule 16(b)(4) ................................................................................................... 1, 2
    Rule 16(d) ........................................................................................................ 2, 3

iii

Def. Cal. Att'y Gen.'s Opp. to Pls.' Mot. for Leave to Amend Operative Compl. (1:19-cv-00270)

# INTRODUCTION

In their Motion for Summary Judgment, Plaintiffs raised an entirely new facial challenge to California Welfare and Institutions Code section 5250.  Perhaps recognizing the impropriety of such argument, Plaintiffs have now also filed a Motion for Leave to Amend the Operative Complaint.  But the deadline for stipulated amendments or motions to amend the pleadings in this case expired more than fifteen months ago, on March 16, 2020.  Plaintiffs have not filed a motion to modify the Preliminary Scheduling Order, which confirmed the expiration of the deadline to amend.  Nor have they demonstrated through their motion any good cause for modification of the scheduling order, as required under Federal Rule of Civil Procedure 16(b)(4).  Each of these grounds provide sufficient basis, on their own, to deny Plaintiffs' motion.

Moreover, the amendments that Plaintiffs propose would be futile in correcting the deficiencies in their new facial challenge.  The California Attorney General has raised arguments against this challenge on the bases of both sovereign immunity and Article III standing.  He has also argued that Plaintiffs' challenge fails on the merits.  None of Plaintiffs' proposed amendments would cure the deficiencies that underpin these arguments.  Because amendment is accordingly futile, Plaintiffs' motion should also be denied under the standards applied to requests for leave to amend under Federal Rule of Civil Procedure 15(a)(2).

# PROCEDURAL HISTORY

This action was initiated on February 25, 2019.  ECF No. 1.  At the status conference held before Magistrate Judge McAuliffe on February 25, 2020, "the parties agreed to a deadline and briefing schedule for amendment of the pleadings," setting a March 16, 2020 deadline for any motion to amend the pleadings.  ECF No. 32.  A scheduling conference was held on June 30, 2020. ECF No. 47.  In the Court's Preliminary Scheduling Order, issued following this scheduling conference, it was confirmed that "[t]he deadline for stipulated amendments or motions to amend the pleadings expired on **March 16, 2020.**"  ECF No. 48 (emphasis in original).  The Preliminary Scheduling Order further noted that "**[t]he dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.**"  ECF No. 48 (emphasis in original).  The

1

Def. Cal. Att'y Gen.'s Opp. to Pls.' Mot. for Leave to Amend Operative Compl. (1:19-cv-00270)

Supplemental Scheduling Order issued on December 2, 2020 did not make any modification to the prior March 16, 2020 deadline. *See* ECF No. 53. On February 25, 2021, Plaintiffs filed a Renewed Stipulation to Modify Supplemental Scheduling Order, which the Court granted on March 1, 2021. ECF Nos. 61, 62. This stipulation and order again did not make any modification to the March 16, 2020 deadline, and in fact included an express request "that other prior stipulations and orders remain in full force and effect." ECF No. 61.

Despite this clear deadline, on June 8, 2021, Plaintiffs filed their Motion for Leave to Amend Operative Complaint. ECF No. 87. To date, Plaintiffs have not filed a motion to modify the amendment deadline confirmed in the Preliminary Scheduling Order.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, any scheduling "order controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Absent a court order modifying the schedule, motions filed after the deadlines set in a scheduling order are untimely, and may be denied solely on this ground. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992) (collecting cases). Modification of a scheduling order requires a showing of "good cause." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy," Rule 16(b)(4)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Ibid.* (internal citation omitted).

By contrast, Federal Rule of Civil Procedure 15 states that leave to amend should be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Even so, such leave "is not to be granted automatically." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal citation and quotation marks omitted). Upon a motion for leave to amend, the Court considers five factors—bad faith; undue delay; prejudice to the opposing party; futility of amendment; and whether plaintiff has previously amended the complaint. *Id.* (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

2

Def. Cal. Att'y Gen.'s Opp. to Pls.' Mot. for Leave to Amend Operative Compl. (1:19-cv-00270)

**ARGUMENT**

**I.   THE MOTION IS UNTIMELY AND FAILS TO MEET THE REQUIREMENTS OF RULE 16**

As a preliminary matter, the time to amend the pleadings has long expired. The parties agreed at the status conference held on February 25, 2020 to a deadline of March 16, 2020 for such amendments. *See* ECF No. 32. This deadline passed more than *fifteen months* ago. Though not initially established by scheduling order, the Court's Preliminary Scheduling Order of June 30, 2020 expressly confirmed this deadline, noting that time to amend the pleadings had already expired. *See* ECF No. 48. Plaintiffs do not dispute that the deadline has passed. Accordingly, the motion is untimely, and this alone is sufficient grounds for the Court to deny Plaintiffs' current motion. *See, e.g.*, *Johnson*, 975 F.2d at 608–09; *see also* Fed. R. Civ. P. 16(d).

Moreover, Plaintiffs have not made any motion to modify the Preliminary Scheduling Order. While "some courts have considered a motion to amend the complaint as a motion to amend the scheduling order," the Ninth Circuit has not adopted that approach—and has in fact "suggested the contrary." *Johnson*, 975 F.2d at 608 (collecting cases); *see also U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that where "the record reveals that the defendant never requested a modification of the pretrial order to allow the filing of their motion . . . the district court properly denied the motion as untimely.") (superseded by statute on other grounds). Where, as here, Plaintiffs have failed to make such a motion, the Court is under no obligation to transform, *sua sponte*, the motion to amend the pleadings into a dual motion to also modify the scheduling order.

Even if Plaintiffs had filed a motion to modify the Preliminary Scheduling Order, their motion to amend the pleadings fails because they have not demonstrated any "good cause" as to why the scheduling order should be modified. Under Rule 16, this "good cause" standard is primarily a question of diligence—it looks at the party's reasons for seeking modification, and can they show that the existing schedule cannot be met, even despite due diligence. *See Johnson*, 975 F.2d at 608. Here, Plaintiffs argue that it was only while they "were conducting their final research in preparation for filing their motion for Summary Judgment . . . that Plaintiffs discovered the constitutional deficiencies of [California Welfare & Institutions Code section]

3

Def. Cal. Att'y Gen.'s Opp. to Pls.' Mot. for Leave to Amend Operative Compl. (1:19-cv-00270)

5256.6, i.e., that the burden of proof at [a § 5250 hearing] . . . is mere **probable cause**. *See* ECF No. 87 at ¶ 16 (emphasis in original).  While the Attorney General has no reason to doubt this representation, it remains the case that the plain statutory text of section 5256.6 states this standard explicitly.  *See* Cal. Welf. & Inst. Code § 5256.6.  The standard is not buried somewhere in the case law, and it is not new.  Plaintiffs had ample time—thirteen months between the filing of the initial complaint and the March 16, 2020 deadline to amend those pleadings, as well as *additional* fifteen months between that deadline and today—to find this information and amend their pleadings accordingly.  *Cf. Rich v. Shrader*, 823 F.3d 1205 (9th Cir. 2016) (denying leave to amend when plaintiff "has known all of the underlying facts and theories he now wishes to allege since the commencement of the action").

Plaintiffs' motion for leave to amend the pleadings is untimely, and they have not moved for a modification of the Preliminary Scheduling Order that confirmed the deadline fifteen months prior.  Even if they had, Plaintiffs have not shown the good cause required by Rule 16.  For these reasons alone, the motion should be denied.

**II.   THE PROPOSED AMENDMENTS WOULD BE FUTILE**

Even if the Court were to modify the Preliminary Scheduling Order so that Plaintiffs' motion to amend was not untimely, Plaintiffs would still need the Court's leave under Rule 15(a)(2), as acknowledged by the Ninth Circuit in *Johnson*.  *See Johnson*, 975 F.2d at 608 (holding that plaintiff's "ability to amend his complaint was governed by Rule 16(b), not Rule 15(a)," because "party seeking to amend pleading after date specified in scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15(b))") (first citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987), then citing *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989)).  Such leave "is not to be granted automatically," and should not be granted where, as here, the contemplated amendment would be futile in curing the deficiencies of the complaint.  *In re Western States*, 715 F.3d at 738.  For this reason, Plaintiffs' motion should be denied even if the Court finds that Plaintiffs have satisfied the requirements of

4

Def. Cal. Att'y Gen.'s Opp. to Pls.' Mot. for Leave to Amend Operative Compl. (1:19-cv-00270)

Rule 16 (which they have not). *See, e.g.*, *Carrico v. City and County of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011) (denying leave to amend as futile).

Contrary to Plaintiffs' assertion that the Attorney General has "no substantive rebuttal" and has "merely complained that Plaintiffs had not engaged in fact pleading on their procedural due process claim in the First Amended Complaint, and that Plaintiffs had served inconsistent discovery responses," see ECF No. 87 at ¶ 18, Defendant Bonta has raised myriad arguments as to why Plaintiffs' new facial challenge fails. *See* ECF No. 81-1 at 18–25[1]; ECF No. 91 at 7–9. Plaintiffs' proposed amendments would not cure any of the deficiencies underlying at least three of those arguments. The Attorney General hereby incorporates those arguments by reference, but also briefly touches on them below.

First, Plaintiffs' facial challenge to section 5250 is barred by sovereign immunity. *See* ECF No. 81-1 at 19–20; ECF No. 91 at 7–9. California has neither consented to nor waived its sovereign immunity with regard to the legal theories that Plaintiffs assert, and the proposed amendments do nothing to change that. Nor would the amendments transform Plaintiffs' claim into one that falls within the limited purview of *Ex parte Young*, 209 U.S. 123 (1908). Second, Plaintiffs fail to establish Article III standing to bring their facial challenge. *See* ECF No. 81-1 at 21–23; ECF No. 91 at 9–10. This is true of every prong of the standing inquiry—injury, causation, and redressability—and again, the proposed amendments do nothing to cure this deficiency. Finally, a facial challenge to section 5250 would fail on the merits. *See* ECF No. 81-1 at 23–25; ECF No. 91 at 9–10. On the merits, Plaintiffs' sole reliance on *Addington v. Texas*, 441 U.S. 418 (1979), does not provide any meaningful support for the argument that mental health holds *limited to fourteen days* must meet the same standard of proof as in proceedings that may subject a person to an *indefinite* hold. ECF No. 81-1 at 23–25; ECF No. 91 at 10–11. Nor do the proposed amendments provide any additional substantive support as to the merits of Plaintiffs' new facial claim.

---

[1] All remaining citations to ECF documents include pin cites referring to the ECF page number, rather than the Word document page number.

5

Because amendment would be futile, Plaintiffs' motion should further be denied under Rule 15(a)(2).

## CONCLUSION

For the foregoing reasons, Attorney General Bonta respectfully requests that Plaintiffs' motion for leave to amend the operative complaint be denied.

Dated:  June 29, 2021

Respectfully Submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
NELSON R. RICHARDS
Deputy Attorney General

RYAN A. HANLEY
Deputy Attorney General
*Attorneys for Defendant California Attorney General*

Def. Cal. Att'y Gen.'s Opp. to Pls.' Mot. for Leave to Amend Operative Compl. (1:19-cv-00270)

# CERTIFICATE OF SERVICE

| Case Name: | **Jane Roe #1, et al. v. United States of America, et al.** | No. | **1:19-cv-00270** |
|---|---|---|---|

I hereby certify that on <u>June 29, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND OPERATIVE COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 29, 2021</u>, at Sacramento, California.

| Eileen A. Ennis | */s/ Eileen A. Ennis* |
|---|---|
| Declarant | Signature |

SA2019101161
35242579.docx