Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Jessica L. Danielski [SBN: 308940]
Email: jessica@dklawoffice.com
LAW OFFICES OF DONALD KILMER, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice:  (408) 264-8489

Jason Davis [SBN: 224250]
Email: jason@calgunlawyers.com
THE DAVIS LAW FIRM
42690 Rio Nedo, Suite F
Temecula, California 92590
Voice: (949) 436-4867
Fax:    (888) 624-4867

Attorneys for Plaintiffs
JANE ROE #1, et al.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; SECOND AMENDMENT FOUNDATION, INC., <br><br>Plaintiffs, <br><br>vs. <br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; MERRICK GARLAND (U.S. Attorney General), | Case No.: 1:19-CV-270-DAD-BAM <br><br> PLAINTIFFS' REPLY <br> RE: MOTION TO AMEND (SAC) <br><br> Date:     AUG 17 2021 <br> Time:    9:30 a.m. <br> Judge:   Hon. Dale A. Drozd <br> Courtroom: 5, Seventh Floor |

1

Plaintiffs' Reply M-Amend (SAC)                                      Jane Roe #1, et al., v. United States, et al.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

```
CHIRISTOPHER A. WRAY (Director,      )
Federal Bureau of Investigation);    )
REGINA LOMBARDO (Acting Deputy       )
Director, Bureau of Alcohol, Tobacco,)
Firearms and Explosives); ROB BONTA  )
(California Attorney General), DOES 1)
TO 100.                              )
            Defendants.              )
                                     )
                                     )
```

# INTRODUCTION

*Ignorantia juris non excusat.* In modern vernacular: "Ignorance of the law is no excuse." This legal principle is not usually invoked against the government itself. Perhaps that is why California doth protest too loudly. But as the California Defendants admit, the only new fact[1] alleged is the existence and plain language of a California statute: Welfare and Institutions Code (WIC) § 5256.6.

Moreover, the Second Amended Complaint (SAC) does not actually allege any new facts at all, but merely cites an existing law in a cause of action (or claim) that has existed since the case was filed – Denial of Procedural Due Process. WIC § 5356.6's constitutionally deficient burden of proof (mere probable cause) was the same law that the California sovereign is presumed to know about and enforce on the day this suit was filed, and it is the same law challenged today.

The United States Defendants filed no opposition to the Motion to Amend (Doc 87). The Court can deem that omission as a non-opposition by the U.S. Defendants.

---

[1] The only other amendments proposed in the Second Amended Complaint (SAC) are: (1) substitution of agency heads, (2) deletion of already dismissed plaintiff, and (3) deletion of a claim for economic damages.

2

Plaintiffs' Reply M-Amend (SAC)                    *Jane Roe #1, et al., v. United States, et al.*

Donald Kilmer
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

The California Defendants raise only two objections to the Plaintiffs proposed amendments: (1) an alleged violation of a scheduling order, and (2) futility (based mostly on the same arguments made in their summary judgment pleadings.)

What is missing, and fatal to any earnest opposition by California, is any evidence, or even a plausible assertion, of prejudice to California – because there is none.

## REPLY

Plaintiffs filed their motion to amend (Doc 87) out of an abundance of caution, not legal necessity. The Federal Rules of Civil Procedure insist on *notice* pleading. Fed. R. Civ. P. 8 (a)(2). Fair notice is provided by actual notice and by allegations that outline the elements of the claim. See *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In most civil rights cases, allegations do not have to be plead with particularity. *Educadores Puertorriquenos en Acion v. Hernandez*, 367 F.3d 61, 66-67 (1st Cir. 2004), see also: *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

The caution was prudent, even if unnecessary under the federal rules, given that some courts in this circuit have played fast and loose with the federal rules in apparent hostility to Second Amendment rights. *See Silvester v. Becerra,* 138 S. Ct. 945, 950 (2018) ("[T]he Ninth Circuit ignored several ordinary principles of appellate review. While rational-basis review "is not subject to courtroom factfinding," Beach Communications, 508 U. S., at 315, […], intermediate scrutiny is. And here, the District Court presided over a 3-day trial and made several findings of fact. The Ninth Circuit was supposed to review those findings for clear error. See Fed. Rule Civ. Proc. 52(a)(6). Yet the Ninth Circuit barely mentioned them. And it never explained why it had the

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

3

Plaintiffs' Reply M-Amend (SAC)                         *Jane Roe #1, et al., v. United States, et al.*

"definite and firm conviction" that they were wrong. United States v. United States Gypsum Co., 333 U. S. 364, 395, […] (1948).") (J. Thomas dissenting from denial of certiorari.)

Some courts have even gone so far as to invoke, on behalf of government defendants, unplead and unlitigated affirmative defenses in the Court of Appeals, when Second Amendment rights are at stake. *See Rodriguez v. City of San Jose,* 930 F.3d 1123, 1130 (9th Cir. 2019).

So, while plaintiffs maintain that formal amendment under Fed. R. Civ. P. 8 is unnecessary, they filed the motion out of a well-founded fear that governments are (apparently) held to lesser pleading standards than civil rights litigants seeking to vindicate their rights. But that is not the law.

Fact is, the defendants – jointly and severally -- have put this court in the difficult position of declaring all WIC § 5250 commitments in California constitutionally defective v*is-à-vis* gun rights, because they refuse to find a way to allow plaintiffs (and people similarly situated) to seek a restoration of their rights in some manner.

In fact, it can be inferred from the factual record (PSUF, Doc #64, 49-54), that California made some faint-hearted attempt to seek grant monies and to conform its laws to the NICS Improvement Act of 2007 but abandoned that effort. It is logical to ask why, but not necessary to resolving this case. An inference can be drawn that California has known about this defect and has been whistling past the graveyard hoping no one else notices the constitutional violations. A second inference is that California wants to maintain a veneer of having a restoration process but is content with it being defective under federal and then denying plaintiffs their rights as a point of contact state. This is constitutional double-dealing, and it is unfair.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Reply M-Amend (SAC)                              *Jane Roe #1, et al., v. United States, et al.*

Nor does the United States Defendants get off lightly. They could engage in agency rule making that allows California trial courts to make the necessary findings[2] in a restoration hearing (under WIC § 8103) under the existing federal standard, even if California statutory law remains deficient under the Act. Such an overture by the U.S. Government might resolve this matter, regardless of California's statutory deficiencies.

In other words, without a restoration process to which Plaintiffs can avail themselves, they have no choice but to ask this court to strike down California's statutorily deficient evidentiary standards (WIC § 5256.6) for the initial commitment hearings under *Addington v. Texas*, 441 U.S. 418 (1979).

This is a public interest case that seeks to set right more than a decade of abuse by California's charade of a restoration procedure, that does not meet federal standards. The fact that California is now being hoisted on the petard of its own constitutionally deficient commitment hearing procedures does not detract from the very real violations of plaintiffs' rights.

Two final points:

1.) The motion to amend (Doc 87) can be deemed by this court as a both a motion to amend, and a motion for relief from any scheduling order.

2.) A denial the motion and then ruling against these plaintiffs on the merits (i.e., refusing to consider all of their procedure due process claims), will not prevent the filing of another lawsuit alleging the

---

[2] "[T]hat the person will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest." NICS Improvement Act of 2007, Public Law 110-180, Section 105(a).

5

Plaintiffs' Reply M-Amend (SAC)                           Jane Roe #1, et al., v. United States, et al.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Donald Kilmer
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1 unconstitutionality of WIC § 5256.6, with new plaintiffs if necessary. California will just have to defend the statute anyway because California lacks the power to travel back in time and rewrite § 5256.6 -- and this court cannot cure that defect by denying the motion to amend.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend, if the court deems it necessary to consider the constitutionality of WIC § 5256.6, should be granted.

Respectfully Submitted on July 6, 2021,

*/s/ Donald Kilmer*

Attorney for Plaintiffs

6

Plaintiffs' Reply M-Amend (SAC)                                          Jane Roe #1, et al., v. United States, et al.