James Bickford (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632

*Attorney for Federal Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>and<br><br>ROBERT BONTA,<br><br>Defendants. | Case No. 1:19-cv-00270-DAD-BAM<br><br>**FEDERAL DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' SECOND MOTION TO AMEND** |

1  Plaintiffs filed their complaint in February 2019. At a status conference held a year later,
2  the parties agreed that "any stipulated amendments or motions to amend the pleadings shall be
3  filed by March 16, 2020." Minute Order of Feb. 25, 2021, ECF No. 32. Plaintiffs filed a motion
4  to amend on that date, ECF No. 33, which this Court granted, *see* ECF No. 34. Magistrate Judge
5  McAuliffe then entered a scheduling order providing that "[t]he deadline for stipulated
6  amendments or motions to amend the pleadings expired on March 16, 2020." ECF No. 48 at 1–2.
7  But in June of this year, after the parties had filed their motions for summary judgment, Plaintiffs
8  moved to amend their complaint again. *See* ECF No. 87.

9  Because "the district court . . . filed a pretrial scheduling order pursuant to Federal Rule of
10  Civil Procedure 16 which established a timetable for amending pleadings," the standards of Rule
11  16 control this motion. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir 1992).

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re Western States Wholesale Natural Gas Antitrust Lit.*, 715 F.3d 716, 737 (9th Cir. 2013) (second alteration in original); *accord DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *DRK Photo*, 870 F.3d at 989 ("The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent in seeking the amendment."). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

In their motion and their reply to the California Attorney General's opposition, Plaintiffs do not make any serious attempt to meet this standard. The proposed amendment would add allegations that a California statute is unconstitutional. That statute has not changed in any relevant way since the beginning of this litigation. Plaintiffs aver that "[t]he constitutionally defective statute WIC § 5256.6 was only discovered during plaintiffs [sic] preparation for their Motion for Summary Judgment." ECF No. 87 at 7. But Plaintiffs do not offer any explanation of why they only came upon this statute, which they now seek to place at the center of their case against California, more than two years after filing their complaint. Instead, Plaintiffs attempt to justify their belated motion by casting aspersions on the federal courts. *See* ECF No. 94 at 3–4 (asserting that "some courts in this circuit have played fast and loose with the federal rules in apparent

1 hostility to Second Amendment rights," and that "courts have even gone so far as to invoke, on behalf of government defendants, unplead and unlitigated affirmative defenses in the Court of Appeals, when Second Amendment rights are at stake").

"The plaintiff bears the burden of prosecuting his case properly." *Kindred Ltd. Parnership v. Screen Actors Guild*, 2009 WL 545781 at *3 (C.D. Cal. Mar. 3, 2009). Plaintiffs agreed to a cut-off date for amendments to the complaint, the Court so ordered, and "no unforeseen event arose after the deadline had passed." *Kapa Inv. v. Cirrus Design Corp.*, 2009 WL 1940516 at *2 (C.D. Cal. July 1, 2009) (denying leave to amend). Because Plaintiffs have "failed to demonstrate good cause to amend [their] complaint at this late stage in the litigation," their motion must be denied. *Kindred Ltd. Parnership*, 2009 WL 545781 at *3.

Respectfully submitted this 3rd day of August, 2021,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Director
Federal Programs Branch

 */s/ James Bickford*
JAMES BICKFORD
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 305-7632
James.Bickford@usdoj.gov

*Attorneys for Federal Defendants*