Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Jessica L. Danielski [SBN: 308940]
Email: jessica@dklawoffice.com
LAW OFFICES OF DONALD KILMER, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice:  (408) 264-8489

Jason Davis [SBN: 224250]
Email: jason@calgunlawyers.com
THE DAVIS LAW FIRM
42690 Rio Nedo, Suite F
Temecula, California 92590
Voice: (949) 436-4867
Fax:    (888) 624-4867

Attorneys for Plaintiffs
JANE ROE #1, et al.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; MERRICK GARLAND (U.S. Attorney General), | Case No.: 1:19-CV-270-DAD-BAM <br><br> PLAINTIFFS' REPLY <br> RE: MOTION TO AMEND (SAC) <br><br> Date:    AUG 17 2021 <br> Time:   9:30 a.m. <br> Judge:  Hon. Dale A. Drozd <br> Courtroom: 5, Seventh Floor |

1

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

CHRISTOPHER A. WRAY (Director, )
Federal Bureau of Investigation); )
REGINA LOMBARDO (Acting Deputy )
Director, Bureau of Alcohol, Tobacco, )
Firearms and Explosives); ROB BONTA )
(California Attorney General), DOES 1 )
TO 100. )
         Defendants. )
)
)

## Reply to U.S. Defendants' Opposition

      Plaintiffs had already filed a reply to California's Opposition to their Motion to Amend (Doc. #94).  In that reply, plaintiffs noted that the United States had not filed an opposition.  The United States filed an opposition on August 3, 2021. (Doc. #95) In that opposition, the United States makes the same argument that California made, namely that they are "somehow" prejudiced by plaintiffs failing to seek relief from a scheduling order before seeking (a probably) unnecessary amendment to the theory of their case.

      Otherwise, the United States Defendants make no claim, nor offer any evidence of prejudice, assuming a formal motion to amend is even necessary.

      It is Plaintiffs who are prejudiced by any delay, which is the only consequence of this development.  Both sovereigns still must still defend the same statutory regime as it exists today.  No new discovery would be necessary by the plaintiffs, nor is any apparently desired by any of the other parties.  Noticeably absent from either defendants' opposition is any claim that additional discovery or further pretrial litigation is necessary.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

2

Plaintiffs' Reply M-Amend (SAC)　　　　　　　　　　*Jane Roe #1, et al., v. United States, et al.*

As for the assertion that the plaintiffs were also on notice that California Welfare and Institutions Code § 5256.6 was unconstitutional prior to filing their Motion for Summary Judgment (and aside from that admission) the U.S. Defendants are correct, but only if the standard is statutory omniscience. The plaintiffs explained the oversight in their Motion to Amend. (See Declaration of Counsel.)

Indeed, California's gun laws are so complex that even the anti-gun California legislature felt compelled to reorganize and renumber them in the recent past. Alas, the reorganization did not result in a simplification or reduction in the number of laws.

This recodification grew out of a comprehensive study that concluded California's gun laws had morphed into a maze of regulations that required consultation with attorneys just so that ordinary citizens could exercise a fundamental right codified by the Second Amendment. See Generally: <u>The Deadly Weapons Recodification Act of 2010</u>. SB 1080 (Committee on Public Safety), 2010 Cal. Stat. ch. 711. See also: <u>California Law Revision Commission - Nonsubstantive Reorganization of Deadly Weapons Statutes</u>. June 2009 ed.

The undisputed facts are that neither party anticipated how complex, convoluted, and confusing the interplay between federal and state law would be when this case got started. Plaintiffs fundamental rights should not be further prejudiced by gamesmanship and feigned prejudice on the part of the Defendants.

This case should proceed on the merits.

## Related Case

In another development, that casts doubt on the entirety of California's WIC § 5250 commitment procedures, the Plaintiffs have

Donald Kilmer
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

3

Plaintiffs' Reply M-Amend (SAC)                              Jane Roe #1, et al., v. United States, et al.

learned of a related case in Northern District of California. An order on Cross-Motions for Summary Judgment was issued on July 30, 2021. Four days before the same U.S. Department of Justice (though by different lawyers) filed its opposition in this case. The case is *Stokes v. United States Department of Justice, the Attorney General of California, et al.,* Case No.: C 19-04613 WHA.

    Judge William Alsup granted plaintiff's motion and denied the governments' motions, finding that California's WIC § 5250 process is constitutionally flawed and that the failure of either set of defendants to provide relief (i.e., clearance for a firearm purchase background check) to Mr. Stokes violated the Constitution. Judgment was entered but stayed pending any anticipated appeals.

    Plaintiffs will file a separate Notice of Supplemental Authority.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Amend, if the court deems it necessary to consider the constitutionality of WIC § 5256.6, should be granted.

                      Respectfully Submitted on Aug. 10, 2021,

                      */s/ Donald Kilmer*

                      Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com