ROB BONTA, State Bar No. 202668
Attorney General of California
ANTHONY R. HAKL, State Bar No. 197335
Supervising Deputy Attorney General
JERRY T. YEN, State Bar No. 247988
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7836
 Fax: (916) 324-8835
 E-mail: Jerry.Yen@doj.ca.gov
*Attorneys for Defendant California Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANE ROE #1, et al,**<br><br>            Plaintiffs,<br><br>        v.<br><br>**UNITED STATES OF AMERICA, et al,**<br><br>            Defendants. | Case No. 1:19-cv-00270-ADA-BAM<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT OF DEFENDANT CALIFORNIA ATTORNEY GENERAL AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:  Hon. Ana de Alba |

**TABLE OF CONTENTS**

Page

Introduction ............................................................................................................................. 1

Factual and Procedural Background ...................................................................................... 1

Argument ................................................................................................................................ 2

    I.    *Bruen* Altered the Legal Standard for Analyzing Second Amendment Claims ............................................................................................................ 2

    II.   *Bruen* Does Not Impact Plaintiffs' Claims Against the California Attorney General ......................................................................................................... 4

        A.   Plaintiffs' Belated Challenge to California Welfare and Institutions Code Section 5256.6 Does Not Implicate the Second Amendment............ 4

        B.   Nor Do Plaintiffs Present Any Argument That the California Attorney General Has Violated the Second Amendment .......................... 4

    III.  *Bruen* Permits Firearms Regulations That Keep Firearms Out of The Hands of Persons With an Increased Risk of Violence ....................................................... 5

Conclusion ............................................................................................................................. 7

i

Def. Cal. Att'y Gen.'s Suppl. Br. (1:19-cv-00270)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Binderup v. Attorney General*
　836 F.3d 336 (3d Cir. 2016) .................................................................................................. 6

*Clifton v. U.S. Dep't. of Justice*
　Case No. 1:21-cv-00089-DAD-EPG, 2022 WL 2791355 (E.D. Cal. July 15,
　2022) ..................................................................................................................................... 7

*District of Columbia v. Heller*
　554 U.S. 570 (2008) ..................................................................................................... 2, 3, 6

*Mai v. United States*
　952 F.3d 1106 (9th Cir. 2020) .............................................................................................. 6

*McDonald v. City of Chicago*
　561 U.S. 742 (2010) .......................................................................................................... 2, 3

*New York Rifle & Pistol Ass'n., Inc. v. Bruen*
　142 S. Ct. 2111 (2022) ................................................................................................. *passim*

*Pervez v. Becerra*
　Case No. 2:18-cv-02793-KJM-KJN, 2022 WL 2306962 (E.D. Cal. June 27,
　2022) ..................................................................................................................................... 4

**STATUTES**

United States Code, Title 18
　§ 922(g)(4) ........................................................................................................................ 5, 7
　§ 925A ............................................................................................................................... 2, 5

California Welfare and Institutions Code
　§ 5250 ................................................................................................................................ 1, 4
　§ 5256.6 ................................................................................................................................ 4

ii

Def. Cal. Att'y Gen.'s Suppl. Br. (1:19-cv-00270)

## INTRODUCTION

Pursuant to the Court's August 8, 2022 and August 23, 2022 orders (ECF Nos. 102 and 104), the California Attorney General submits this supplemental brief addressing the Supreme Court's decision in *New York Rifle & Pistol Ass'n., Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and explaining whether it impacts the arguments presented in the motions for summary judgment.

In *Bruen*, the Supreme Court announced a new framework for analyzing Second Amendment claims. *See id*. at 2127-34. In this case, there is no dispute that federal law, as opposed to California law, prohibits Plaintiffs from possessing firearms. Pls.' Statement of Undisputed Facts (Pls.' SUF), ECF No. 64, at Nos. 1, 7, 11, 15, 20, 27, 31. And, as explained in the California Attorney General's motion for summary judgment, Plaintiffs do not allege or explain how the California Attorney General or any California statute infringes on Plaintiffs' Second Amendment rights. ECF No. 81 at p. 20. Accordingly, *Bruen* has no effect on the summary judgment arguments related to Plaintiffs' claims against the California Attorney General, and the Court should grant the California Attorney General's cross-motion for summary judgment for the reasons stated in his motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this case against several Federal Defendants[1] and the California Attorney General challenging a federal law prohibiting individuals who were previously subject to involuntary mental health treatment from possessing a firearm. *See* Complaint (Compl.), ECF No. 1 at ¶¶ 12-19, 44-60 and Prayer for Relief. The plaintiffs comprised eight pseudonymous individuals and a non-profit entity focused on Second Amendment rights—the Second Amendment Foundation. *Id*. at ¶¶ 2-10. Two of the pseudonymous plaintiffs were voluntarily dismissed from the case. *See* ECF Nos. 59 and 77. The six remaining individual plaintiffs are prohibited under federal law from possessing a firearm because they received involuntary treatment at a mental health facility pursuant to either California Welfare and Institutions Code

---

[1] The Federal Defendants include the United State of America, the U.S. Department of Justice and its Attorney General; the Federal Bureau of Investigation and its Director; and the Bureau of Alcohol, Tobacco, Firearms, and Explosives and its Acting Director. Compl. at ¶¶ 12-18.

1

Def. Cal. Att'y Gen.'s Suppl. Br. (1:19-cv-00270)

section 5250 (5250 hold) or the equivalent mental health regulation of another state. *See* Pls' SUF Nos. 1-2, 8, 12, 16, 21, and 28. They are not prohibited from possessing a firearm under California law. *See id*. at Nos. 7, 11, 15, 20, 27, and 31.

In their original complaint, Plaintiffs asserted five causes of action: (1) an as-applied Second Amendment claim; (2) a facial Second Amendment claim; (3) Fifth Amendment Due Process and Equal Protection claims; (4) Fourteenth Amendment Due Process and Equal Protection claims; and (5) a statutory claim under 18 U.S.C. § 925A. Compl. at ¶¶ 44-60. Plaintiffs amended their complaint to add a sixth cause of action alleging a Tenth Amendment violation. First Amended Complaint (FAC), ECF No. 36 at ¶¶ 63-65. The Court later dismissed that cause of action. ECF No. 74. Thus, the original five causes of action remain in the case.

Plaintiffs then filed a summary judgment motion. ECF No. 63. The California Attorney General and the Federal Defendants filed their respective oppositions and cross-motions for summary judgment. ECF Nos. 81 and 82. Plaintiffs filed a consolidated reply in support of their motion for summary judgment. ECF No. 90. And the California Attorney General and the Federal Defendants filed their replies in support of their cross-motions for summary judgment. ECF Nos. 91 and 92.

**ARGUMENT**

I. **BRUEN ALTERED THE LEGAL STANDARD FOR ANALYZING SECOND AMENDMENT CLAIMS**

In *Bruen*, petitioners challenged the constitutionality of a New York law requiring that individuals show "proper cause" to obtain a license to carry a firearm in public. *Bruen*, 142 S. Ct. at 2123. The petitioners claimed that the law violated their Second and Fourteenth Amendment rights. *Id*. at 2125. Before turning to the merits, the Supreme Court recognized that most federal courts of appeals had "coalesced around a 'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny." *Id*. The Court "decline[d] to adopt" that "'two-step' framework" and explained that its earlier decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), "d[id] not support applying means-end scrutiny in the Second Amendment context."

2

Def. Cal. Att'y Gen.'s Suppl. Br. (1:19-cv-00270)

142 S. Ct. at 2126-2127.  It then announced a new standard for analyzing Second Amendment claims "centered on constitutional text and history."  *Id.* at 2128-2129.

Under this new approach, courts must initially assess whether the "Second Amendment's plain text covers" the regulated conduct.  *Id.* at 2129.  If the answer is no, there is no violation of the Second Amendment.  If the answer is yes, the government can still justify its regulation—and overcome a constitutional challenge—not by showing that the law overcomes intermediate scrutiny but by showing that the challenged law is "consistent with the Nation's historical tradition of firearm regulation."  *Id.* at 2130.

For some cases, *Bruen* provides that this historical inquiry will be "fairly straightforward," such as when a challenged law addresses a "general societal problem that has persisted since the 18th century."  *Id*. at 2131.  But in others—particularly those where the challenged laws address "unprecedented societal concerns or dramatic technological changes"—this historical analysis requires a "more nuanced approach."  *Id.* at 2132.

While *Bruen* announced a new approach for analyzing Second Amendment claims, it also made clear that the Second Amendment is not a "regulatory straightjacket."  *Id.* at 2133.  Nor is it a right to "keep and carry any weapon whatsoever in any manner whatsoever and for whatever purposes."  *Id.* at 2128 (quoting *Heller*, 554 U.S. at 626).  And Justice Kavanaugh—joined by Chief Justice Roberts—wrote separately to underscore the "limits of the Court's decision."  *Id.* at 2161 (Kavanaugh, J., concurring).  Justice Kavanaugh reiterated *Heller*'s observation that "the Second Amendment allows a 'variety' of gun regulations."  *Id.* at 2162 (quoting *Heller*, 554 U.S. at 636).  And he emphasized that the "presumptively lawful measures" identified in *Heller*— including "longstanding prohibitions on the possession of firearms by felons and the mentally ill"—remained constitutional, and that this was not an "exhaustive" list.  *Id.* at 2162 (quoting *Heller*, 554 U.S. at 626-627, 627 n.26).[2]

---

[2] *See also Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun.  Nor does it decide anything about the kinds of weapons that people may possess.  Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns").

3

Def. Cal. Att'y Gen.'s Suppl. Br. (1:19-cv-00270)

## II. *BRUEN* DOES NOT IMPACT PLAINTIFFS' CLAIMS AGAINST THE CALIFORNIA ATTORNEY GENERAL

### A. Plaintiffs' Belated Challenge to California Welfare and Institutions Code Section 5256.6 Does Not Implicate the Second Amendment

As explained in the California Attorney General's Opposition to Plaintiffs' Summary Judgment and Cross-Motion for Summary Judgment (AG's MSJ), Plaintiffs, for the first time in their summary judgment motion, improperly raised a challenge to the constitutionality of a California statute—California Welfare and Institutions Code section 5256.6, a statute that relates to the process for certifying a patient for involuntary treatment at a mental health facility. ECF No. 81 at pp. 11-12; *see also* Cal. Att'y Gen.'s Reply (AG's Reply), ECF No. 91 at p. 2. This impropriety aside, Plaintiffs' summary judgment motion only argues that the statute violates the due process clause, and it makes no argument that it violates the Second Amendment.[3] Pls.' Mot. for Summ J. (Pls.' MSJ), ECF No. 63 at p. 7.

Without a Second Amendment challenge to California's statute, the framework for analyzing Second Amendment claims announced in *Bruen* does not apply to Plaintiffs' claims against the California Attorney General. Moreover, for the reasons stated in the AG's MSJ and the AG's Reply, the Court should reject Plaintiffs' challenge to California's statute because it was improperly raised for the first time in a summary judgment motion, it is barred by sovereign immunity, Plaintiffs lack standing to raise the claim, and Plaintiffs fail to provide any legal basis supporting the claim. ECF No. 81 at pp. 11-20; ECF No. 91 at pp. 2-7.

### B. Nor Do Plaintiffs Present Any Argument That the California Attorney General Has Violated the Second Amendment

Although the FAC generally refers to violations of the Second Amendment (*see* ECF No. 36 at ¶¶ 45-50), it does not specify the role of the California Attorney General or any California statute in those alleged violations. This lack of clarity was raised in the AG's MSJ, and Plaintiffs'

---

[3] Even if it did, *Bruen* would have no effect on the application of California law regarding involuntary mental health treatment and firearms prohibition. *See Pervez v. Becerra*, Case No. 2:18-cv-02793-KJM-KJN, 2022 WL 2306962, *2 and n.2 (E.D. Cal. June 27, 2022) (stating that the *Bruen* decision "does not affect the application of California law" barring a person "certified under section 5250 from owning or possessing a firearm") (citing *Breun*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring)).

4

Def. Cal. Att'y Gen.'s Suppl. Br. (1:19-cv-00270)

failed to provide any explanation or even respond to this argument. *See* Pls.' Opp. to Defendants' Motions for Summ. J., ECF No. 90 at pp. 7-8. The only Second Amendment violation raised in Plaintiffs' summary judgment motion focuses on federal law. ECF No. 63 at pp. 21-22. In fact, Plaintiffs admit that the only law prohibiting them from possessing a firearm is federal law—18 U.S.C. § 922(g)(4). *See* Pls.' SUF Nos. 1, 7, 11, 15, 20, 27, and 31. Accordingly, *Bruen*'s Second Amendment framework only applies to Plaintiffs' challenge of federal law.

The only other cause of action in the FAC raised against the California Attorney General is a violation of 18 U.S.C. § 925A. ECF No. 36 at ¶¶ 60-62. This appears to be based on the assertion that the 5250 hold for one of the plaintiffs was erroneously reported and should be corrected by the California Attorney General. *See id.* at ¶ 61. Even if this were possible (it is not as explained in the AG's MSJ, ECF No. 81 at pp. 21-22), there is no Second Amendment claim related to this cause of action.

In sum, Plaintiffs simply fail to present any Second Amendment argument or claim against the California Attorney General, and thus *Bruen* does not apply to any of the summary judgment arguments related to Plaintiffs' claims against the California Attorney General.

### III. *BRUEN* PERMITS FIREARMS REGULATIONS THAT KEEP FIREARMS OUT OF THE HANDS OF PERSONS WITH AN INCREASED RISK OF VIOLENCE

As noted earlier, Plaintiffs' Second Amendment challenge is limited to a federal statute and the application of that statute by the federal government to prohibit Plaintiffs from possessing a firearm. As such, the California Attorney General defers to the Federal Defendants in opposing Plaintiffs' Second Amendment claims. Nevertheless, the California Attorney General provides the following brief analysis with respect to *Bruen*'s impact on laws prohibiting individuals from possessing a firearm because they were involuntarily committed for mental health treatment.

Under the *Bruen* framework, the party challenging a restriction under the Second Amendment must first demonstrate that the law regulates conduct protected by the "plain text" of the Second Amendment. *See Bruen*, 142 S. Ct. at 2134. Plaintiffs have not done so in this case. The Amendment's operative clause is "the right of the people to keep and bear Arms . . . ." *Id.* Thus, the "plain text" analysis must consider whether the plaintiffs are "part of 'the people'

5

Def. Cal. Att'y Gen.'s Suppl. Br. (1:19-cv-00270)

whom the Second Amendment protects." *Id*. Here, those who have involuntarily received mental health treatment are not "*ordinary*, law-abiding, adult citizens." *See id*. (emphasis added). In fact, the Ninth Circuit has concluded that "[r]egardless of present-day peaceableness, a person who required formal intervention and involuntary commitment by the State because of the person's dangerousness is not a 'law-abiding, responsible citizen.'" *Mai v. United States*, 952 F.3d 1106, 1115 (9th Cir. 2020). They pose an increased risk of violence and are more likely to commit suicide compared to ordinary citizens who have not been committed involuntarily. *Id*. at 1118, 1121; *see also Binderup v. Attorney General*, 836 F.3d 336, 368 (3d Cir. 2016) (Hardiman, J., concurring in part) ("Debates from the Pennsylvania, Massachusetts and New Hampshire ratifying conventions, which were considered 'highly influential' by the Supreme Court in *Heller* . . . confirm that the common law right to keep and bear arms did not extend to those who were likely to commit violent offenses") (citation omitted). Thus, individuals who received involuntary mental health treatment are not part of "the people" covered by the "plain text' of the Second Amendment, which means there is no violation of the Second Amendment and the analysis ends.

Even if those who were committed involuntarily were considered part of "the people" covered by the Second Amendment (they are not), the government could still justify its regulation by showing that the law is "consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2126. As noted in Justice Kavanagh's concurring opinion in *Bruen*, there have been "longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (quoting *Heller*, 554 U.S. at 626–27 & n.26 and *McDonald*, 561 U.S. at 786). Indeed, the Ninth Circuit has recognized that "the historical evidence supports the view that society did not entrust the mentally ill with the responsibility of bearing arms."[4] *Mai*, 952 F.3d at 1114 (citing *Beers v. Attorney General*, 927

---

[4] To the extent that Plaintiffs claim that they no longer suffer from mental health disabilities (*see* Pls.' SUF Nos. 5, 10, 14, 19, 25, 29), the Third Circuit addressed a similar argument regarding the alleged rehabilitation of a criminal offender and stated that "in the Second Amendment context . . . the Judicial Branch is not 'institutionally equipped' to conduct 'a neutral, wide-ranging investigation' into post-conviction assertions of rehabilitation or to predict whether particular offenders are likely to commit violent crimes in the future." *Binderup*, 836 F.3d at 350

6

Def. Cal. Att'y Gen.'s Suppl. Br. (1:19-cv-00270)

F.3d 150, 152 (3d Cir. 2019), *vacated as moot*, 140 S. Ct. 2758 (2020), and noting that the opinion in *Beers* summarizes the historical evidence).  This Court has also stated that "[b]ased on the presumptive constitutionality of § 922(g)(4) due to the historical evidence supporting laws barring the mentally ill from owning firearms, the undersigned strongly believes that § 922(g)(4) would be upheld by the Supreme Court, regardless of any new, as of yet undefined and unapplied, interpretation methods developed in light of the decision in *Bruen*." *Clifton v. U.S. Dep't. of Justice*, Case No. 1:21-cv-00089-DAD-EPG, 2022 WL 2791355, *13 (E.D. Cal. July 15, 2022). Accordingly, courts have recognized that the historical evidence strongly supports prohibiting possession of firearms by individuals who were involuntarily committed to a mental health facility and such a prohibition is consistent with the historical tradition of firearm regulation in this country.

## CONCLUSION

Plaintiffs' summary judgment motion and response to the California Attorney General's cross-motion for summary judgment do not raise or present any arguments regarding a Second Amendment violation by the California Attorney General or as a result of any California statute. Thus, *Bruen* has no impact on the summary judgment arguments as they relate to Plaintiffs' claims against the California Attorney General.  Even if it did, prohibiting individuals who have been involuntarily committed to a mental health facility from possessing a firearm does not violate the Second Amendment.

Dated: September 8, 2022                                    Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/s Jerry T. Yen*

JERRY T. YEN
Deputy Attorney General
*Attorneys for Defendant California Attorney General Rob Bonta*

---

(citing *United States v. Bean*, 537 U.S. 71, 77 (2002)).  The same logic applies to those who were involuntarily committed for mental health treatment.

7

Def. Cal. Att'y Gen.'s Suppl. Br. (1:19-cv-00270)

# CERTIFICATE OF SERVICE

Case Name:  **Jane Roe #1, et al. v. United States of America, et al.**     No.  **1:19-cv-00270**

I hereby certify that on <u>September 8, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**SUPPLEMENTAL BRIEF IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT OF DEFENDANT CALIFORNIA ATTORNEY GENERAL AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 8, 2022</u>, at Sacramento, California.

|  |  |
|---|---|
| C. McCartney | /s/ *C. McCartney* |
| Declarant | Signature |

SA2019101161
36535479.docx