Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Jessica L. Danielski [SBN: 308940]
Email: j.danielski@yahoo.com
LAW OFFICES OF DONALD KILMER, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice:  (408) 264-8489

Jason Davis [SBN: 224250]
Email: jason@calgunlawyers.com
THE DAVIS LAW FIRM
42690 Rio Nedo, Suite F
Temecula, California 92590
Voice: (949) 436-4867
Fax:    (888) 624-4867

Attorneys for Plaintiffs
JANE ROE #1, et al.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE #1; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION; BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; MERRICK GARLAND (U.S. Attorney General), | Case No.: 1:19-CV-270-DAD-BAM <br><br> PLAINTIFFS' SUPPLEMENTAL BRIEF ADDRESSING NEW AUTHORITY RE: *N.Y. Rifle & Pistol Ass'n v. Bruen*, __U.S.__, 142 S. Ct. 2111 (June 23, 2022) <br><br> Cross-Motions for Summary Judgment Pending <br><br> Motion to Amend Pending |

Donald Kilmer
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

1

Plaintiffs' SUPPLEMENTAL BRIEF - *Bruen*                                                          Jane Roe #1, et al., v. United States, et al.

| | |
|---|---|
| CHRISTOPHER A. WRAY (Director, Federal Bureau of Investigation); REGINA LOMBARDO (Acting Deputy Director, Bureau of Alcohol, Tobacco, Firearms and Explosives); ROB BONTA (California Attorney General), DOES 1 TO 100.<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# INTRODUCTION

June 23, 2022, the U.S. Supreme Court issued its opinion in *N.Y. State Rifle & Pistol Ass'n v. Bruen,* __U.S.__, 142 S.Ct. 2111 (2022).

In one respect the decision itself did not purport to alter the Second Amendment jurisprudential landscape; primarily because *Bruen* articulated the principles of adjudication the Supreme Court had already set out in *District of Columbia v. Heller,* 554 U.S. 570 (2008), and *McDonald v. City of Chicago,* 561 U.S. 742 (2010). *Bruen* at 2126.

The Court's justification for issuing what can be viewed as a remedial (6-3) decision can be traced to the lower federal courts and some state courts ignoring, or in some cases defying, the mode of analysis announced in *Heller* and *McDonald. Bruen* at 2126 et. seq.

In point of fact, this circuit was among the most egregious of the lower courts requiring remediation.  In *Duncan v. Bonta,* 19 F.4th 1087 (9th Cir. 2021)(en banc), *vacated, remanded, at Duncan v. Bonta,* __U.S.__, 142 S. Ct. 2895 (2022), Judge VanDyke observed in his dissent that Second Amendment challenges in this circuit (to use a sports analogy) have 0 wins and 50 losses. *Id., at* fn 8., 1167. He found this to be evidence of something more unusual than bad luck.

To be sure, some of those "losses" occurred prior to *Heller* (2008) and *McDonald* (2010). But between *McDonald* and *Bruen,* this circuit

2

Plaintiffs' SUPPLEMENTAL BRIEF - *Bruen*                                      Jane Roe #1, et al., v. United States, et al.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

has been chastised in certiorari denials at least three times by the principal author of *Bruen. See: Silvester v. Becerra,* __U.S.__, 138 S. Ct. 3020 (2018), *Peruta v. California,* __U.S.__, 137 S. Ct. 1995 (2017), and *Jackson v. City & Cnty. of San Francisco,* 576 U.S. 1013 (2015).

The *Bruen* Court expressly rejected the two-step approach to Second Amendment claims first announced in this circuit in *United States v. Chovan,* 735 F.3d 1127 (9th Cir. 2013), *pet. cert. denied at Chovan v. United States,* 574 U.S. 878 (2014). That two-part test was carried forward in *Mai v. United States,* 952 F.3d 1106 (9th Cir. 2020), *en banc review denied at* 974 F.3d 1082 (9th Cir. 2020), *cert. denied at* 2021 U.S. Lexis 2191 (2021). *Mai* was a case similar to this one addressing the intersection of mental health and Second Amendment rights.

*Mai* is now no longer good law.

Whatever the cause of the dynamism in Second Amendment jurisprudence in this circuit, this Court, as it takes up the issues in this case, now cabined by the mode of analysis in *Bruen,* must take care to ensure that the Second Amendment rights asserted by Plaintiffs herein are not treated as ""a second-class right, subject to an entirely different body of rules than the other *Bill of Rights* guarantees." *McDonald, 561 U. S., at 780* (plurality opinion)." *Bruen at* 2156.

The constitutional mandate for a minimal, and attainable level of due process, to achieve a uniform recognition of Second Amendment rights in all 50-states, is what lies at the heart of this lawsuit.

That approach animated the Supreme Court's analysis in *Bruen* – which is why -- even if *Bruen* only (or merely) reiterated the legal analysis from *Heller/McDonald,* it so impactful to the facts of this case.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

3

Plaintiffs' SUPPLEMENTAL BRIEF - *Bruen*                    *Jane Roe #1, et al., v. United States, et al.*

## (RE)STATEMENT OF FACTS

The individual circumstances of each Plaintiffs' claims are cataloged in the Plaintiffs' Statement of Undisputed Facts (PSUF) items 1 through 31. (Document 64).

All of the Plaintiffs in this action are presently suffering from a disqualifying mental health determination that has suspended their right to keep and bear arms under 18 U.S.C. § 922(g)(4)(adjudicated mental health hold). [PSUF – Doc. 64, Stmt: 1]

The circumstances of each plaintiff include, but are not limited to variables like: an out-of-state mental-health hold when the plaintiff was a minor, and for which no records of the adjudication exists (Jane Roe #1); to plaintiffs with California disabilities that were restored by court order under California law (Welfare and Institutions Code (WIC) § 8103) that the federal government refuses to recognize (John Doe #1 & #2); to a California mental health "hearing" that lacked indicia of fundamental fairness (John Doe #3); to a restoration of rights by operation of law under California statutes (the passage of time, WIC § 8103) that the federal government refuses to recognize. (John Doe #4 & #5).

None of the Plaintiffs currently suffer from any disqualifying mental health diagnosis. [PSUF – Doc. 64, Stmts. 5 (Roe #1), 10 (Doe #1), 14 (Doe #2), 19 (Doe #3), 25 (Doe #4), 29 (Doe #5)] Yet none of them can pass the background check to purchase a firearm, invariably being denied by the federal government's standards that are articulated by the regulations implementing 18 U.S.C. § 922(g)(4). Both state and federal background checks are administered by California as a point of contact state. [PSUF – Doc. 64, Stmts. 45-48]

Both Defendants claim to be blameless.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

4

Plaintiffs' SUPPLEMENTAL BRIEF - *Bruen*    *Jane Roe #1, et al., v. United States, et al.*

California throws up its hands under the excuse that it has a restoration process under its laws, that the federal government refuses to recognize, and that under California law plaintiffs can have guns.

Yet California refuses to file a cross-complaint against the federal defendants to uphold their state's policies and protect the rights of their residents. This is part of the reason plaintiffs, upon discovering this fact, sought to assert their own rights to defend California's restoration procedure by amending their complaint to include a Tenth Amendment claim.  That claim was dismissed by the court (Doc. 74), but might be viable again after *Bruen.*[1]

The federal government objects to liability by citing the NICS Improvement Act of 2007 (Public Law 110-180, 121 STAT. 2559, codified at 34 U.S.C. § 40901-40941) and pointing out that California has refused to participate in the process of amending its state laws to bring its restoration process in line with federal standards. E.g., As of the date the Motion for Summary Judgment was filed, the ATF has approved the following states programs for relief (i.e., restoration of rights) from 18 U.S.C. § 922(d)(4) and § 922(g)(4) under the NICS Improvement Act of 2007: Nevada, New York, Oregon, Florida, Idaho, Illinois, New Jersey, Texas, Wisconsin, Arizona, Iowa, Kansas, Kentucky, North Dakota, Virginia, Indiana, Nebraska, Missouri, West Virginia, Alabama, Delaware, Louisiana, Maryland, Alaska, Hawaii, South Carolina, Utah, Oklahoma, Tennessee, Massachusetts, New Mexico, North Carolina, Pennsylvania, and Colorado. [PSUF – Doc. 64, Stmts. 49-65]

In other words, California remains an outlier.

---

[1] Or it might be subsumed under the other surviving claims.

5

Plaintiffs' SUPPLEMENTAL BRIEF - *Bruen*                    Jane Roe #1, et al., v. United States, et al.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

When this case was first filed, plaintiffs' theory of liability was that the federal agency's refusal to approve California's restoration procedure made the United States government the main culprit. Plaintiffs theory was similar the one that was articulated in *Mai v. United States,* 952 F.3d 1106 (9th Cir. 2020), which was handed down after this case was filed. Upon discovering that California inquired about reforming its laws under the NICS Improvement Act, but then refused to follow through, Plaintiffs were forced to rethink their their and now believe that California is principally liable for the harm to their constitutional rights. [PSUF – Doc. 64, Stmts. 49-54]

When it was further discovered that California's laws for initially adjudicating mental health holds, with an evidentiary burden of the lowly and constitutionally inadequate "probable cause" standard (WIC § 5256.6), Plaintiffs now contend that California is the dominant actor violating their constitutional rights.

## ISSUES PRESENTED

The legal conundrums (broadly there are two) presented by the facts of this case can be stated as follows:

1. What are the minimal, uniform processes that are due when the government seeks to suspend an otherwise law-abiding citizen's Second Amendment rights, based on an allegation of mental illness? [i.e., What are the notice requirements, evidentiary standards, legal capacity, quality of evidence, right to counsel, and right of appeal -- when the government seeks to disqualify a citizen from exercising fundamental rights, like voting, holding public office, jury duty, and the right to keep and bear arms?]

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

6

Plaintiffs' SUPPLEMENTAL BRIEF - *Bruen*         Jane Roe #1, et al., v. United States, et al.

2. What is the minimal, uniform process that is due, when an otherwise law-abiding citizen seeks to restore their Second Amendment rights, after a disqualifying mental health hold, assuming that they were lawfully disqualified under a constitutionally valid process in the first place?

In the vernacular: What are the rules that can put you on a list that disqualifies you from exercising Second Amendment rights; and what are rules to get you off the list? And do those rules comply with the Due Process clauses of the Fifth and Fourteenth Amendments?

## ARGUMENT

In noting that the Second Amendment rights are not second-class rights, the *Bruen* Court provided additional guidance. "We know of no other constitutional right that an individual may exercise only after demonstrating to government officers some special need. That is not how the First Amendment works when it comes to unpopular speech or the free exercise of religion. It is not how the Sixth Amendment works when it comes to a defendant's right to confront the witnesses against him. And it is not how the Second Amendment works […]" *Bruen at* 2156. (emphasis added)

In other words, the Court is directing lower courts to look to other bodies of law to afford Second Amendment rights the same kind of judicial deference – indeed judicial protection – that other fundamental rights are accorded. The *Bruen* Court paired that with instructions that lower courts must also keep in mind, that while states may take different approaches to regulating the Second Amendment, they must afford meaningful access to the right, and that complete bans on Second Amendment activities are presumptively unconstitutional. *Id., at* 2126.

Donald Kilmer
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

7

Plaintiffs' SUPPLEMENTAL BRIEF - *Bruen*          *Jane Roe #1, et al., v. United States, et al.*

This *Bruen*-approach presents the following burdens and problems for the defendants:

A. If California's evidentiary standard is constitutionally inadequate for suspending someone's Second Amendment rights (and it is) because it purports to require mere "probable cause" (WIC § 5256.6) to place someone on a federally disqualifying mental health hold, then every mental health disqualification made under California law is now constitutionally void. *Addington v. Texas*, 441 U.S. 418 (1979)(Deprivation of a liberty interest cannot be sustained without a showing of at least "clear and convincing evidence.")

B. Also, arguably, California's deficient evidentiary standard should make the federal government's ratification of those "adjudicated" mental health holds void, and the U.S. Government should be ordered to purge its NICS records of any and all California mental health holds because they violate the due process rights of the plaintiffs and people like the plantiffs.

C. This Court could make a finding that California's restoration process (WIC § 8103), while not using the exact same language as the NICS Improvement Act of 2007, is substantially (and more importantly constitutionally) similar, such that anyone qualifying for restoration under California law (including the passage of time) also has their rights restored under federal law. This was the approach struck down by the Ninth Circuit in the now severely undermined decision in *Mai v. United States,* 952 F.3d 1106 (9th Cir. 2020).

D. This Court could either: (1) order the California Legislature to amend its statutes to comply with the NICS Improvement Act

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

of 2007, like many of the other states approved by the Bureau of Alcohol, Tabaco, Firearms and Explosives [PSUF: 49-65], or (2) order the California Department of Justice to promulgate regulations that will bring California's restoration procedures within the ambit of the NICS Improvement Act of 2007.

E. Furthermore, the Court should also rule on the situs of any restoration procedure, finding that someone who has had a mental health determination made in one state, can have their rights restored under the NICS Improvement Act of 2007 in another state, or their current state of residence. (See Jane Roe's circumstances.)

But what this Court cannot do, is permit the continued bureaucratic indifference of the federal government and the State of California to deprive the plaintiffs of their fundamental rights.

## CONCLUSION

The mental health determinations made against the plaintiffs in this case (whether valid or not) are several decades old. The idea that they all remain mentally diseased or incapacitated is absurd. At a minimum, the government – federal or state – must bear the burden of making a showing that they remain disqualified from exercising a fundamental right.

This Court should grant the relief requested by the plaintiffs and compel the federal and state government to clear them for exercising their right to keep and bear arms under the Second Amendment to the United States Constitution.

Respectfully Submitted on September 8, 2022,

*/s/ Donald Kilmer*

Attorney for Plaintiffs

Donald Kilmer
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

9

Plaintiffs' SUPPLEMENTAL BRIEF - *Bruen*               *Jane Roe #1, et al., v. United States, et al.*

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2022, I electronically filed the foregoing with the United States District Court for the Eastern District of California by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Date: September 8, 2022

*/s/ Donald Kilmer*

Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

10

Plaintiffs' SUPPLEMENTAL BRIEF - *Bruen*                    *Jane Roe #1, et al., v. United States, et al.*