Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Jessica L. Danielski [SBN: 308940]
Email: j.danielski@yahoo.com
LAW OFFICES OF DONALD KILMER, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice: (408) 264-8489

Jason Davis [SBN: 224250]
Email: jason@calgunlawyers.com
THE DAVIS LAW FIRM
42690 Rio Nedo, Suite F
Temecula, California 92590
Voice: (949) 436-4867

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Roe #1; John Doe #1; John Doe #2; John Doe #3; John Doe #4; John Doe #5; And Second Amendment Foundation, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> United States of America; U.S. Dept. of Justice; Federal Bureau Of Investigation; Bureau Of Alcohol, Tobacco, Firearms And Explosives; Merrick Garland (U.S. Attorney General), Christopher A. Wray (Director, FBI); Steven M. Dettelbach (Director, BATFE); Rob Bonta (California Attorney General), Does 1 To 100. <br><br> Defendants. | Case No.: 1:19-CV-270-DAD-BAM <br><br> PLAINTIFFS' SUPPLEMENTAL BRIEF Re: *Stokes v. U.S. Dept. Justice, et al.,* 551 F. Supp. 3d 993 (N.D. Cal. 2021). <br><br> Cross-Motions for Summary Judgment Pending <br><br> Motion to Amend Pending |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Pursuant to the Court's Minute Order (ECF Doc. 112) filed on February 15, 2023, Plaintiffs hereby submit this supplemental brief on whether the reasoning in *Stokes v. U.S. Department of Justice,* 551 F. Supp. 3d 993 (N.D. Cal. 2021) should control the outcome of this case. Short answer: Yes.[1]

### Statement of the Case

On August 10, 2021 (prior to this case being reassigned[2]) Plaintiffs filed a Notice of Supplemental Authority (ECF Doc. 97) attaching a copy of the Order on Cross-Motions for Summary Judgment (filed July 30, 2021) in *Stokes v. United States Department of Justice, the Attorney General of California, et al.,* Case No.: Civ 19-04613 WHA. That case was filed in the Northern District of California in August of 2019 and alleged many of the same claims as the Complaint filed in this case in the Eastern District of California on February 24, 2019. (ECF Doc. 1)

Plaintiffs' noted that the *Stokes* Court had granted Mr. Stoke's motion and denied the governments' motions, finding that California's mental health commitment procedures under Welfare and Institutions Code (WIC) § 5250 were constitutionally flawed and that the failure of either set of defendants to provide relief (i.e., clearance for a firearm purchase background check) violated Mr. Stokes's constitutional rights. Judgment was entered for Mr. Stokes but stayed pending any anticipated appeals. No appeal was filed, an order lifting the stay was filed on October 8, 2021.

Briefing on cross-motions for summary judgment in this case was completed in late summer of 2021. Supplemental briefs by all parties addressing the Supreme Court's decision in *N.Y. State Rifle & Pistol Assn., v. Bruen,* 142 S. Ct. 2111 (2022) were filed in September of 2022.

---

[1] *See also: Clifton v. United States*, DOJ, 2022 U.S. Dist. LEXIS 125486, 2022 WL 2791355

[2] The parties were notified several times that the docket of the Eastern District was severally overcrowded. However the parties could never reach an agreement for alternative dispute resolution or assignment of the case to a magistrate judge.

Donald Kilmer
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Supplemental Brief – *Stokes*   2   *Roe v. United States*

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

This case never started out as a challenge to the government's interest in restricting persons who suffer from mental illness -- such that they would be a danger to themselves or others -- from having access to firearms. *See* Plaintiffs' Motion for Summary Judgment, 1:3-11, ECF No. 63. The mental health disqualification to exercise Second Amendment rights is addressed in *District of Columbia v. Heller,* 554 U.S. 570, 636 (2008), *and reaffirmed in McDonald v. Chicago,* 561 U.S. 742, 786 (2010), and *Bruen, Id. at* 2162.

The issues in this case stem from the dual sovereignty over the qualifications to exercise Second Amendment rights as they exist at the intersection of mental health law. Both sovereigns criminalize possession of firearms and deny a background check to purchase a firearm for any person with a qualifying mental health determination. *See generally* 18 U.S.C. § 922(g)(4), and WIC §§ 8100, 8101. Both sovereigns also have laws to restore rights after a qualifying mental health event. *See generally* NICS Improvement Act of 2007 (34 U.S.C. §§ 40901-40941) and WIC § 8103 et seq. Both federal and state law even have substantially similar processes for a court hearing and statutory language to guide a court in restoring the "right to keep and bear arms."

Both sovereigns have stubbornly refused to give any effect to their statutory (and constitutional) duties and amend or interpret their own policies, or the policies of the other sovereign, to implement the restoration of rights processes that both federal and state law contemplate and require. Each one points at the other with feigned innocence claiming the other is to blame, while Plaintiffs' fundamental rights languish in a *Kafkaesque* purgatory.

The federal government refuses to give effect to California's restoration process, even though California's process substantially mirrors federal guidelines. California refuses to make trivial changes to its laws to conform to federal law, even though it has had five years since this case was filed to make those statutory

changes. (Notwithstanding the irony of the California legislature's prolific firearm legislation during the past half decade.[3])

As a backstop to securing the restoration process contemplated by federal and state law, but rendered wholly dysfunctional by both sovereigns, Plaintiffs also pleaded claims that their initial mental health disqualification processes were flawed *ab initio.* Those flaws were predicated on various theories that the "hearings" Plaintiffs were subjected to lacked indicia of fundamental fairness; and therefore violated constitutionally mandated due process standards where fundamental rights are in jeopardy. *See* First Amended Complaint (Doc. 36, Third & Fourth Causes of Action.)

Plaintiffs did not anticipate Defendants engaging in a game of chicken with the Second Amendment. Rather than embrace a public safety option that restores rights on an individualized basis, after a court hearing, both sovereigns are practically daring this Court to declare the whole of California's WIC §§ 5250, and 8100 et seq., unconstitutional. Defendants are willing to risk the real world consequence of invalidating all mental health disqualifications under California law, even existing meritorious ones, rather than fix this bureaucratic briar patch.

## Statement of Facts

In addition to the deficiencies in California's WIC §§ 5250, 8100 et seq., cited in *Stokes,* Plaintiffs in this matter plead specific facts relevant to their individual circumstances. Plaintiffs' Statement of Undisputed Facts (PSUF) is ECF Doc. 64.

All of the plaintiffs are being denied the right to own, possess, and acquire firearms due to "adjudicated" mental health holds. [PSUF 1] None of the plaintiffs currently suffer from any disqualifying mental health diagnosis. [PSUF 5, 10, 14,

---

[3] A keyword search of "firearms" from the legislative session 2019-2020 yielded 184 bills. For the 2021-2022 legislative session, the same search yielded 176 bills. The 2023-2024 session already has 94 bills addressing firearms in some way, shape or form. https://leginfo.legislature.ca.gov/faces/billSearchClient.xhtml (last accessed March 15, 2023)

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

19, 25, 29] All Plaintiffs, except Jane Roe 1, were subjected to an "adjudicated" mental health holds pursuant to California WIC § 5250 more than ten years ago. John Doe 1 in 2011 [PSUF 8]. Doe 2 in 2015. [PSUF 12] Doe 3 in 2012. [PSUF 16] Doe 4 in 1996. [PSUF 21] Doe 5 in 2007. [PSUF 28] Jane Roe 1 was placed on a mental health hold in New Jersey in 1988 or 1989. [PSUF 2] Jane Roe 1 and John Doe 5 were minors at the time of their "adjudicated" mental health holds and neither of them was appointed a guardian ad litum. [PSUF 2, 28, 29]

Nor were Jane Roe 1, John Doe 3, Doe 4, and Doe 5 appointed lawyers during their "hearings." Doe 3 specifically requested appointment of counsel during his hearing. [PSUF 2, 17, 22, 29] Doe 3 specifically remembers being under the influence of psychotropic drugs (administered by the hospital) that impaired his judgment and perception during his "hearing." [PSUF 17]

John Doe 3, and Doe 4 were not appointed conservators during their "hearings." [PSUF 17, 22] Doe 3 and Doe 4 were not advised of their right to appeal their hearing to a Superior Court. [PSUF 17, 22] Doe 4 and Doe 5 were not advised that their hearing could result in a lifetime prohibition on firearm rights. [PSUF 22, 29] Finally, the evidentiary burden for an "adjudicated hold" under WIC § 5250 -- is ***mere probable cause***. WIC § 5256.6.

## Argument

The Second Amendment is a fundamental right. *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010). It can be suspended, if someone is competently (legally and medically) found to be mentally ill and thus a danger to themselves or others. *Heller, at* 626-27. Some Circuit Courts have already weighed in with how this right can (must) be restored once suspended and the process that is due. *See Tyler v. Hillsdale County Sheriff's Dept.*, 837 F.3d 678 (6th Cir. 2016)(en banc).

The Ninth Circuit's decision in *Mai v. United States*, 952 F.3d 1106 (9th Cir. 2020), *reh'g denied at,* 974 F.3d 1082, with its two-step approach, has been

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

abrogated by *Bruen. Id. at* 2127. In fact, the dissent in *Mai* may actually have the better constitutional analysis given *Bruen*. *See Mai at* 974 F.3d 1082, 1097 (dissent from denial of reh'g en banc.). Temporally, the *Stokes* decision (2021) sits in the sweet spot between *Mai* (2020) and *Bruen* (2022). Consequentially, the *Stokes* Court got the law right even without applying the *Bruen* analysis.

The Second Amendment, ratified in 1791, is a fundamental right that is fully protected by both due process clauses' concepts of ordered liberty, deeply rooted in this Nation's history and tradition. This is settled law. *McDonald*, *Id.* This necessarily means that the processes due under the Fifth Amendment (applicable to the federal government) and the Fourteenth Amendment (applicable to state actors) requires the strictest scrutiny of the indicia of fundamental fairness for any "hearing" processes that deprives someone of their liberty interests, including their liberty interest in a "right to keep and bear arms."

California's statutory scheme for the initial commitment hearing violates due process and principles of fundamental fairness: (a) by using a constitutionally deficient burden of proof (probable cause), (b) by failing to provide attorneys, (c) by failing to provide for the appointment of a guardian ad litem or conservator[4], (d) by conducting hearings when patients are impaired, and (e) by failing to provide adequate notice of collateral consequences (loss of Second Amendment rights) and notice of appellate rights. *See generally Goldberg v. Kelly, 397 U.S. 254 (1970)*, and the line of cases defining procedural due process rights under the Fifth and Fourteenth Amendments.

The *Stokes* decision relied a great deal on the reasoning in *United States v. Rehlander,* 666 F.3d 45 (1st Cir. 2012) for the proposition that mental health

---

[4] This is not controversial. The whole point of a WIC § 5250 hearing is to determine the mental and legal competence of the patient. *See e.g.,* Fed. R. Civ. Proc. 17(c)(2). (A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.)

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

commitment hearings are subject to a heightened standard of review. *Rehlander* itself cites *Addington v. Texas*, 441 U.S. 418 (1979). *Rehlander at* 48. *Addington* has already been cited in Plaintiffs' briefs for the proposition that civil commitment hearings must employ a "clear and convincing" evidentiary standard, rather than the mere "probable cause" standard set forth in WIC § 5256.6.

The scrutiny of procedural due process rights must examine the nature of the process due against and the severity of deprivation of the fundamental rights at stake. *Matthews v. Eldridge*, 424 U.S. 319 (1976). This table shows how each plaintiff was deprived of at least one of the *Stokes* factors. *Id. at* 1004-1005.

| | Roe 1 | Doe 1 | Doe 2 | Doe 3 | Doe 4 | Doe 5 |
|---|---|---|---|---|---|---|
| Lack of Robust Judicial Involvement under *Stokes,* and *Rehlander* | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
|    a. Minor at time of hold, not appointed guardian ad litem. | ✓ | | | | | ✓ |
|    b. Not appointed lawyers at time of hold. | ✓ | | | ✓ | ✓ | ✓ |
|    c. Under influence of hospital administered psychotropic drugs at time of hold. | | | | ✓ | | |
|    d. Not appointed conservator at time of hold. | | | | ✓ | ✓ | |
|    e. Not advised of right to appeal at time of hold. | | | | ✓ | ✓ | |
|    f. Not advised of loss of 2nd Am. rights at time of hold. | | | | ✓ | ✓ | |
|    g. Evidentiary standard used for hold was "probable cause." | | ✓ | ✓ | ✓ | ✓ | ✓ |
| No finding of mental illness **and** dangerousness under WIC § 5250 pursuant to *Stokes at* 1005. | uk | ✓ | ✓ | ✓ | ✓ | ✓ |
| Patient's willingness to accept voluntary treatment per *Stokes, Id.* | No facts in the current record. | | | | | |
| Successful restoration under CA law, but restoration nullified by federal law. | | ✓ | ✓ | | ✓ | |

Donald Kilmer
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Supplemental Brief – *Stokes*   7   *Roe v. United States*

As noted above, it appears the Defendants are practically daring this Court to invalidate the entire statutory scheme under WIC § 5250 et seq., just because both sovereigns continue to perpetuate incompatible sham procedures to restore Plaintiffs' (indeed all Californian's) Second Amendment rights after they have been subject to a mental health evaluation.

Under our constitutional order, this Court can't order California to amend it laws *New York v. United States,* 505 U.S. 144 (1992). That leaves the Court with the following limited options (some in the alternative):

- Order the federal government to accept both of California's restoration of rights procedures after a mental health hold:
    - (1) including the five-year automatic restoration by operation of law. WIC § 8103(f)(1)(A), and/or
    - (2) through the hearing process set forth at WIC § 8103(g) et seq.
- Issue an order that this Court will declare § 5250 unconstitutional -- state-wide -- within 30 days unless:
    - (1) the state amends § 5250 to comply with the holding in *Stokes,* including any additional deficiencies found by this Court, AND
    - (2) it amends WIC § 8103(g) restoration processes to comply with the <u>NICS Improvement Act of 2007</u> (34 U.S.C. §§ 40901-40941).[5] Though abrogated on other grounds, the Ninth Circuit's explanation of the necessary language to amend WIC § 8103 is set forth in *Mai v. United States*, 952 F.3d 1106 (9th Cir. 2020), *reh'g denied at,* 974 F.3d 1082.
    - Such an order would also grant relief to the named Plaintiffs herein.

---

[5] Note: In 2008 California exchanged a series of communications with the federal government seeking to bring its mental health gun laws into compliance with the NICS Improvement Act of 2007. But California mysteriously abandoned that effort. PSUF 49-53.

Donald Kilmer
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Supplemental Brief – *Stokes*    8    *Roe v. United States*

While both Defendants claim to be blameless, the Supremacy of the U.S. Constitution, Art. VI. Sec. 2, likely compels a remedy that forces California's hand. Of course, that option would still require an order that the federal government purge its records of any person disqualified from possessing a firearm under federal law if that disqualification is predicated on California's (now) unconstitutional WIC § 5250 procedures.

As of the date the Motion for Summary Judgment was filed (summer of 2021), the ATF has approved the following states programs for relief (i.e., approved their restoration of rights procedures) from 18 U.S.C. § 922(d)(4) and § 922(g)(4) under the NICS Improvement Act of 2007: Nevada, New York, Oregon, Florida, Idaho, Illinois, New Jersey, Texas, Wisconsin, Arizona, Iowa, Kansas, Kentucky, North Dakota, Virginia, Indiana, Nebraska, Missouri, West Virginia, Alabama, Delaware, Louisiana, Maryland, Alaska, Hawaii, South Carolina, Utah, Oklahoma, Tennessee, Massachusetts, New Mexico, North Carolina, Pennsylvania, and Colorado. [PSUF 49-65, ECF Doc. 64]

In other words, California remains an outlier.

## Conclusion

The facts of this case are undisputed, the case law, including the reasoning of *Stokes* and now *Buren,* compel a judgment for the Plaintiffs.

Respectfully Submitted on March 17, 2023
/s/ Donald Kilmer
Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Supplemental Brief – *Stokes*   9   *Roe v. United States*

# CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2023, I electronically filed the foregoing with the United States District Court for the Eastern District of California by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Date: March 17, 2023

/s/ Donald Kilmer

Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com