Donald E. J. Kilmer, Jr. [SBN: 179986]
Email: don@dklawoffice.com
Jessica L. Danielski [SBN: 308940]
Email: j.danielski@yahoo.com
LAW OFFICES OF DONALD KILMER, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Voice: (408) 264-8489

Jason Davis [SBN: 224250]
Email: jason@calgunlawyers.com
THE DAVIS LAW FIRM
27201 Puerta Real, Suite 300
Mission Viejo, California 92691
Voice: (949) 310-0817

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Roe #1; John Doe #1; John Doe #2; John Doe #3; John Doe #4; John Doe #5; And Second Amendment Foundation, Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America; U.S. Dept. of Justice; Federal Bureau Of Investigation; Bureau Of Alcohol, Tobacco, Firearms And Explosives; Merrick Garland (U.S. Attorney General), Christopher A. Wray (Director, FBI); Steven M. Dettelbach (Director, BATFE); Rob Bonta (California Attorney General), Does 1 To 100.<br><br>Defendants. | Case No.: 1:19-CV-270-DAD-BAM<br><br>PLAINTIFFS' SUPPLEMENTAL BRIEF Re: *United States v. Rahimi,* __ U.S. __, 144 S.Ct. 1889, 219 L.Ed.2d 251, 2024 U.S. LEXIS 2714 (2024)<br><br>Cross-Motions for Summary Judgment Pending<br><br>Motion to Amend Pending |

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Supplemental Brief – *Rahimi*   1   *Roe v. United States*

Pursuant to the Court's Order (Doc. 126) Plaintiffs submit this supplemental brief on whether the Second Amendment analysis in *United States v. Rahimi,* affects this case. Answer: Yes, it supports judgment for the Plaintiffs.

## **Analysis of *U.S. v. Rahimi* Relevant to this Case.**

This case never started out as a challenge to the government's valid interest in restricting persons who suffer from mental illness -- such that they would be a danger to themselves or others -- from having access to firearms during the term of their illness. *See* Plaintiffs' Motion for Summary Judgment, 1:3-11, ECF No. 63. The Supreme Court broached this issue in *District of Columbia v. Heller,* 554 U.S. 570 (2008). The cases that followed affirmed the language from *Heller* that government restrictions on Second Amendment rights against "felons and the mentally ill" are "presumptively lawful." *Id.,* at 626, 627, n. 26. See: *McDonald v. Chicago,* 561 U.S. 742, 786 (2010), *New York Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1, 80 (J. Kavanaugh, C.J. Robert concurring); and more recently again *in United States v. Rahimi,* __ U.S. __, 144 S.Ct. 1889, *at* 1902 (majority opinion), and again *at* 1923 (J. Kavanaugh concurring).

In the first three cases, the rights of the law-abiding were being addressed, which is why there was no discussion in those cases about which "presumptions" were valid against "felons and the mentally ill" -- or when and how those presumptions could be overcome, e.g., what proceedings are necessary to rebut those presumptions or what procedural due process safeguards exist for the loss (or restoration) of a fundamental right. In *Rahimi* the Court upheld a law against a Second Amendment facial challenge, that only temporarily suspends the right to possess firearms, but only if that person has been found by a competent court (in Rahimi's case by admission or stipulation) to be a credible threat to the safety of another, and thus subject to modern restraining orders – an analog to ancient surety bonds and founding era laws against terrorizing the public. *Id., at* 1903.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

The *Rahimi* Court specifically noted that facial challenges are difficult to win and that Mr. Rahimi's fell short. *Id., at* 1902-03, n 2. See also: *Id., at* 1907-10 (J. Gorsuch concurring), *Id., at* 1925 (J. Barrett concurring). Thus leaving for another day an "as-applied" challenge in restraining order cases.

The Court also found that Mr. Rahimi failed to make any procedural due process challenges to the law, and therefore it declined to address those issues, even while noting that they could have been dispositive. *Id., at* 1900-03, n. 2. See also: *Id., at* 1909-10 (J. Gorsuch concurring), *Id., at* 1930, n.1, see also: *Id., at* 1930-31, 1943 (J. Thomas dissenting, discussing due process deficiencies of the challenged law that strip someone of Second Amendment rights.)

The Court also noted that the law being upheld, suspending Second Amendment rights, was being upheld only because it imposed a temporary pause on this fundamental right. *Id., at* 1901-02, See also: *Id., at* 1909-10 (J. Gorsuch concurring), and *Id., at* 1931, 1940-41 (J. Thomas dissenting, comparing the difference between the permanent prohibition imposed after a felony conviction, and the temporary loss of rights under restraining orders.)

Finally, the Supreme Court flatly rejected any contention that Second Amendment rights could be suspended (and un-restorable) upon a showing that someone was not a "responsible citizen." *Id., at* 1903. See also: *Id., at* 1910 (J. Gorsuch concurring), *Id., at* 1938, 1944-45.  (J. Thomas dissenting.)

## Summary of Facts

The circumstances of each Plaintiff are cataloged in the Plaintiffs' Statement of Undisputed Facts (PSUF) items 1 through 31. (Document 64). All of them are presently suffering from a disqualifying mental health determination that has suspended their right to keep and bear arms under 18 U.S.C. § 922(g)(4) (adjudicated mental health hold). [PSUF – Doc. 64, Stmt: 1] Those circumstances include, but are not limited to variables like: an out-of-state mental-health hold when the plaintiff was a minor, did not have the benefit of a guardian ad litem, and

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

for which no records of the adjudication exist (Jane Roe #1); Plaintiffs with California disabilities that were restored by court order under California law (Welfare and Institutions Code (WIC) § 8103) that the federal government refuses to recognize (John Doe #1 & #2); a California mental health "hearing" that lacked indicia of fundamental fairness (John Doe #3); and a restoration of rights by operation of law under California statutes {the passage of time} that the federal government refuses to recognize. (John Doe #4 & #5).

All of the Plaintiffs contend (and neither of the Defendants provide contrary evidence) that they were denied procedural due process safeguards at the initial hearings that adjudicated them mentally ill, such as: (a) use of a deficient burden of proof (probable cause), (b) no access to court-appointed attorneys, (c) failure of the court to appoint a guardian ad litem or conservator[1] , (d) conducting hearings when patients are impaired, and (e) failing to provide adequate notice of collateral consequences (loss of Second Amendment rights) and notice of appellate rights. See generally *Goldberg v. Kelly*, 397 U.S. 254 (1970).

None of the Plaintiffs currently suffer from any disqualifying mental health diagnosis. [PSUF – Doc. 64, Stmts. 5 (Roe #1), 10 (Doe #1), 14 (Doe #2), 19 (Doe #3), 25 (Doe #4), 29 (Doe #5)] Yet none of them can pass the background check to purchase a firearm, invariably being denied by the federal law and implementing regulations. 18 U.S.C. § 922(g)(4), 27 C.F.R. § 478.11. Since both state and federal background checks are administered by California, both defendants are jointly and severally liable for the constitutional violation. [PSUF – Doc. 64, Stmts. 45-48]

## Argument

Justice Gorsuch's concurring opinion is an inventory of what *Rahimi* does not do outside the facts of that case. *Id., at* 1907-1910. *Rahimi* is a case about whether someone with a fresh, active restraining order, based on recent findings by

---

[1] The whole point of a WIC § 5250 hearing is to determine the mental and legal competence of the patient. *See e.g.,* Fed. R. Civ. Proc. 17(c)(2).

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Supplemental Brief – *Rahimi*     4     *Roe v. United States*

a court, of (self-admitted) dangerousness to a particular person and whether federal law could concurrently, though only temporarily, suspend Mr. Rahimi's Second Amendment rights and impose penalties for violating that suspension.

This case is about the Second Amendment rights of several plaintiffs who were adjudicated mentally ill (in some cases decades ago), under circumstances that show an appalling lack of procedural due process to deprive them of their fundamental rights in the first place. Even though both defendants hype their restoration processes, there is an abysmal lack of coordination between them to implement that process, such that – despite any fresh evidence produced by either sovereign that these Plaintiffs are a danger to themselves or others TODAY – Plaintiffs cannot lawfully purchase firearms, because they cannot pass a jointly run (California operates both its own and the federal) government background check.

*Rahimi* provides direct support for Plaintiffs' arguments in this case, and suggest that Plaintiffs should prevail on one or more of their claims. *Rahimi* affirmed that the suspension of Second Amendment rights may only be temporary, thus supporting Plaintiffs argument that a meaningful path for getting those rights back is required. *Rahimi* also affirms the obvious (though without a deep analysis in that case) contention by Plaintiffs that procedural due process is a critical part of adjudicating any case in which suspension of Second Amendment rights is at issue. Indeed, *Rahimi* provides critical, maybe even dispositive, support for Plaintiffs' arguments that both governments have woefully inadequate safeguards in place when it comes to both suspending and restoring the Second Amendment rights of people whose mental health is at issue, even as both sovereigns seek to implement a policy that – in the abstract – is constitutional. *Heller, at* 626, 627, n. 26.

## Plaintiffs' Initial Hearings Violate the Constitution

*Rahimi* affirms that the procedural due process argument made in Plaintiffs' prior filings, and their Supplement Brief Re: *Stokes v. U.S. Department of Justice,* 551 F. Supp. 3d 993 (N.D. Cal. 2021) (ECF Doc. 114), have merit.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Supplemental Brief – *Rahimi*   5   *Roe v. United States*

The *Stokes* decision relied on *United States v. Rehlander,* 666 F.3d 45 (1st Cir. 2012) for the proposition that mental health commitment hearings are subject to a heightened standard of review. *Rehlander* itself cites *Addington v. Texas*, 441 U.S. 418 (1979). *Rehlander at* 48. *Addington* has already been cited in Plaintiffs' briefs for the proposition that mental health hearings must employ a "clear and convincing" evidentiary standard, rather than the mere "probable cause" standard set forth in WIC § 5256.6, when seeking to deprive someone of fundamental rights – including their liberty interest and the right to keep and bear arms.

The scrutiny of procedural due process rights must examine the nature of the process due against and the severity of deprivation of the fundamental rights at stake. *Matthews v. Eldridge*, 424 U.S. 319 (1976). This table shows how each plaintiff was deprived of at least one of the *Stokes* factors. *Id. at* 1004-1005.

|  | Roe 1 | Doe 1 | Doe 2 | Doe 3 | Doe 4 | Doe 5 |
|---|---|---|---|---|---|---|
| Lack of Robust Judicial Involvement under *Stokes,* and *Rehlander* | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| a. Minor at time of hold, not appointed guardian ad litem. | ✓ |  |  |  |  | ✓ |
| b. Not appointed lawyers at time of hold. | ✓ |  |  | ✓ | ✓ | ✓ |
| c. Under influence of hospital-administered psychotropic drugs at time of hold. |  |  |  | ✓ |  |  |
| d. Not appointed conservator at time of hold. |  |  |  | ✓ | ✓ |  |
| e. Not advised of right to appeal at time of hold. |  |  |  | ✓ | ✓ |  |
| f. Not advised of loss of 2nd Am. rights at time of hold. |  |  |  | ✓ | ✓ |  |
| g. Evidentiary standard used for hold was "probable cause." |  | ✓ | ✓ | ✓ | ✓ | ✓ |
| No finding of mental illness **and** dangerousness under WIC § 5250 pursuant to *Stokes at* 1005. | uk | ✓ | ✓ | ✓ | ✓ | ✓ |
| Patient's willingness to accept voluntary treatment per *Stokes, Id.* | No facts in the current record. |  |  |  |  |  |
| Successful restoration under CA law, but restoration nullified by federal law. |  | ✓ | ✓ |  | ✓ |  |

And because federal law merely adopts state court findings for an initial determination under 18 U.S.C. § 922(g)(4), 27 C.F.R. § 478.11, then the federal prohibition against keeping and bearing arms by someone who was adjudicated as

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

mentally ill in a California proceeding that was invalid, is also invalid under federal law too.

### The Lack of a Meaningful Restoration Process Violates the Constitution

Though likely no longer good law because it applied the two-step interest balancing approach struck down in *Bruen* -- *Mai v. United States,* 952 F.3d 1106 (9th Cir. 2020), *rehearing denied at* 974 F.3d 1082, *cert. denied at* 2021 U.S. LEXIS 2191 (2021), does a good job of explaining the interaction of state and federal law when it comes to restoring rights.

Both the federal and state law fail to provide a constitutionally valid restoration process on their own terms, in addition to the Byzantine way state and federal law conflict to nullify their own separate restoration processes.

California Welfare and Institutions Code § 8103(g)(4) states "[i]f the court finds by a preponderance of the evidence that the person would be likely to use firearms in a safe and lawful manner, the court may order that the person may own, control, receive, possess, or purchase firearms, [..]" But this language is merely an analog of the "responsible person" test struck down in *Rahimi. Id., at* 1903. California's only saving grace is that it also restores rights by operation of law through the passage of time. § 8103(g)(1) The only problem is that federal law does not sanction any restoration procedure that relies on the passage of time.

The federal law restoring rights (assuming the state participates in the grant program and California does not) requires a showing in a state court that "the person's record and reputation, are such that the person will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest; [..]" 34 USCS § 40915(a)(2). Again, this walks and talks like the "responsible person" standard disallowed in *Rahimi at* 1903.

This leaves this Court with very few options. Both governments have dug their heels in and refused to cooperate in a way that would satisfy procedural due process and the Second Amendment. In doing so, they have left these Plaintiffs and

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

people like them in a kind of no-man's land that keeps them exercising a fundamental right for something that happened decades ago. Now *Rahimi* has invalidated the restoration process of both Defendants because they both rely on a standard specifically rejected in that case.

The clearest path open to this Court is the one taken by the judge in the *Stokes* case. Declare California's mental health adjudication laws that impact Second Amendment rights to be unconstitutional and order the Federal government to purge its records of all mental health disqualifications from that state. California has an activist legislature when it comes to gun control issues, perhaps now they can put that energy into updating their mental health laws to comply with U.S. Supreme Court case law and the Second Amendment.

This Court can also put the federal government on notice that it will need to amend or provide regulatory interpretation that brings 35 USCS § 40915(a)(2) in line with *Rahimi,* i.e., continued denial of the right to keep and bear arms must be based solely on a determination that the person is presently dangerous. Additionally, the federal standard must become the de facto standard for purging federal disqualifications to ensure equal protection of the law on a fundament right, whether a particular state participates in a federal grant program or not.

### Conclusion[2]

Nobody wants actually mentally ill people who are a danger to themselves or others to have firearms.  But there must be a rigorous and constitutionally sound process to adjudicate both the suspension of Second Amendment rights and their restoration.

Respectfully Submitted on July 31, 2024

/s/ Donald Kilmer, Attorney for Plaintiffs

---

[2] The Court's order for supplemental briefing was limited to 7 pages.  I did not count page 1 because it only contains the caption.

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com

Plaintiffs' Supplemental Brief – *Rahimi*    8    *Roe v. United States*

# CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, I electronically filed the foregoing with the United States District Court for the Eastern District of California by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Date:  July 31, 2024

/s/ Donald Kilmer

Attorney for Plaintiffs

**Donald Kilmer**
Attorney at Law
14085 Silver Ridge Road.
Caldwell, ID 83607
Vc: 408/264-8489
don@dklawoffice.com