Rob Bonta, State Bar No. 202668
Attorney General of California
Anthony R. Hakl, State Bar No. 197335
Supervising Deputy Attorney General
Jerry T. Yen, State Bar No. 247988
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7836
  Fax: (916) 324-8835
  E-mail: Jerry.Yen@doj.ca.gov
*Attorneys for Defendant California Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANE ROE #1, et al,** | Case No. 1:19-cv-00270-LHR-BAM |
| Plaintiffs, | |
| v. | **DEFENDANT CALIFORNIA ATTORNEY GENERAL ROB BONTA'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF** |
| **UNITED STATES OF AMERICA, et al,** | |
| Defendants. | Judge: Hon. Lee H. Rosenthal<br>Action Filed: February 25, 2019 |

**INTRODUCTION**

Plaintiffs' supplemental brief largely repeats the same arguments raised in their earlier briefs without addressing how *United States v. Rahimi*, 144 S. Ct. 1889 (2024), impacts the Second Amendment analysis in this case. As for their claims against the California Attorney General, Plaintiffs do not allege that the California Attorney General or any California statute infringes on their Second Amendment rights, and thus the decision in *Rahimi* has no direct bearing on any of those claims. Although Plaintiffs seem to suggest in passing that California's mental health adjudication laws are unconstitutional, that fleeting suggestion is both meritless and untethered to any claims at issue in this case.

**ARGUMENT**

Plaintiffs misinterpret and misapply *Rahimi* to this case. As explained in the California Attorney General's supplemental brief, *Rahimi* clarified the Second Amendment historical analysis articulated in *New York Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Cal. Att'y Gen.'s Supplemental Br. (AG's Suppl. Br.), ECF No. 129 at pp. 4-5. However, Plaintiffs' supplemental brief does not discuss the historical inquiry at all.

Instead, without citing to any relevant part of the *Rahimi* decision, Plaintiffs generally argue that it supports their due process claims, and then repeat the same arguments made in their prior supplemental briefs.[1] *See* Pls.' Suppl. Br., ECF No. 128 at pp. 5-6, 7-8. In particular, Plaintiffs argue that *Rahimi* stands for the proposition that "suspension of Second Amendment rights may only be temporary" and that the denial of Second Amendment rights "must be based solely on a determination that the person is presently dangerous." *Id*. at pp. 5, 8. These arguments are misplaced. The *Rahimi* majority mentioned that the challenged statute's "restriction was temporary as applied to Rahimi" to help explain why the statute fit within a particular regulatory tradition. *Rahimi*, 144 S. Ct. at 1902. Nothing in *Rahimi* suggests that governments are barred from enacting longer prohibitions in other circumstances. On the contrary, the Supreme Court specifically noted that its decision did "not suggest that the Second Amendment prohibits the

---

[1] Those arguments fail for the reasons discussed in Defendants' supplemental briefs. ECF Nos. 107, 108, 113, and 115.

1

Def. Cal. Att'y Gen.'s Resp. to Pltfs.' Suppl. Br. (1:19-cv-00270)

enactment of laws banning the possession of guns by categories of persons thought by the legislature to present a special danger of misuse . . . ." *Id.* at 1901. Justice Gorsuch also noted that the Court did not "resolve whether the government may disarm an individual permanently" or "decide . . . whether the government may disarm a person without a judicial finding that he poses a 'credible threat' to another's physical safety." *Id.* at 1909-10 (Gorsuch, J., concurring).

Plaintiffs next argue that the restoration procedures under California and federal law are invalid because *Rahimi* allegedly disallowed a "'responsible person' test." Pls.' Suppl. Br. at p. 7. As an initial matter, Plaintiffs have never challenged the constitutionality of California's restoration law—California Welfare and Institution Code section 8103(g)(4).[2] In any case, *Rahimi* never discussed a "responsible person test" in the context of restoration. In rejecting the government's contention that Rahimi could be disarmed solely because he was not "responsible," the Supreme Court merely stated that "'[r]esponsible' [was] a vague term" and clarified that its decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *Bruen* "said nothing about the status of citizens who were not 'responsible'" because the "question was simply not presented." 144 S. Ct. at 1903. Thus, *Rahimi* has no impact on California's restoration process nor does *Rahimi* say anything about restoration of Second Amendment rights.

Finally, Plaintiffs go even further and broadly request that the Court "[d]eclare California's mental health adjudication laws that impact Second Amendment rights to be unconstitutional." Pls.' Suppl. Br. at p. 8. There is no support for such a request. Not only is this the first time such a broad request has been made, but it is also undisputed that Plaintiff's Second Amendment claims are not directed at any specific California law. Even then, Plaintiffs have not presented any arguments or come even close to "establish[ing] that no set of circumstances exists under which the [statutes] would be valid" in order to support such a facial challenge. *Rahimi*, 144 S. Ct. at 1898 (quoting *United States v. Solerno*, 481 U.S. 739, 745 (1987)). In short, Plaintiffs provide no basis for adding this new and broad request for relief at this stage of the case.

---

[2] At most, Plaintiffs improperly raised a due process challenge to California Welfare and Institutions Code section 5256.6. *See* Pls.' MSJ at 7; Cal. Att'y Gen.'s Opp. to Pls.' MSJ and Cross-Mot. for Summ. J., ECF No. 81 at pp. 11-12.

2

## CONCLUSION

There is no dispute that Plaintiffs' Second Amendment claims are only directed to the Federal Defendants, and, thus *Rahimi* does not directly impact any of the claims against the California Attorney General. Accordingly, the Court should grant the California Attorney General's cross-motion for summary judgment for the reasons stated in that motion.

Dated: August 14, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/s/ Jerry T. Yen*

JERRY T. YEN
Deputy Attorney General
*Attorneys for Defendant California Attorney General Rob Bonta*

3

Def. Cal. Att'y Gen.'s Resp. to Pltfs.' Suppl. Br. (1:19-cv-00270)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Jane Roe #1, et al. v. United States of America, et al.** | No. | **1:19-cv-00270-NODJ-BAM** |

I hereby certify that on <u>August 14, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CALIFORNIA ATTORNEY GENERAL ROB BONTA'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>August 14, 2024</u>, at Sacramento, California.

| Ksenia Lavrushchak | */s/ Ksenia Lavrushchak* |
|---|---|
| Declarant | Signature |

SA2019101161
38339308.docx