UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JANE ROE #1, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

No. 1:19-cv-00270-KES-FJS

ORDER GRANTING IN PART MOTION FOR ADMINISTRATIVE RELIEF, AND REQUIRING PARTIES TO MEET AND CONFER AND TO FILE A JOINT STATUS REPORT WITHIN 30 DAYS

Doc. 141

On July 29, 2026, plaintiffs filed a motion for administrative relief. Doc. 141. Plaintiffs argue that significant changes in the law have made obsolete their original complaint, Doc. 1, their proposed amended complaint, Doc. 87, and the parties' cross-motions for summary judgment, Docs. 63, 81, 82, all of which were filed in 2021. *See* Doc. 141.[1]

Plaintiffs propose that the court set a case management conference and that, prior to the conference, the parties address: (i) whether the court should stay the motions for summary judgment until resolving whether to allow plaintiffs to amend their complaint based on a new motion to amend; (ii) whether, regardless of the disposition of any motion to amend, the Court should find that the pending cross-motions for summary judgment are obsolete and permit the

[1] This case was reassigned to the undersigned on June 30, 2026. Doc. 140.

parties to submit new motions based on the current state of the law; (iii) whether the Court should reopen fact discovery; (iv) whether the court should set a further briefing schedule; and (v) whether the parties would benefit from reconsidering some form of alternative dispute resolution. Doc. 141 at 6; Doc. 141-1 at 2. Alternatively, plaintiffs request that the parties be permitted to file supplemental briefing to address how more recent Second Amendment case law, and the federal government's rulemaking related to the Second Amendment, impact this case. Doc. 141 at 6.

On August 12, the federal defendants filed a response to plaintiffs' request. Doc. 142. The state defendant did not file a response. The federal defendants note that they do not oppose an order for the parties to meet and confer and to submit written positions regarding the procedural posture of the case. Doc. 142 at 2. They propose that this filing take the form of a joint status report. *Id.* The federal defendants note that the federal government has proposed rulemaking relating to the process for individuals to apply to the Attorney General for relief from the disabilities imposed by 18 U.S.C. § 922(c), but they do not identify an anticipated timeline for the availability of any such proposed administrative process. *Id.*

Having considered the parties' submissions, plaintiffs' motion for administrative relief is GRANTED IN PART.

The court ORDERS:

(1) Plaintiffs shall provide their proposed further amended complaint to defendants within 14 days of the entry of this Order;

(2) The parties shall thereafter meaningfully meet and confer regarding the issues raised in plaintiffs' motion for relief (Doc. 141) and, within 30 days of the entry of this Order, the parties shall file a joint status report setting forth the parties' positions with respect to:

   a. Whether defendants oppose the filing of plaintiffs' proposed further amended complaint and, if so, the parties' proposed briefing schedule for plaintiffs' new motion to amend the complaint;

///

b. Whether, regardless of whether an amended complaint is permitted to be filed, the pending cross-motions for summary judgment filed in 2021 are obsolete and the parties should be permitted to file amended motions for summary judgment based on the current state of the law; and

c. Whether the court should reopen fact discovery, and the parties' specific proposals with respect to any such reopening of discovery.

d. The parties' proposed further briefing schedule; and

e. Whether this case should be set for a settlement conference before the assigned magistrate judge or otherwise referred for alternative dispute resolution.

IT IS SO ORDERED.

Dated: August 14, 2026

UNITED STATES DISTRICT JUDGE